**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
                              (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
    amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | GWG Holdings, Inc. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | GWG Holdings LLC |

3. **Debtor's federal Employer Identification Number (EIN)**

2 6 – 2 2 2 2 6 0 7

4. **Debtor's address**

**Principal place of business**

325    N. St. Paul Street
Number    Street

Suite 2650

Dallas        TX    75201
City          State   ZIP Code

Dallas
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City          State   ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City          State   ZIP Code

5. **Debtor's website** (URL)    gwgh.com

Debtor    GWG Holdings, Inc.
_____    Case number *(if known)*_____
          Name

| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding  LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C.
   § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5   2   3   9

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   GWG Holdings, Inc.
_____      Case number (if known) _____
         Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                    MM / DD / YYYY

         District _____   When _____   Case number _____
                                    MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See attached Schedule 1       Relationship   Affiliate

         District   Southern District of Texas   When   Contemporaneously herewith
                                                         MM / DD / YYYY

         Case number, if known   _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number       Street

                          _____

                          City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency   _____

       Contact name   _____

       Phone   _____

---

**█ Statistical and administrative information**

---

| Debtor | GWG Holdings, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | | | | | |
|---|---|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | | | | |
| | ☑ Funds will be available for distribution to unsecured creditors. | | | | |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | | | |

| **14. Estimated number of creditors** | ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4/20/2022__
　　　　　　MM / DD / YYYY

**X** _____     Murray Holland
Signature of authorized representative of debtor     Printed name

Title   President & Chief Executive Officer

Debtor   GWG Holdings, Inc.
         _____          Case number (if known) _____
         Name

**18. Signature of attorney**          ✗   _____          Date   4/20/2022
                                           Signature of attorney for debtor                 _____
                                                                                            MM   / DD / YYYY

                                       Charles S. Kelley
                                       _____
                                       Printed name
                                       Mayer Brown LLP
                                       _____
                                       Firm name
                                       700          Louisiana Street Suite 3400
                                       _____
                                       Number       Street
                                       Houston                                    TX        77002-2730
                                       _____
                                       City                                       State     ZIP Code

                                       (713) 238-3000                             ckelley@mayerbrown.com
                                       _____
                                       Contact phone                              Email address

                                       11199580                                   TX
                                       _____
                                       Bar number                                 State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number *(if known)*: _____ Chapter _____11_____

☐ Check if this is an
amended filing

<u>Schedule 1</u>
<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously herewith, the Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of GWG Holdings, Inc.  In its motion for joint administration, the Debtors request that any future filing of relief by any affiliate of GWG Holdings, Inc. for petitions for relief under chapter 11 of the Bankruptcy Code, in addition to those included below, be jointly administered.

- GWG Holdings, Inc.

- GWG Life, LLC

- GWG Life USA, LLC

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is_____001-36615_____.

2. The following financial data is the latest available information and refers to the debtor's condition on September 30, 2021_____.

    a. Total assets                                     $3,490,196,000

    b. Total debts (including debts listed in 2.c., below)      $2,063,192,000

    c. Debt securities held by more than 500 holders                 Approximate number of holders:

| | | | |
|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ $1,279,808,000_____ | 27,700_____ |
| secured ☐ | unsecured ☐ | subordinated ☐ $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ $_____ | _____ |

    d. Number of shares of preferred stock                       128,388_____

    e. Number of shares common stock                         33,102,273.25

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

Comments, if any: _____

_____

_____

3. Brief description of debtor's business: GWG Holdings, Inc. is a financial services firm with two principal types of assets: (i) secondary life insurance assets; and (ii) economic interests in independent non-affiliated entities that operate in the alternative asset and epigenetics spaces, respectively.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Seller Trusts: 48.57%; Custody Trusts: 29.72%; and Beneficient Capital Company, L.L.C.: 7.55%

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., | ) | Case No. _____ (____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% of more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| None. | N/a |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| GWG Holdings, Inc., *et al.*, | ) |
| | ) |
| Debtors. | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| GWG Holdings, Inc. | Seller Trusts[2] | 251 Little Falls Drive, Wilmington, DE 19808 | Common Stock | 48.57% |
| GWG Holdings, Inc. | Custody Trusts[3] | 251 Little Falls Drive, Wilmington, DE 19808 | Common Stock | 29.72% |

---

[1]   This list reflects holders of five percent or more of GWG Holdings, Inc.'s common stock.  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtor's Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Authorizing the Debtors to Redact Certain Personal Identification Information, and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2]   On January 12, 2018, GWG Holdings, Inc. entered into a Master Exchange Agreement (the "Master Exchange Agreement") pursuant to which it agreed to engage in a strategic transaction (the "Exchange Transaction") with The Beneficient Company Group, L.P. ("Beneficient") and a series of trusts (the "Seller Trusts"), in which the parties agreed to an exchange of certain assets.  The Seller Trusts are a group of individual common law trusts that received shares of common stock in the Exchange Transaction.  The trustee of each of the Seller Trusts is Delaware Trust Company.  The beneficiary of each of the Seller Trusts is MHT Financial, L.L.C. ("MHT").  The current members of MHT are Shawn T. Terry and Mike McGill.  The names of the various trusts comprising the Seller Trusts that own the shares in the table above are as follows: The LT-1 Exchange Trust, The LT-2 Exchange Trust, The LT-3 Exchange Trust, The LT-4 Exchange Trust, The LT-5 Exchange Trust, The LT-6 Exchange Trust, The LT-7 Exchange Trust, The LT-8 Exchange Trust, The LT-9 Exchange Trust, The LT-12 Exchange Trust, The LT-14 Exchange Trust, The LT-15 Exchange Trust, The LT-16 Exchange Trust, The LT-17 Exchange Trust, The LT-18 Exchange Trust, The LT-19 Exchange Trust, and The LT-20 Exchange Trust.

[3]   The Custody Trusts, which are variable interest entities, are a group of individual common law trusts that received shares of common stock from certain Seller Trusts that the Seller Trusts had received in connection with the Exchange Transaction.  The certificate holders of the Custody Trusts are as follows: The LT-21 LiquidTrust, The LT-22 LiquidTrust, The LT-23 LiquidTrust, The LT-24 LiquidTrust, The LT-25 LiquidTrust, and The LT-26 LiquidTrust (the "Liquid Trusts").  The trustee of each of the Liquid Trusts is John A. Stahl, who has sole decision-making authority with respect to the Custody Trusts.  The names of the various trusts comprising the Custody

| GWG Holdings, Inc. | Beneficient Capital Company, L.L.C. | 325 N. Saint Paul St. Suite 4850 Dallas, Texas 75201 | Common Stock | 7.55% |
|---|---|---|---|---|

---

Trusts and certain other custody trusts are as follows: LT-21A Custody Trust ; LT-22A Custody Trust; LT-23A Custody Trust; LT-24A Custody Trust; LT 25-A Custody Trust; and LT 26-A Custody Trust.

**Fill in this information to identify the case:**

Debtor name  GWG Holdings, Inc.

United States Bankruptcy Court for the:  Southern   District of  Texas
(State)

Case number (If known):  _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Beneficient Company Group (USA), LLC 325 N. Saint Paul St. Suite 4850 Dallas, TX 75201 | Greg Ezell (214) 445-4732 greg.ezell@beneficient.com | Outside Services | | | | $2,991,412 |
| 2 | Willkie Farr & Gallagher LLP 787 7th Ave, 38th Floor New York, NY 10019 Attn: Accounts Receivable | Antonio Yanez, Jr. (212) 728-8725 ayanez@willkie.com | Legal Services | | | | $1,588,359 |
| 3 | Houlihan Lokey Financial Advisors, Inc. 10250 Constellation Blvd. 5th Floor Los Angeles, CA 90067 | Jeffrey Bollerman (310) 553-8871 JBollerman@HL.com | Consulting/ Professional Services | | | | $1,370,000 |
| 4 | Computershare Inc. Dept CH 19228 Palatine, IL 60055-9228 | Philip Meyer (201) 680-5130 Philip.Meyer@computershare.com | Outside Services | | | | $426,764 |
| 5 | US Bank Corporate Real Estate P.O. Box 86 Tenant #507284 Minneapolis, MN 55486 | Pam Haque (612) 474-3121 pam.haque@hines.com | Minneapolis Office Landlord | | | | $185,395 |
| 6 | KLDiscovery Ontrack, LLC PO Box 8458232 Dallas, TX 75284-5823 | Kit Davis (703) 940-5106 Kit.Davis@kldiscovery.com | Consulting/ Professional Services | | | | $182,852 |
| 7 | Vedder Price PC 222 N. LaSalle Street Chicago, IL 60601 | Jeffrey Ansley (469) 895-4790 jansley@vedderprice.com | Legal Services | | | | $100,244 |
| 8 | Quinn Emanuel Urquhart & Sul 865 S. Figueroa St 10th Floor Los Angeles, CA 90017 | Michael Liftik (202) 538-8141 michaelliftik@quinnemanuel.com | Legal Services | | | | $83,632 |

Debtor  **GWG Holdings, Inc.**
_____
Name

Case number _(if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Atomic Data LLC 250 Marquette Ave South Suite 225 Minneapolis, MN 55401 | Christi Gatto christi@atomicdata.com | IT Services | | | | $74,936 |
| 10 | Locke Lord LLP 2200 Ross Ave Suite 2800 Dallas, TX 75201 | J.B. McKnight (214) 740-8000 jmcknight@lockelord.com | Legal Services | | | | $71,916 |
| 11 | Murphy & McGonigle, P.C. 4870 Salder Rd. Suite 301 Glen Allen, VA 23060 | Robert Howard, Jr. (202) 661-7015 Robert.Howard@mmlawus.com | Legal Services | | | | $67,695 |
| 12 | PricewaterhouseCoopers LLP P.O. Box 952282 Dallas, TX 75395 | Ailen Okharedia (201) 310-9239 ailen.a.okharedia@pwc.com | Consulting/ Professional Services | | | | $66,864 |
| 13 | Maslon LLP 3300 Wells Fargo Center 90 South 7th Street Minneapolis, MN 55402 | Rikke Dierssen-Morice (612) 672-8389 rikke.morice@maslon.com | Legal Services | | | | $54,202 |
| 14 | Broadridge Investor Communication Solutions, Inc. PO Box 416423 Boston, MA 02241-6423 | Lisa Olen (631) 254-7422 lisa.olen@broadridge.com | General and Administrative Services | | | | $47,027 |
| 15 | Haynes and Boone, LLP PO Box 841399 Dallas, TX 75284-1399 | Matt Fry matt.fry@haynesboone.com (214) 651-5443 | Legal Services | | | | $46,318 |
| 16 | Aon Insurance Managers (Bermuda) Ltd. Aon House 30 Woodburne Ave. Pembroke Parish HM 08 Bermuda | Choisel Murray (441) 278-1750 choisel.d.murray1@aon.com | Consulting/ Professional Services | | | | $40,000 |
| 17 | K&L Gates LLP 600 N. King St. Suite 901 Wilmington, DE 19801 | Andy Skouvakis (302)146-7076 Andy.Skouvakis@klgates.com | Legal Services | | | | $38,961 |
| 18 | Appleby (Bermuda) Ltd. 22 Victoria Street PO Box HM 1179 Hamilton, HM EX Bermuda | Alan Bossin (441) 298-3536 ABossin@applebyglobal.com | Consulting/ Professional Services | | | | $34,785 |
| 19 | Whitley Penn LLP 640 Taylor Street Suite 2200 Fort Worth, TX 76102 | Cecil Jones (214) 393-9424 Cecil.Jones@whitleypenn.com | Audit Services | | | | $22,816 |
| 20 | Presswrite Printing, Inc. 3384 Brownlow Avenue Minneapolis, MN 55426 | Kim Saffell (952) 920-0014 kim@presswrite.com | Marketing Services | | | | $18,516 |

Debtor  __GWG Holdings, Inc._____    Case number _(if known)_____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Baker Tilly Virchow Krause, LLP PO Box 78975 Milwaukee, WI 53278-8975 | Matt Jeffries (972) 748-0254 matt.jeffries@bakertilly.com | Tax Services | | | | $18,378 |
| 22 | Cubik Promotions Inc. 500 Airport Rd. Suite 211 Redwood Falls, MN 56283 | Janel Forbrook (800) 554-2706 accounts@cubikpromo.com | Marketing Services | | | | $18,284 |
| 23 | Emerson Equity LLC 155 Bovet Road Suite 725 San Mateo, CA 94402 | Melinda Leishman (214) 974-0768 mleishman@mbdsolutions.com | Broker Services | | | | $18,000 |
| 24 | Securities Transfer Corporation 2901 N. Dallas Parkway, Suite 380 Plano, TX 75093 | Patricia Stephen pstephan@stctransfer.com (469) 633-0101 | Outside Services | | | | $15,622 |
| 25 | Financial Advisors LLC 706 2nd Ave S. Suite 850, 706 Building Minneapolis, MN 55402 | Donald Gorowsky (612) 332-3280 Don@fa-llc.com | Consulting/ Professional | | | | $12,870 |
| 26 | New Tangram, LLC 9200 Sorensen Ave Santa Fe Springs, CA 90670 | Danielle Stevens (214) 902-7251 | Facilities | | | | $12,379 |
| 27 | National Securities Clearing Corporation 55 Water Street New York, NY 10041 | Joanne Aclao (888) 382-2721 DTCCCreditControl@dtcc.com | Outside Services | | | | $11,568 |
| 28 | Intrado Digital Media, LLC Office of General Counsel 770 N. Halsted St., Suite 6S Chicago, IL 60642 | Louis Brucculeri donnacarl.coronel@notified.com (402) 702-1172 | Marketing Services | | | | $11,295 |
| 29 | White Oak Security, Inc. 3300 Plymouth Blvd. #46243 Plymouth, MN 55447 | Barbara Wickoren (612) 701-5533 accounting@whiteoaksecurity.com | IT | | | | $10,808 |
| 30 | Richards, Layton & Finger, P.A. One Rodney Square 920 North King Street Wilmington, DE 19801 | C. Stephen Bigler bigler@rlf.com (302) 651-7724 | Legal Services | | | | $9,544 |
| | | | | | | | |
| | | | | | | | |

**RESOLUTIONS OF THE**
**BOARD OF DIRECTORS OF**
**GWG HOLDINGS, INC.**

Adopted April 19, 2022

WHEREAS, the Board of Directors (the "Board") of GWG Holdings, Inc. (the "Company"), based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company and credit market conditions; and

WHEREAS, the Board has had the opportunity to consult with the management (the "Management") and the financial and legal advisors to the Company (the "Advisors") and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT:

**Filing and Prosecution of Bankruptcy Case**

RESOLVED, that in the business judgment of the Board, with the advice of the Management and Advisors, it is desirable and in the best interests of the Company (including a consideration of its stockholders, creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the Chief Executive Officer, the Chief Financial Officer, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists, retention of professionals, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**Restructuring Transactions and Documents**

RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized and empowered, with full power of delegation, to enter into, in the name of and on behalf of the Company, a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations or other liabilities (collectively, the "Restructuring Transactions");

1

FURTHER RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized and empowered, with full power of delegation, to take, or cause to be taken, any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all authorized fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Signatories executing the same shall, in their absolute discretion approve, such approval to be conclusively evidenced by such Authorized Signatories' execution and delivery thereof; and

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions.

## Retention of Professionals

RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to employ the law firm of Mayer Brown LLP ("Mayer Brown") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take, at the direction of the Authorized Signatories acting singly or jointly, any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Mayer Brown;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to employ the firm of FTI Consulting, Inc. ("FTI") as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to employ the firm of PJT Partners ("PJT") as investment banker to represent and assist the Company in

carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to employ the firm of Donlin Recano & Company ("DRC") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions , at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of DRC; and

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

RESOLVED, that the Company will obtain benefits from the incurrence of debtor-in-possession financing obligations (the "DIP Financing") in the form, terms and provisions of the agreement (the "DIP Credit Agreement") to be entered into by the Company and GWG Life, LLC, as borrowers, GWG Life USA, LLC, GWG MCA Capital, Inc., GWG DLP Funding V Holdings, LLC and GWG DLP Funding V, LLC, as guarantors, National Founders LP, as administrative agent and collateral agent (the "DIP Agent"), and the lenders from time to time thereunder (the "DIP Lenders");

FURTHER RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) cash collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain protections to the DIP Agent and the DIP Lenders, as documented in the proposed interim and final orders (collectively, the "DIP Orders") reviewed by the Board and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, the DIP Orders to the DIP Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement, guaranty agreement or other Credit Document (as defined in the DIP Credit Agreement) (collectively with the DIP Orders, the "DIP Credit Documents"), to which the Company is or

will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Credit Documents, incur and pay or cause to be paid all authorized fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Signatories executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

FURTHER RESOLVED, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to undertake any and all related transactions with the DIP Agent, the DIP Lenders and their affiliates on substantially the same terms as contemplated under the DIP Credit Documents including the effectuation of the DLP VII Option (as defined in the DIP Credit Agreement) or any similar transaction (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Signatories of the Company be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as a debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including execution and delivery of (a) the DIP Credit Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Credit Documents;

FURTHER RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Credit Documents and/or the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all assets of the debtor, whether now owned or existing or at any time hereafter acquired or arising and wheresoever located, and all proceeds and products thereof" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Credit Documents and/or the DIP Orders;

FURTHER RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees

and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Documents which shall in their sole judgment be necessary, proper, or advisable; and

FURTHER RESOLVED, that all acts and actions taken by the Authorized Signatories prior to the date hereof with respect to the transactions contemplated by the DIP Credit Documents and/or the DIP Orders be, and hereby are, in all respects confirmed, approved, and ratified.

**General Authorizing Resolutions**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the Board of the Company has received sufficient notice of, and advise relating to, the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice or advice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board;

FURTHER RESOLVED, that the actions and transactions described herein (i) are necessary and convenient to the conduct, promotion and attainment of the business of the Company, (ii) may reasonably be expected to benefit the Company, directly or indirectly, and (iii) are fair to, and in the best interest of, the Company and its stockholders; and

FURTHER RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take any and all actions or to not take any action in the name of the Company with respect to the transactions contemplated

by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

**Fill in this information to identify the case and this filing:**

Debtor Name GWG Holdings, Inc.

United States Bankruptcy Court for the: Southern _____ District of Texas

_____ (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration_____List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/20/2022
      MM / DD / YYYY

**✗** _____
Signature of individual signing on behalf of debtor

Murray Holland
Printed name

President & Chief Executive Officer
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors