**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GWG HOLDINGS, INC., | ) Case No. 22-90032 (MI) |
| Debtor. | ) (Emergency Hearing Requested) |
| Tax I.D. No. 26-2222607 | ) |
| In re: | ) Chapter 11 |
| GWG LIFE, LLC, | ) Case No. 22-90033 (MI) |
| Debtor. | ) |
| Tax I.D. No. 20-4356955 | ) |
| In re: | ) Chapter 11 |
| GWG LIFE USA, LLC, | ) Case No. 22-90034 (MI) |
| Debtor. | ) |
| Tax I.D. No. 32-0455538 | ) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED
RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 3:30 p.m. on April 21, 2022. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on Thursday, April 21, 2022, at 3:30 p.m. (prevailing Central Time) in Courtroom 404, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter**

> **the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

GWG Holdings, Inc. ("GWGH") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, collectively, "GWG" or the "Company")[1] respectfully state as follows in support of this motion (this "Motion"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of the Chapter 11 Cases (as defined herein) and (b) granting related relief. Specifically, the Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly-administered cases under the case of GWGH and that the cases be administered under a consolidated caption (the "Consolidated Caption"), as follows:

---

[1] As used herein, the definitions of "GWG" and the "Company" do not include The Beneficient Group L.P. and its respective direct and indirect subsidiaries, unless otherwise provided.

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GWG HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-90032 (MI) |
|  Debtor. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings Inc.'s principal place of business and the Debtor's service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

2. The Debtors further request that the Court order that the Consolidated Caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than GWGH, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: GWG Holdings, Inc., Case No. 22-90032; GWG Life, LLC, Case No. 22-90033; and GWG Life USA, LLC, Case No. 22-90034. The docket in Case No. 22-90032 should be consulted for all matters affecting this case: **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90032.**

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein is section 342(c) of the Bankruptcy Code, rules 1015(b) and 2002(n) of the Bankruptcy Rules, and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules.

**Background**

7. On April 20, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code collectively, (the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

8. The Company is a financial services firm with two principal types of assets: (i) equity interests in independent, non-affiliated entities that operate in the alternative assets and epigenetics spaces; and (ii) secondary life insurance assets, comprised of a portfolio of near-duration, intermediate-duration, and long-duration life insurance policies (each a "Policy" and collectively, the "Policy Portfolio"). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Chapter 11 Cases, are set forth in greater detail in

the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors rely upon and incorporate by reference herein the First Day Declaration.

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtor entities that commenced the Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

10. Additionally, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor entity.  The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

11. Furthermore, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration.

Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases. Accordingly, joint administration of the Chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

12.     Finally, the Debtors request that the Order and all other orders, including but not limited to any interim orders, entered by the Court in the Chapter 11 Cases shall apply to the future chapter 11 petition filing (if any) of an affiliate of GWGH, provided, however, the Debtors shall file notice with the Court identifying the cases of such affiliates and stating that the Order and all other orders shall apply to the chapter 11 cases of any such affiliate.

## Notice

13.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 4001, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) counsel to the DIP lender; (f) counsel to CLMG Corp. and LNV Corporation; (g) counsel to National Founders LP; (h) counsel to Bank of Utah, in its capacity as indenture trustee for the Bonds; (i) counsel to the plaintiffs in the Putative Securities Class Action Suit; (j) counsel to the plaintiffs in the California Collection Suit; (k) the U.S. Securities and Exchange Commission; (l) the Attorney General of each state in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

6

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
April 20, 2022

Respectfully Submitted,

/s/ Charles S. Kelley
**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (*pro hac vice* pending)
Louis S. Chiappetta (*pro hac vice* pending)
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-0600
Email: tkiriakos@mayerbrown.com
       lchiappetta@mayerbrown.com

-and-

Adam C. Paul (*pro hac vice* pending)
Lucy F. Kweskin (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500
Email: apaul@mayerbrown.com
       lkweskin@mayerbrown.com


*Proposed Counsel for the Debtors and Debtors in Possession*

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email: kpeguero@jw.com
       mcavenaugh@jw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles S. Kelley*

**Certificate of Service**

I certify that on April 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles S. Kelley*