**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION, AND (III) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 3:30 p.m. on April 21, 2022.  If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on Thursday, April 21, 2022, at 3:30 p.m. (prevailing Central Time) in Courtroom 404, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Isgur's home page.  The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538).  The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201.  Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

> **"Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

GWG Holdings, Inc. ("<u>GWGH</u>") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and, together with their non-Debtor affiliates, collectively, "<u>GWG</u>" or the "<u>Company</u>")[2] respectively state as follows in support of this motion (this "<u>Motion</u>"):

**Relief Requested[3]**

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"): (a) waiving the requirement to file a list of the Debtors' equity security holders; (b) authorizing the Debtors to redact certain personal identification information; and (c) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 107(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 1007 and 6003 of the Federal Rules of Bankruptcy

---

[2]      For the avoidance of doubt, the definitions of "GWG" and "Company" do not include non-affiliated entities The Beneficient Company Group L.P., FOXO Technologies, Inc., or their respective direct and indirect subsidiaries.

[3]      None of the relief requested herein is inconsistent with the relief requested in the *Debtor's <u>Emergency</u> Motion for Order Pursuant to Bankruptcy Code 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, Local Bankruptcy Rule 2002-1, and the Complex Case Procedures Authorizing the Modification and Establishment of Certain Notice Procedures* filed contemporaneously herewith.

Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9037-1(c) of the Bankruptcy Local

Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.        On April 20, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The

Debtors have requested that the Chapter 11 Cases be jointly administered.  The Debtors continue

to operate their businesses and manage their properties as debtors and debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  To date, no creditors' committee has

been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern

District of Texas (the "United States Trustee").  No trustee or examiner has been appointed in the

Chapter 11 Cases.

6.        The Company is a financial services firm with two principal types of assets: (i)

equity interests in independent, non-affiliated entities that operate in the alternative assets and

epigenetics spaces; and (ii) secondary life insurance assets, comprised of a portfolio of near-

duration, intermediate-duration, and long-duration life insurance policies (each a "Policy" and

collectively, the "Policy Portfolio").  A detailed description of the Debtors and their businesses,

and the facts and circumstances supporting the Chapter 11 Cases, are set forth in greater detail in

the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of

Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[4]  filed

contemporaneously herewith. In further support of this Motion, the Debtors rely upon and

incorporate by reference herein the First Day Declaration.

---

[4]     Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First
        Day Declaration.

**Basis for Relief**

**I.      Waiver of the Requirement to File a List of GWGH's Equity Security Holders Under the Circumstances of These Chapter 11 Cases.**

7.      Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders. Fed. R. Bankr. P. 1007(a)(3). However, bankruptcy courts have authority to modify or waive such requirement. *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . .").

8.      The requirement to file a list of equity holders should be waived as to Debtor entity GWGH in this case.  GWGH is a publicly-traded company with approximately 33,102,273.250 outstanding shares of common stock and 128,388 outstanding shares of preferred stock held by registered and non-registered holders.[5]  GWGH does not maintain a list of its non-registered holders of common equity and preferred equity and therefore must obtain the names and addresses of its non-registered shareholders from a securities intermediary.  Preparing and submitting such a list with last known addresses for each such non-registered equity security holders would be expensive, time-consuming, and serve little or no beneficial purpose in this case.  Instead, the Debtors seek authority to file a list that contains only registered holders of common and preferred stock, as the Debtors maintain this information.

**II.      Redaction of Certain Confidential Information.**

9.      Section 107(c) of the Bankruptcy Code provides that the Court:

> For cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of

---

[5]   Additionally, the Debtors seek modification of the notice requirements to GWGH's holders of common and preferred equity in the *Debtors' Emergency Motion for Order Pursuant to Bankruptcy Code Section 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, Local Bankruptcy Rule 2002-1, and the Complex Case Procedures Authorizing the Modification and Establishment of Certain Notice Procedures* filed contemporaneously herewith.

such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A)     Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B)     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

10.     In addition, the European General Data Protection Regulation (the "GDPR") imposes significant constraints on the processing, transfer, and disclosure of information relating to identified or identifiable individuals (which includes names and home addresses of individuals). The GDPR applies to all organizations processing such information in the context of an establishment in the United Kingdom or a European Economic Area member state (and, in some circumstances, organizations established in other countries when processing such information relating to individuals located in the United Kingdom or European Economic Area). Violators of the GDPR risk severe penalties. If an organization is found to have processed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The processing of information includes transferring or disclosing it to others. The GDPR may apply to the Debtors to the extent certain of the Debtors' equity holders are located in member countries of the European Economic Area.

11.     Here, it is appropriate to authorize the Debtors to redact from any paper (a) filed or to be filed with the Court or (b) otherwise made publicly available upon request in these Chapter 11 Cases, including the Creditor Matrix, Master Service List, and Schedules and Statements, (i) the names and home addresses of individual creditors, including, but not limited to, the Debtors'

5

employees, former employees, and all registered holders of common equity, preferred equity, and Bonds, and (ii) the names and addresses of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state, because (x) such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (y) disclosure risks violating the GDPR, exposing the Debtors to potential civil liability and significant financial penalties. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6]

12. Accordingly, the Debtors propose to file an unredacted version of the Creditor Matrix under seal. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect . . . confidential information, or to protect a person . . . ."); *see also* Bankruptcy Local Rule 9037-1(c) ("A motion, reply, or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal.").

13. Additionally, the Debtors propose to provide an unredacted version of the Creditor Matrix (and any other filings redacted pursuant to the proposed order) to (a) the U.S. Trustee, (b) counsel to the DIP Agent, (c) or any party in interest, upon request to the Debtors (email is sufficient) or to the Court that is reasonably related to the Chapter 11 Cases, subject to the restrictions of the GDPR; provided that any receiving party shall not transfer or otherwise provide

---

[6]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019).

such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document.  In addition, the Debtors will distribute as necessary any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

14.     For these reasons, cause exists to authorize the Debtors to file the Creditor Matrix under seal, and to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the GDPR, the home addresses of individuals where such information has bene provided to, and is being processed by, an organization with an establishment located in the United Kingdom or a member state of the European Economic Area, (and, with respect to such information process by an organization with an establishment located in the United Kingdom or a member state of the European Economic Area, the names and home addresses of any individual) listed on the Creditor Matrix, Master Service List, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, independent contractors, and equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## III.     Service of the Notice of Commencement.

15.     Additionally, the Debtors seek approval of the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order (the "Notice of Commencement"). Furthermore, through Donlin, Recano & Company, Inc., the Debtors' proposed noticing, claims,

solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement in the manner set forth in the Notice Procedures Motion filed contemporaneously herewith.

## **Emergency Consideration**

16.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, (a) waiving the requirement to file a list of the Debtors' equity security holders; (b) authorizing the Debtors to redact certain personal identification information; and (c) granting the other relief requested herein is integral to the Debtors' ability to transition their operations into the Chapter 11 Cases.  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  The failure to receive the requested relief during the first 25 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  The Debtors have satisfied both (a) the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and (b) the requirements of Bankruptcy Local Rule 9013-1(i) and request that the Court approve the relief requested in this Motion on an emergency basis.

## **Reservation of Rights**

17.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order

granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

18.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 4001, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) counsel to the DIP lender; (f) counsel to CLMG Corp. and LNV Corporation; (g) counsel to National Founders LP; (h) counsel to Bank of Utah, in its capacity as indenture trustee for the Bonds; (i) counsel to plaintiffs in the Putative Securities Class Action Suit; (j) counsel to plaintiffs in the California Collection Suit; (k) the U.S. Securities and Exchange Commission; (l) the Attorney General of each state in which the Debtors conduct business; and (m) any party that has

requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of the page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
April 20, 2022

Respectfully Submitted,

*/s/ Charles S. Kelley*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:     (713) 238-3000
Email:          ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (*pro hac vice* pending)
Louis S. Chiappetta (*pro hac vice* pending)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:     (312) 701-0600
Email:          tkiriakos@mayerbrown.com
                  lchiappetta@mayerbrown.com

-and-

Adam C. Paul (*pro hac vice* pending)
Lucy F. Kweskin (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:     (212) 506-2500
Email:          apaul@mayerbrown.com
                  lkweskin@mayerbrown.com

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Email:          kpeguero@jw.com
                  mcavenaugh@jw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles S. Kelley*

**<u>Certificate of Service</u>**

I certify that on April 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles S. Kelley*