United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GWG HOLDINGS, INC., | ) ) | Case No. 22-90032 (MI) |
| Debtor. | ) ) ) | (Emergency Hearing Requested) |
| Tax I.D. No. 26-2222607 | ) ) | |
| In re: | ) ) | Chapter 11 |
| GWG LIFE, LLC, | ) ) | Case No. 22-90033 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 20-4356955 | ) ) | |
| In re: | ) ) | Chapter 11 |
| GWG LIFE USA, LLC, | ) ) | Case No. 22-90034 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 32-0455538 | ) ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND
(II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that ex parte relief is appropriate, it is ORDERED THAT:

    1.    The Chapter 11 Cases will be jointly administered by the Court under Case No. 22-90032. Additionally, the following checked items are ordered:

    a.    ☒   One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent

    b.    ☒   Parties may request joint hearings on matters pending in any of the jointly-administered cases

    c.    ☒   Other: See below.

    2.    The caption of the jointly-administered cases should read as follows:

[*caption appears on the following page*]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GWG HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90032 (MI) |
| Debtor. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings Inc.'s principal place of business and the Debtor's service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

3.  The foregoing caption satisfies the requirements set for in section 342(c)(1) of the Bankruptcy Code, rules 1015(b) and 2002(n) of the Bankruptcy Rules, and rule 1015-1 of the Bankruptcy Local Rules.

4.  A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors, other than GWGH, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: GWG Holdings, Inc., Case No. 22-90032; GWG Life, LLC, Case No. 22-90033; and GWG Life USA, LLC, Case No. 22-90034. The docket in Case No. 22-90032 should be consulted for all matters affecting this case: **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90032.**

5.  The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

6. Any party in interest may request joint hearings on matters pending in any of the Chapter 11 Cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases or creating any other implications regarding the separateness (or lack of separateness) of the Debtors' estates for any purpose, and this Order shall be without prejudice to the rights of any party in interest to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors are authorized to file monthly operating reports and post-effective date quarterly reports by individual Debtor.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the applicable requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April 20, 2022

_____
Marvin Isgur
United States Bankruptcy Judge