UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES
EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 19, 2022 at 9:00 am (prevailing Central Standard Time) in Courtroom 404, floor 4, 515 Rusk Street, Houston, Texas, 77002 . You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "Judgeisgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

> **"Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

GWG Holdings, Inc. ("GWGH") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, collectively, the "Company")[2] respectfully state as follows in support of this motion (this "Motion"):[3]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the Debtors to reject a certain unexpired lease of non-residential real property, as well as any amendments related thereto, identified as **Exhibit 1** to the Order (collectively, the "Leases"), effective as of the Petition Date; and (b) granting related relief. In further support of this Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] For the avoidance of doubt, the definition of "GWG" and "Company" do not include non-affiliated entities The Beneficient Company Group L.P., FOXO Technologies, Inc., or their respective direct and indirect subsidiaries.

[3] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on April 20, 2022. Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration. In further support of this Motion, the Debtors rely upon and incorporate by reference herein the First Day Declaration.

4.	The bases for the relief requested herein are sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## Background

5.	On April 20, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

6.	The Company is a financial services firm with two principal types of assets: (i) equity interests in independent, non-affiliated entities that operate in the alternative assets and epigenetics spaces; and (ii) secondary life insurance assets, comprised of a portfolio of near-duration, intermediate-duration, and long-duration life insurance policies (each a "Policy" and collectively, the "Policy Portfolio"). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on the Petition Date. In further support of this Motion, the Debtors rely upon and incorporate by reference herein the First Day Declaration.

3

**Leases to Be Rejected**

7. As a result of the Debtors' analysis of their executory contracts and unexpired leases, the Debtors determined that it was no longer cost effective to utilize the Leases identified on **Exhibit 1** to the Order because the Debtors previously vacated the leased office space in April 2020 and do not have any need to utilize the space going forward. Because the Debtors are incurring rent and related costs pursuant to the Leases without an adequate corresponding benefit, the Debtors determined, in their business judgment, that the Leases are unnecessary and burdensome to the Debtors' estates and should be rejected.

8. The Leases to be rejected, each listed on **Exhibit 1** to the Order, consist of (i) a lease for office space in St. Paul, Minnesota, entered into on March 15, 2012, between U.S. Bank National Association ("U.S. Bank") and GWGH, and (ii) two addendums thereto. The gross annual cost to the Debtors under the Leases for 2022 is approximately $558,018.93, consisting of a base rent portion ($293,713.59), expense recovery portion ($248,052.36), and a management fee ($16,252.98). The Leases do not expire until October 2025, and the base rent portion of the payments increases every year. The expense recovery portion varies from year-to-year (based on annual projections from U.S. Bank), and the management fee is calculated as 3% of the annual sum of the base rent portion and expense recovery portion. The Debtors estimate that rejecting the Leases effective as of the Petition Date will save the Debtors approximately $1,975,536.08 over the remaining term of the Leases (assuming the expense recovery portion of the payment remains the same until the expiration of the Leases), less any allowed rejection damages claim asserted by U.S. Bank.

9. Accordingly, the Debtors determined, in their business judgment, that the Leases identified on **Exhibit 1** to the Order are unnecessary and burdensome to the Debtors' estates and should be rejected.

**Basis for Relief**

I. **Rejection of the Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

11. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment." (quoting *Grp. of Institutional Inv'rs v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50).

12. Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,'

which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. Rejection of the Leases is well within the Debtors' business judgment and is in the best interest of their estates. Absent rejection, the Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources compared to the benefits associated therewith. By contrast, rejection of the Leases will provide significant savings to the Debtors' estates moving forward. The Debtors estimate that rejection of the Leases as of the Petition Date will save the Debtors' estates approximately $1,975,536.08 in rent and related costs over the remaining term of the Leases for office space that is not being utilized by the Debtors, less any allowed rejection damages claim asserted by U.S. Bank.[4] As such, the Debtors have determined in their business judgment that such costs are an unnecessary and unproductive use of estate assets.

---

[4] Debtors have allowed employees of FOXO, an entity unaffiliated with the Debtors in which GWGH has equity investments, to use some of the Lease space in exchange for *de minimis* payments. No sublease or other contract governs this use.

14.   Rejecting the Leases is appropriate under the circumstances and reflects the Debtors' sound business judgment.

## II.   Deeming Rejection of the Leases Effective as of the Petition Date is Appropriate.

15.   It is appropriate for the Court to deem the Debtors' rejection of the Leases effective as of the Petition Date. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("a trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

16.   The balance of equities favors rejection of the Leases effective as of the Petition Date. Without such relief, the Debtors might be forced to incur unnecessary administrative expenses for the Leases that provide no benefit to the Debtors' estates. *See* 11 U.S.C. §§ 365(d)(5), 503(b)(1)(A). As noted, the Debtors are not utilizing the office space leased pursuant to the Leases and are thus incurring substantial rent and related charges with no corresponding benefit that would justify the Leases. Rejecting the Leases as of the Petition Date, rather than waiting until emergence

to do so will save the Debtors approximately $46,340.38[5] per month for rent and related payments for unused office space.

17. Additionally, the office space leased pursuant to the Leases is no longer utilized by the Debtors and will be turned over to U.S. Bank by the Debtors effective as of the date hereof.

18. Moreover, the counterparties to the Leases will not be unduly prejudiced if rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of the motion to be served on the counterparty to the Leases (i.e., U.S. Bank), thereby providing the counterparty with sufficient opportunity to respond.

19. Accordingly, the Debtors respectfully submit that it is fair and equitable for the Court to authorize rejection of the Leases effective as of the Petition Date on the terms and conditions set forth in the Order.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

20. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

21. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement

---

[5] This figure represents the administrative expense saved on a monthly basis through mid-October 2022. The Debtors' monthly payments are expected to increase in October of every year for the remainder of the Lease term due to the annual increase in base rent specified in the Leases. Accordingly, the Debtors are expected to save more money over the remaining life of the Leases.

to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

22.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 4001, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) counsel to the DIP lender; (f) counsel to CLMG Corp. and LNV Corporation; (g) counsel to National Founders LP; (h) counsel to Bank of Utah, in its capacity as indenture trustee for the L Bonds; (i) counsel to the plaintiffs in the Putative Securities Class Action Suit; (j) counsel to the

plaintiffs in the California Collection Suit; (k) the U.S. Securities and Exchange Commission; (l) the Attorney General of each state in which the Debtors conduct business; (m) U.S. Bank (through at least both electronic mail and overnight mail); and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
April 20, 2022

Respectfully Submitted,

*/s/Susan Tran Adams*_____
**TRAN SINGH LLP**
Susan Tran Adams (TX Bar No. 24075648)
Brendon Singh (TX Bar No. 24075646)
2502 La Branch Street
Houston, Texas, 77004
Telephone:   (832) 975-7300
Email:        stran@ts-llp.com
              bsingh@ts-llp.com


*Proposed Conflicts Counsel for the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on April 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/Susan Tran Adams*
Susan Tran Adams

746718552.11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

**ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES
EFFECTIVE AS OF THE PETITION DATE,
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to reject a certain unexpired leases identified on **Exhibit 1** attached hereto (collectively, the "Leases") and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Leases set forth on **Exhibit 1** attached hereto are hereby rejected effective as of the Petition Date.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. Each counterparty to a rejected Lease may file a claim under Bankruptcy Code section 502 or other claims in connection with such rejected Lease. The failure to file a timely claim by the claims bar date to be set by the Court shall forever prohibit such counterparty from receiving any distribution on account of such claims from the Debtors' estates unless this Court orders otherwise in accordance with the applicable provisions of the Bankruptcy Code and Rules of Bankruptcy Procedure or other legal precedent. The Debtors shall provide notice of such bar date to the Lease counterparties when such date has been set by the Court.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
Houston, Texas

_____
Honorable Marvin Isgur
United States Bankruptcy Judge

## Exhibit 1

### Schedule of Rejected Leases[3]

| Lease | Debtor/Lessee | Property Location | Counterparty/Lessor |
|---|---|---|---|
| U.S. Bank Plaza | GWG Holdings, Inc. | 220 South Sixth Street, Minneapolis, MN 55402. | U.S. Bank National Association. |
| First Amendment | Same. | Same. | Same. |
| Second Amendment | Same. | Same. | Same. |

---

[3] The inclusion of a lease on this list does not constitute an admission as to the existence or validity of any claims held by the lease counterparty.

4