United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS
TO (A) CONTINUE INSURANCE COVERAGE ENTERED
INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS
RELATED THERETO AND (B) RENEW, AMEND, SUPPLEMENT, EXTEND,
OR PURCHASE INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"): (a) authorizing, but not directing, the Debtors to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto and (ii) renew, amend, supplement, extend, or purchase Insurance Policies in the ordinary course of business on a postpetition basis; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue the Insurance Policies including, without limitation, the Insurance Policies identified on **Exhibit 1** attached hereto, and to pay any prepetition or postpetition obligations related to the Insurance Policies and the Ben Policies, including, without limitation, any amounts owed to USI, in the ordinary course of business and consistent with historical practices.

2. The Debtors are authorized, but not directed, to procure and honor all of their obligations necessary to maintain the New Insurance Policies; provided that the Debtors will notify the U.S. Trustee, counsel to the DIP Agent, any statutory committee appointed in these chapter 11 cases, and counsel to Bank of Utah, in its capacity as indenture trustee for the Bonds, (collectively, the "Notice Parties") if the Debtors amend, supplement, extend, terminate, replace, increase, or decrease material amounts of existing coverage, change carriers, or purchase material additional insurance coverage other than the New Insurance Policies.

3. All amounts payable postpetition with respect to any Insurance Policies or Ben Policies shall be apportioned as between the Debtors and Ben in a manner consistent with historical practice in the twelve months preceding the Petition Date.

4. Nothing in this Order authorizes the payment of any deductible or self-insured retention with respect to a prepetition event or creates an administrative expense claim with respect thereto.

5. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment, as further described and classified in the Motion; (e) the Debtor(s) that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such matrix to the United States Trustee, any statutory committee appointed in these Chapter 11 Cases, and counsel to Bank of Utah, in its capacity as indenture trustee for the Bonds, every thirty days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

6. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policies or Ben Policies are owed.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or

admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and shall not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notwithstanding anything else contained herein, (a) any relief granted herein, including any payment to be made or authorization contained hereunder, shall be subject in all respects to the terms and conditions of, including all requirements imposed upon the Debtors under, (i) any interim or final order of the Court in these Chapter 11 Cases approving postpetition financing (as may be modified, amended or supplemented, the "Financing Orders" (including, without limitation, the Budget required in connection therewith)) and (ii) if applicable, DIP Documents (as defined in the Financing Orders) approved therein and (b) to the extent there is any inconsistency between the terms of such Financing Orders or the DIP Documents and any action taken or proposed to be taken hereunder, the terms and conditions of such Financing Orders or DIP Documents, as applicable, shall control.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April 23, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

# **Exhibit 1**

## **The Insurance Policies**

| **Policy Description** | **Policy Number** | **Insurance Carrier** | **Period Start** | **Period End** |
|---|---|---|---|---|
| 2021 Primary D&O/E&O Extension | ELU16713420 | Indian Harbor Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 1st Layer Extension | G46772040002 | ACE American Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 2nd Layer Extension | 47EPF30764802 | Berkshire Hathaway Specialty Ins. Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 3rd Layer Extension | 03118353 | Allied World National Assurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 4th Layer Extension | USF00296120 | Allianz Global Risks US Insurance Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 5th Layer Extension | BPRO8050233 | Berkley Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 6th Layer Extension | FIX30001065901 | Endurance Risk Solutions Assurance Co | 4/26/2021 | 4/26/2022 |
| D&O/E&O 7th Layer Extension | QPL1326899 | QBE Insurance Corporation | 4/26/2021 | 4/26/2022 |
| D&O/E&O 8th Layer Extension | MLX4248321 | Argonaut Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 9th Layer Extension | FIP000471 | Stratford Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 10th Layer Extension | NHS686778 | RSUI Indemnity Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 11th Layer Extension | EPC100596 | Crum & Forster Specialty Insurance Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 12th Layer Extension | 14MGU20A49192 | US Specialty Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 13th Layer Extension | XMF2009029 | Freedom Specialty Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 14th Layer Extension | ANV131462A | Associated Industries Ins. Co., Inc. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 15th Layer Extension | FIXS201000001201 | Ascot Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 16th Layer Extension | 61DA035074820 | Twin City Fire Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 17th Layer Extension | B0507FI2000805 | Certain Underwriters at Lloyds | 4/26/2021 | 4/26/2022 |
| D&O/E&O 18th Layer Extension | FIN0005390001 | Atlantic Specialty Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 19th Layer Extension | 013096983 | National Union Fire Ins Pittsburgh, PA | 4/26/2021 | 4/26/2022 |

| Policy Description | Policy Number | Insurance Carrier | Period Start | Period End |
|---|---|---|---|---|
| D&O/E&O 20th Layer Extension | USF00296320 | Allianz Global Risks US Insurance Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 21st Layer Extension | ELU16720520 | XL Specialty Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 22nd Layer Extension | 47EPF30764702 | Berkshire Hathaway Specialty Ins. Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 23rd Layer Extension | FIX300001058101 | Endurance American Insurance Co. | 4/26/2021 | 4/26/2022 |
| D&O/E&O 24th Layer Extension | 652105526 | Continental Casualty Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 25th Layer Extension | 03118354 | Allied World National Assurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 26th Layer Extension | G71519983002 | Westchester Fire Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 27th Layer Extension | MKLM6EL0005435 | Markel American Insurance Company | 4/26/2021 | 4/26/2022 |
| D&O/E&O 28th Layer Extension | ORPRO44323 | Old Republic Insurance Company | 4/26/2021 | 4/26/2022 |
| Financial Institution Crime Bond | FSE7969760000 | Great American Insurance Company | 11/29/2021 | 4/26/2022 |
| Cyber Liability-Primary | W2DD38210101 | Lloyd's Syndicate 2623 (Beazley Furlong) | 1/12/2021 | 4/26/2022 |
| Cyber Liability-Excess | 03127147 | Allied World Specialty Insurance Co. | 1/12/2021 | 4/26/2022 |