UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GWG Holdings, Inc., *et al*,.[1] | § | Case No. 22-90032 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

UNOPPOSED MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO (A) APPOINT LEAD PLAINTIFFS IN
SECURITIES CLASS ACTION, (B) PERMIT LEAD PLAINTIFFS TO SERVE
AND ENFORCE THIRD-PARTY SUBPOENAS, AND (C) TAKE RELATED ACTIONS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:**

Thomas Horton and Frank Moore, the proposed lead plaintiffs (together, the "Proposed Lead Plaintiffs") in the case styled *Bayati v. GWG Holdings, Inc. et. al. 3:22-cv-00410-B* in the United States District Court for the Northern District of Texas (the "Securities Class Action"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

1

13392216

respectfully request the entry of an order pursuant to sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay, as set forth herein. Counsel for the Proposed Lead Plaintiffs conferred and negotiated with counsel for the above captioned debtors (the "Debtors") prior to filing this motion (the "Motion"), and the Debtors do not oppose the relief sought.  In support of the Motion, the Proposed Lead Plaintiffs represent as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. § 1408.

### Factual Background

2.     On February 18, 2022, Shirin Bayati and Mojan Kamalvand filed their complaint in the Securities Class Action under the Securities Act of 1933 (the "Act"), alleging direct, non-derivative claims under Sections 11, 12, and 15 of the Act on behalf of a putative class of investors. The claims asserted are direct claims held by holders of the Debtors' "L Bonds" against both GWG Holdings, Inc. and certain non-Debtors.

3.     On April 20, 2022, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The cases are pending before this Court under Case No. 22-90032.

4.     On April 21, 2022, Judge Jane Boyle, of the United States District Court of the Northern District of Texas (the "District Court"), issued an order in the Securities Class Action instructing the parties to confer and file statements advising the District Court whether the automatic stay should extend to claims against non-debtor defendants.

5.      On April 25, 2022, in light of the District Court's order and to comply with a deadline set forth in the Private Securities Litigation Reform Act, the Proposed Lead Plaintiffs filed a *Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel* [District Court Docket No. 37], a *Brief in Support and Proposed Order*, [District Court Docket No. 37-1 and 37-2], and an *Appendix* [District Court Docket No. 38] (collectively, the "Lead Plaintiff Motion").

6.      Since before filing the Lead Plaintiff Motion and continuing thereafter, counsel for the Proposed Lead Plaintiffs has been in discussions with counsel for the Debtors and the other defendants regarding negotiations that have formed the basis for the present Motion.

## Relief Requested

7.      The Proposed Lead Plaintiffs respectfully request that the Court enter an order modifying the automatic stay, to the extent applicable, pursuant to section 362(d)(1) of the Bankruptcy Code to: (i) retroactively permit the filing of the Lead Plaintiff Motion and allow the Proposed Lead Plaintiffs to prosecute the Lead Plaintiff Motion, which seeks the appointment of Thomas Horton and Frank Moore as the lead plaintiffs and approval of their selection of counsel, Girard Sharp LLP and Malmfeldt Law Group P.C.; (ii) permit, at their election, the Proposed Lead Plaintiffs to serve and enforce third-party subpoenas on the two registered investment advisors who solicited their investments in the securities at issue in the Securities Class Action, provided that such actions can be taken without violating any order of the District Court, without waiving the stay of discovery under the Private Securities Litigation Reform Act, and without any costs accruing to the Debtors; and (iii) to take actions in the District Court consistent with this Motion and the Order thereon.

13392216

8. The Debtors and the non-Debtor plaintiffs in the Securities Class Action have agreed not to oppose this Motion requesting an order modifying the automatic stay for the limited purposes set forth above.

9. The Proposed Lead Plaintiffs, the Debtors, and the non-Debtor defendants in the Securities Class Actions have further agreed that notwithstanding any of the parties' positions on whether the automatic stay extends to the non-Debtor defendants, that the Securities Class Actions should be stayed as to all defendants pending further court order and that the District Court should enter an additional interim stay of further proceedings as to all non-Debtor defendants, except for the limited non-Debtor discovery described in paragraph 6. The parties have further agreed to reserve their rights (a) to move the District Court to lift the interim stay of that proceeding at a later date, (b) to take whatever steps in the future any party deems appropriate to take in this Court with respect to the automatic stay, and (c) to assert or contest in the appropriate court whether the automatic stay has been or should be extended to the non-Debtor parties. The parties' agreement is embodied in the *Agreed Joint Statement on Automatic Stay* [District Court Docket No. 41], which is attached hereto as **Exhibit A**.

10. Upon request from a party in interest and after notice and a hearing, a court shall grant relief from the automatic stay for cause. 11 U.S.C. § 362(d). "Cause" is not expressly defined and therefore courts must determine on a case-by-case basis whether cause exists under the totality of circumstances. *See In re Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998); *In re WGMJR, Inc.*, 435 B.R. 423, 432 (Bankr. S.D. Tex. 2010).

11. Bankruptcy courts routinely exercise their discretion to lift the stay and allow parties to proceed with litigation in federal court. *See, e.g.*, *In re Trammell Family Orange Beach Props. LLC*, 567 B.R. 207, 211-12 (Bankr. M.D. Ala. 2017) (following transfer of fraudulent

transfer action back to the federal district court from which it was "removed" based on defendant-transferee's chapter 11 filing, bankruptcy court in which transferee's chapter 11 cases were pending lifted stay to allow other district court action to proceed); *In re Smith*, 541 B.R. 914, 916-17 (Bankr. M.D. Fla. 2015) (holding that reconsideration of bankruptcy court's prior order granting plaintiff relief from stay to complete its pending litigation in federal district court against debtor not warranted where district court could fully resolve plaintiff's claims against debtor and where district court was better forum because it was better able to conduct needed jury trial); *In re Highcrest Mgmt. Co., Inc.*, 30 B.R. 776, 779 (Bankr. S.D.N.Y. 1983) (plaintiff entitled to relief from automatic stay in order to proceed with class action involving claims that she and others were induced into investing in various settlement trusts created by debtor).

12.   Here, cause exists for the Court to grant the limited relief sought. After the Proposed Lead Plaintiffs pursue the Lead Plaintiff Motion, the Securities Class Action case will be stayed in its entirety pending further order of this Court (as to any other action vis-à-vis the Debtors) or pending further order of this Court or the District Court (as to any action vis-à-vis the non-Debtor defendants), as appropriate. This will not prejudice the Debtors' estates. Likewise, the Proposed Lead Plaintiffs will be permitted to serve limited third party discovery solely to the extent the proposed discovery does not result in costs to the Debtors. In sum, no prejudice to the Debtors' estates would result based on the limited actions that the Proposed Lead Plaintiffs propose to take.

13.   Although the Debtors believe that the filing of the Lead Plaintiff Motion violated the automatic stay, a contention the Proposed Lead Plaintiffs dispute, this agreement allows the Debtors and the Proposed Lead Plaintiffs to avoid protracted and costly litigation concerning the applicability of the automatic stay to a procedural motion and to non-debtor Defendants, the outcome of which is uncertain, while obtaining the benefit of that stay. For its part, the District

5

Court has the opportunity (assuming it chooses to grant the Lead Plaintiff Motion) to appoint a representative and counsel that will advocate for the putative class members' interests both in the Securities Class Action and in these bankruptcy cases. On balance, the relief requested herein is in the best interests of the putative class members, the Debtors, their estates, and other parties in interest.

WHEREFORE, the Proposed Lead Plaintiffs respectfully request the entry of an Order, substantially similar to the proposed Order attached hereto, granting relief from the automatic stay on the limited basis set forth above, and granting such other and further relief as the Court deems appropriate.

*[Remainder of page intentionally left blank.]*

Dated: May 6, 2022.

**PORTER HEDGES LLP**

*/s/ Eric M. English*
Eric M. English
State Bar No. 24062714
M. Shane Johnson
State Bar No. 24083263
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
eenglish@porterhedges.com
sjohnson@porterhedges.com

 -and-

Daniel Girard
Adam Polk
Sean Greene
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

 -and-

Paul D. Malmfeldt
Malmfeldt Law Group P.C.
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 606-8625
pdm@malmfeldt.com

**COUNSEL FOR THE PROPOSED LEAD PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on May 6, 2022.

*/s/ Eric M. English*
Eric M. English

**CERTIFICATE OF CONFERENCE**

On several occasions prior to the date hereof, I conferred with the Debtors' counsel prior to filing this Motion. The Debtors' counsel stated that the Debtors were unopposed to the relief sought in the Motion.

*/s/ Daniel Girard*
Daniel Girard

13392216