# <u>EXHIBIT A</u>

**Agreed Joint Statement on Automatic Stay**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHIRIN BAYATI and MOJAN KAMALVAND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GWG HOLDINGS, INC. *et al.*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§    Civil Action No. 3:22-cv-00410-B<br>§<br>§<br>§<br>§<br>§ |

<u>**AGREED JOINT STATEMENT ON AUTOMATIC STAY**</u>

On February 18, 2022, Plaintiffs filed a class action complaint under the Securities Act of 1933 alleging direct, non-derivative claims under Sections 11, 12, and 15 of the Act on behalf of a putative class of investors (the "Class Action") Dkt. 1. On April 20, 2022, Defendant GWG Holdings, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Dkt. 34. Under 11 U.S.C. section 362(a)(1), Debtor's bankruptcy filings operate as an Automatic Stay. On April 21, 2022, the Court ordered the nondebtor parties to confer and file statements advising the Court whether under 11 U.S.C. section 362, the Automatic Stay should extend to claims against the nondebtor parties at present. Dkt. 35. The Court ordered statements by Thursday, May 5, 2022.

On April 25, 2022, pursuant to the Private Securities Litigation Reform Act, Movants Thomas Horton and Frank Moore (the "Movants") filed a Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, Dkt. 37, a Brief in Support and Proposed Order, Dkt. 37-1 and 37-2, and an Appendix, Dkt. 38 (together, the "Lead Plaintiff

Motion"). No other member of the proposed class has applied to be Lead Plaintiff. The parties have conferred about these recent events and now file this Agreed Joint Statement.

Movants will file in the Bankruptcy Court a motion to modify the Automatic Stay seeking a limited modification of the stay, and to the extent necessary, if any, a retroactive lifting of the stay, as it applies to following issues: (a) the Court entering an order appointing Thomas Horton and Frank Moore as Lead Plaintiffs and approving their selection of counsel, Girard Sharp LLP and Malmfeldt Law Group P.C., so that the interest of putative class members may be properly represented in this Court and the Debtor's bankruptcy proceedings; and (b) at their election, the Lead Plaintiffs serving and enforcing third-party subpoenas on the two registered investment advisors who solicited their investments in the securities at issue in this litigation without violating any order of this Court, without waiving the stay of discovery under the Private Securities Litigation Reform Act, and without any cost accruing to the debtor. Defendants will not oppose a motion limited to seeking this relief.

Subject to the relief sought in the Bankruptcy Court, any potential modification of the Automatic Stay, and notwithstanding any of the parties' positions on whether the Automatic Stay extends to the nondebtor defendants, the parties have conferred and agree that the Court should enter an additional interim stay of further proceedings as to all nondebtor defendants. The parties have agreed to reserve their rights (a) to move the Court to lift the interim stay in this proceeding at a later date, (b) to take whatever steps in the future any party deems appropriate to take in the Bankruptcy Court with respect to the Automatic Stay, and (c) to assert or contest in the appropriate court whether the Automatic Stay has been or should be extended to the nondebtor parties.

Individual defendants David Chavenson, Timothy L. Evans, and Murray Holland have not yet retained individual counsel and, upon information and belief, are in the process of doing so, but do not object to the entry of an order staying the proceedings in this action.

Individual defendant David de Weese is no longer represented by Holland & Knight LLP; upon information and belief, he is in the process of retaining substitute counsel, but he does not object to the entry of an order staying the proceedings in this action.

Movant L Bond Management LLC does not object to the entry of an order staying the proceedings in this action.

Accordingly, the Parties jointly request that the Court enter an order staying the proceedings in this action, subject to the foregoing provisions and reservations of rights.

Respectfully submitted,

  s/ Daniel Girard
Daniel Girard
dgirard@girardsharp.com
Jordan Elias
jelias@girardsharp.com
Sean Greene
sgreene@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Paul D. Malmfeldt
pdm@malmfeldt.com
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625

**BURNS CHAREST LLP**
Warren T. Burns (TXBN 24053119)
wburns@burnscharest.com
Spencer Cox (TXBN 24097540)
scox@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
Fax: (469) 444-5002

Scott L. Silver
ssilver@silverlaw.com
**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: (954) 755-4799

**ATTORNEYS FOR PLAINTIFFS**

  s/ Robert S. Harrell
Robert S. Harrell,
rharrell@mayerbrown.com
**MAYER BROWN, LLP**
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
Telephone: 713.238.2700
Facsimile: 713.238.4612

**ATTORNEYS FOR GWG HOLDINGS, INC.**

  s/ John Sanders
Steven H. Stodghill
sstodghill@winston.com
John C.C. Sanders, Jr.
jsanders@winston.com
William J. Hamilton
whamilton@winston.com
**WINSTON & STRAWN, LLP**
2121 N. Pearl Street, Suite 900
Dallas, Texas 75201
Telephone: 214.453.6500
Facsimile: 214.453.6400

**ATTORNEYS FOR ROY BAILEY**

## CERTIFICATION OF SIGNATURE OF OTHER PERSONS

In accordance with LR 11.1(c), I hereby certify that above signatories has consented to the filing of the foregoing document.

  s/ Daniel Girard

### CERTIFICATE OF CONFERENCE

This motion has been agreed to after multiple conferences between the parties by telephone and email.

### CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing by using the CM/ECF system, and that service will be accomplished by the CM/ECF.

_s/ Daniel Girard_

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRIN BAYATI and MOJAN KAMALVAND, | § | |
| on behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:22-cv-00410-B |
| v. | § | |
| | § | |
| GWG HOLDINGS, INC. *et al.* | § | |
| | § | |
| Defendants. | § | |

[PROPOSED] ORDER

Before the Court is the parties' Agreed Joint Statement on Automatic Stay, submitted in accordance with the Court's Order of April 21, 2022 (doc. 35).  In light of the Agreed Joint Statement, the Court hereby EXTENDS its stay under 11 U.S.C. section 362(a)(1) to the claims against the nondebtor parties, subject to the reservations of rights set forth in the Agreed Joint Statement.

In addition, the Agreed Joint Statement indicates that Thomas Horton and Frank Moore ("Movants"), who moved for appointment as lead plaintiff and approval of their selection of lead counsel (docs. 37-38), will move the bankruptcy court for a limited modification or retroactive lifting of this stay to allow this Court to entertain their lead plaintiff motion and to allow the Movants to proceed with certain third-party discovery, at their election, and subject to certain conditions.  The Court hereby DIRECTS the Movants to notify the Court upon the entry by the bankruptcy court of any Order related to such motion.

SO ORDERED.


DATED:  May _____, 2022

                                        _____
                                        JANE J. BOYLE
                                        UNITED STATES DISTRICT JUDGE
                                        NORTHERN DISTRICT OF TEXAS