IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-90032 |
| GWG HOLDINGS, INC., *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**LIMITED OBJECTION OF L BOND MANAGEMENT LLC TO
UNOPPOSED MOTION FOR RELEIF FROM THE AUTOMATIC STAY
TO (A) APPOINT LEAD PLAINTIFFS IN SECURITIES CLASS ACTION, (B)
PERMIT LEAD PLAINTIFFS TO SERVE AND ENFORCE THIRD-PARTY
SUBPOENAS, AND (C) TAKE RELATED ACTIONS**
[Relates to ECF # 201]

L Bond Management LLC ("LBM") hereby files this Limited Objection ("Objection") to the *Unopposed Motion for Relief from the Automatic Stay to (A) Appoint Lead Plaintiffs in Securities Class Action, (B) Permit Lead Plaintiffs to Serve and Enforce Third-Party Subpoenas, and (C) Take Related Actions* (the "Motion") filed on behalf of Thomas Horton and Frank Moore ("Movants").

1. The Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") on April 20, 2022 (the "Petition Date"), filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code").

2. Prior to the Petition Date, plaintiffs, Shirin Bayati and Mojan Kamalvand filed a Securities Class Action lawsuit (the "Class Action") in the United States District Court for the Northern District of Texas (the "Class Action Court") alleging claims against the Debtors and certain non-debtor co-defendants on behalf of a putative class of bond investors (the "Putative Class"). Also prior to the Petition Date, LBM filed a Motion to Intervene in the Class Action

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, Texas 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

seeking to intervene in that matter as agent for twenty-four bondholders collectively holding approximately $366.9 million of L Bonds (over 22% of the total outstanding bonds issued by the Debtors).

3. As of the Petition Date, no lead plaintiff had been designated in the Class Action nor had the Putative Class been certified. Likewise, LBM's motion to intervene remained pending.

4. Following the Petition Date, notwithstanding the imposition of the automatic stay, Movants filed their Motion of Thomas Horton and Frank Moore for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (the "<u>Lead Plaintiff Motion</u>") in the Class Action.

5. On May 6, 2022, Movants filed their Motion in these Chapter 11 Cases. Despite being styled as an "unopposed" motion, the Movants did not seek, nor did they obtain consent from LBM as to the relief sought therein.

## **LIMITED OBJECTION**

6. The Movants frame their relief sought in this Court as narrow – seeking retroactive modification of the automatic stay to permit the filing and prosecution of the Lead Plaintiff Motion and the ability to conduct certain third-party discovery in connection with the Class Action. *See Motion, Proposed Order*, p. 2 [ECF # 201-2]. In return, Movants have agreed that the Class Action should be stayed as to all defendants. *See Motion, Exhibit A – Agreed Joint Statement on Automatic Stay* [ECF # 201-1]. Nevertheless, Movants' actions indicate a belief that the granting of the Lead Plaintiff Motion, rather than the simple ministerial action represented, will result in a significant vesting of representative authority far beyond the limited relief actually being sought from this Court.

7.  Thus, while LBM does not *per se* object to Movants' requested relief, LBF does have concerns regarding Movants' actions and their representations to the Class Action Court regarding the nature or need for such relief as relates to these Chapter 11 Cases. Specifically, in support of the Lead Plaintiff Motion, Movants have argued that:

> The L Bond holders are creditors in the bankruptcy whose interests will be advanced by certain and centralized leadership—both during the bankruptcy and after the automatic stay is lifted. *See* 11 U.S.C. § 362(d) (setting out grounds for relief from stay); *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 370-71 (5th Cir. 1987), aff'd, 484 U.S. 365 (1988) (discussing circumstances that may warrant lifting of automatic stay). To that end, Movants' counsel have retained experienced bankruptcy counsel to appear in the GWGH bankruptcy and assist in protecting the rights and interests of L Bond holders, including their right to prosecute this action.

*Memorandum of Law in Support of Motion of Thomas Horton and Frank Moore for Appointment as Lead Plaintiff and Approval of their Section of Lead Counsel*, p. 9 [ECF # 37-1], *Bayati, et al. v. GWG Holdings, Inc., et al.*, Civ. Action No. 3:22-CV-00410-B in the United States District Court for the Northern District of Texas. Further, in an *Agreed Joint Statement on Automatic Stay* (the "Joint Statement") to the Class Action Court, the Movants represent that relief from the stay to permit entry of an order granting the Lead Plaintiff Motion is necessary "so that the interest of putative class members may be properly represented in [the Class Action Court] and the Debtor's bankruptcy proceedings." *See Motion*, Exhibit B – Joint Statement, p. 2 [ECF # 201-1].

8.  Despite Movants' characterization to the Class Action Court, designation of the Movants as lead plaintiffs without more is insufficient to bestow such representative authority upon Movants in these Chapter 11 Cases. *See In re FIRSTPLUS Fin., Inc.*, 248 B.R. 60, 67 (Bankr. N.D. Tex. 2000) (in denying a motion to allow a class proof of claim, "A putative class representative is not, nor can he be transformed by the court into, an authorized agent within the purview of Bankruptcy Rule 3001(b)."). In non-bankruptcy matters, courts have recognized that

the granting of a lead plaintiff designation under 15 U.S.C. § 78u-4(a)(3) is limited in purpose and does not establish such party as the Rule 23 class representative. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547 (N.D. Tex. 1997) (holding that lead plaintiff designation was preliminary in nature and without prejudice to future challenges by defendants regarding Rule 23(a) requirements during class certification); *In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 125 (S.D.N.Y. 2001) (noting distinction between Rule 23 class fiduciary and a "lead plaintiff").

9. As the *Oxford Health* court explained,

> A lead plaintiff is not synonymous with a class representative, and in the ordinary course of litigation the class representative will not appear on the scene until long after the lead plaintiff. No lead plaintiff is compelled to serve as a class representative. While the PSLRA defines the qualifications and selection process for lead plaintiff, the class representative is selected not pursuant to the PSLRA, but pursuant to Rule 23. The Court declines at this time to re-open the lead plaintiff process. As the Court has stated, "the class representative is going to control the case. He is the Rule 23 fiduciary, not the lead plaintiffs." *In re Oxford*, 191 F.R.D. at 378.

*In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 125 (S.D.N.Y. 2001) quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 378 (S.D.N.Y. 2000).

10. Thus, while LBM does not oppose the limited modification of the automatic stay as reflected in the proposed order (to allow the filing and prosecution of the Lead Plaintiff Motion only), LBM does object to the Movants' incorrect claim of agency in these Chapter 11 Cases as a lead plaintiff of a yet-to-be certified putative class.[2]

11. As such, LBM respectfully requests that any order entered upon the Motion not include Movants' improper designation of the same as "Unopposed" and that such order specifically reserve the right of any party-in-interest, including LBM, to challenge the Movants'

---

[2] LBM's concerns regarding this improper claim of agency are heightened by the fact that the United States Trustee has formed an official bondholder committee that includes both of the proposed lead plaintiffs, even though it excludes L Bond Management, the party controlling a 22.5% economic interest in the L Bonds.

representative capacity vis-à-vis any other alleged members of the putative class or the holders of L Bonds in general in these Chapter 11 Cases.

Respectfully submitted on this 10th day of May, 2022.

**OKIN ADAMS LLP**

By: /s/ *David L. Curry, Jr.*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
1113 Vine Street, Suite 240
Houston, Texas  77002
Tel: (713) 228-4100
Fax: (346) 247-7158

**ATTORNEYS FOR L BOND MANAGEMENT LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system to all parties consenting to service through the same.

By: /s/ *David L. Curry, Jr.*
David L. Curry, Jr.