IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF TRAN SINGH LLP AS SPECIAL CONFLICTS COUNSEL TO THE DEBTORS EFFECTIVE AS OF APRIL 20, 2022**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file their Application (this "Application") for entry of an order, substantially in the form attached hereto, authorizing the Debtors to employ Tran Singh LLP ("Tran Singh") as special conflicts counsel, effective as of April 20, 2022. In support of the application, the Debtors submit the declaration of Susan Tran Adams, a partner at Tran Singh (the "Declaration"), which is attached hereto as **Exhibit A**. In further support of this Application, the Debtors respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Procedural History**

4. On April 20, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors remain in possession of their property and each is managing its business as debtor in possession.

6. No trustee or examiner has been appointed. The official committee of bondholders was appointed on May 9, 2022.

7. On May 11, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Mayer Brown LLP as Counsel to the Debtors* [Docket No. 222].

8. Additional information regarding the Debtors' business and circumstances leading to the commence of the Chapter 11 Cases is set forth in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17].

## Relief Requested

9.     By this Application, the Debtors seek the entry of an order authorizing the retention of Tran Singh as their special conflicts counsel in the Chapter 11 Cases, effective April 20, 2022.

## Tran Singh's Qualifications

10.    The Debtors have determined that the retention of special conflicts counsel is necessary to the successful administration of the Chapter 11 Cases, and that the employment of Tran Singh would be in the best interest of the estates. Tran Singh's Chapter 11 experience, as well as its extensive practice before this Court and knowledge of the Bankruptcy Local Rules and practices, make it ideal to efficiently serve the needs of the Debtors. Tran Singh regularly represents Chapter 11 debtors and is well qualified to serve as special conflicts counsel to the Debtors in these proceedings.

## Services to be Provided

11.    Tran Singh has discussed the division of responsibilities with Jackson Walker and Mayer Brown, and will make every effort to avoid duplication of efforts. Specifically, Tran Singh will provide legal advice and service with respect to any matters on which Jackson Walker or Mayer Brown may have a conflict, including but not limited to lease rejection matters.

## Professional Compensation

12.    As set forth in the Declaration, Tran Singh intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of this Application and (b) seek reimbursement of actual and necessary out-of-pocket expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

13. Tran Singh's current customary hourly rates generally range from $350.00 to $475.00 per hour for attorneys and $85.00 to $95.00 per hour for paraprofessionals. Hourly rates are periodically adjusted in the normal course of Tran Singh's business, often due to the increased experience of a particular professional. The attorneys primarily responsible for this engagement and their respective standard hourly rates are as follows: Susan Tran Adams, partner: $450.00 per hour and Brendon Singh $475.00 per hour. These persons will be assisted by other professionals and paraprofessionals at Tran Singh as necessary.

14. Tran Singh's hourly rates are set at a level designed to compensate Tran Singh fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned, and are subject to periodic adjustments to reflect economic and other conditions. These hourly rates are consistent with the rates that Tran Singh charges other Chapter 11 clients, regardless of the location of the Chapter 11 case. Moreover, the rate structure is appropriate and not significantly different from (a) the rates Tran Singh charges for other similar types of representation or (b) the rates that other comparable counsel would charge for substantially similar work to the work Tran Singh will perform on these Chapter 11 Cases.

15. It is Tran Singh's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also the policy of Tran Singh to charge its clients only the amounts actually incurred by Tran Sing in connection with such items. Examples of such expenses including postage, overnight mail, courier delivery, transportation, computer-assisted legal research, and airfare.

16. Pursuant to Bankruptcy Rule 2016(b), Tran Singh has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than the partners, associates, and counsel associated with Tran Singh or (b) any compensation another person or party has received or may receive, other than permitted pursuant to section 504 of the Bankruptcy Code. The proposed retention of Tran Singh is not prohibited by Bankruptcy Rule 5002. Additionally, Tran Singh was not provided a retainer from the Debtors.

## **Tran Singh's Disinterestedness**

17. To the best of the Debtors' knowledge, and as disclosed herein in the Declaration, (a) Tran Singh is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Tran Singh has no connection with the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Declaration.

18. Tran Singh will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Tran Singh will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

## **Arguments and Authority**

19. The Debtors seek to retain Tran Singh as their bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that the Debtors, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional person, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor] in carrying out the [Debtor's] duties under this title. 11 U.S.C. § 327(a).

5

20.     Bankruptcy Rule 2014(a) requires that any application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  Fed. R. Bankr. P. 2014.

21.     The Debtors submit that for all the reasons above and in the Declaration, the employment of Tran Singh as special conflicts counsel to the Debtors is warranted.  Further, as provided in the Declaration, Tran Singh is a "disinterested person" within the meaning of section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest except as may be disclosed in the Declaration.

### Notice

22.     The Debtors will provide notice of this Application to all parties appearing on the mater service list maintained in these Chapter 11 Cases.  The Debtors submit that in light of the requested relief, no other or further notice needs to be provided.

### No Prior Request

23.     No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form attached hereto, granting the relief requested herein and (ii) grant such other and further relief as may be just and proper.

Dated: May 17, 2022

                    **TRAN SINGH, LLP**

By:   */s/Susan Tran Adams*
       Susan Tran | TBN: 24075648
       Stran@ts-llp.com
       Brendon Singh | TBN: 24075646
       Bsingh@ts-llp.com
       2502 La Branch Street
       Houston, Texas 77004
       Telephone: (832) 975-7300
       Facsimile: (832) 975-7301

       *Proposed Special Conflicts Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on May 17, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/Susan Tran Adams
Susan Tran Adams

2

2