IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF SUSAN TRAN ADAMS IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
OF TRAN SINGH LLP AS SPECIAL CONFLICTS COUNSEL TO THE DEBTORS
EFFECTIVE AS OF APRIL 20, 2022**

Susan Tran Adams declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Tran Singh LLP ("Tran Singh"). Tran Singh maintains an office in Houston, Texas and is a boutique restructuring law firm that provides specialized legal services to a variety of clients through Texas.

2. I am the lead attorney from Tran Singh working on the above-captioned chapter 11 cases and am a member in good standing in the State Bar of Texas, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of Texas. There are no disciplinary proceedings pending against me.

3. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Employment of Tran Singh LLP as Special Conflicts Counsel*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

*to the Debtors Effective as of April 20, 2022* (the "<u>Application</u>") and to provide the disclosures required under Fed. R. Bankr. P. 2014(a).

4. I have personal knowledge of the facts set forth herein unless otherwise indicated. To the extent that any information disclosed herein requires amendment or modification, I will submit a supplemental declaration.

5. Neither I, nor any attorney at Tran Singh, represents any party in interest (or its attorneys or accountants) other than the Debtors in connection with the above-captioned chapter 11 cases. Tran Singh has not represented any creditors or interested holders of the Debtors and will not represent any of these parties in connection with the Debtors' chapter 11 cases. I am married to Christopher Adams, a partner of the law firm of Okin Adams LLP that is currently representing L Bond Management LLC, a party in interest, but to the best of my knowledge, neither I, nor any attorney at Tran Singh have any other connection to any other party in interest of the Debtors in connection with the above-captioned chapter 11 cases.

## **Tran Singh's Qualifications**

6. The Debtors have determined that retention of special conflicts counsel is necessary to the successful administration of these chapter 11 cases, and that Tran Singh's employment would be in the best interest of the estates. Tran Singh's chapter 11 experience, as well as its extensive practice before this Court and knowledge of the Bankruptcy Local Rules and local practices, make it ideal to efficiently serve the needs of the Debtors. Tran Singh regularly represents chapter 11 debtors in the Southern District of Texas and is well qualified by its experience to serve as special conflicts counsel to the Debtors in these proceedings.

**Services to be Provided**

7. GWG has retained the law firm of Mayer Brown LLP ("Mayer Brown") as lead counsel and Jackson Walker LLP ("Jackson Walker") as co-counsel to the Debtors in these chapter 11 cases. Tran Singh has discussed the division of responsibilities with Mayer Brown and Jackson Walker and will avoid duplication of efforts. Specifically, Tran Singh will provide legal advice and services with respect to any matters on which Jackson Walker and Mayer Brown may have a conflict, including but not limited to, matters relating to the rejection of certain unexpired leases made between the Debtors and U.S. Bank.

**Professional Compensation**

8. Tran Singh intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of the date of this Application and (b) seek reimbursement of actual and necessary out-of-pocket expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

9. Tran Singh's current customary hourly rates generally range from $350.00 to $475.00 per hour for attorneys and $85.00 to $95.00 per hour for paraprofessionals. The attorneys primarily responsible for this engagement and their respective standard hourly rates are as follows: Susan Tran Adams, partner: $450.00 per hour and Brendon Singh, partner: $475.00 per hour. These persons will be assisted by other professionals and paraprofessionals at Tran Singh as necessary.

10. Tran Singh's hourly rates are set at a level designed to compensate Tran Singh fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly

rates vary with experience and seniority of the individual assigned, and are subject to periodic adjustments to reflect economic and other conditions. These hourly rates are consistent with the rates that Tran Singh charges other chapter 11 clients, regardless of the location of the chapter 11 case. Moreover, the rate structure is appropriate and not significantly different from (a) the rates Tran Singh charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Tran Singh will perform in these cases.

11. It is Tran Singh's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Tran Singh's policy to charge clients only the amounts actually incurred by Tran Singh in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted research, and airfare.

12. Pursuant to Bankruptcy Rule 2016(b), Tran Singh has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than the partners, associates, and counsel associated with Tran Singh or (b) any compensation another person or party has received or may receive, other than permitted pursuant to section 504 of the Bankruptcy Code. Tran Singh's proposed engagement is not prohibited by Bankruptcy Rule 5002, nor has Tran Singh received a retainer from the Debtors.

## Statement Regarding U.S. Trustee Guidelines

13. Tran Singh will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedure or orders of the Court. Tran Singh intends to make reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures, both in connection with this application and interim and final fee applications to be filed by Tran Singh in these chapter 11 cases.

### **Attorney Statement Pursuant to U.S. Trustee Fee Guidelines**

14. The following is provided in response to the request for additional information set forth in paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Fee Guidelines"):

**Question**: Did Tran Singh agree to any variations from, or alternative to, Tran Singh's standard billing arrangements for this engagement?

**Answer**: No. Tran Singh and the Debtors have not agreed to any variations from, or alternatives, to Tran Singh's standard billing arrangements for this engagement.

**Question:** Do any of Tran Singh's professionals included in this engagement vary their rate based on the geographical location of the Debtors' chapter 11 cases?

**Answer**: No. The hourly rates used by Tran Singh representing the Debtors are consistent with the rates that Tran Singh charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

**Question**: If Tran Singh represented the Debtors in the 12 months prepetition, disclose Tran Singh's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.

**Answer**: Tran Singh has not represented the Debtors in the 12 months prior to the filing of the petitions of the Debtors.

**Question**: Have the Debtors approved Tran Singh's budget and staffing plan, and if so, for what budget period?

**Answer**: Tran Singh has not prepared a budget or staffing plan.

15. To the best of my knowledge, (a) Tran Singh is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code as required by section 327(a) of the

Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estate and (b) Tran Singh has no connection with the Debtors, their creditors, or other parties in interest, except those specifically disclosed in this Declaration.

16. In connection with the proposed retention of Tran Singh by the Debtors in these chapter 11 cases, Tran Singh undertook to determine whether it had any conflicts or other relationships that it might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Tran Singh obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases and I searched Tran Singh's client database to determine whether Tran Singh had any relationships with the groups of persons or entities listed.

17. From time to time, Tran Singh may have referred work to other professionals retained in these chapter 11 cases and have likewise received referrals from professionals retained in these chapter 11 cases. Tran Singh has not represented any of the Debtors' creditors or other entities that may be parties in interest in ongoing matters related to the Debtors and these chapter 11 cases.

18. Based on the conflicts search I conducted, to the best of my knowledge, neither I, nor Tran Singh, nor any partner or associate thereof, have any connections with the Debtors, their creditors, or other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of Texas, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, except as described previously herein.

19. Tran Singh will periodically review its files during the pendency of these chapter 11 cases to ensure no conflicts or other disqualifying circumstances exist or arise. If any new

relevant facts or relationships are discovered or arise, Tran Singh will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

20.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the 17th day of May, 2022.

                                        /s/ Susan Tran Adams
                                        Susan Tran Adams