IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | (Emergency Hearing Requested) |
|  | ) |  |

**DEBTORS' MOTION FOR CLARIFICATION OF THE CREDITOR MATRIX ORDER**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

GWG Holdings, Inc. ("GWGH") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, collectively, "GWG" or the "Company")[2] respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order substantially in the form attached hereto (the "Order") clarifying that the *Order (I) Waiving the Requirement to File a List of Equity Security Holders, (II) Authorizing the Debtors to Redact Certain Personal Identification Information, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] For the avoidance of doubt, the definitions of "GWG" and "Company" do not include non-affiliated entities The Beneficient Company Group L.P., FOXO Technologies, Inc., or their respective direct and indirect subsidiaries.

*(III) Granting Related Relief* [Dkt. No. 145] entered on April 25, 2022, (the "Creditor Matrix Order"), and deeming that the following requests for and uses of the unredacted creditor matrix are not "reasonably related" to the Chapter 11 Cases (defined below): (i) requests and/or use in connection with attorney advertising to creditors on the matrix, (ii) requests and/or use in connection with soliciting potential clients, including but not limited to the Bondholders,[3] and (iii) requests and/or use in connection with soliciting witnesses or other discovery in connection with third party claims that are not before the Court, including but not limited to claims against broker dealers in connection with the Bonds or otherwise. In further support of this Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein is section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5. On April 20, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 20, 2022, the Court entered an order authorizing the joint administration of the Chapter 11 Cases.

---

[3] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration (defined below).

*See* Dkt. No. 18.  The Debtors have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 9, 2022, the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee") appointed the Committee of Bondholders (the "Committee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

6. The Company is a financial services firm with two principal types of assets: (i) equity interests in independent, non-affiliated entities that operate in the alternative assets and epigenetics spaces; and (ii) secondary life insurance assets, comprised of a portfolio of near-duration, intermediate-duration, and long-duration life insurance policies (each a "Policy" and collectively, the "Policy Portfolio").  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors rely upon and incorporate by reference herein the First Day Declaration.

**Entry of the Creditor Matrix Order and Requests for the Unredacted Matrix**

7. On April 20, 2022, the Debtors filed a motion[4] seeking, in part, entry of an order authorizing the Debtors to redact the personally identifiable information of certain creditors, primarily the Bondholders, listed on the consolidated creditor matrix (and on other documents filed with the Court), including their names and home addresses.  The Court granted that request through its entry of the Creditor Matrix Order.

---

[4] *See Debtors' Emergency Motion for Entry of an Order (I) Waiving the Requirement to File a List of Equity Security Holders, (II) Authorizing the Debtors to Redact Certain Personal Identification Information, and (III) Granting Related Relief* [Dkt. No. 16].

8. However, the Creditor Matrix Order provides:

> "[t]he Debtors shall provide an unredacted version of the Creditor Matrix . . . to . . . (z) any party in interest, upon request to the Debtors (email is sufficient) or to the Court that is reasonably related to the Chapter 11 Cases, subject to the restrictions of the GDPR; <u>provided that</u> any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request."

9. Before long, the requests came flooding in. In fact, the Debtors began receiving requests for the unredacted creditor matrix prior to the entry of the Creditor Matrix Order, and the Debtors have continued to regularly receive requests for the unredacted creditor matrix. These requests have overwhelmingly come from law firms purporting to represent parties-in-interest in the Chapter 11 Cases.

10. In responding to such requests, the Debtors advised all requesting parties that the unredacted creditor matrix was being provided subject to the restrictions set forth in the Creditor Matrix Order. However, the Debtors quickly discovered, to the detriment of the estates and at the expense of the privacy rights of the parties-in-interest in the Chapter 11 Cases, that the unredacted creditor matrix was being used by certain recipients outside of the intended purview of the Creditor Matrix Order.

11. For example, certain law firm recipients of the unredacted creditor matrix used the document for apparent self-gain by mailing unrequested letters to the Debtors' creditors listed thereon to solicit clients. As a result, the Debtors have received numerous complaints from unknowing creditors and Bondholders, who had their personal information used to solicit business. Indeed, the Debtors have obtained copies of several of such letters that were circulated to the creditors on the unredacted matrix, which include labels explicitly stating that the letters are attorney advertisement material. Those solicitation letters informed the creditors of potential claims they may have against non-Debtors, such as FINRA arbitration claims against brokers or

broker dealers. The soliciting law firms, it turned out, had requested (and were provided with) the unredacted creditor matrix pursuant to the Creditor Matrix Order. Other requestors explicitly stated that they intended to use the unredacted matrix in connection with looking for Bondholders to serve as witnesses in cases against broker dealers.

12. The improper use of the unredacted creditor matrix has been a burden to the estate, requiring the Debtors to expend time and money by (1) addressing confused creditors, including Bondholders, who expressed concerns about their privacy and how their information is being used and (2) addressing these issues with the requesting law firms. The Debtors attempted to mitigate the damages incurred by such improper uses by contacting certain offending law firms directly and asking them to cease and desist from such use of the unredacted creditor matrix and to delete copies of the unredacted creditor matrix. In candor to the Court, the Debtors note that the law firms contacted by the Debtors argued they had acted ethically, in good faith, and in compliance with their interpretation of the Creditor Matrix Order; several law firms were nevertheless receptive to the Debtors' outreach and agreed to the Debtors' requests, and the Debtors are appreciative to the law firms who willingly complied with the Debtors' requests.

13. However, the Debtors continue to receive numerous, nearly-daily, requests for the unredacted creditor matrix. Moreover, the Debtors have been unable to reach a consensual resolution with law firms who have not yet received the unredacted creditor matrix, but who appear to wish to use it for attorney advertising or other soliciting and decline to agree to limit its use. In responding to further requests for copies of the unredacted creditor matrix, the Debtors began advising requesting parties that, to receive the unredacted creditor matrix, the requesting parties need to provide a written statement that includes the name of the party-in-interest represented (where applicable), confirms that the request is made pursuant the Creditor Matrix Order, and

attests that the request for the unredacted creditor matrix is solely for use within the Chapter 11 Cases and will not be used for attorney advertising. For the requestor's reference, the Debtors also provided all requesters with a copy of the Creditor Matrix Order as an attachment.

14. Nevertheless, certain unredacted creditor matrix requestors—including law firms—have adopted a broad reading of the Creditor Matrix Order, and, accordingly, have been unwilling to provide the requested statement and continue to push for unredacted copies that contain these creditors' and Bondholders' private information. Some have even indicated their desire to seek imminent relief with the Court. As a result of the continuing disagreements with requestors over the scope of the Creditor Matrix Order, the Debtors have temporarily suspended providing the unredacted creditor matrix to ***any*** requesting parties who request the use of the unredacted matrix in the improper manners described above (without committing in writing to limit their use) pending the resolution of this Motion.

15. Thus, the Debtors seek clarification from the Court that the Creditor Matrix Order does ***not*** permit the improper requests for and uses of the unredacted creditor matrix that are not reasonably related to the Chapter 11 Cases, including but not limited to (i) requests and/or use in connection with attorney advertising, (ii) requests and/or use in connection with soliciting potential clients, including but not limited to the Bondholders, and (iii) requests and/or use in connection with soliciting witnesses or other discovery in connection with third party claims that are not before the Court, including but not limited to claims against broker dealers in connection with the Bonds or otherwise.[5]

---

[5] To the extent necessary, the Debtors are willing to seek modification of the Order to reflect the clarifications they seek through this Motion.

**Basis for Relief**

16. Section 105 of the Bankruptcy Code provides that court "may" issue any "order, process, or judgment" that is "necessary or appropriate" to enforce its own orders. 11 U.S.C. § 105(a). Moreover, the Court possesses "the power to enforce its own orders." *See Pompa v. Wells Fargo Home Mortg. (In re Pompa)*, Adv. No. 11-3651 (MI) 2012 WL 2571156, at *5 (Bankr. S.D. Tex. June 29, 2012).

17. Here it is both necessary and appropriate for the Court to clarify the Creditor Matrix Order. The clarification the Debtors seek through this Motion is necessary to resolve the impasse that the Debtors and certain parties requesting have reached as what constitutes a request that is reasonably related to the Chapter 11 Cases.

18. Furthermore, the requested clarification is also appropriate because it balances the need to protect the privacy rights of creditors and remain in compliance with the GDPR with the interests of disclosure that are inherent in the administration of a bankruptcy estate. To be sure, the Debtors were required to file and maintain a creditor matrix as part of its required disclosures pursuant to Rule 1007 and the *Procedures for Complex Cases in the Southern District of Texas*. But the purpose of such list is not to make the creditors' potential claims public knowledge. To the contrary, they are designed to facilitate notice of the bankruptcy and related filings to creditors.[6] The Creditor Matrix Order accomplished this objective because it enabled the Debtors to both protect the privacy of certain creditors, especially the Bondholders (including under the GDPR

---

[6] *See* Bankruptcy Rule 1007 advisory committee's note to 2005 amendments ("Notice to creditors and other parties in interest is essential to the operation of the bankruptcy system. Sending notice requires a convenient listing of the names and addresses of the entities to whom notice must be sent, and virtually all of the bankruptcy courts have adopted a local rule requiring the submission of a list of these entities with the petition and in a particular format.").

7

and other privacy statutes), while meeting the burdens of disclosure required of the Debtors as debtors in possession in the Chapter 11 Cases and ensuring that all creditors receive proper notice.

19. Thus, clarifying the Creditor Matrix Order as requested in this Motion is an appropriate exercise of the Court's power to enforce the Creditor Matrix Order by providing further guidance on the scope of what constitutes a request that is reasonably related to the Chapter 11 Cases. Until the Court rules on this Motion, the Debtors have temporarily suspended providing the unredacted creditor matrix to *any* requesting parties who request the use of the unredacted matrix in the improper manners described above pending the resolution of this Motion, and the Debtors will resume producing it as ultimately directed by the Court in response to this Motion.

## Reservation of Rights

20. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent,

validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

21. The Debtors will provide notice of this Motion to the Master Service List pursuant to, and as defined in, the *Order Granting Debtors' Emergency Motion for Order Pursuant to Bankruptcy Code Section 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, Local Bankruptcy Rule 2002-1, and the Complex Case Procedures Authorizing the Establishment of Certain Notice Procedures* [Dkt. No. 125]. In addition, the Debtors will provide notice of this Motion via electronic mail to all parties have requested a copy of the unredacted creditor matrix.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
May 25, 2022

Respectfully Submitted,

 /s/  Kristhy M. Peguero
**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Email:         kpeguero@jw.com
               mcavenaugh@jw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:     (713) 238-3000
Email:         ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:     (312) 701-0600
Email:         tkiriakos@mayerbrown.com
               lchiappetta@mayerbrown.com

-and-

Adam C. Paul (admitted *pro hac vice*)
Lucy F. Kweskin (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:     (212) 506-2500
Email:         apaul@mayerbrown.com
               lkweskin@mayerbrown.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on May 25, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      /s/ *Kristhy M. Peguero*
      Kristhy M. Peguero