IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GWG Holdings, Inc., *et al.*,[1] | § § | Case No. 22-90032 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF BONDHOLDERS OF GWG HOLDINGS, INC.,** *ET AL.* **AND RESERVATION OF RIGHTS REGARDING (I) DLP IV LENDER PARTIES' MOTION FOR FURTHER CLARIFICATION OF THE CASE MANAGEMENT ORDER AND (II) NATIONAL FOUNDERS LP'S MOTION FOR CLARIFICATION OF THE CASE MANAGEMENT ORDER**

[Related to Docket Nos. 246 and 280]

The Official Committee of Bondholders of GWG Holdings, Inc., *et al.* (the "Committee")[2] in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned proposed counsel, respectfully submits this limited objection and reservation of rights (the "Limited Objection") regarding (i) *DLP IV Parties' Motion for Further Clarification of the Case Management Order* [Docket No. 246] (the "DLP IV Motion") and (ii) *National Founders LP's Motion for Clarification of the Case Management Order* [Docket No. 280] (the "DLP VI Motion" and, together with the DLP IV

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

[2] The Committee is currently comprised of the following entities and/or individuals: (i) The Bank of Utah, as indenture trustee; (ii) Thomas Horton; (iii) Nilos T. Sakellariou; (iv) Donald W. Rhodes; (v) Matthew Pearce; (vi) Ali Danesh; and (vii) Frank S. Moore.  The Committee was appointed in connection with the bonds ("L Bonds") issued under the *Amended and Restated Indenture*, dated as of October 23, 2017 (as amended and supplemented, including pursuant to any supplemental indenture thereto, the "Indenture"), by and between GWG Holdings, Inc., as issuer and obligor, GWG Life, LLC as guarantor and obligor, and Bank of Utah, as indenture trustee (the "Indenture Trustee").

Motion, the "Motions").  In support of this Limited Objection, the Committee respectfully states as follows:

## Limited Objection

1. Since the Committee's appointment, the Committee and its advisors have been hard at work on a variety of work streams including, among others, (i) working closely with the Debtors in connection with their ongoing efforts with respect to their debtor in possession financing and the marketing process for their life insurance policy portfolios, and (ii) commencing due diligence with respect to the Debtors' assets and the prepetition transactions undertaken by the Debtors and certain related parties.  Over just a few short weeks, it has become very clear to the Committee that there is a significant amount of work to be done in these Chapter 11 Cases to ensure that the holders of L Bonds receive maximum recoveries to which they are entitled.  The Committee intends to pursue every available avenue to ensure that outcome, which includes ensuring that the Debtors choose a path for these cases that benefits the holders of L Bonds, the Debtors' likely fulcrum stakeholders.

2. As the Court is aware, the Motions seek clarification that the terms of (i) a proposed amendment (the "DLP IV Proposed Amendment") to the loan agreement among GWG DLP Funding IV, LLC ("DLP IV"), CLMG Corp. and LNV Corporation (the "DLP IV Facility") and (ii) the loan agreement (the "DLP VI Facility" and, together with DLP IV Facility, the "DLP Facilities") between GWG DLP Funding VI, LLC ("DLP VI" and, together with DLP IV, the "DLP Entities") and National Founders LP, and a proposed amendment thereto (the "DLP VI Proposed Amendment" and, together with the DLP IV Proposed Amendment, the "Proposed Amendments"), do not violate the Court's case management order entered on April 22, 2022 [Docket No. 95] (the "Case Management Order").  Notably, the Proposed Amendments purport to provide for releases

in favor of the lenders under the DLP Facilities granted by or on behalf of the DLP Entities and their affiliates and other related parties. DLP IV Proposed Amendment, § 8; DLP VI Proposed Amendment, § 5.[3]

3. While the DLP Entities are not obligors or guarantors of the L Bonds, the DLP Entities are wholly owned subsidiaries of Debtor GWG Life, LLC ("GWG Life"), and GWG Life's equity interests in its subsidiaries have been pledged as collateral for the L Bonds. Accordingly, the equity value of the DLP Entities, the debt incurred by the DLP Entities and any amendments or transactions agreed to by the DLP Entities are of critical importance to the Debtors' estates, the holders of L Bonds and, in turn, the Committee. Furthermore, upon information and belief, the assets of the DLP Entities were acquired, in part, using proceeds of L Bond offerings, and the Committee is investigating whether the Debtors have any affirmative claims against DLP IV and DLP VI and their respective assets.

---

[3] The DLP IV Proposed Amendment purports to provide a release, among other things, "OF AND FROM ANY AND ALL CLAIMS, CONTROVERSIES, DISPUTES, LIABILITIES, OBLIGATIONS, DEMANDS, DAMAGES, EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES), DEBTS, LIENS, ACTIONS AND CAUSES OF ACTION OF ANY AND EVERY NATURE WHATSOEVER RELATING TO THE ADVANCES AND/OR THE TRANSACTION DOCUMENTS (COLLECTIVELY, THE "CLAIMS"), AND IRREVOCABLY WAIVES AND RELEASES ANY DEFENSE, RIGHT OF COUNTERCLAIM, RIGHT OF SET OFF OR DEDUCTION TO THE PAYMENT OF THE OBLIGATIONS WHICH OBLIGORS, ET AL. NOW HAVE OR MAY CLAIM TO HAVE AGAINST ANY LENDER, ET AL., IN EACH CASE ARISING OUT OF, CONNECTED WITH OR RELATING TO ANY AND ALL ACTS, OMISSIONS OR EVENTS OCCURRING PRIOR TO THE EXECUTION OF THIS AMENDMENT. FOR PURPOSES OF CLARIFICATION, NOTHING IN THIS PARAGRAPH RELEASES THE LIENS GRANTED BY THE BORROWER PURSUANT TO THE TRANSACTION DOCUMENTS." DLP IV Proposed Amendment, § 8.

The DLP VI Proposed Amendment provides that DLP VI and its affiliates and related parties each, among other things, "acknowledges and confirms that it does not have any ground to challenge, and agrees not to challenge or otherwise allege or pursue any matter, cause or claim that challenges, in any case based upon any act or omission of any Indemnitee occurring prior to the date hereof or any fact otherwise known to it as of the date hereof, the effectiveness, the genuineness, validity, collectability or enforceability of or under any Loan Document . . . ." Further, the DLP VI Proposed Amendment provides that "[t]he Borrower, on its own behalf and on behalf of each other Borrower Releasor, represents and warrants, hereby absolutely, unconditionally and irrevocably agrees never to commence, prosecute, cause to be commenced or prosecuted, voluntarily aid in any way or foment any suit, action or other proceeding (at law, in equity, in any regulatory proceeding or otherwise), or otherwise seek any recovery, or to attack the amount, validity or priority of any payment or performance obligation (including any right to any security therefor), contingent or otherwise, under any of the Loan Documents, against any Released Person based on any of the Claims being released hereby." DLP VI Proposed Amendment, § 5.

4. The Committee submits that the proposed orders approving the Proposed Amendments must make clear that (i) the Proposed Amendments will not adversely impact any estate or Committee claims, causes of action or defenses to claims that may exist in respect of the DLP Entities or the DLP Facilities, including in respect of any prepetition amendments or other prepetition transactions between and among the DLP Entities and the counterparties to the DLP Facilities and (ii) the releases contained therein are limited solely to the transactions contemplated in the Proposed Amendments and do not apply to all prior or future transactions.

5. Finally, while the Debtors did not file the Motions, the DLP Entities, with the apparent involvement of certain Debtor personnel, negotiated and approved the Proposed Amendments.[4] Since the Proposed Amendments were finalized in mid- to late-May 2022, the Debtors have begun onboarding two new independent directors with restructuring expertise (the "Independent Directors"). As such, the Committee expects that the Debtors and their new Independent Directors would likewise seek the same clarifications that the Committee seeks. Moreover, the Committee expects that the new Independent Directors have been asked to evaluate the Proposed Amendments and that the new Independent Directors are considering whether the benefits of the Proposed Amendments outweigh the benefits of other options, such as maintaining the status quo or seeking orders for relief under chapter 11 of the Bankruptcy Code in order to ensure that all actions undertaken by the DLP Entities are subject to the Court's oversight.

**Reservation of Rights**

6. This Limited Objection addresses both of the Motions for the sake of efficiency and in light of the deadline for responses to the DLP IV Motion, as the Motions raise many of the same

---

[4] The board of directors of DLP IV includes Sean Clements, Timothy Evans, Murray Holland, Al Fioravanti, and Brian Bailey. The board of directors of DLP VI includes Timothy Evans, Murray Holland, and Al Fioravanti. Murray Holland is the Chief Executive Officer and Chairman of the board of directors of GWG Holdings, Inc., and Timothy Evans is the Chief Financial Officer and member of the board of directors of GWG Holdings, Inc.

issues. The Committee, however, fully reserves its right to file a separate, additional pleading regarding the DLP VI Motion on or before the deadline for responses to the DLP VI Motion.

7. This Limited Objection is submitted without prejudice to, and with a full reservation of, the Committee's rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Limited Objection, to seek discovery, to raise additional objections and to introduce evidence at any hearing relating to this Limited Objection, and without in any way limiting any other rights of the Committee to further object to the Motions, on any grounds, as may be appropriate. Further, the Committee reserves the right to amend or supplement this Limited Objection, based upon any facts or arguments that come to light prior to any hearing on these issues.

[*Remainder of Page Intentionally Left Blank*]

Dated: June 6, 2022                    Respectfully Submitted,

**PORTER HEDGES LLP**

/s/ Eric. M. English
Eric M. English
State Bar No. 24062714
M. Shane Johnson
State Bar No. 24083263
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Phone:  (713) 226-6000
Fax:  (713) 226-6248
Email: eenglish@porterhedges.com
           sjohnson@porterhedges.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field St., Suite 1800
Dallas, TX 75201
Phone: (214) 969-2800
Fax: (214) 969-4343
Email: llawrence@akingump.com

-and-

Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Jason P. Rubin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Email: mstamer@akingump.com
           aqureshi@akingump.com
           jrubin@akngump.com

-and-

Scott L. Alberino (admitted *pro hac vice*)
Benjamin L. Taylor (admitted *pro hac vice*)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone: (202) 887-4000
Fax: (202) 887-4288
Email: salberino@akingump.com
 taylorb@akingump.com

*Proposed Counsel to the Official Committee of Bondholders of GWG Holdings, Inc., et al.*

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 6, 2022, a true and correct copy of the foregoing document was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

                                            */s/ Eric M. English*
                                            Eric M. English