IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GWG Holdings, Inc., *et al.*,[1] | § | Case No. 22-90032 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
BONDHOLDERS OF GWG HOLDINGS, INC., *ET AL.* TO RETAIN
AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP
AS CO-COUNSEL, EFFECTIVE AS OF MAY 10, 2022**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Bondholders (the "Committee") of GWG Holdings, Inc., *et al.*, (collectively, the "Debtors") submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of (the "Local Rules") and paragraph 47 of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* (the "Complex Chapter 11 Cases Procedures"), for entry of an order, substantially in the form attached hereto, authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

Gump") as its counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective as of May 10, 2022. In support of this Application, the Committee submits the declaration of Michael Stamer, a partner of Akin Gump (the "Stamer Declaration"), and the declaration of Kade Baird, not in his individual capacity but solely on behalf of the Bank of Utah in its capacity as chair of the Committee (the "Baird Declaration"), attached hereto as Exhibit A and Exhibit B, respectively. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 and paragraph 47 of the Complex Chapter 11 Cases Procedures.

## BACKGROUND

4. On April 20, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On May 9, 2022 (the "Formation Date"), the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code

2

section 1102 [Docket No. 214].[2] On May 10, 2022, the Committee selected Akin Gump to serve as co-counsel to the Committee, subject to Court approval. In addition, the Committee selected, subject to Court approval, (a) on May 10, 2022, Porter Hedges LLP ("Porter Hedges") to serve as its co-counsel; (b) on May 11, 2022, Piper Sandler & Co. to serve as its investment banker and (c) on May 13, 2022, AlixPartners, LLP to serve as its financial advisor.[3] Akin Gump will work closely with the Committee and the Committee's other professionals to avoid unnecessary duplication of effort and to represent the Committee in an efficient and cost-effective manner.

## RELIEF REQUESTED

7.  The Committee seeks to retain and employ Akin Gump as its co-counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of May 10, 2022.

8.  The Committee believes that the employment of Akin Gump effective as of May 10, 2022, the date the Committee selected Akin Gump as its proposed counsel, is warranted under the circumstances of the Chapter 11 Cases. Upon its selection, the Committee requested Akin Gump to commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, Akin Gump has provided, and will continue to provide, valuable services to the Committee. Furthermore, Local Rule 2014-1(b)(1) provides that an application for approval of employment made within thirty (30) days of the commencement of the provision of services is deemed contemporaneous.

---

[2] The Committee is currently comprised of the following entities and/or individuals: (i) The Bank of Utah, as indenture trustee; (ii) Thomas Horton; (iii) Nilos T. Sakellariou; (iv) Donald W. Rhodes; (v) Matthew Pearce; (vi) Ali Danesh; and (vii) Frank S. Moore.

[3] The Committee will be filing separate applications seeking to employ these professionals contemporaneously herewith or shortly hereafter.

**RETENTION OF AKIN GUMP**

9.  The Committee respectfully submits that it is necessary and appropriate for it to retain and employ Akin Gump to, among other things:

  (a)  advise the Committee with respect to its rights, duties and powers in the Chapter 11 Cases;

  (b)  assist and advise the Committee in its consultations and negotiations with the Debtors and other parties in interest relative to the administration of the Chapter 11 Cases;

  (c)  assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

  (d)  assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and their insiders and of the operation of the Debtors' businesses;

  (e)  assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, going concern sale transactions, financing transactions, other transactions and the terms of one or more plans of reorganization and/or liquidation for the Debtors and accompanying disclosure statements and related plan documents;

  (f)  assist and advise the Committee as to its communications to Bondholders regarding significant matters in the Chapter 11 Cases;

  (g)  represent the Committee at all hearings and other proceedings before this Court;

  (h)  review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

  (i)  advise and assist the Committee with respect to any legislative, regulatory or governmental activities;

  (j)  assist the Committee in its review and analysis of the Debtors' various contractual agreements;

  (k)  prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtors or the Chapter 11 Cases;

4

  (l)  investigate and analyze any claims belonging to the Debtors' estates; and

  (m)  perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

  10.  The Committee believes Akin Gump possesses extensive knowledge and expertise in the areas of law relevant to the Chapter 11 Cases, and that Akin Gump is well-qualified to represent the Committee in the Chapter 11 Cases.  In selecting counsel, the Committee sought attorneys with considerable experience in representing unsecured creditors' committees in chapter 11 cases and other debt restructurings.  Akin Gump has such experience, as Akin Gump is currently representing and has represented official creditors' committees in many significant chapter 11 cases, including the following:  *In re ATA Holdings Corp.*; *In re BPZ Resources, Inc.*; *In re Brooks Brothers Group, Inc.; In re Chassix Inc.*; *In re Chemtura Corp.*; *In re Delta Air Lines, Inc.*; *In re Delta Petroleum Corp.*; *In re Diamond Offshore Drilling, Inc.; In re Dynegy Holdings, LLC*; *In re Edison Mission Energy*; *In re Excel Maritime Carriers LTD*; *In re EMAS Chiyoda Subsea Ltd.*; *In re Emerald Oil, Inc.*; *In re Friendly Ice Cream Corporation*; *In re Global Eagle Entertainment Inc.; In re Goodrich Petroleum Corp.*; *In re Hawker Beechcraft, Inc.*; *In re iHeartMedia, Inc.*; *In re Insys Therapeutics, Inc.*; *In re Mallinckrodt plc*; *In re Metals USA, Inc.*; *In re Nine West Holdings, Inc.*; *In re Overseas Shipholding Group, Inc.*; *In re Purdue Pharma L.P.*; *In re Quiksilver, Inc.*; *In re SandRidge Energy Inc.*; *In re Seahawk Drilling, Inc.*; *In re Sears Holding Corporation*; *In re Strike LLC; In re Southern Foods Group, LLC; In re Swift Energy Co.*; *In re TOUSA, Inc.*; *In re Vanguard Natural Resources, LLC* and *In re Vitro America, LLC*.

  11.  Further, prior to the Petition Date, Akin Gump rendered professional services to Bank of Utah (the "Bank of Utah" or the "Indenture Trustee"), as indenture trustee under the

5

Indenture,[4] as requested, necessary and appropriate, including providing advice regarding, among other things, the enforcement and protection of the rights and remedies of the Indenture Trustee with respect to all matters relating to any prospective or actual defaults under the Indenture (the "Prior Indenture Trustee Engagement"). Akin Gump continued to represent the Indenture Trustee in connection with the Chapter 11 Cases after the Petition Date up until the date the Committee was appointed (such period, the "Pre-Committee Period").[5] Through this representation, Akin Gump had the opportunity to become informed about the Chapter 11 Cases, as well as the Debtors' businesses and the facts and circumstances relating to these Chapter 11 Cases.

12. Because of the extensive legal services that the Committee requires in connection with the Chapter 11 Cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akin Gump to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Bondholders is appropriate and in the best interests of the Debtors' estates and the Bondholders.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning give to them in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17].

[5] The Indenture Trustee is a member of the Committee. As set forth in the Stamer Declaration, the Indenture Trustee and Akin Gump agreed that, as of the formation of the Committee, the Indenture Trustee would release Akin Gump from service as counsel to the Indenture Trustee so as to permit Akin Gump to serve as counsel to the Committee without any remaining duties to Bank of Utah in its individual capacity. On May 13, 2022 Akin Gump filed a *Notice of Substitution of Counsel of Bank of Utah, as Trustee, and Amended Request for All Notices, and Demand for Service of Papers* [Docket No. 234] noting, among other things, that Bank of Utah had consented to Akin Gump's withdrawal as its attorneys of record. With respect to any fees and expenses incurred by Akin Gump during the Pre-Committee Period in connection with Akin Gump's representation of the Indenture Trustee, Akin Gump reserves the right to receive payment on account of such fees and expenses to the extent provided for by the terms of the Indenture, including from any cash reserve established for the benefit of the Indenture Trustee and/or any charging lien that may be available to the Indenture Trustee under the Indenture, in each case to the extent permitted by the Bankruptcy Code.

**PROFESSIONAL COMPENSATION**

13. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2). Subject to this Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331. The 2022 hourly rates in effect at the time that Akin Gump was selected by the Committee and that are applicable to these Chapter 11 Cases (the "Rates") for professionals and paraprofessionals employed in its domestic offices are provided below:

| Billing Category | 2022 Range |
|---|---|
| Partners | $1,125 – $1,995 |
| Senior Counsel | $845 – $1,655 |
| Counsel | $990 – $1,225 |
| Associates | $605 – $1,045 |
| Paraprofessionals | $215 – $475 |

These Rates are subject to periodic adjustment (typically in January of each year) to reflect economic and other conditions.[6]

14. Akin Gump has advised the Committee that it is Akin Gump's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client. The expenses charged to clients include, among other things, photocopying charges, travel

---

[6] For example, like many of its peer law firms, Akin Gump typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Revised UST Guidelines (defined below)). While the rate ranges provided for herein may change if an individual leaves or joins Akin Gump, and if any such individual's billing rate falls outside the ranges disclosed above, Akin Gump does not intend to update the ranges for such circumstances.

expenses, expenses for "working meals" and computerized research.  Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

15. Akin Gump has advised the Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, and any other applicable order of the Court.  Akin Gump has advised the Committee that it also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and in the interim and final fee applications to be filed by Akin Gump in the Chapter 11 Cases.[7]

## NO ADVERSE INTEREST

16. Upon information and belief, Akin Gump does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Akin Gump is to be engaged, except to the extent set forth in the Stamer Declaration.  Akin Gump is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these Chapter 11 Cases.

---

[7] Akin Gump's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with the Application and the interim and final fee applications to be filed by Akin Gump in these Chapter 11 Cases is based exclusively on the facts and circumstances of these Chapter 11 Cases.  Akin Gump fully reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

17. As set forth in further detail in the Stamer Declaration, Akin Gump has certain connections with creditors, equity security holders and other parties in interest in the Chapter 11 Cases. Except with respect to the Prior Indenture Trustee Engagement, all of these matters are unrelated to the Chapter 11 Cases. Akin Gump and the Committee do not believe that any of these matters represent an interest materially adverse to the Debtors' estates or their creditors.

## NO PRIOR REQUEST

18. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

19. The Committee will provide notice of this Application to the Master Service List pursuant to, and as defined in, the Order Granting Debtors' Emergency Motion for Order Pursuant to Bankruptcy Code Section 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, Local Bankruptcy Rule 2002-1, and the Complex Case Procedures Authorizing the Establishment of Certain Notice Procedures [Docket No. 125]. Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

[*Remainder of page intentionally left blank.*]

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto, authorizing the Committee to retain and employ Akin Gump as its counsel, effective as of May 10, 2022 and (ii) provide the Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: June 8, 2022                **THE OFFICIAL COMMITTEE OF BONDHOLDERS OF GWG HOLDINGS, INC.,** *ET AL.*

*/s/ Kade Baird*
Kade Baird, Assistant Vice President of Bank of Utah, solely in its capacity as Chair of the Official Committee of Bondholders of GWG Holdings, Inc., *et al.*, and not in any other capacity

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                           */s/ M. Shane Johnson*
                                                         *M. Shane Johnson*