IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GWG Holdings, Inc., *et al.*,[1] | § | Case No. 22-90032 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**MOTION OF THE OFFICIAL COMMITTEE OF
BONDHOLDERS OF GWG HOLDINGS, INC., *ET AL*., FOR ENTRY OF
AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS
TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING
A PROTOCOL REGARDING BONDHOLDER REQUESTS FOR INFORMATION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 18, 2022 at 8:00 am (Prevailing Central Time) in Courtroom 404, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

The Official Committee of Bondholders (the "Committee") of GWG Holdings, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby moves, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto (the "Proposed Order"), clarifying the requirements of the Committee to provide access to confidential or privileged information to holders of L bonds ("Bondholders") issued by the Debtors under that certain *Amended and Restated Indenture*, dated as of October 23, 2017 (as amended and supplemented, including pursuant to any supplemental indenture thereto, the "Indenture"), by and between GWG Holdings, Inc., as issuer and obligor, GWG Life, LLC as guarantor and obligor, and Bank of Utah, as indenture trustee (the "Indenture Trustee"), and approving a protocol regarding Bondholder requests for information (the "Motion"). In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and the *Order of Reference to Bankruptcy Judges (District Court General Order 2012-6)*, dated May 24, 2012 (the "Standing Order").

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B), and Bankruptcy Rule 9018.

## BACKGROUND

4. On April 20, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors are

2

authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in these cases.

5. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 18], entered on April 20, 2022.

6. On May 9, 2022 (the "Committee Formation Date"), the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the Committee [Docket No. 214].  The U.S. Trustee filed the *Notice of Reconstituted Committee of Bondholders* on June 17, 2022 [Docket No. 418], and the Committee is currently comprised of the following members: (i) Bank of Utah; (ii) Thomas Horton; (iii) Donald W. Rhodes; (iv) Matthew Pearce; (v) Ali Danesh; and (vi) Frank S. Moore.

7. The Committee has adopted by-laws which contain numerous provisions designed to, among other things, protect confidential information, materials, and communications produced by or related to the Committee, its members, and its professionals, as well as privileged or otherwise protected information (collectively, the "Confidential Committee Information"). Confidential Committee Information also includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals[2] for the benefit of the Committee as well as all related communications received by any of the members of the

---

[2] On May 10, 2022, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel and Porter Hedges LLP ("Porter Hedges") as its local counsel, subject to Court approval.  On May 11, 2022, the Committee selected Piper Sandler & Co. ("Piper Sandler") as its investment banker, subject to Court approval.  On May 13, 2022, the Committee selected AlixPartners, LLP ("AlixPartners" and, collectively with Akin Gump, Porter Hedges and Piper Sandler, the "Committee Professionals") as its financial advisor, subject to Court approval.  The Court has not yet entered orders granting the retention applications filed by Akin Gump, Porter Hedges, Piper Sandler and AlixPartners.

3

Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals. Further, the confidentiality provisions of the by-laws were negotiated at length with the Debtors' professionals and encompass certain confidential information shared by or on behalf of the Debtors with the Committee, its members, or its professionals and the Committee further anticipates that the Court will enter a protective order regarding other such confidential information (collectively, together with materials generated by the Committee or its professionals that contain or reflect confidential information from the Debtors, hereinafter, the "Confidential Debtor Information").

8. Pursuant to the Indenture, the Debtors issued approximately $1.63 billion in prepetition bonds outstanding as of the Petition Date to over approximately 27,000 investors. According to the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17] (a) approximately 10,300 investments by Bondholders are via direct subscription with GWG Holdings, Inc. and (b) approximately 17,400 investments by Bondholders are via subscriptions through various securities intermediaries, such as The Depository Trust Company. *Id.* The average individual Bondholder owns approximately $45,000 worth of Bonds. *Id.*

9. As the fiduciary for all Bondholders, the Committee and its professionals take seriously their obligation to ensure that the Bondholders have access to clear and comprehensive information regarding the status of and key developments in these chapter 11 cases, as well as designated points of contact for Bondholders to raise and discuss specific concerns.

10. By this Motion, and in furtherance of these objectives, the Committee seeks authority to establish and implement a protocol, and to maintain a Committee Website (as defined below), that will enable the Committee to satisfy its obligation to ensure that the Bondholders have

4

access to the information to which they are entitled, while at the same time protecting the confidentiality of information received from the Debtors and other non-Debtor parties as necessary to facilitate these chapter 11 cases.

## **RELIEF REQUESTED**

11. Pursuant to this Motion, the Committee requests entry of the Proposed Order, effective as of the Committee Formation Date, authorizing the Committee to establish and implement a protocol (the "Bondholder Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B) to facilitate the Committee's obligation to provide information to the Debtors' Bondholder constituency.

12. Additionally, the Committee seeks express authority to maintain a website for the benefit of Bondholders (the "Committee Website"), which will be maintained by Donlin, Recano & Company, Inc. ("Donlin"), the Debtors' claims and noticing agent, and an email address for the benefit of the Bondholders (the "Committee Email Address"). The Committee Website will be used to make non-confidential and non-privileged information available to the Bondholders, which information either is not otherwise readily available or that the Committee determines should be further highlighted for Bondholders, and to otherwise provide Bondholders with relevant, useful information and updates regarding these chapter 11 cases. The Committee Website will be available at the following link: https://www.donlinrecano.com/gwgbondholders. Further, to ensure that service of this Motion and certain other pleadings filed by the Committee in these chapter 11 cases is completed in an efficient manner, the Committee seeks to utilize Donlin for such service.

**BASIS FOR RELIEF REQUESTED**

13.     Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102(a) shall "provide access to information for creditors . . . who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee[.]"  11 U.S.C. § 1102(b)(3)(A).  Bankruptcy Code section 1102(b)(3)(A) does not indicate the nature, scope or extent of the "information" that must be provided to such creditors or how a statutory committee should provide "access to information" to creditors, nor does the associated legislative history provide any guidance.

14.     As Bankruptcy Code section 1102(b)(3)(A) simply requires a committee to "provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided, the statute could be read as requiring a statutory committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where applicable).  The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3).  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

15.     The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and statutory committees.  Here, as is typical in most chapter 11

6

cases, the Committee already has received, and expects to continue to receive, confidential, highly confidential (*i.e.*, advisors' eyes only) and other non-public proprietary information from the Debtors and other parties in interest. This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and addressing financing, sale and plan related issues. However, a Bondholder taking an extreme view of Bankruptcy Code section 1102(b)(3)(A) might argue that Bankruptcy Code section 1102(b)(3)(A) requires the Committee to share another party's (including the Debtors') confidential information that such Bondholder would not be able to obtain otherwise. Such an interpretation has a strong potential to chill information sharing between stakeholders and hinder the restructuring process to the detriment of all parties in interest. Such potential for chilling information sharing is particularly acute in these chapter 11 cases, where the Committee's constituency includes thousands of retail Bondholders, many of whom are involved in ongoing litigation with the Debtors.

16. Moreover, Bankruptcy Code section 1102(b)(3)(A) could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine. Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged or otherwise protected information. An obligation to disseminate privileged or otherwise protected information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these chapter 11 cases.

17. The Committee seeks to avoid the foregoing issues as well as any other potential related issues that could arise by implementing the following Bondholder Information Protocol

through the Proposed Order, through which the Committee seeks to strike an important balance between the importance of Bondholders' access to information and the need to keep certain non-public information confidential:

    a. <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any person or entity (i) any information if the effect of disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or any other privilege possessed by the Committee, whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party (collectively, the "<u>Privileged Information</u>"), or (ii) any information the disclosure of which would violate any confidentiality agreements agreed to by the Committee, or the confidentiality provisions of the Committee's bylaws, including the Confidential Debtor Information, Confidential Committee Information, or confidential and non-public proprietary information from other parties (the "<u>Confidential Non-Debtor Information</u>" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "<u>Confidential Information</u>") to any person or entity[3] without further order of the Court.

    The Committee shall not be required to provide access to information or solicit comments from any person or entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that such person or entity is a current holder of L bonds and thus holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b. <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order(s) of this Court or applicable confidentiality agreement governing such discovery.

    c. <u>Bondholder Information Requests</u>: If a Bondholder (a "<u>Requesting Bondholder</u>") submits a written request to the Committee or the Committee Professionals (an "<u>Information Request</u>") for the Committee to disclose information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including providing access to the information requested or the reasons part or all of the Information Request will not be complied with.

---

[3] All references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code.

8

If the Response to deny the Information Request is because the Committee believes the Information Request implicates Confidential Information, or Privileged Information, the Requesting Bondholder may seek an order of the Court compelling production of the Confidential Information, or Privileged Information, on notice and an opportunity for hearing. Nothing in the Proposed Order shall preclude the Requesting Bondholder from requesting (or the Committee or Debtors from objecting to such request) that the Committee provide the Requesting Bondholder a log or other index of any information specifically responsive to the Requesting Bondholder's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall preclude the Requesting Bondholder from requesting (or the Committee or Debtors from objecting to such request) that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share. Provided, any Requesting Bondholder may seek relief from the Court, on notice and hearing, at any time.

d. <u>Release of Confidential Information of Debtors or Third Parties</u>: If an Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, nevertheless agrees that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request, independently determines that certain Confidential Information should be disclosed to Bondholders, the Committee shall then request (a "<u>Demand</u>") that the Confidential Information be disclosed for the benefit of the Bondholders: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed. If the Debtors or such other entity does not agree in writing within ten (10) business days after receipt of the Demand to disclose such information, the Committee or the Requesting Bondholder may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to Bondholders should only be done pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: TKiriakos@mayerbrown.com, LChiappetta@mayerbrown.com, and CKelly@mayerbrown.com. The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their counsel) or such third party (or their counsel), as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above. Notwithstanding the procedures set forth in this paragraph (d) with respect to the Committee, a Requesting Bondholder may seek relief from the Court with respect to the disclosure of such Confidential Information at any time, on notice and an opportunity for hearing.

18. The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege was held and controlled solely by the Committee and did not include Confidential Debtor Information or Confidential Non-Debtor Information.

19. The Committee believes that granting the relief requested herein will ensure the efficient administration of these cases and active Committee engagement. Moreover, it is consistent with the language of the Bankruptcy Code. Congress did not intend for a statutory committee to be required to provide unfettered access to every type and kind of information that a statutory committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018. Moreover, the requested relief will ensure that Bondholders have access, through the Committee Website, to critical information regarding these chapter 11 cases and avenues through which to connect with other Bondholders and the Committee Professionals.

20. Bankruptcy Code section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of the Bankruptcy Code mandates that confidential information be protected.

21. Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require statutory committees to disseminate confidential or

privileged information or materials. Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1), expressly allowing a court to act on its own initiative.

22. Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits that the requested relief is both necessary to fulfill the obligations set forth under Bankruptcy Code section 1103(c), and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

23. The Bondholder Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected Bondholders while permitting reasonable access to information for the Debtors' Bondholders. The relief requested also ensures the proper functioning of the chapter 11 process, open informal discovery, and due diligence. Bankruptcy courts in this District routinely grant relief similar to the relief requested by this Motion. *See, e.g.*, *In re Fieldwood Energy, LLC, et al.*, No. 20-33948 (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 691] ("Fieldwood Energy"); *In re EP Energy Corporation, et al.*, No. 19-35654 (Bankr. S.D. Tex. Feb. 5, 2020) [Docket No. 590]; *In re Sanchez Energy Corporation, et al.*, No. 19-34508 (Bankr. S.D. Tex. Nov. 15, 2019) [Docket No. 590]; *In re Burkhalter Rigging, Inc., et al.*, No. 19-30495 (Bankr. S.D. Tex. May 21, 2019) [Docket No. 322]; *In re iHeart Media, Inc., et al.*, No. 18-31274 (Bankr. S.D. Tex. May 15, 2018) [Docket No. 728]; *In re Cobalt International Energy, et al.*, No. 17-36709 (Bankr. S.D. Tex. Feb. 8, 2018) [Docket No. 372].

24. The Committee is aware of the concerns expressed by the Court in connection with the Fieldwood Energy information protocol motion and has endeavored to (i) model the Proposed Order on the provisions of the *Order Granting Motion of the Official Committee of Unsecured Creditors (I) Clarifying Disclosure Obligations, (II) Approving Protocol for Providing Access to Information to Unsecured Creditors and (III) Retaining Prime Clerk LLC as Information Agent Effective as of September 1, 2020* [Docket No. 691] entered in Fieldwood Energy and (ii) make clear in the Proposed Order that the relief granted therein is without prejudice to any Bondholder's ability to seek relief from the Court with respect to the production of information or documents from the Committee. Further, as noted above, the Committee will cause service of this Motion on the Bondholders pursuant to the service list maintained by the Debtors.

## **NO PRIOR REQUEST**

25. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto and (ii) grant the Committee such other and further relief as is just, proper, and equitable.

Dated: June 24, 2022

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Lacy M. Lawrence*
Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field St., Suite 1800
Dallas, TX 75201
Phone: (214) 969-2800
Fax: (214) 969-4343
Email: llawrence@akingump.com

-and-

Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Jason P. Rubin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
    aqureshi@akingump.com
    jrubin@akingump.com

-and-

Scott L. Alberino (admitted *pro hac vice*)
Benjamin L. Taylor (admitted *pro hac vice*)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone: (202) 887-4000
Fax: (202) 887-4288
Email: salberino@akingump.com
    taylorb@akingump.com

-and-

**PORTER HEDGES LLP**
Eric M. English
State Bar No. 24062714
M. Shane Johnson
State Bar No. 24083263
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Phone: (713) 226-6000
Fax: (713) 226-6248
Email: eenglish@porterhedges.com
       sjohnson@porterhedges.com

*Proposed Counsel to the Official Committee of Bondholders of GWG Holdings, Inc., et al.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on June 24, 2022, I caused a true and correct copy of the foregoing to be served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

                                    */s/ Lacy M. Lawrence*