### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GWG Holdings, Inc., *et al.*,[1] | § § | Case No. 22-90032 (MI) |
| Debtors. | § § § | (Jointly Administered) |

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF BONDHOLDERS TO FILE UNDER SEAL EXHIBITS FOR THE HEARING ON NOVEMBER 17, 2022 AT 1:30 P.M. CENTRAL TIME

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Bondholders (the "Committee"), duly appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of GWG Holdings, Inc. ("GWG Holdings") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, files this *Motion for Entry of an Order Authorizing the Official Committee of Bondholders to File Under Seal Exhibits for the Hearing on November 17, 2022, at 1:30 P.M. Central Time* (the "Motion to Seal"). In support of this Motion to Seal, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

1

**RELIEF REQUESTED**

1. Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, and Bankruptcy Local Rule 9037-1, the Committee requests that the Court enter an order to file under seal exhibits that contain information the parties to these Chapter 11 Cases have designated Confidential[2] that are listed in the *Official Committee of Bondholders' Witness and Exhibit List for the Hearing Scheduled for November 17, 2022 at 1:30 P.M. Central Time* (the "Witness and Exhibit List") and related relief. The Committee proposes providing unsealed copies of the Witness and Exhibit List, with all exhibits attached, on a confidential basis to (a) the Court, (b) the United States Trustee for the Southern Districts of Texas (the "U.S. Trustee"), (c) any party in interest who has agreed to be bound by the *Protective Order* [Docket. No. 632] (the "Protective Order") entered in the above-captioned Chapter 11 Cases that requests such documents, and (d) any other party as may be ordered by the Court.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Committee confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the *Protective Order* [Docket No. 632].

4.  The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Rules 9037-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## BACKGROUND

5.  On November 14, 2022, the Court held a Status Conference following the Debtors' *Emergency Motion for a Status* Conference [Docket No. 1055] (the "Status Conference").

6.  At the Status Conference, the Court entered an order Temporarily Suspending the Authority of the Board of Directors of GWG Holdings, Inc. [Docket No. 1061]. It further ordered that a hearing will be conducted on November 17, 2022 at 1:30 P.M. on whether one or more of the Directors of GWG Holdings, Inc. who acquiesced in or approved of the preparation of the Form 8K filed on March 11, 2021 should be removed from the Board of Directors of GWG Holdings, Inc. (the "Order").

7.  On July 22, 2022, this Court entered the Protective Order.

8.  The Protective Order provides, "Any producer of documents, materials, answers to discovery, testimony, or other information may designate as 'Confidential' any such information produced in this Case . . . if the producing Party believes in good faith that such information constitutes or contains nonpublic information that is proprietary, commercially sensitive, or confidential technical, business, financial, or personal information or should otherwise be protected under applicable law, regulation, or contract . . . ." Protective Order ¶ 1.

9.  The Committee is a signatory to the Protective Order.

10. The Committee, through its professionals, has engaged in the discovery process related to the Order. In connection with the discovery process, various parties in interest to these Chapter 11 Cases have designated discovery material as Confidential under the Protective Order.

11. Forty-six of the exhibits attached to the Witness and Exhibit List have been designated as Confidential pursuant to the Protective Order.  Specifically, Exhibits 1-37, 39-41, and 43-48 to the Witness and Exhibit List have been designated as Confidential (together, the "Designated Materials").

12. This Court's procedures require that "exhibits must be filed on CM/ECF in advance of the hearing."  Court Procedures, Hon. Marvin Isgur, United States Bankruptcy Judge. ¶ 13.

13. The Committee has provided unredacted versions of the Exhibits sought to be sealed to counsel to the Debtors and the other parties in interest participating in discovery relating to the Order, pending the Court's disposition of this Motion to Seal.

## BASIS FOR RELIEF

14. Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995).  This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).

15. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

Fed. R. Bankr. P. 9018. Additionally, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

16. Here, certain producing parties have taken the position that the Designated Materials contain confidential information. The Committee, therefore, submits that good cause exists to authorize the Committee to file the Designated Materials under seal.

17. No previous request for the relief sought herein has been made by the Committee to this or any other court.

## RESERVATION OF RIGHTS

18. The Committee reserves the right to challenge any assertion that the Designated Materials constitute confidential information at a later date.

**WHEREFORE**, for the reasons set forth herein, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and provide such other and further relief as the Court deems just, proper, and equitable.

[*Remainder of Page Intentionally Left Blank*]

Houston, Texas
Dated:  November 16, 2022

By:  /s/ Eric M. English

**PORTER HEDGES LLP**
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Telephone:  (713) 226-6000
Facsimile:  (713) 226-6248
eenglish@porterhedges.com
sjohnson@porterhedges.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field St., Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
llawrence@akingump.com

-and-

Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Jason P. Rubin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
mstamer@akingump.com
aqureshi@akingump.com
jrubin@akingump.com

-and-

Scott L. Alberino (admitted *pro hac vice*)
Benjamin L. Taylor (admitted *pro hac vice*)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone:  (202) 887-4000
Fax:  (202) 887-4288
salberino@akingump.com
taylorb@akingump.com

*Counsel to the Official Committee of Bondholders of GWG Holdings, Inc., et al.*

6

**CERTIFICATE OF SERVICE**

    I certify that on November 16, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                      */s/ Eric M. English*
                                      Eric M. English