IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE INVESTIGATIONS COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE BENEFICENT COMPANY GROUP, L.P.**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), The Beneficent Company Group, L.P. (together with its subsidiaries, "Ben") is commanded to produce the documents and electronic information identified in the attached **Exhibit A** to **Daniel Barnowski, Katten Muchin Rosenman LLP, 2900 K Street NW, North Tower - Suite 200, Washington, DC 20007**, counsel for Jeffrey S. Stein and Anthony R. Horton, members of the Investigations Committee (the "Investigations Committee") of the board of directors of GWG Holdings, Inc. ("GWGH" and, together with its debtor affiliates in the above-captioned bankruptcy cases, the "Debtors"), no later than **December 9, 2022 at 10:00 a.m. ET**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IC, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these Chapter 11 Cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

Please take further notice that the Investigations Committee reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable law regarding the subject matter of this Notice, including to amend, supplement, and/or modify Exhibit A attached hereto, and to command the oral examination of Ben, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and other applicable law.

Dated: November 29, 2022

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Steven Reisman
Steven J. Reisman (admitted pro hac vice)
Cindi M. Giglio (admitted pro hac vice)
Marc B. Roitman (admitted pro hac vice)
50 Rockefeller Plaza
New York, New York 10020
Email: sreisman@katten.com
cgiglio@katten.com
marc.roitman@katten.com

-and-

Daniel Barnowski (admitted pro hac vice)
2900 K Street NW, Suite 200
Washington, DC 20007
Email: dan.barnowski@katten.com

-and-

Geoffrey M. King (admitted pro hac vice)
525 W. Monroe Street
Chicago, IL 60661
Email: geoff.king@katten.com

*Counsel to Jeffrey S. Stein and Anthony R. Horton, in their capacity as members of the Investigations Committee of the Board of Directors of GWG Holdings, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Bankruptcy Local Rule 2004-1, I hereby certify that counsel for the Investigations Committee and The Beneficent Company Group, L.P. conferred on the Investigations Committee's requests for documents substantially in the form reflected in this Rule 2004 Request for Production of Documents on November 17, 2022, and November 29, 2022.

*/s/ Daniel Barnowski*
Daniel Barnowski

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 29, 2022, I caused a true and correct copy of the foregoing to be served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Steven Reisman*
Steven J. Reisman

**EXHIBIT A**

**DEFINITIONS**

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "**Affiliate**" or "**Affiliates**" has the meaning given to the term "Affiliate" under 11 U.S.C. § 101(2).

2. "**Any**," "**each**," "**and**," and "**or**," shall denote the use of the singular and plural forms.

3. "**Assets**" means both real assets and intangible assets, including real property, intellectual property, good will, contracts, obligations, guarantees, liens, inventory, debt or equity securities, debt instruments, cash, and cash equivalents.

4. "**Bankruptcy Court**" refers to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

5. "**Brad Heppner**" means Brad K. Heppner.

6. "**BEN**," "**Ben**," "**You**," or "**Your**" means The Beneficient Company Group, L.P., Beneficient Management LLC, Beneficient Holdings, Inc., Beneficient Management Partners LP, their subsidiaries, Affiliates, and any associated trusts, including the ExAlt Trusts, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

7. "**Board of Directors**" means the board of directors of GWG Holdings, Inc., including any individual member, group, or subcommittee thereunder, with the responsibility of, among

other things, governing the Debtors (as defined herein) or overseeing the activities and operations of the Debtors.

8. "**Chapter 11 Cases**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, captioned *In re GWG Holdings Inc.*, Case No. 22-90032 (MI).

9. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, online chat messages, presentations, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, or other media of any kind.

10. "**Concerning**" means discussing, commenting on, referring to, relating to, regarding, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, mentioning, or in any way logically or factually connected with the matter discussed.

11. "**Debtors**" means GWG Holdings, Inc. and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

12. "**Document**" incorporates by reference the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest definition and scope permissible. This definition includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data

5

compilations, including each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise). It also includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

13. **"GWG"** means GWG Holdings Inc., its subsidiaries and Affiliates, all Debtors, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

14. **"GWG L Bonds"** means all L Bonds governed under the amended and restated indenture dated as of October 23, 2017 between GWG Holdings, Inc., GWG Life, LLC, and Bank of Utah (as trustee), as amended and supplemented from time to time.

15. **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

16. **"Petition Date"** means April 20, 2022.

17. **"Professional"** means any Person or entity engaged to provide, or involved in providing, professional services of any kind at any time, including, without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

## INSTRUCTIONS

A. The preceding Definitions apply to these Instructions and each of the succeeding Document Requests.

B. Unless specifically stated otherwise, the time period for these Document Requests is April 1, 2016 – November 15, 2022.

      C.      The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

      D.      Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

      E.      Each Document Request is continuing in nature.  If at any time additional Documents responsive to the Document Requests come into Your possession, custody, or control or are brought to Your attention, You are required to promptly supplement Your response to these Document Requests.

      F.      To the extent You refuse to produce any Document on grounds of privilege or attorney work-product, You must identify the nature of the privilege claimed; identify the type and date of the Document; identify with sufficient particularity the author(s), addressee(s), recipient(s), and contents of the Document; and identify the factual basis for the claim of privilege.

      G.      Where You object to any Request, the objection shall state all grounds for objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not the subject of any objection.

      H.      You shall produce all Documents in the manner in which they are maintained in the ordinary course of Your business, and/or You shall organize and label the Documents to correspond with the categories in this request.  Documents attached to each other shall not be separated.

I. You shall produce all Documents in TIFF format with OCR images. You shall produce all Documents with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies.

J. In the event that any Document has been lost, destroyed, discarded, or otherwise disposed of, You shall identify that Document by (i) its author(s); (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) the date, manner, and reason for destruction or other disposition; and (vii) the person authorizing destruction or other disposition.

K. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed by You directly.

L. The Investigations Committee reserves the right to request additional Documents as needed and to submit additional or supplemental document requests, provided, further, that it expressly reserves the rights to supplement or amend the Document Requests.

## **DOCUMENT REQUESTS**

1. Any Documents Concerning director resignations, removals or terminations from the GWG Board of Directors or any committee of the GWG Board of Directors.

2. Any Documents Concerning any business plan of or relating to GWG.

3. Any Documents Concerning any amendment of GWG's debt coverage ratio.

4. Any Documents Concerning any special committees of the GWG Board of Directors.

5. Any Documents Concerning any use of GWG L Bonds proceeds.

6. Any valuation Concerning Ben, including any valuation of goodwill or any control premium associated with any contemplated or consummated transaction involving GWG.

7. Any Communications with Sheldon Stein, received or sent by Brad Heppner, including on which Brad Heppner was copied.

8. Any Communications with Bruce Zimmerman, received or sent by Brad Heppner, including on which Brad Heppner was copied.

9. Any Communications with David Glaser, received or sent by Brad Heppner, including on which Brad Heppner was copied.

10. Any Communications with Roy Bailey, received or sent by Brad Heppner, including on which Brad Heppner was copied.

11. Any Communications with Daniel Fine, received or sent by Brad Heppner, including on which Brad Heppner was copied.

12. Any Communications with Jeffrey MacDowell, received or sent by Brad Heppner, including on which Brad Heppner was copied.

13. Any Communications with Murray Holland.

14. Any Communications with Timothy Evans.

*[Remainder of page intentionally left blank]*

15. Any Communications to, from or copying James Silk and any officer, director, or employee of GWG, including Brad Heppner.

Dated: November 29, 2022

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven Reisman*
Steven J. Reisman (admitted *pro hac vice*)
Cindi M. Giglio (admitted *pro hac vice*)
Marc B. Roitman (admitted *pro hac vice*)
50 Rockefeller Plaza
New York, New York 10020
Email: sreisman@katten.com
cgiglio@katten.com
marc.roitman@katten.com

-and-

Daniel Barnowski (admitted *pro hac vice*)
2900 K Street NW, Suite 200
Washington, DC 20007
Email: dan.barnowski@katten.com

-and-

Geoffrey M. King (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661
Email: geoff.king@katten.com

*Counsel to Jeffrey S. Stein and Anthony R. Horton, in their capacity as members of the Investigations Committee of the Board of Directors of GWG Holdings, Inc.*