**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**JOINT REQUEST FOR PRODUCTION OF DOCUMENTS FROM BRAD K. HEPPNER**
**AND NOTICE OF ORAL EXAMINATION OF BRAD K. HEPPNER**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), Jeffrey S. Stein and Anthony R. Horton, members of the Investigations Committee (the "Investigations Committee") of the board of directors of GWG Holdings, Inc. ("GWGH" and, together with its debtor affiliates in the above-captioned bankruptcy cases, the "Debtors"), and the Official Committee of L Bondholders ("Official Committee of L Bondholders") hereby jointly command Brad K. Heppner to appear for oral examination on the topics identified in the attached **Exhibit A** on **December 15, 2022 10:00 a.m. ET and December 16, 2022 at 10:00 a.m. ET** or such other date and time as the parties may agree.  This examination will be conducted remotely utilizing a secure web-based platform, as provided by the court-reporting agency, will take place before a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IC, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these Chapter 11 Cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

disinterested, duly qualified Notary Public or other officer authorized by law to administer oaths, and will be recorded by stenographic means.

Please take further notice that Brad K. Heppner is also commanded to produce the documents and electronic information identified in the attached **Exhibit B** to **Daniel Barnowski, Katten Muchin Rosenman LLP, 2900 K Street NW, North Tower - Suite 200, Washington, DC 20007**, counsel for Jeffrey S. Stein and Anthony R. Horton, members of the Investigations Committee, no later than **December 9, 2022 at 10:00 a.m. ET**.

*[Remainder of page intentionally left blank]*

Please take further notice that the Investigations Committee and the Official Committee of L Bondholders reserve their rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable law regarding the subject matter of this Notice, including to amend, supplement, and/or modify Exhibit A or Exhibit B attached hereto, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and other applicable law.

Dated:  November 29, 2022

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven Reisman*
    Steven J. Reisman (admitted *pro hac vice*)
    Cindi M. Giglio (admitted *pro hac vice*)
    Marc B. Roitman (admitted *pro hac vice*)
    50 Rockefeller Plaza
    New York, New York 10020
    Email: sreisman@katten.com
        cgiglio@katten.com
        marc.roitman@katten.com

    -and-

    Daniel Barnowski (admitted *pro hac vice*)
    2900 K Street NW, Suite 200
    Washington, DC 20007
    Email: dan.barnowski@katten.com

    -and-

    Geoffrey M. King (admitted *pro hac vice*)
    525 W. Monroe Street
    Chicago, IL  60661
    Email: geoff.king@katten.com

    *Counsel to Jeffrey S. Stein and Anthony R. Horton, in their capacity as members of the Investigations Committee of the Board of Directors of GWG Holdings, Inc.*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Lacy Lawrence*
Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
llawrence@akingump.com

Michael S. Stamer (admitted pro hac vice)
Abid Qureshi (admitted pro hac vice)
Jason P. Rubin (admitted pro hac vice)
David M. Giller (admitted pro hac vice)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mstamer@akingump.com
aqureshi@akingump.com
jrubin@akngump.com
dgiller@akingump.com

-and-

Scott L. Alberino (admitted pro hac vice)
Benjamin L. Taylor (admitted pro hac vice)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone: (202) 887-4000
Fax: (202) 887-4288
salberino@akingump.com
taylorb@akingump.com

*Counsel to the Official Committee of Bondholders of GWG Holdings, Inc., et al.*

## CERTIFICATE OF CONFERENCE

Pursuant to Bankruptcy Local Rule 2004-1, I hereby certify that counsel for the Investigations Committee and counsel for Brad K. Heppner conferred on the Investigations Committee's requests for oral examination substantially in the form reflected in this Joint Rule 2004 Notice of Oral Examination and Request for Production of Documents on November 17, 2022 and November 29, 2022.

*/s/ Daniel Barnowski*
Daniel Barnowski

## CERTIFICATE OF SERVICE

I hereby certify that, on November 29, 2022, I caused a true and correct copy of the foregoing to be served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Steven Reisman*
Steven J. Reisman

# EXHIBIT A

## DEFINITIONS

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.    "**Affiliate**" or "**Affiliates**" has the meaning given to the term "Affiliate" under 11 U.S.C. § 101(2).

2.    "**Ankura**" means Ankura Consulting Group, LLC.

3.    "**Any**," "**each**," "**and**," and "**or**," shall denote the use of the singular and plural forms.

4.    "**Assets**" means both real assets and intangible assets, including real property, intellectual property, good will, contracts, obligations, guarantees, liens, inventory, debt or equity securities, debt instruments, cash, and cash equivalents.

5.    "**Bankruptcy Court**" refers to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

6.    "**BEN**" or "**Ben**" means The Beneficient Company Group, L.P., Beneficient Management LLC, Beneficient Holdings, Inc., Beneficient Management Partners LP, their subsidiaries, Affiliates, and any associated trusts, including the ExAlt Trusts, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

7.    "**Board of Directors**" means the board of directors of GWG Holdings, Inc., including any individual member, group, or subcommittee thereunder, with the responsibility of, among other things, governing the Debtors (as defined herein) or overseeing the activities and operations of the Debtors.

8.     "**Bradley Capital**" means Bradley Capital Company, L.L.C., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

9.     "**Chapter 11 Cases**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, captioned *In re GWG Holdings Inc.*, Case No. 22-90032 (MI).

10.     "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, online chat messages, presentations, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, or other media of any kind.

11.     "**Concerning**" means discussing, commenting on, referring to, relating to, regarding, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, mentioning, or in any way logically or factually connected with the matter discussed.

12.     "**Decoupling Transaction**" means the series of transactions contemplated by the August 13, 2021 term sheet by and among GWG and Ben, including, but not limited to the amendments to the organizational Documents of Ben executed on November 12, 2021.

13.     "**Debtors**" means GWG Holdings, Inc. and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and/or any of their past or

present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

14.     "**Deloitte**" means Deloitte Touche Tohmatsu Limited.

15.     "**Documents**" incorporates by reference the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest definition and scope permissible.  This definition includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations, including each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise).  It also includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

16.     "**GWG**" means GWG Holdings Inc., its subsidiaries and Affiliates, all Debtors, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

17.     "**HCLP**" means HCLP Nominees, LLC, HCLP Credit Company, LLC, Highland Consolidated LP, Highland Consolidated Investments LLC, their subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

18.     "**Houlihan**" means Houlihan Lokey, Inc.

19.     "**L Bond Indenture**" means the amended and restated indenture dated as of October 23, 2017 between GWG Holdings, Inc., GWG Life, LLC, and Bank of Utah (as trustee), as amended and supplemented from time to time.

20.     "**L Bond Management**" means L Bond Management, L.L.C., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

21.     "**Legacy Lenders**" means the prior lenders under HCLP Loans as described in GWG's form 10-K filed with the SEC for the 2019 period and their subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

22.     "**Mick Law**" means Mick Law P.C. LLO.

23.     "**Murray Devine**" means Murray Devine & Co Inc.

24.     "**Paul Capital Advisors**" means the private equity group Paul Capital Advisors, and its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

25.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

26.     "**Petition Date**" means April 20, 2022.

27.     "**Professional**" means any Person or entity engaged to provide, or involved in providing, professional services of any kind at any time, including, without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

28.     "**TEFFI**" means a Technology-Enabled Fiduciary Financial Institution under the law of the State of Kansas.

29.     **"Texas Public Charter"** refers to the Texas State Bank Charter from the Texas Department of Banking.

30.     "**VRC**" means Valuation Research Corporation.

31.     "**You**" or "**Your**" means Brad K. Heppner.

## INSTRUCTIONS

A.     The preceding Definitions apply to these Instructions and each of the succeeding Topics of Examination.

B.     Unless specifically stated otherwise, the time period for these Topics of Examination is April 26, 2019 – November 15, 2022.

C.     The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

D.     Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

E.     Where You object to any Topic of Examination, the objection shall state all grounds for objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Topic of Examination not the subject of any objection.

F.      The Investigations Committee and the Official Committee of L Bondholders reserve the right to request additional topics of examination as needed, provided, further, that they expressly reserve their rights to supplement or amend the Topics of Examination.

## TOPICS OF EXAMINATION

1.      The formation, organization, history, management, operations and finances of Ben.

2.      Any relationship or involvement You had or have with Ben, including as founder, officer, director, contract counterparty, owner, or controller of contract counterparty.

3.      Any valuations or cash projections of Ben, including any valuation performed by Ankura, Deloitte, Murray Devine, Houlihan, VRC or Mick Law.

4.      Any resignation, removal or termination of an officer or director of Ben.

5.      Any resignation or refusal to stand for reappointment by an accountant or auditor from any engagement with Ben.

6.      The formation, organization, history, management, operations and finances of GWG.

7.      Any relationship or involvement You had or have with GWG, including as founder, officer, director, contract counterparty, contract counterparty, owner, or controller of contract counterparty.

8.      Any valuations or cash projections of GWG, including any valuation performed by Ankura, Deloitte, Murray Devine, Houlihan, VRC or Mick Law.

9.      Any resignation, removal or termination of an officer or director of GWG.

10.     Any resignation or refusal to stand for reappointment by an accountant or auditor from any engagement with GWG.

11.     Any public filing by or on behalf of GWG from 2018 to the present.

12.     Any transactions or agreements by or between Ben and GWG, including any investments, capital advances, or loans by GWG to Ben, accounting matters, combination or consolidation transactions, and the Decoupling Transaction.

13.     Any transactions or agreements between Ben and third parties, including payments to HCLP and Legacy Lenders and transactions involving Paul Capital Advisors.

14.     The L Bond Indenture and any amendments, revisions or transactions Concerning the L Bond Indenture.

15.      Your Communications, transactions, and relationships with any officer, director or employee of Ben or GWG.

16.     Any compensation, dividend, stock award or other transfer You received, directly or indirectly, from or on behalf of Ben or GWG.

17.     The formation and role of HCLP Concerning GWG or Ben.

18.     The formation and role of Bradly Capital Concerning GWG or Ben.

19.     Involvement with regard to TEFFI and Texas Public Charter.

20.     Formation and role of L Bond Management.

## EXHIBIT B

## DEFINITIONS

The following definitions of terms apply to all of the Document Requests.   Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      "**Affiliate**" or "**Affiliates**" has the meaning given to the term "Affiliate" under 11 U.S.C. § 101(2).

2.      "**Any**," "**each**," "**and**," and "**or**," shall denote the use of the singular and plural forms.

3.      "**Assets**" means both real assets and intangible assets, including real property, intellectual property, good will, contracts, obligations, guarantees, liens, inventory, debt or equity securities, debt instruments, cash, and cash equivalents.

4.      "**Bankruptcy Court**" refers to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

5.      "**Brad Heppner**" means Brad K. Heppner.

6.      "**BEN,**" "**Ben,**" "**You,**" or "**Your**" means The Beneficient Company Group, L.P., Beneficient Management LLC, Beneficient Holdings, Inc., Beneficient Management Partners LP, their subsidiaries, Affiliates, and any associated trusts, including the ExAlt Trusts, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

7.      "**Board of Directors**" means the board of directors of GWG Holdings, Inc., including any individual member, group, or subcommittee thereunder, with the responsibility of, among

other things, governing the Debtors (as defined herein) or overseeing the activities and operations of the Debtors.

8.     "**Bradley Capital**" means Bradley Capital Company, L.L.C., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

9.      "**Chapter 11 Cases**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, captioned *In re GWG Holdings Inc.*, Case No. 22-90032 (MI).

10.     "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, online chat messages, presentations, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, or other media of any kind.

11.     "**Concerning**" means discussing, commenting on, referring to, relating to, regarding, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, mentioning, or in any way logically or factually connected with the matter discussed.

12.     "**Debtors**" means GWG Holdings, Inc. and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

14

13.     "**Documents**" incorporates by reference the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest definition and scope permissible.  This definition includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations, including each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise).  It also includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

14.     "**GWG**" means GWG Holdings Inc., its subsidiaries and Affiliates, all Debtors, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

15.     "**GWG L Bonds**" means all L Bonds governed under the amended and restated indenture dated as of October 23, 2017 between GWG Holdings, Inc., GWG Life, LLC, and Bank of Utah (as trustee), as amended and supplemented from time to time.

16.     "**HCLP**" means HCLP Nominees, LLC, HCLP Credit Company, LLC, Highland Consolidated LP, Highland Consolidated Investments LLC, their subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

17.     "**L Bond Management**" means L Bond Management, L.L.C., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers,

members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

18.     "**Legacy Lenders**" means the prior lenders under HCLP Loans as described in GWG's form 10-K filed with the SEC for the 2019 period and their subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

19.     "**Paul Capital Advisors**" means the private equity group Paul Capital Advisors, and its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

20.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

21.     "**Petition Date**" means April 20, 2022.

22.     "**Professional**" means any Person or entity engaged to provide, or involved in providing, professional services of any kind at any time, including, without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

23.     "**TEFFI"** means a Technology-Enabled Fiduciary Financial Institution under the law of the State of Kansas.

## **INSTRUCTIONS**

A.     The preceding Definitions apply to these Instructions and each of the succeeding Document Requests.

B.      Unless specifically stated otherwise, the time period for these Document Requests is April 26, 2019 – November 15, 2022.

C.      The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

D.      Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

E.      Each Document Request is continuing in nature.  If at any time additional Documents responsive to the Document Requests come into Your possession, custody, or control or are brought to Your attention, You are required to promptly supplement Your response to these Document Requests.

F.      To the extent You refuse to produce any Document on grounds of privilege or attorney work-product, You must identify the nature of the privilege claimed; identify the type and date of the Document; identify with sufficient particularity the author(s), addressee(s), recipient(s), and contents of the Document; and identify the factual basis for the claim of privilege.

G.      Where You object to any Request, the objection shall state all grounds for objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not the subject of any objection.

H.      You shall produce all Documents in the manner in which they are maintained in the ordinary course of Your business, and/or You shall organize and label the Documents to correspond with the categories in this request.  Documents attached to each other shall not be separated.

I.       You shall produce all Documents in TIFF format with OCR images.  You shall produce all Documents with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies.

J.       You shall produce Communications from any of Brad Heppner's email addresses, including,       texan.brad@yahoo.com,       brad@hhfms.com,       brad@heppners.com,       and brad.heppner@beneficient.com.

K.       In the event that any Document has been lost, destroyed, discarded, or otherwise disposed of, You shall identify that Document by (i) its author(s); (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) the date, manner, and reason for destruction or other disposition; and (vii) the person authorizing destruction or other disposition.

L.       In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed by You directly.

M.       The Investigations Committee and the Official Committee of L Bondholders reserve the right to request additional Documents as needed and to submit additional or supplemental document requests, provided, further, that they expressly reserve their rights to supplement or amend the Document Requests.

## **DOCUMENT REQUESTS**

1.       Any Documents Concerning director resignations, removals or terminations from the GWG Board of Directors or any committee of the GWG Board of Directors.

2.       Any Documents Concerning any business plan of or relating to GWG.

3.       Any Documents Concerning any amendment of GWG's debt coverage ratio.

4.      Any Documents Concerning any special committees of the GWG Board of Directors.

5.      Any Documents Concerning the sale and marketing of GWG L Bonds.

6.      Any Documents Concerning any use of GWG L Bonds proceeds.

7.      Any Documents Concerning Brad Heppner's involvement, ownership, control, or interest in HCLP or the Legacy Lenders.

8.      Any Communications with Sheldon Stein.

9.       Any Communications with Bruce Zimmerman.

10.     Any Communications with David Glaser.

11.     Any Communications with Roy Bailey.

12.     Any Communications with Daniel Fine.

13.     Any Communications with Jeffrey MacDowell.

14.     Any Communications with Murray Holland.

15.     Any Communications with Timothy Evans.

16.     Any Communications with L Bond Management or their representatives.

*[Remainder of page intentionally left blank]*

17. All Documents or Communications Concerning GWG's auditors or former auditors.

18. All Communications on which Brad Heppner is a sender, recipient or is copied, with any member of the GWG Board of Directors

Dated:  November 29, 2022

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven Reisman*
Steven J. Reisman (admitted *pro hac vice*)
Cindi M. Giglio (admitted *pro hac vice*)
Marc B. Roitman (admitted *pro hac vice*)
50 Rockefeller Plaza
New York, New York 10020
Email: sreisman@katten.com
        cgiglio@katten.com
        marc.roitman@katten.com

-and-

Daniel Barnowski (admitted *pro hac vice*)
2900 K Street NW, Suite 200
Washington, DC 20007
Email: dan.barnowski@katten.com

-and-

Geoffrey M. King (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL  60661
Email: geoff.king@katten.com

*Counsel to Jeffrey S. Stein and Anthony R. Horton, in their capacity as members of the Investigations Committee of the Board of Directors of GWG Holdings, Inc.*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Dated: November 28, 2022
By: */s/ Lacy Lawrence*
Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800

Facsimile: (214) 969-4343
llawrence@akingump.com

Michael S. Stamer (admitted pro hac vice)
Abid Qureshi (admitted pro hac vice)
Jason P. Rubin (admitted pro hac vice)
David M. Giller (admitted pro hac vice)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mstamer@akingump.com
aqureshi@akingump.com
jrubin@akngump.com
dgiller@akingump.com

-and-

Scott L. Alberino (admitted pro hac vice)
Benjamin L. Taylor (admitted pro hac vice)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone: (202) 887-4000
Fax: (202) 887-4288
salberino@akingump.com
taylorb@akingump.com

*Counsel to the Official Committee of Bondholders
of GWG Holdings, Inc., et al.*