**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GWG HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**MOTION OF THE DEBTORS AND THE SPECIAL
COMMITTEE OF THE BOARD OF GWG HOLDINGS, INC. FOR
ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR,
(II) REQUIRING PARTIES TO MAINTAIN CONFIDENTIALITY OF
MEDIATION COMMUNICATIONS, AND (III) GRANTING RELATED RELIEF**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

GWG Holdings, Inc. ("GWGH") and certain of its subsidiaries, as debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors"), and the Special Committee

(the "Special Committee") of the GWGH board of directors (the "GWG Board"), comprised of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (none); and GWG DLP Funding Holdings VI, LLC (none). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these Chapter 11 Cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

Jeffrey S. Stein and Anthony R. Horton (each an "Independent Director" and, together, the "Independent Directors"),[2] respectfully state as follows in support of this motion (the "Motion"):

## RELIEF REQUESTED

1.      The Debtors and the Special Committee submit that these chapter 11 cases are ripe for mediation as a non-binding, cost-effective means of potentially resolving, or at least narrowing, open issues among themselves and the key parties.  The Debtors and the Special Committee understand that many of the key stakeholders in these chapter 11 cases are supportive of mediation and are ready, willing and able to engage promptly in mediation to resolve the remaining open issues to get to a consensual confirmation or as close thereto as possible.  Accordingly, the Debtors and the Special Committee believe that mediation will, among other things, avoid additional costs and delay, and aid the Court in narrowing or resolving issues that might otherwise need to be adjudicated to confirm a plan in these chapter 11 cases.

2.      The Debtors and the Special Committee seek entry of an order, substantially in the form attached hereto (the "Proposed Order"), (a) appointing a judicial mediator (the "Mediator") to oversee mediation of issues between the Mediation Parties (as defined below) in these chapter 11 cases (the "Mediation"), (b) requiring that all parties to the Mediation maintain the confidentiality of written and oral communications among such parties and between such parties and the mediator related to the Mediation (the "Mediation Communications"), and (c) granting certain related relief.

3.      The Debtors and the Special Committee have previewed the relief requested in this Motion with each of the Mediation Parties, but have not yet obtained all such parties' consent to

---

[2] On November 16, 2022, David F. Chavenson resigned from the Special Committee and the GWG Board.

such relief.  The Debtors and the Special Committee intend to continue to work cooperatively with

such parties to attempt to address any concerns such parties may raise.

## JURISDICTION

4.      The United States Bankruptcy Court for the Southern District of Texas (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding

pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III

of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are section 105 of title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9013-1(i) of the Bankruptcy

Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and Section S of

the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex

Case Procedures").

## BACKGROUND

A.      Authority of the Independent Directors

6.      On June 19, 2022, the GWG Board unanimously adopted resolutions (as

subsequently amended and restated on July 13, 2022 and July 17, 2022, the "Resolutions"), which,

among other things, formed the Special Committee and the Investigations Committee of the GWG

Board (the "Investigations Committee"), both comprising the Independent Directors.  The

Resolutions delegated specific authorities to the Special Committee and the Investigations

Committee, respectively.

7.      The Resolutions gave the Special Committee the authority to, among other things,

examine, investigate, analyze, assess, evaluate and negotiate the terms and conditions of any

proposed plan of reorganization or liquidation submitted by the Debtors to the Bankruptcy Court for confirmation in connection with these chapter 11 cases.

8.      The Resolutions gave the Investigations Committee the exclusive authority to, among other things, conduct an investigation (the "Independent Investigation") of claims and causes of action that arise under or relate to any transactions, relationships or conduct involving the Debtors and any third party, including, without limitation, Ben (as defined below), that occurred at any point prior to the filing of these chapter 11 cases.  The Resolutions also gave the Investigations Committee the exclusive authority to prosecute, settle, or assign any claims or causes of action that are the subject of the Independent Investigation.

9.      On June 20, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing (I) Designation of Jeffrey S. Stein as Chief Restructuring Officer, (II) the Appointment of Jeffrey S. Stein and Anthony R. Horton as New Independent Directors, and (III) Granting Related Relief* [Docket No. 430] (the "CRO and Directors Motion").  Following a hearing held on July 18, 2022, the Bankruptcy Court entered an order approving the CRO and Directors Motion [Docket No. 594], which authorized the Debtors to, among other things, appoint the Independent Directors on the terms set forth in the Resolutions and retain Mr. Stein as Chief Restructuring Officer [Docket No. 594].

10.     On November 14, 2022, the Bankruptcy Court entered the *Order Temporarily Suspending the Authority of the Board of Directors of GWG Holdings, Inc.* [Docket No. 1061], and terminated exclusivity solely with respect to Mr. Stein, allowing him to file a plan if he wishes to do so [Docket No. 1058].  In accordance with that Order, Mr. Stein has authorized the filing of this Motion.

B.     The Creditor Constituents

11.     On May 9, 2022 [Docket No. 214], the United States Trustee appointed a seven-member official committee of Bondholders (the "Bondholder Committee") in these chapter 11 cases. On June 17, 2022 [Docket No. 418], the United States Trustee reconstituted the Bondholder Committee to a six-member Bondholder Committee.

12.     On May 2, 2022, L Bond Management LLC ("LBM") entered an appearance in the chapter 11 cases.  According to LBM's court filings, LBM is a special purpose Delaware LLC holding a durable power of attorney authorizing it to act as the agent for twenty-four trusts that collectively hold outstanding L Bonds with a face-value of $366.9 million.  LBM wrote that its grant of authority is specifically limited to "all actions in the Bankruptcy Case that it deems necessary to maximize the return on the L Bonds," and that it has no authority or control over any equity interests in the Debtors also held by the trusts.

13.     On October 20, 2022, an ad hoc group of Broker/Dealers (the "Ad Hoc Group" and, together with the Bondholder Committee and LBM, collectively, the "Creditor Constituents") filed a verified statement pursuant to Bankruptcy Rule 2019, stating that each member of the Ad Hoc Group is a securities broker/dealer and/or a registered investment advisor in connection with the sale and distribution of the Debtors' bonds, with clients holding in excess of $700 million in outstanding principal amount of L Bonds.

C.     The Debtors' Interests in Ben

14.     On October 27, 2022, The Beneficient Company Group, L.P. (together with its subsidiaries, collectively, "Ben") filed the *Update Regarding The Beneficient Company Group, L.P.* [Docket No. 939], in which it reported that it had signed a merger agreement with a publicly-traded special purpose acquisition company (the "Ben Merger").  According to Ben, the Ben

Merger ascribes an enterprise valuation of $3.3 billion to Ben and, therefore, implies a valuation of GWG's equity interest in Ben of approximately $1.4 billion based on GWG's ownership of approximately 44% of Ben's equity on a fully diluted basis.

15.     As described above, the Investigations Committee was delegated the exclusive authority to conduct the Independent Investigation.  The Investigations Committee's work is ongoing.  As part of its work, the Investigations Committee is continuing to analyze potential claims and causes of action held by the Debtors' estates relating to, among other things, (a) the prepetition actions of the Debtors' officers and directors, (b) the Debtors' prepetition transactions with affiliated entities, (c) the Debtors' prepetition investments in Ben, (d) Ben's use of funds received from the Debtors, and (e) the "decoupling transactions" that became effective on November 29, 2021, which resulted in the Debtors relinquishing their control of Ben but maintaining a substantial economic interest in Ben.  Concurrent with the Investigations Committee's work, the Bondholder Committee has also undertaken its own investigation into certain alleged claims and causes of action on behalf of the Debtors' estates.

D.     Status of Initial Debtors' Exclusivity Periods

16.     On November 6, 2022, the Debtors filed *Debtors' Emergency Fourth Motion to (I) Extend the Initial Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief* [Docket No. 1035] (the "Pending Exclusivity Motion"), which is presently set for a continued hearing before the Court on December 1, 2022 at 1:30 p.m.

*          *          *

17.     The Debtors, the Independent Directors (in their capacities as members of both the Special Committee and the Investigations Committee), the Creditor Constituents, and Ben will

constitute the initial "<u>Mediation Parties</u>," provided that other parties could become Mediation Parties if the subject matter of the Mediation is expanded.

## BASIS FOR RELIEF

18.     These chapter 11 cases involve a number of complex issues, and the fair and efficient resolution of these issues is critical to maximizing the value of the Debtors' estates.  The Debtors have made substantial progress in the chapter 11 cases, including since the appointment of the Special Committee.

19.     In recent weeks, the Debtors, the Special Committee, and the Creditor Constituents have exchanged draft proposals for a chapter 11 plan and have made substantial progress towards a consensual resolution of these chapter 11 cases.  In fact, the parties are generally aligned on the framework of a plan of reorganization, but have been unable to resolve a handful of important issues.  The Debtors expect to be authorized by Mr. Stein to file a joint plan of reorganization and accompanying disclosure statement prior to the scheduled hearing on the Pending Exclusivity Motion that is consistent with such framework and that will set forth the Debtors' and the Special Committee's current proposed resolution of these unresolved issues as the starting point for further negotiations with the Creditor Constituents.  The Debtors and the Special Committee believe that the Mediation could help resolve these issues and potentially result in a consensual plan supported by the Debtors and the Creditor Constituents.

20.     Given the Debtors' significant economic holdings in Ben, and the Investigation Committee's ongoing investigation into prepetition claims involving Ben, among others, the Debtors and the Special Committee believe that Ben's inclusion as a Mediation Party is vital to reaching consensus on a plan of reorganization.  Fundamentally, the Debtors and the Creditor Constituents should be aligned in wanting to maximize Ben's value, which would result in

significant value for the Debtors' stakeholders.  As such, the Debtors and the Special Committee believe it is necessary for Ben to be an active participant in the Mediation to ensure that the plan of reorganization provides the proper framework for maximizing the value of the Debtors' interests in Ben for the benefit of all stakeholders.

21.    The Debtors and the Special Committee therefore seek to submit these matters to Mediation as soon as possible after the hearing on this Motion in the hope of reaching a global consensus among the Mediation Parties.  The Debtors and the Special Committee will leave the exact scope and the rules of the Mediation to the Mediator, but would suggest the Mediation address the following: (a) the terms of the Debtors' plan of reorganization, including governance of the reorganized Debtors and the framework for maximizing the value of the Debtors' interests in Ben; and (b) such other matters as the Mediation Parties desire to submit for Mediation and the Mediator is willing to mediate (collectively, the "Mediation Matters").

22.    The Debtors and the Special Committee ask the Court to appoint the Honorable David R. Jones, of the United States Bankruptcy Court for the Southern District of Texas, as the Mediator, and the Debtors and the Special Committee confirmed Judge Jones' availability to serve as the Mediator. The Debtors believe Judge Jones is well-qualified to be the Mediator given his significant experience in similar matters.

23.    In addition, the Debtors and the Special Committee ask the Court to require the Mediation Parties to keep all Mediation Communications confidential.  This relief is consistent with the rules of this Court, specifically, paragraph 53 of the Complex Case Procedures, which provides in relevant part that "[t]he mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties in the course of the mediation."

24.     For all of the foregoing reasons, the Debtors and the Special Committee submit that good cause exists for the Court to enter the Proposed Order pursuant to the Court's powers under section 105(a) of the Bankruptcy Code, which authorizes the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," and Section S of the Complex Case Procedures, which empowers the Court to "order mediation of any dispute arising in an adversary proceeding, contested matter, or otherwise." 11 U.S.C. § 105(a); Complex Case Procedures ¶ 48.

## NOTICE

25.     The Debtors and the Special Committee will provide notice of this Motion to the Master Service List pursuant to, and as defined in, the *Order Granting Debtors' Emergency Motion for Order Pursuant to Bankruptcy Code Section 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, Local Bankruptcy Rule 2002-1, and the Complex Case Procedures Authorizing the Establishment of Certain Notice Procedures* [Docket No. 125].

**WHEREFORE**, the Debtors and the Special Committee respectfully request that the Court

enter the Proposed Order granting the relief requested in this Motion and such other and further

relief as may be just and proper.

Houston, Texas
November 30, 2022

Respectfully Submitted,

/s/ Kristhy M. Peguero

| **JACKSON WALKER LLP** | **MAYER BROWN LLP** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|---|
| Kristhy M. Peguero | Charles S. Kelley | Steven J. Reisman (*pro hac vice*) |
| (TX Bar No. 24102776) | (TX Bar No. 11199580) | Cindi M. Giglio (*pro hac vice*) |
| Matthew D. Cavenaugh | 700 Louisiana Street, Suite 3400 | Marc B. Roitman (*pro hac vice*) |
| (TX Bar No. 24062656) | Houston, TX 77002-2730 | 50 Rockefeller Plaza |
| 1401 McKinney Street, Suite 1900 | Telephone: (713) 238-3000 | New York, NY 10020 |
| Houston, TX 77010 | Email: ckelley@mayerbrown.com | Telephone: (212) 940-8800 |
| Telephone: (713) 752-4200 | | Email: sreisman@katten.com |
| Email: kpeguero@jw.com | -and- | cgiglio@katten.com |
| mcavenaugh@jw.com | | marc.roitman@katten.com |
| | Thomas S. Kiriakos (*pro hac vice*) | |
| *Co-Counsel for the Debtors and* | Louis S. Chiappetta (*pro hac vice*) | -and- |
| *Debtors in Possession* | 71 S. Wacker Drive | |
| | Chicago, IL 60606 | Daniel Barnowski (*pro hac vice*) |
| | Telephone: (312) 701-0600 | 2900 K Street NW, Suite 200 |
| | Email: tkiriakos@mayerbrown.com | Washington, DC 20007 |
| | lchiappetta@mayerbrown.com | Telephone: (202) 625-3500 |
| | | Email: dan.barnowski@katten.com |
| | -and- | |
| | | -and- |
| | Adam C. Paul (*pro hac vice*) | |
| | Lucy F. Kweskin (*pro hac vice*) | Geoffrey M. King (*pro hac vice*) |
| | 1221 Avenue of the Americas | 525 W. Monroe Street |
| | New York, NY 10020-1001 | Chicago, IL 60661 |
| | Telephone: (212) 506-2500 | Telephone: (312) 902-5200 |
| | Email: apaul@mayerbrown.com | Email: geoff.king@katten.com |
| | lkweskin@mayerbrown.com | |
| | | *Counsel to Jeffrey S. Stein and* |
| | *Counsel for the Debtors and Debtors* | *Anthony R. Horton, in their* |
| | *in Possession* | *capacity as members of the* |
| | | *Special Committee of the Board of* |
| | | *Directors of GWG Holdings, Inc.* |

**<u>Certificate of Service</u>**

I certify that on November 30, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Kristhy M. Peguero*
Kristhy M. Peguero