United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 01, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### ORDER (I) APPROVING SETTLEMENT AMONG
### THE DEBTORS, THE DLP IV SECURED PARTIES, AND
### OTHER PARTIES IN INTEREST AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[2] of GWG Holdings, Inc. ("GWGH"), GWG Life, LLC ("GWG Life"), GWG Life USA, LLC ("GWG Life USA"), GWG DLP Funding IV, LLC ("DLP IV"), GWG DLP Funding VI, LLC ("DLP VI"), and GWG DLP Funding Holdings VI, LLC ("DLP VI Holdings" and together with DLP VI, the "DLP VI Debtors"), as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-debtor affiliates, collectively, "GWG" or the "Company"),[3] seeking the entry of a order (this "Order") pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving of the settlement embodied in this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

[3] For the avoidance of doubt, the definitions of "GWG" and "Company" do not include non-affiliated entities The Beneficient Company Group, L.P., FOXO Technologies, Inc., or their respective direct and indirect subsidiaries.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The settlement is hereby approved on the following terms (the "<u>DLP IV Settlement</u>"):

(i)      **Settlement Parties**.  The parties to the DLP IV Settlement are (a) the Debtors, (b) the Investigations Committee of the Board of Directors of GWGH, (c) the Conflicts Committee of DLP IV, (d) the Prepetition DLP IV Secured Parties, and (e) the Bondholder Committee (collectively, the "<u>DLP IV Settlement Parties</u>").

(ii)      **Claims Allowance**.  The DLP IV Settlement Parties stipulate and agree that the Prepetition DLP IV Secured Parties have an allowed secured claim against DLP IV in the following amounts: (a) outstanding principal in the amount of $275,029,635.91; (b) accrued unpaid interest as of December 15, 2022 in the amount of $4,396,807.12, plus interest accrued thereafter at the Default Rate (as defined in the DLP IV Loan Agreement) and until the Vida DIP Closing and the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff (defined herein); (c) a Yield

Maintenance Fee in the amount of $21,186,923.02; and (d) other reasonable fees and expenses (including legal expenses of the Prepetition DLP IV Secured Parties) payable under the DLP IV Facility through the later of the date of (x) the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff and (y) the deposit of the RDB Purchase Price into the RDB Escrow Account (each as defined herein) (clauses (a) through (d), collectively, the "DLP IV Allowed Claim Amount").

(iii)    **Residual Beneficial Interest**.  The DLP IV Settlement Parties acknowledge and agree that (a) the Residual Beneficial Interest was validly and irrevocably transferred to the Prepetition DLP IV Agent and, accordingly, the Prepetition DLP IV Agent is the valid owner of the Residual Beneficial Interest; (b) upon the Vida DIP Closing, DLP IV shall indefeasibly and irrevocably, and without recourse, representation, or warranty of any kind or nature, repurchase the Residual Beneficial Interest from the Prepetition DLP IV Agent for a total purchase price of $17,850,000 (the "RDB Purchase Price"), which amount is the contractually agreed $20,000,000 repurchase price *less* the $2,150,000 agreed reduction thereto, with the RDB Purchase Price to be paid using proceeds from the Replacement DIP Financing; and (c) the Vida DIP Order will provide for (x) the release and transfer of the Residual Beneficial Interest to DLP IV without recourse, representation, or warranty of any kind or nature, upon the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff and the deposit into the RDB Escrow Account (as defined in the Vida DIP Order, which shall be in form and substance reasonably acceptable to the Prepetition DLP Secured Parties) of the RDB Purchase Price and (y) the Prepetition DLP IV Agent's obligation to take any commercially reasonable steps necessary or appropriate to consummate the foregoing (all at the sole cost and

expense of DLP IV), including, but not limited to, the granting of a limited power of attorney solely by the Prepetition DLP IV Agent to DLP IV with respect to the Residual Beneficial Interest (the "DLP IV Power of Attorney") in form and substance acceptable to the Prepetition DLP IV Agent (which DLP IV Power of Attorney shall be limited solely to a schedule of all Policies held by DLP IV and/or subject to the Residual Beneficial Interest). Any other documentation necessary or reasonably required to effectuate the DLP IV Settlement shall be in form and substance reasonably acceptable to the Prepetition DLP IV Secured Parties, the Debtors, and the other DLP IV Settlement Parties, and any fees, costs, and expenses incurred by the Prepetition DLP IV Secured Parties in connection with any such documentation, the DLP IV Power of Attorney, and the administration and enforcement of their rights thereunder (including, in each case, the fees, costs, and expenses of counsel) shall be paid by DLP IV and shall have administrative priority status in the DLP IV Chapter 11 Case under section 503(b) of the Bankruptcy Code.

(iv)     **Payoff of Prepetition DLP IV Secured Parties**.  Upon the Vida DIP Closing, DLP IV shall (a) indefeasibly and irrevocably pay to the Prepetition DLP IV Agent the DLP IV Allowed Claim Amount in full and final indefeasible satisfaction of all obligations under the DLP IV Facility and the DLP IV Cash Collateral Order (the "DLP IV Payoff"); and (b) deposit the RDB Purchase Price into the RDB Escrow Account. Notwithstanding anything to the contrary in the Vida DIP Order, until (or substantially contemporaneously with) such irrevocable and indefeasible payment of the DLP IV Allowed Claim Amount and deposit of the RDB Purchase Price into the RDB Escrow Account, (i) the Replacement DIP Super-Priority Claims (as defined in the Vida DIP Order) shall be junior to any and all claims of the Prepetition DLP IV Secured Parties and

Prepetition DLP VI Secured Parties, (ii) the Replacement DIP Liens (as defined in the Vida DIP Order) shall not attach to any DLP Collateral, and (iii) the DLP Debtors' Cash Collateral (as defined in the Vida DIP Order) shall not be subject to any control or deposit account control agreements other than by or for the benefit of the Prepetition DLP IV Secured Parties and Prepetition DLP VI Secured Parties.

(v)      **Release of DLP IV Liens**.  Upon the Vida DIP Closing, the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff, and the deposit of the RDB Purchase Price into the RDB Escrow Account, all liens of the Prepetition DLP IV Secured Parties securing any obligations under the DLP IV Facility and the DLP IV Cash Collateral Order shall be released.  The DLP IV Power of Attorney will authorize DLP IV to take all further steps necessary or appropriate effectuate the foregoing releases.

(vi)      **DLP IV Cash Collateral Order**.  Immediately upon entry of this Order, the Challenge Period Termination Date (as defined in the DLP IV Cash Collateral Order) shall be deemed to have occurred, with the effect being as if no challenge (including, without limitation, in respect of any Challenge Matter (as defined in the DLP IV Cash Collateral Order)) has been made by any person or entity.  The Vida DIP Order will provide that, upon the occurrence of the Vida DIP Closing, the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff, and the deposit of the RDB Purchase Price into the RDB Escrow Account, the DLP IV Cash Collateral Order shall be deemed terminated and of no further effect; *provided* that the stipulations, releases, and indemnities set forth in Paragraphs F and 8(a) thereof (and the effect of Paragraph 18 thereof on such provisions) shall remain valid and shall be fully enforceable and binding

on the Debtors and all other parties in interest immediately upon entry of this Order and such releases shall further apply to any claim or cause of action held by any DLP IV Settlement Party as of the date of the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff related to the DLP IV Settlement or the Chapter 11 Cases.

(vii)   **Effectiveness of DLP IV Settlement**.  The DLP IV Settlement shall remain binding on the DLP IV Settlement Parties and all other parties in interest regardless of whether the Vida DIP Order is entered.  If the Debtors incur postpetition financing from any party other than Vida, the terms "Replacement DIP Financing," "Vida DIP Order" and "Vida DIP Closing" in this Order shall mean such financing, the order approving such financing, and the consummation of such financing, respectively.  The DLP IV Settlement shall automatically terminate and shall be null and void if the Vida DIP Order (or any other order authorizing the Debtors to incur postpetition financing) is entered prior to the Court's approval of the Motion.  For the avoidance of doubt, Vida (and any other postpetition lender) shall not receive liens on, or claims with recourse to, the DLP IV Collateral until the indefeasible and irrevocable receipt by the Prepetition DLP IV Secured Parties of the DLP IV Payoff.

2.      In no event shall any chapter 11 plan for any of the Debtors alter the terms of the DLP IV Settlement from those set forth herein without the express written consent of the Prepetition DLP IV Agent or as otherwise ordered by the Court after notice and hearing.

3.      The hearing on final entry of an order approving DLP IV's use of cash collateral, currently scheduled for December 9, 2022 at 9:30 a.m. Central time, is hereby adjourned

6

indefinitely; *provided* that such hearing shall be rescheduled in the event the Vida DIP Closing does not occur on or before December 15, 2022.

4.      This Order is self-executing without the need for any of the DLP IV Settlement Parties to execute a separate settlement agreement.

5.      In light of the relief provided herein, notwithstanding the establishment of a bar date in these Chapter 11 Cases, or the conversion thereof to a case under chapter 7 of the Bankruptcy Code, none of the Prepetition DLP IV Secured Parties shall be required to file proofs of claim or requests for payment of administrative expenses in the Chapter 11 Cases or any successor cases (and all rights, defenses, rights of offset or recoupment that any Prepetition DLP IV Secured Party may have are expressly preserved) with respect to any claim against, or lien against any assets of, any Debtor.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The provisions of this Order shall be binding upon and inure to the benefit of the Settlement Parties and each of their respective successors and assigns (including, to the extent permitted by law, any chapter 7 or chapter 11 trustee hereinafter appointed or elected for DLP IV's Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of DLP IV or with respect to the property of the estate thereof). Such binding effect is an integral part of this Order.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: December 01, 2022

Marvin Isgur
United States Bankruptcy Judge