United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

# ORDER (I) APPROVING SETTLEMENT AMONG THE DEBTORS, THE DLP VI SECURED PARTIES, AND OTHER PARTIES IN INTEREST AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[2] of GWG Holdings, Inc. ("GWGH"), GWG Life, LLC ("GWG Life"), GWG Life USA, LLC ("GWG Life USA"), GWG DLP Funding IV, LLC ("DLP IV"), GWG DLP Funding VI, LLC ("DLP VI"), and GWG DLP Funding Holdings VI, LLC ("DLP VI Holdings" and together with DLP VI, the "DLP VI Debtors"), as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-debtor affiliates, collectively, "GWG" or the "Company"),[3] seeking the entry of a order (this "Order") pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving of the settlement with the Prepetition DLP VI Secured Parties embodied in this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

[3] For the avoidance of doubt, the definitions of "GWG" and "Company" do not include non-affiliated entities The Beneficient Company Group, L.P., FOXO Technologies, Inc., or their respective direct and indirect subsidiaries.

§ 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The settlement set forth below (the "DLP VI Settlement") is hereby approved on the following terms:

    (i) **Settlement Parties**. The parties to the DLP VI Settlement are (a) the Debtors, (b) the Investigations Committee of the Board of Directors of GWGH, (c) the Conflicts Committee of DLP VI, (d) the Prepetition DLP VI Secured Parties, and (e) the Bondholder Committee (collectively, the "DLP VI Settlement Parties")

    (ii) **Claims Allowance**. The DLP VI Settlement Parties stipulate and agree that the Prepetition DLP VI Secured Parties have an allowed secured claim against DLP VI in the following amounts: (a) outstanding principal in the amount of $111,366,824.42, plus the aggregate principal amount of any Loans (as defined in the DLP VI Credit Agreement)

made after the date hereof, if any; (b) accrued but unpaid interest as of December 15, 2022[4] totaling $530,942.25 (provided no additional Loans are made after the date hereof); (c) the Acceleration Prepayment Premium Amount in the amount of $13,115,556.28[5] (after accounting for the agreed reduction pursuant to this DLP VI Settlement); and (d) other reasonable fees and expenses (including legal expenses of the Prepetition DLP VI Secured Parties) payable under the DLP VI Facility through the date of the DLP VI Payoff (collectively, the "DLP VI Allowed Claim Amount").

(iii) **Payoff of Prepetition DLP VI Secured Parties**. Upon the Vida DIP Closing, DLP VI shall irrevocably and indefeasibly pay to the Prepetition DLP VI Agent the DLP VI Allowed Claim Amount in full and final indefeasible satisfaction of all obligations under the DLP VI Facility and the DLP VI Cash Collateral Order (the "DLP VI Payoff"). Notwithstanding anything to the contrary in the Vida DIP Order, until (or substantially contemporaneously with) such irrevocable and indefeasible payment, (i) the Replacement DIP Super-Priority Claims (as defined in the Vida DIP Order) shall be junior to any and all claims of the Prepetition DLP IV Secured Parties and Prepetition DLP VI Secured Parties, (ii) the Replacement DIP Liens (as defined in the Vida DIP Order) shall not attach to any DLP Collateral, and (iii) the DLP Debtors' Cash Collateral (as defined in the Vida DIP Order) shall not be subject to any control or deposit account control agreements other than by or for the benefit of the Prepetition DLP IV Secured Parties and Prepetition DLP VI Secured Parties.

---

[4] For the avoidance of doubt, if the DLP VI Payoff occurs after December 15, 2022, the DLP VI Allowed Claim Amount shall include accrued but unpaid interest at the Default Rate (as defined in the DLP VI Credit Agreement) through the date of the DLP VI Payoff.

[5] The DLP VI Settlement Parties agree that the contractually calculated amount of the Acceleration Prepayment Premium Amount is $14,572,840.31, and that a reduction of 10% thereof pursuant to the DLP VI Settlement, $1,457,284.03, results in the amount actually payable set forth above.

(iv) **Release of DLP VI Liens**. Upon the Vida DIP Closing and the indefeasible and irrevocable receipt by the Prepetition DLP VI Secured Parties of the DLP VI Payoff, all liens of the Prepetition DLP VI Secured Parties securing any obligations under the DLP VI Facility and the DLP VI Cash Collateral Order shall be released. The Prepetition DLP VI Secured Parties will take any further steps necessary or appropriate effectuate the foregoing releases, *provided* that any reasonable fees, costs, and expenses incurred by the Prepetition DLP VI Secured Parties in connection with any such steps (including the fees, costs, and expenses of counsel) shall be paid by DLP VI and shall have administrative priority status in the DLP VI Chapter 11 Case under section 503(b) of the Bankruptcy Code.

(v) **DLP VI Cash Collateral Order**. Immediately upon entry of this Order, the Investigation Termination Date, as such term is used in the DLP VI Cash Collateral Order, shall be deemed to have occurred without any Challenge (defined therein) having been brought by any party. The Vida DIP Order will provide that, upon the occurrence of the Vida DIP Closing, the DLP VI Cash Collateral Order shall be deemed terminated and of no further effect; *provided* that the provisions of Paragraph F, the indemnity contained in Paragraph 4, and the releases contained in Paragraph 9(a) thereof shall remain valid and shall be fully enforceable and binding on the Debtors and all other parties in interest immediately upon entry of the DLP VI Settlement Order and such releases shall further apply to any claim or cause of action held by any DLP VI Settlement Party as of the date of the DLP VI Payoff related to the DLP VI Settlement or the Chapter 11 Cases.

(vi) **Effectiveness of DLP VI Settlement**. The DLP VI Settlement shall remain binding on the DLP VI Settlement Parties and all other parties in interest, regardless of

whether the Vida DIP Order is entered. If the Debtors incur postpetition financing from any party other than Vida, the terms "Replacement DIP Financing," "Vida DIP Order" and "Vida DIP Closing" in this Order shall mean such financing, the order approving such financing, and the consummation of such financing, respectively. The DLP VI Settlement shall automatically terminate and shall be null and void if the Vida DIP Order (or any other order authorizing the Debtors to incur postpetition financing) is entered prior to the Court's approval of the Motion.

2. In no event shall any chapter 11 plan for any of the Debtors alter the terms of the DLP VI Settlement from those set forth herein without the express written consent of the Prepetition DLP VI Agent or as otherwise ordered by the Court after notice and hearing.

3. The hearing on final entry of an order approving DLP VI's use of cash collateral, currently scheduled for December 9, 2022 at 9:30 a.m. Central time, is hereby adjourned indefinitely; *provided* that such hearing shall be rescheduled in the event the Vida DIP Closing does not occur on or before December 15, 2022.

4. This Order is self-executing without the need for any of the DLP VI Settlement Parties to execute a separate settlement agreement.

5. In light of the relief provided herein, notwithstanding the establishment of a bar date in these Chapter 11 Cases, or the conversion thereof to a case under chapter 7 of the Bankruptcy Code, none of the Prepetition DLP VI Secured Parties shall be required to file proofs of claim or requests for payment of administrative expenses in the Chapter 11 Cases or any successor cases (and all rights, defenses, rights of offset or recoupment that any Prepetition DLP VI Secured Party may have are expressly preserved) with respect to any of the DLP VI Prepetition Secured Obligations, DLP VI Prepetition Liens, Adequate Protection Obligations, Adequate

5

Protection Liens, Adequate Protection Superpriority Claims (each as defined in the DLP VI Cash Collateral Order) or any other claims or liens granted under the DLP VI Cash Collateral Order or created thereby.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The provisions of this Order shall be binding upon and inure to the benefit of the Settlement Parties and each of their respective successors and assigns (including, to the extent permitted by law, any chapter 7 or chapter 11 trustee hereinafter appointed or elected for a DLP VI Debtor's estate, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of a DLP VI Debtor or with respect to the property of the estate thereof). Such binding effect is an integral part of this Order.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: December 01, 2022

_____
Marvin Isgur
United States Bankruptcy Judge