**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| DEBTORS | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF THE OFFICIAL COMMITTEE OF BONDHOLDERS'**
**RULE 2004 EXAMINATION AND REQUEST FOR PRODUCTION**
**OF DOCUMENTS FROM DELOITTE & TOUCHE LLP**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Deloitte & Touche LLP is commanded to appear for oral examination on the topics identified in **Exhibit A** on a date and time agreed by the parties.  This examination will be conducted utilizing a secure web-based platform, as provided by the court-reporting agency, will take place before a disinterested, duly qualified Notary Public or other officer authorized by law to administer oaths, and will be recorded by stenographic and video-graphic means.

Please take further notice that Deloitte & Touche LLP is commanded to produce the documents and electronic information identified in the attached **Exhibit B** to **Eric M. English, 1000 Main Street, 36th Floor, Houston, Texas 77002**, counsel for the Official Committee of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201.  Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

Bondholders (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), no later than **December 19, 2022 at 5:00 p.m. CT**.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

Houston, Texas
Dated: December 8, 2022

**PORTER HEDGES LLP**

By: */s/ M. Shane Johnson*
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
1000 Main Street, 36th Floor
Houston, Texas   77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6255
jhiggins@porterhedges.com
sjohnson@porterhedges.com

*Counsel to the Official Committee of Bondholders of GWG Holdings, Inc., et al.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee and for Deloitte & Touche LLP conferred on the Committee's requests substantially in the form reflected in this Rule 2004 Request on December 8, 2022.

*/s/ M. Shane Johnson*
M. Shane Johnson

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 8, 2022, I caused a true and correct copy of the foregoing to be served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ M. Shane Johnson*
M. Shane Johnson

## EXHIBIT A

## DEFINITIONS

The following definitions (the "Definitions") apply to each of the topics of examination set forth below (the "Topics of Examination"). Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "**Affiliate**" or "**Affiliates**" has the meaning given to the term "Affiliate" under 11 U.S.C. § 101(2).

2. "**Bankruptcy Court**" refers to the United States Bankruptcy Court, Southern District of Texas.

3. "**BEN**" means The Beneficent Company Group, L.P., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

4. "**Chapter 11 Cases**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court, Southern District of Texas, captioned *In re GWG Holdings Inc.*, Case No. 22-90032 (MI).

5. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise).

6. "**Concerning**" means relating to (however remotely), referring to, describing, evidencing, or constituting.

7. "**Deloitte**," "**You**," and "**Your**" means Deloitte & Touche LLP, including any predecessors or successors, along with their subsidiaries and Affiliates, and/or any of their past or

4

present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

8.    "**Debtors**" means GWG and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and their predecessors and predecessors-in-interest, including but not limited to the Debtors' Professionals in these Chapter 11 Cases.

9.    "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.    "**DOJ**" means the U.S. Department of Justice and all affiliated entities, including but not limited to United States Attorney's offices, the Federal Bureau of Investigation, and the Civil Division.

11.    "**GWG**" means GWG Holdings Inc., its subsidiaries and Affiliates, all Debtors, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

12.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "**Petition Date**" means April 20, 2022.

14.     "**Professional**" means any Person or entity engaged to provide, or involved in providing, professional services of any kind at any time, including, without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

15.     "**SEC**" means the U.S. Securities and Exchange Commission and all affiliated entities, including but not limited to the Division of Corporation Finance, the Division of Enforcement, and the Division of Investment Management.

16.     "**Time Period**" means the period from January 1, 2019 through December 31, 2019, unless otherwise indicated.

17.     The plural includes the singular, and the singular includes the plural.

18.     The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

19.     Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

## INSTRUCTIONS

1.     The preceding Definitions apply to these Instructions and each of the succeeding Topics of Examination.

2.     Where You object to any Topic of Examination, the objection shall state all grounds for objection.  Notwithstanding any objections, You shall comply fully with the other parts of the Topic of Examination not the subject of any objection.

3.     The Committee reserves the right to supplement, amend, and otherwise request additional topics of examination as needed.

6

## <u>TOPICS OF EXAMINATION</u>

1.      Your contemplated decision to serve and ultimate decision not to serve as GWG's independent auditor in 2019, including the reasons You discussed, both internally and externally, concerning the decisions.

2.      Your decision to decline to stand for reappointment/resign as Ben's independent auditor in 2019, including the reasons You discussed, both internally and externally, concerning the decision.

3.      For any timer period, disagreements, objections, or concerns regarding Your audit of Ben and potential audit of GWG.

4.      Any Communications between You and the SEC or DOJ concerning GWG or Ben.

## EXHIBIT B

## DEFINITIONS

5.      The Definitions set forth above in Exhibit A apply to each of the following document requests (the "Document Requests") and are hereby fully incorporated by reference.

## INSTRUCTIONS

1.      The Definitions apply to these Instructions and each of the succeeding Document Requests.

2.      Documents covered by the Document Requests include all documents in Your possession, custody, or control from the Time Period, unless otherwise indicated.

3.      Each Document Request shall be deemed to be continuing in nature.  If at any time additional Documents responsive to the Document Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Document Requests is required.

4.      If, in responding to the Document Requests, You believe there are ambiguities in a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5.      You shall produce all Documents in the manner in which they are maintained in the ordinary course of Your business, and/or You shall organize and label the Documents to correspond with the categories in this request.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the Document itself.

6.      Documents attached to each other should not be separated.

8

7.      All Documents shall be produced in TIFF format with OCR images.   All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies.

8.      If any Document within the scope of this request has been destroyed, that Document shall be identified including identification of (i) its author(s); (ii) intended or unintended recipient(s); (iii) addressee(s); (iv) intended or unintended recipients of blind copies; (v) date; and (vi) subject matter.  The circumstances of such destruction shall be set forth, and any Documents relating to such destruction shall be produced.

9.      In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed by You directly.

10.     If You object to any part of any request, You shall state fully the nature of the objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not objected to.

11.     If your response is that the Documents or information requested can be found in the data room, please identify the type of document and/or the data room location.

12.     The Committee reserves the right to request additional Documents as needed and to submit additional or supplemental document requests, provided, further, that it expressly reserves its rights to supplement or amend the Document Requests.

## DOCUMENT REQUESTS

1.      All Documents and Communications concerning Your engagement and resignation as BEN's independent auditor, including but not limited to any engagement letter and resignation letter, as well as any drafts thereof.

2.      All Documents and Communications concerning Your proposed and/or potential engagement and decision not to serve as GWG's independent auditor, including but not limited to any engagement letter and resignation letter, as well as any drafts thereof.

3.      All Documents and Communications concerning any concerns You had, whether expressed to GWG or not, regarding GWG's business or financials.

4.      From January 1, 2019 through the present, any subpoenas, discovery requests, notices, or correspondence received by You from any international, domestic, federal, state, or city governmental agencies, including but not limited to the SEC, DOJ, any state Attorney General's office, state insurance officer, state regulators, and any Congressional committees or sub-committees, concerning GWG, BEN, or the issuance of L Bonds, and any attachments or responses related thereto, as well as any documents provided by You in response to such subpoenas, discovery requests, notices, or correspondence.

Houston, Texas
Dated: December 8, 2022

**PORTER HEDGES LLP**

By: *<u>/s/ M. Shane Johnson</u>*
    Eric M. English (TX Bar No. 24062714)
    M. Shane Johnson (TX Bar No. 24083263)
    1000 Main Street, 36th Floor
    Houston, Texas   77002-2764
    Telephone: (713) 226-6000
    Facsimile: (713) 226-6255
    jhiggins@porterhedges.com
    sjohnson@porterhedges.com

    *Counsel to the Official Committee of Bondholders*
    *of GWG Holdings, Inc., et al.*