**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GWG Holdings, Inc., et al.,[1] | ) ) ) | Case No. 22-90032 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY AND DISCLAIMERS
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

GWG Holdings, Inc., GWG Life, LLC, and GWG Life USA, LLC (the "Initial Debtors") with GWG DLP Funding IV, LLC, GWG DLP Funding VI, LLC, and GWG DLP Funding Holdings VI, LLC (the "DLP Debtors", collectively with the Initial Debtors referred to as the "Debtors" or the "Company") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007–1 of the Bankruptcy Local Rules for the Southern District of Texas.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim (as defined in section 101(5) of the Bankruptcy Code, "Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' proposed claims and noticing agent: https://donlinrecano.com/gwg.

offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non- bankruptcy laws to recover assets or avoid transfers).

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event will the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Timothy Evans, former Chief Financial Officer of GWG Holdings, Inc., had signed each set of the Initial Debtors Schedules and Statements.  Mr. Evans was an authorized signatory for each of the Initial Debtors.  In reviewing and signing the Initial Debtor's Schedules and Statements, Mr. Evans had necessarily relied upon the efforts, statements, advice, and representations of personnel of the Initial Debtors and the Initial Debtors' legal and financial advisors.  Mr. Evans has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Mr. Michael Tucker, Chief Financial Officer of GWG Holdings, Inc., has signed each set of the DLP Debtors Schedules and Statements. Mr. Tucker is an authorized signatory for each of the DLP Debtors. In reviewing and signing the DLP Debtors' Schedules and Statements, Mr. Tucker has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Tucker has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On April 20, 2022 (the "Initial Petition Date"), the Initial Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and on October 31, 2022 (the "DLP Petition Date"), the DLP Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively the Initial Petition Date and DLP Petition date are referred to as the "Petition Dates"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 20, 2022, an order was entered directing procedural consolidation and joint administration of the Initial Debtors' chapter 11 cases [Docket No. 18]. On October 31, 2022, an order was entered directing procedural consolidation and joint administration of the DLP Debtors' chapter 11 cases with the Initial Debtors [Docket No. 970]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business the day before the Initial Petition Date for the Initial Debtors and as of the close of business the day before the DLP Petition Date for the DLP Debtors. References herein to the Petition Dates refers to the Initial Petition Date for the Initial Debtors and the DLP Petition Date for the DLP Debtors.

---

[2]  These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

2.  **Basis of Presentation.**  For financial reporting purposes, prior to the Petition Dates, the Debtors prepared financial statements that were consolidated by the Debtors' ultimate parent, GWG Holdings, Inc. ("GWGH"). Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

   Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Dates or at any time prior to the Petition Dates. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Dates or any time prior to the Petition Dates.

3.  **Reservations and Limitations.**  While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.  **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

### General Disclosures Applicable to Schedules and Statements

1.  **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for

breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Dates, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2.   **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Dates and remain executory and unexpired postpetition.

3.   **Claim Designations.** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.   **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.   **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.   **Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about the Petition Dates (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of insurance providers, and taxing authorities, among others. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7. **Other Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8. **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors at this juncture to obtain current market valuations of all of their assets and obtaining a current market valuation at this time would be either unnecessary because an actual indicative market value for the assets is likely to be obtained in the near term or counterproductive, given such actual market interaction. For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown. Accordingly, unless otherwise indicated, net book values as of the Petition Dates are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets where current values are provided. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Dates.

9. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that

may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

11.     **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party.

12.     **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13.     **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Dates, the creditor has been included on Schedule F of the Schedules.

14.     **Contingent Assets.** The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Dates, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

15.     **Intercompany Accounts.** The Debtors have historically kept separate books and records by entity. The Debtors regularly engage in business relationships and transactions with each other, including the payment or funding of certain operating expenses. These relationships, payments, and/or funding of expenses are usually, but not always, reflected as equity contributions to or distributions from parent/subsidiary. *See* Initial *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Maintain Existing Business Forms and Books and Records, and (C) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 8] (the "Initial Cash Management Motion").

16. **Guarantees and Other Secondary Liability Claims.** The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

17. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

18. **Executory Contracts.** Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

19. **Liens.** The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such property, and equipment.

20. **Estimates.** To prepare and file the Schedules as close to the Petition Dates as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

21. **Fiscal Year.** Each Debtor's fiscal year ends on December 31st.

22. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any

lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

24. **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

25. **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

26. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

27. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Setoffs in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their vendors. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, setoffs are not independently accounted for, and as such, are excluded from the Schedules.

28. **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he

or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

29. **Payments.** The financial affairs and business of the Debtors are complex. Prior to the Petition Dates, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Initial Cash Management Motion and further described in the Debtors' Emergency Motion *for Entry of Interim and Final Orders (I) Authorizing the DLP Debtors to (A) Continue to Operate their Cash Management System and Maintain Existing Bank Accounts, and (B) Maintain Existing Business Forms and Books and Records and (II) Granting Related Relief* [Docket No. 973] (the "DLP  Cash Management Motion"). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

30. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**<u>Specific Schedules Disclosures.</u>**

1. **Specific Notes Regarding Schedule A/B.**

    (a) **Schedule A/B, Parts 1 – Cash and Cash Equivalents.** Details with respect to the Debtors' cash management system and bank accounts are provided in the Initial Cash Management Motion, the DLP  Cash Management Motion, and any orders of the Bankruptcy Court granting the motions [Docket Nos. 8, 102, 596, 973, 1009].

    (b) **Schedule A/B, Part 1 Question 3 – Checking, savings, or other financial accounts, CDs, etc.** Includes details with respect to the Debtor's actual cash balances as of  the Petition Dates.

    (c) **Schedule A/B, Part 2 – Prepayments.** The Debtors are required to make prepayments from time to time with various insurance companies, vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

    (d) **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries and

affiliates have been listed in Schedule A/B, Part 4 at net book value. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

The Debtors have historically maintained their books and records on a consolidated basis for all fully owned and controlled subsidiaries. Given the consolidated nature of intercompany balances and eliminations, reviewing any individual entity or subset of entities books and records may result in double counting of certain entries between parent and subsidiaries. The Debtor's financial statements are consistent with that past practice and have not been revised to include pro-forma eliminations for the Debtor entities excluding non-debtor consolidated subsidiaries. For example, these amounts include GWG Holdings, Inc.'s intercompany investment account balances in GWG Life, LLC and GWG Life USA, LLC, which would likely be double counted given the lack of eliminations noted.

The Debtors percentage of ownership in The Beneficient Company Group, L.P, Beneficient Company Holdings, L.P., and FOXO Technologies Inc. have not been listed due to their variable nature.

(e)   **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented as either undetermined or net of accumulated depreciation and other adjustments. For purposes of this filing, the Initial Debtors assumed depreciation for the full month of April.

In addition, the Debtors' response includes balances on account of internally developed software.

(f)   **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** The Debtors report intellectual property assets as net book value or undetermined based on the Debtors' books and records whenever applicable. GWG Holdings, Inc. collects and retains information about its bondholders, redeemable preferred stockholders and broker-dealers and advisors to which such products were sold. Such information includes names, addresses, dates of birth, social security numbers, tax identification numbers, and other information. The value of the lists, if any, is undetermined.

(g)   **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments, to the extent such impairments and other adjustments were identified as of the Petition Dates.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and vendors. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of

these claims are unknown to the Debtors and not quantifiable as of the Petition Dates, they may not be listed on Schedule A/B, Part 11.

The items listed include professional fee claims submitted against the Debtor's Directors & Officers insurance policy.  At the time of filing the statements and schedules for the Initial Debtors, the insurance provider had not yet made a final determination with regards to whether these claims would be covered, and if so, the ultimate amount of coverage to be provided.  These amounts are assumed to be potential setoffs against certain unsecured claims included on Schedule E/F.

***Interests in Insurance Policies or Annuities.*** A list of the Debtors insurance policies and related information is available in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto and (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies and (II) Granting Related Relief* [Docket No. 6]. The Debtors' interest in these types of policies is limited to the amount of the premiums that the Debtors have prepaid, if any, as of the Petition Dates. To the extent the Debtors have made a determination of the amount of prepaid insurance premiums or prefunded claim tails as of the Petition Dates, such amounts are listed on Exhibit A/B, Part 2, Question 8. All policies are expected to remain active or be replaced once lapsed.

***Federal Tax Refunds and Unused Net Operating Losses (NOLs).*** Each of the Debtors are included in a consolidated federal tax return with their ultimate parent, GWGH. The Debtors do not have a tax sharing agreement with GWGH.  The Debtors are entitled to use the tax attributes of the consolidated group as a member of that group.  By operation of law, the Debtors' taxable income and loss is taken into account in the consolidated return, rather than resulting in tax assets or liabilities at an entity-by-entity level.  The net operating loss amount reflected is as of December 31, 2020, which was the most recently completed tax return as of the filing of the Statements and Schedules for the Initial Debtors.

***Other Property of Any Kind Not Already Listed.*** The portfolio of life insurance policies is reported at fair value. The portfolio fair value is determined at the end of each fiscal quarter and represents the net present value of the life insurance portfolio's future expected cash flows (policy benefits received and required premium payments) that incorporates life expectancy estimates obtained when the policy was purchased and current discount rate assumptions. As of October 31, 2022, the reported value represents the value determined as of September 30, 2022, less the cost basis of any policy maturities that occurred during the month of October 2022.

2.      **Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured debts, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected as outstanding prepetition debts reflect approximate amounts as of the Petition Dates.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable debt agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Timothy Evans, Chief Financial Officer of GWG Holdings, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17] (the "Initial First Day Declaration") and  *Corrected Declaration of Timothy Evans in Support of the DLP Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 976] (the "DLP First Day Declaration").

The claims for CLMG Corp as administrative agent and National Founder LP as administrative agent includes the Yield Maintenance Fee and the Acceleration Prepayment Premium Amount, respectively, pursuant to *Order (I) Approving Settlement Among the Debtors, the DLP IV Secured Parties, and Other Parties in Interest and (II) Granting Related Relief* [Docket No. 1140] and *Order (I) Approving Settlement Among the Debtors, the DLP VI Secured Parties, and Other Parties in Interest and (II) Granting Related Relief* [Docket No. 1141].

3. **Specific Notes Regarding Schedule E/F**

(a) **Creditors Holding Priority Unsecured Claims.** The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

The Initial Debtors have listed on Schedule E/F pre-petition wage obligations for which the Initial Debtors had not yet been granted authority to pay by the Bankruptcy Court.

(b) **Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Dates; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits

or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

(c)     **Schedule E/F - Trade Payables**. Trade Payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the date of filing.

4.     **Specific Notes Regarding Schedule G**

(a)     **Executory Contracts and Unexpired Leases**. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  Conversely, in some cases, the same agreement appears multiple times on Schedule G. This multiple listing is intended to reflect an agreement between the applicable Debtor and multiple suppliers or providers.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights

of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have included on Schedule G insurance policies, the premiums for which may have been prepaid. The Debtors recognize that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy

the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. The Debtors reserve all of their rights to amend Schedule G to exclude such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

**5.**     **Specific Notes Regarding Schedule H**

**(a)**     **Co-Debtors**.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Specific Statements Disclosures**.

**(a)**     **Question 1 – Gross Revenue.**  As applicable, the Debtors have included income from subsidiaries in gross revenue in response to Question 1.

**(b)**     **Questions 3, 4, and 30 – Payments to Certain Creditors.**  The Initial Debtors have excluded ordinary course intercompany Initial Debtor to Initial Debtor transfers from their response to Question 4.  The DLP Debtors have excluded

ordinary course intercompany DLP Debtor to DLP Debtor transfers from their response to Question 4.

The Debtors have responded to Question 3 in detailed format by creditor. The response, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

The Debtors have responded to Questions 4 and 30 in detailed format by insider in Question 4. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Dates, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider. The responses to Question 30 have been removed as it is duplicative to Question 4.

Payments by DLP Debtors to CLMG Corp and Credigy Investments, LLC may include principal, interest, fees, and expenses.

(c)     **Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 27 of these Global Notes.

(d)     **Question 11 – Payments Made Related to Bankruptcy Professionals.** The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

(e)     **Question 14 – Previous Addresses.** Leases that have had rejection motions filed post-petition have not been included as a previous address.  For additional information, see *Agreed Order Authorizing Rejection of Certain Unexpired Leases and Other Related Relief and for Allowance and Payment of Administrative Expense Claim of U.S. Bank National Association* [Docket No. 772].

(f)     **Question 16 – Personally Identifiable Information.**  In the ordinary course of businesses, the Debtors have business relationships with individuals and other parties related to the insurance policies purchased by a Debtor or its subsidiaries, as well as with bondholders, equity holders and other parties related to issuances of debt and equity securities. As a result, the Debtors collect and retain certain personally identifiable information of these parties, including, but not limited to, names, addresses, email addresses, and certain other information. Such information is subject to privacy requirements of various regulatory bodies, in addition to internal privacy policies of the Debtors, where applicable. The Debtors also rely on

privacy policies and cybersecurity policies of its third party service providers, where applicable.

**(g)     Question 17 – Employee Benefits.**  As described in the Initial Debtor's *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 4], the Debtors do not sponsor employee benefit programs, including health, vision, dental, pension, and certain other benefits (collectively, the "Health and Welfare Programs").  The Health and Welfare Programs are sponsored through The Beneficient Company Group, L.P. ("Ben LP") and reimbursed by the Debtors to Ben LP as required by the Shared Services Agreement dated May 27, 2020.

**(h)     Question 25 – Other businesses in which the debtor has or has had an interest.** Entities reflect the most recent name of each entity.  The Debtors have not historically tracked all entity name changes, employer identification number ("EIN") and dates. Entity names and type (e.g., partnership, corporation, etc.) may have changed during the historical period.  The entities only reflect entities in which the Debtors have a direct interest.  The EIN for Higi SH Holdings Inc. and the "Date Business Existed" for Nimbus, LLC were not readily available. Both GWG DLP Funding V Holdings, LLC  and GWG DLP Funding VI Holdings, LLC were never assigned EINs.

**(i)      Question 26 – Books, Records, and Financial Statements.**  Relating to Question 26A and 26C, Charles Roscopf is an employee of The Beneficient Company Group (USA), LLC and performs work for the Debtors through the Shared Service Agreement dated May 27, 2020.

Relating to Question 26B, 9/17/2020 reflects date of Whitley Penn's official resignation.  Whitley Penn performed additional work in 2021 related to a restatement of previously published financials.

Relating to Question 26D, GWG Holdings, Inc., is a registrant with the Securities Exchange Commission and files periodic consolidated financial reports that include financial statements that are available to the public. The Debtors have also provided financial statements in the ordinary course of business to numerous financial institutions, creditors, bankruptcy advisors, and other parties within two years immediately before the Petition Dates. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26D. The following financial statements were provided to LNV Corporation within the last 2 years before the Initial Petition Date:

1.  Consolidated Financial Statements of GWG Life, LLC as of and for the years ended December 31, 2020 and 2019

(j)     **Question 28 – Person/Entity in Control of the Debtor at the Time of the Filing of this case**.  The Seller Trusts hold 16,076,252 shares of GWG common stock. The sole beneficiary of each of the Seller Trusts is MHT Financial, L.L.C. Murray Holland, the prior Chief Executive Officer of GWGH, has an indirect pecuniary interest in the shares of common stock held by the Seller Trusts resulting from his ownership interest in 30% of the outstanding membership interests of MHT. Mr. Holland disclaims beneficial ownership of the shares of common stock held by the Seller Trusts except to the extent of the pecuniary interest therein described above. For the purposes of this question, the Seller Trusts amounts are aggregated.

The Debtors' list shareholders that hold more than 5% of the equity even though they are not controlling shareholders.

On January 12, 2018, GWG Holdings, Inc. entered into a Master Exchange Agreement (the "Master Exchange  Agreement") pursuant to which it agreed to engage in a strategic transaction (the "Exchange Transaction") with The Beneficient Company Group, L.P. ("Beneficient") and a series of trusts (the "Seller Trusts"), in which the  parties agreed to an exchange of certain assets. The Seller Trusts are a group of individual common law trusts that received shares of common stock in the Exchange Transaction. The trustee of each of the Seller Trusts is Delaware Trust Company. The beneficiary of each of the Seller Trusts is MHT Financial, L.L.C. ("MHT"). As of filing of the of the Initial Debtor's Statements and Schedules, the  current members of MHT Financial, LLC were Shawn T. Terry and Mike McGill. The names of the various trusts comprising the Seller Trusts that own the shares in Question 28 are as follows: The LT-1 Exchange Trust, The LT-2 Exchange Trust, The LT-3 Exchange Trust, The LT-4 Exchange Trust, The LT-5 Exchange Trust, The LT-6 Exchange Trust, The LT-7 Exchange Trust, The LT-8 Exchange Trust, The LT-9 Exchange Trust, The LT-12 Exchange Trust, The LT-14 Exchange Trust, The LT-15 Exchange Trust, The LT-16 Exchange Trust, The LT-17 Exchange Trust, The LT-18 Exchange Trust, The LT-19 Exchange Trust, and The LT-20 Exchange Trust.

The Custody Trusts, which are variable interest entities, are a group of individual common law trusts that received shares of common stock from certain Seller Trusts that the Seller Trusts had received in connection with the Exchange Transaction. The certificate holders of the Custody Trusts are as follows: The LT-21 LiquidTrust, The LT-22 LiquidTrust, The LT-23 LiquidTrust, The LT-24 LiquidTrust, The LT-25 LiquidTrust, and The LT-26 LiquidTrust (the "Liquid Trusts"). The trustee of each of the Liquid Trusts was John A. Stahl as of the filing of the Initial Debtor's Statements and Schedules, who had sole decision-making authority with respect to the Custody Trusts. The names of the various trusts comprising the Custody Trusts and certain other custody trusts are as follows: LT-21A Custody Trust ; LT-22A Custody Trust; LT-23A Custody Trust; LT-24A Custody Trust; LT 25-A Custody Trust; and LT 26-A Custody Trust.

(k)     **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Distributions by the Debtors to their directors and officers are listed on

Question 4.  Certain directors and executive officers of GWG Holdings, Inc. are also directors and executive officers of certain of the other Debtors and non-Debtor affiliates.  To the extent payments to such individuals are not listed in the response to Question 4 on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or officers directly from such entities. Certain of the Initial Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Initial Petition Date.  The amounts listed under Question 4 for the Initial Debtors reflect the gross amounts paid to such directors and officers rather than the net amounts after deducting for tax withholdings.

*        *        *        *        *

| Fill in this information to identify the case: |
|---|
| **Debtor name:** GWG DLP Funding Holdings VI, LLC |
| **United States Bankruptcy Court for the:** Southern District of Texas |
| **Case number (if known):** 22-90338 |

☐ Check if this is an amended filing

<u>Official Form 207</u>
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2022 to 10/31/2022 | ☑ Operating a business<br>☐ Other: _____ | ($5,302,994.23) |
| **For prior year:** | From 7/20/2021 to 12/31/2021 | ☑ Operating a business<br>☐ Other: _____ | $134,574.00 |
| **For the year before that:** | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _____ | | $_____ |
| **For prior year:** | From _____ to _____ | | $_____ |
| **For the year before that:** | From _____ to _____ | | $_____ |

Debtor    **GWG DLP Funding Holdings VI, LLC**                    Case number *(if known)* **22-90338**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 04/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____ _____ _____ | _____ | $_____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 04/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____ _____ _____ | _____ | $_____ | _____ |

| Relationship to debtor |
|---|
| _____ |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | _____ _____ _____ | _____ | _____ | $_____ |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

---

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____ _____ _____ | _____ Last 4 digits of account number: XXXX–_____ | _____ | $_____ |

Debtor   **GWG DLP Funding Holdings VI, LLC**                                   Case number *(if known)* **22-90338**

| **Part 3:** | Legal Actions or Assignments |
| --- | --- |

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- | --- |
| 7.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | | _____ | ☐ On appeal |
| | _____ | | _____ | ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the property | Value |
| --- | --- | --- | --- |
| 8.1. | _____ | _____ | $_____ |
| | _____ | **Case title** | **Court name and address** |
| | _____ | **Case number** | _____ |
| | | _____ | _____ |
| | | **Date of order or assignment** | |
| | | _____ | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor      **GWG DLP Funding Holdings VI, LLC**                                                    Case number *(if known)* **22-90338**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9.** **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | _____ _____ _____ _____ | _____ | _____ | $_____ |

| Recipient's relationship to debtor |
|-------------------------------------|
| _____ |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

| Part 5: | Certain Losses |
|---------|----------------|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor   **GWG DLP Funding Holdings VI, LLC**                              Case number *(if known)* **22-90338**

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

|  | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
|  | **Address** |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |
|  | **Email or website address** |  |  |  |
|  | _____ |  |  |  |
|  | **Who made the payment, if not debtor?** |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

|  | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1. | _____ | _____ | _____ | $_____ |
|  | **Trustee** |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |
|  | _____ |  |  |  |

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor   **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

Debtor   **GWG DLP Funding Holdings VI, LLC**                                      Case number *(if known)* **22-90338**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|
| 14.1. _____ | From _____ To _____ |

Debtor   **GWG DLP Funding Holdings VI, LLC**                                   Case number *(if known)* **22-90338**

---

| Part 8: | Healthcare Bankruptcies |
|---|---|

### 15. Healthcare bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1.

| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? |
|---|---|---|
| | | Check all that apply: |
| | | ☐ Electronically |
| | | ☐ Paper |

Debtor   **GWG DLP Funding Holdings VI, LLC**                    Case number *(if known)* **22-90338**

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ None. Go to Part 10.

☐ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

    ☐ No

    ☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ No

Debtor   **GWG DLP Funding Holdings VI, LLC**                                                         Case number *(if known)* **22-90338**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ _____ _____ _____ | XXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

Debtor   **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

| **Part 11:** | Property the Debtor Holds or Controls That the Debtor Does Not Own |
| --- | --- |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
| --- | --- | --- | --- |
| 21.1. _____ | _____ | _____ | $_____ |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | _____ | | ☐ On appeal |
| | _____ | _____ | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | | |
| | _____ | _____ | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | | |
| | _____ | _____ | | |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                        Case number *(if known)* **22-90338**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
| --- | --- |

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| --- | --- | --- | --- |
| 25.1. | GWG DLP FUNDING VI, LLC<br>325 N. ST PAUL ST.<br>STE 2650<br>DALLAS TX 75201 | LIFE INSURANCE | EIN: N/A |
| | | | **Dates business existed** |
| | | | From 7/20/2021 To Present |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
| --- | --- | --- |
| 26a.1. | ANDREI ZOLOTUKHIN-RIDGWAY<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | From 3/2010 To Present |
| | **Name and address** | **Dates of service** |
| 26a.2. | CHARLES ROSCOPF<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | From 10/7/2019 To Present |
| | **Name and address** | **Dates of service** |
| 26a.3. | TIMOTHY EVANS<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | From 5/6/2019 To 11/16/2022 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
| --- | --- | --- |
| 26b.1. | GRANT THORNTON LLP<br>1717 MAIN STREET<br>SUITE 1800<br>DALLAS TX 75201 | From 9/17/2020 To 1/6/2022 |
| | **Name and address** | **Dates of service** |
| 26b.2. | WHITLEY PENN LLP<br>8343 DOUGLAS AVENUE<br>SUITE 400<br>DALLAS TX 75225 | From 8/6/2019 To 9/17/2020 |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                        Case number *(if known)* **22-90338**

---

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  ANDREI ZOLOTUKHIN-RIDGWAY<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.  CHARLES ROSCOPF<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.3.  GWG HOLDINGS, INC.<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.4.  TIMOTHY EVANS<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | _____ |

---

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  NATIONAL FOUNDERS, LP<br>P.O. BOX 1073<br>WILMINGTON DE 19899 |

| Name and address |
|---|
| 26d.2.  SEE, GLOBAL NOTES |

---

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

---

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page 16

Debtor   **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1. _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| _____ |
| _____ |
| _____ |
| _____ |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1. | ALBERT J. FIORAVANTI<br>LORD SECURITIES CORPORATION<br>48 WALL STREET<br>27TH FLOOR<br>NEW YORK NY 10005 | INDEPENDENT DIRECTOR | N/A | N/A |

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.2. | GWG LIFE, LLC<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | MANAGING MEMBER | COMMON STOCK | 100.00% |

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.3. | MURRAY HOLLAND<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | PRESIDENT, DIRECTOR | N/A | N/A |

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.4. | TIMOTHY EVANS<br>325 N ST. PAUL STREET<br>SUITE 2650<br>DALLAS TX 75201 | CFO, TREASURER,<br>SECRETARY, AND DIRECTOR | N/A | N/A |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1. | _____ | _____ | _____ | From _____ To _____ |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

Debtor    **GWG DLP Funding Holdings VI, LLC**                                    Case number *(if known)* **22-90338**

---

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below

| | Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|---|
| 30.1. | _____ | $_____ | _____ | _____ | _____ |
| | _____ | | | | |
| | _____ | | | | |
| | _____ | | | | |
| | **Relationship to debtor** | | | | |
| | _____ | | | | |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1. | GWG HOLDINGS, INC | EIN: 26-2222607 |

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1. | _____ | EIN: __ __-__ __ __ __ __ __ __ |
| | _____ | |
| | _____ | |

Debtor   **GWG DLP Funding Holdings VI, LLC**                                          Case number *(if known)* **22-90338**

## Part 14: Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/14/2022
              MM/DD/YYYY

✘    */s/ Michael Tucker*
     Signature of individual signing on behalf of debtor

     Michael Tucker
     Printed name

     Authorized Signatory
     Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                    Page 19