# Exhibit 3

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

| OMB APPROVAL |
| --- |
| OMB Number:     3235-0060 |
| Expires:     October 31, 2024 |
| Estimated average burden |
| hours per response........9.21 |

## FORM 8-K

## CURRENT REPORT
**Pursuant to Section 13 OR 15(d) of The Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported) _____

_____

(Exact name of registrant as specified in its charter)

_____

| (State or other jurisdiction | (Commission | (IRS Employer |
| of incorporation) | File Number) | Identification No.) |

_____

(Address of principal executive offices)                          (Zip Code)

Registrant's telephone number, including area code _____

_____

(Former name or former address, if changed since last report.)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[ ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

[ ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
| --- | --- | --- |
|  |  |  |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company                          ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

SEC 873 (03-21)

Potential persons who are to respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

1 of 22

**GENERAL INSTRUCTIONS**

**A. Rule as to Use of Form 8-K.**

1. Form 8-K shall be used for current reports under Section 13 or 15(d) of the Securities Exchange Act of 1934, filed pursuant to Rule 13a-11 or Rule 15d-11 and for reports of nonpublic information required to be disclosed by Regulation FD (17 CFR 243.100 and 243.101).

2. Form 8-K may be used by a registrant to satisfy its filing obligations pursuant to Rule 425 under the Securities Act, regarding written communications related to business combination transactions, or Rules 14a-12(b) or Rule 14d-2(b) under the Exchange Act, relating to soliciting materials and pre-commencement communications pursuant to tender offers, respectively, provided that the Form 8-K filing satisfies all the substantive requirements of those rules (other than the Rule 425(c) requirement to include certain specified information in any prospectus filed pursuant to such rule). Such filing is also deemed to be filed pursuant to any rule for which the box is checked. A registrant is not required to check the box in connection with Rule 14a-12(b) or Rule 14d-2(b) if the communication is filed pursuant to Rule 425. Communications filed pursuant to Rule 425 are deemed filed under the other applicable sections. See Note 2 to Rule 425, Rule 14a-12(b) and Instruction 2 to Rule 14d-2(b)(2).

**B. Events to be Reported and Time for Filing of Reports.**

1. A report on this form is required to be filed or furnished, as applicable, upon the occurrence of any one or more of the events specified in the items in Sections 1 - 6 and 9 of this form. Unless otherwise specified, a report is to be filed or furnished within four business days after occurrence of the event. If the event occurs on a Saturday, Sunday or holiday on which the Commission is not open for business, then the four business day period shall begin to run on, and include, the first business day thereafter. A registrant either furnishing a report on this form under Item 7.01 (Regulation FD Disclosure) or electing to file a report on this form under Item 8.01 (Other Events) solely to satisfy its obligations under Regulation FD (17 CFR 243.100 and 243.101) must furnish such report or make such filing, as applicable, in accordance with the requirements of Rule 100(a) of Regulation FD (17 CFR 243.100(a)), including the deadline for furnishing or filing such report. A report pursuant to Item 5.08 is to be filed within four business days after the registrant determines the anticipated meeting date.

2. The information in a report furnished pursuant to Item 2.02 (Results of Operations and Financial Condition) or Item 7.01 (Regulation FD Disclosure) shall not be deemed to be "filed" for purposes of Section 18 of the Exchange Act or otherwise subject to the liabilities of that section, unless the registrant specifically states that the information is to be considered "filed" under the Exchange Act or incorporates it by reference into a filing under the Securities Act or the Exchange Act. If a report on Form 8-K contains disclosures under Item 2.02 or Item 7.01, whether or not the report contains disclosures regarding other items, all exhibits to such report relating to Item 2.02 or Item 7.01 will be deemed furnished, and not filed, unless the registrant specifies, under Item 9.01 (Financial Statements and Exhibits), which exhibits, or portions of exhibits, are intended to be deemed filed rather than furnished pursuant to this instruction.

3. If the registrant previously has reported substantially the same information as required by this form, the registrant need not make an additional report of the information on this form. To the extent that an item calls for disclosure of developments concerning a previously reported event or transaction, any information required in the new report or amendment about the previously reported event or transaction may be provided by incorporation by reference to the previously filed report. The term previously reported is defined in Rule 12b-2 (17 CFR 240.12b-2).

4. Copies of agreements, amendments or other documents or instruments required to be filed pursuant to Form 8-K are not required to be filed or furnished as exhibits to the Form 8-K unless specifically required to be filed or furnished by the applicable Item. This instruction does not affect the requirement to otherwise file such agreements, amendments or other documents or instruments, including as exhibits to registration statements and periodic reports pursuant to the requirements of Item 601 of Regulation S-K.

5. When considering current reporting on this form, particularly of other events of material importance pursuant to Item 7.01 (Regulation FD Disclosure) and Item 8.01(Other Events), registrants should have due regard for the accuracy, completeness and currency of the information in registration statements filed under the Securities Act which incorporate by reference information in reports filed pursuant to the Exchange Act, including reports on this form.

6. A registrant's report under Item 7.01 (Regulation FD Disclosure) or Item 8.01 (Other Events) will not be deemed an admission as to the materiality of any information in the report that is required to be disclosed solely by Regulation FD.

## C. Application of General Rules and Regulations.

1. The General Rules and Regulations under the Act (17 CFR Part 240) contain certain general requirements which are applicable to reports on any form. These general requirements should be carefully read and observed in the preparation and filing of reports on this form.

2. Particular attention is directed to Regulation 12B (17 CFR 240.12b-1 et seq.) which contains general requirements regarding matters such as the kind and size of paper to be used, the legibility of the report, the information to be given whenever the title of securities is required to be stated, and the filing of the report. The definitions contained in Rule 12b-2 should be especially noted. See also Regulations 13A (17 CFR 240.13a-1 et seq.) and 15D (17 CFR 240.1 5d-1 et seq.).

## D. Preparation of Report.

This form is not to be used as a blank form to be filled in, but only as a guide in the preparation of the report on paper meeting the requirements of Rule 12b-12 (17 CFR 240.12b-12). The report shall contain the number and caption of the applicable item, but the text of such item may be omitted, provided the answers thereto are prepared in the manner specified in Rule 12b-13 (17 CFR 240.12b-13). To the extent that Item 1.01 and one or more other items of the form are applicable, registrants need not provide the number and caption of Item 1.01 so long as the substantive disclosure required by Item 1.01 is disclosed in the report and the number and caption of the other applicable item(s) are provided. All items that are not required to be answered in a particular report may be omitted and no reference thereto need be made in the report. All instructions should also be omitted.

## E. Signature and Filing of Report.

Three complete copies of the report, including any financial statements, exhibits or other papers or documents filed as a part thereof, and five additional copies which need not include exhibits, shall be filed with the Commission. At least one complete copy of the report, including any financial statements, exhibits or other papers or documents filed as a part thereof, shall be filed, with each exchange on which any class of securities of the registrant is registered. At least one complete copy of the report filed with the Commission and one such copy filed with each exchange shall be manually signed. Copies not manually signed shall bear typed or printed signatures.

## F. Incorporation by Reference.

If the registrant makes available to its stockholders or otherwise publishes, within the period prescribed for filing the report, a press release or other document or statement containing information meeting some or all of the requirements of this form, the information called for may be incorporated by reference to such published document or statement, in answer or partial answer to any item or items of this form, provided copies thereof are filed as an exhibit to the report on this form.

## G. Use of this Form by Asset-Backed Issuers.

The following applies to registrants that are asset-backed issuers. Terms used in this General Instruction G. have the same meaning as in Item 1101 of Regulation AB (17 CFR 229.1101).

1. *Reportable Events That May Be Omitted.*

The registrant need not file a report on this Form upon the occurrence of any one or more of the events specified in the following:

(a) Item 2.01, Completion of Acquisition or Disposition of Assets;

(b) Item 2.02, Results of Operations and Financial Condition;

(c) Item 2.03, Creation of a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement of a Registrant;

(d) Item 2.05, Costs Associated with Exit or Disposal Activities;

3

(e) Item 2.06, Material Impairments;

(f) Item 3.01, Notice of Delisting or Failure to Satisfy a Continued Listing Rule or Standard; Transfer of Listing;

(g) Item 3.02, Unregistered Sales of Equity Securities;

(h) Item 4.01, Changes in Registrant's Certifying Accountant;

(i) Item 4.02, Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review;

(j) Item 5.01, Changes in Control of Registrant;

(k) Item 5.02, Departure of Directors or Principal Officers; Election of Directors; Appointment of Principal Officers;

(*l*) Item 5.04, Temporary Suspension of Trading Under Registrant's Employee Benefit Plans; and

(m) Item 5.05, Amendments to the Registrant's Code of Ethics, or Waiver of a Provision of the Code of Ethics.

2. *Additional Disclosure for the Form 8-K Cover Page.*

Immediately after the name of the issuing entity on the cover page of the Form 8-K, as separate line items, identify the exact name of the depositor as specified in its charter and the exact name of the sponsor as specified in its charter. Include a Central Index Key number for the depositor and the issuing entity, and if available, the sponsor.

3. *Signatures.*

The Form 8-K must be signed by the depositor. In the alternative, the Form 8-K may be signed on behalf of the issuing entity by a duly authorized representative of the servicer. If multiple servicers are involved in servicing the pool assets, a duly authorized representative of the master servicer (or entity performing the equivalent function) must sign if a representative of the servicer is to sign the report on behalf of the issuing entity.

## INFORMATION TO BE INCLUDED IN THE REPORT

**Section 1 - Registrant's Business and Operations**

**Item 1.01 Entry into a Material Definitive Agreement.**

(a) If the registrant has entered into a material definitive agreement not made in the ordinary course of business of the registrant, or into any amendment of such agreement that is material to the registrant, disclose the following information:

(1) the date on which the agreement was entered into or amended, the identity of the parties to the agreement or amendment and a brief description of any material relationship between the registrant or its affiliates and any of the parties, other than in respect of the material definitive agreement or amendment; and

(2) a brief description of the terms and conditions of the agreement or amendment that are material to the registrant.

(b) For purposes of this Item 1.01, a material definitive agreement means an agreement that provides for obligations that are material to and enforceable against the registrant, or rights that are material to the registrant and enforceable by the registrant against one or more other parties to the agreement, in each case whether or not subject to conditions.

Instructions.

1. Any material definitive agreement of the registrant not made in the ordinary course of the registrant's business must be disclosed under this Item 1.01. An agreement is deemed to be not made in the ordinary course of a registrant's business even if the agreement is such as ordinarily accompanies the kind of business conducted by the registrant if it involves the subject matter identified in Item 601(b)(10)(ii) (A) - (D) of Regulation S-K (17 CFR 229.601(b)(10)(ii)(A) - (D)). An agreement involving the subject matter identified in Item 601(b) (10)(iii)(A) or (B)  need not be disclosed under this Item.

2. A registrant must provide disclosure under this Item 1.01 if the registrant succeeds as a party to the agreement or amendment to the

agreement by assumption or assignment (other than in connection with a merger or acquisition or similar transaction).

3.  With respect to asset-backed securities, as defined in Item 1101 of Regulation AB (17 CFR 229.1101), disclosure is required under this Item 1.01 regarding the entry into or an amendment to a definitive agreement that is material to the asset-backed securities transaction, even if the registrant is not a party to such agreement (e.g., a servicing agreement with a servicer contemplated by Item 1108(a)(3) of Regulation AB (17 CFR 229.1108(a)(3)).

4. To the extent a material definitive agreement is filed as an exhibit under this Item 1.01, schedules (or similar attachments) to the exhibits are not required to be filed unless they contain information material to an investment or voting decision and that information is not otherwise disclosed in the exhibit or the disclosure document. Each exhibit filed must contain a list briefly identifying the contents of all omitted schedules. Registrants need not prepare a separate list of omitted information if such information is already included within the exhibit in a manner that conveys the subject matter of the omitted schedules and attachments. In addition, the registrant must provide a copy of any omitted schedule to the Commission or its staff upon request.

5. To the extent a material definitive agreement is filed as an exhibit under this Item 1.01, the registrant may redact information from the exhibit if disclosure of such information would constitute a clearly unwarranted invasion of personal privacy (e.g., disclosure of bank account numbers, social security numbers, home addresses and similar information).

6.  To the extent a material definitive agreement is filed as an exhibit under this Item 1.01, the registrant may redact specific provisions or terms of the exhibit if the registrant customarily and actually treats that information as private or confidential and if the omitted information is not material, provided that the registrant intends to incorporate by reference this filing into its future periodic reports or registration statements, as applicable, in satisfaction of Item 601(b)(10) of Regulation S-K. If it does so, the registrant should mark the exhibit index to indicate that portions of the exhibit have been omitted and include a prominent statement on the first page of the redacted exhibit that certain identified information has been excluded from the exhibit because it is both not material and is the type that the registrant treats as private or confidential. The registrant also must include brackets indicating where the information is omitted from the filed version of the exhibit.

If requested by the Commission or its staff, the registrant must promptly provide on a supplemental basis an unredacted copy of the exhibit and its materiality and privacy or confidentiality analyses. Upon evaluation of the registrant's supplemental materials, the Commission or its staff may require the registrant to amend its filing to include in the exhibit any previously redacted information that is not adequately supported by the registrant's analyses.

The registrant may request confidential treatment of the supplemental material submitted under this instruction pursuant to Rule 83 (§ 200.83) while it is in the possession of the Commission or its staff. After completing its review of the supplemental information, the Commission or its staff will return or destroy it if the registrant complies with the procedures outlined in Rules 418 or 12b-4 (§ 230.418 or § 240.12b-4).

**Item 1.02 Termination of a Material Definitive Agreement.**

(a) If a material definitive agreement which was not made in the ordinary course of business of the registrant and to which the registrant is a party is terminated otherwise than by expiration of the agreement on its stated termination date, or as a result of all parties completing their obligations under such agreement, and such termination of the agreement is material to the registrant, disclose the following information:

(1) the date of the termination of the material definitive agreement, the identity of the parties to the agreement and a brief description of any material relationship between the registrant or its affiliates and any of the parties other than in respect of the material definitive agreement;

(2) a brief description of the terms and conditions of the agreement that are material to the registrant;

(3) a brief description of the material circumstances surrounding the termination; and

(4) any material early termination penalties incurred by the registrant.

(b) For purposes of this Item 1.02, the term <u>material definitive agreement</u> shall have the same meaning as set forth in Item 1.01(b).

<u>Instructions</u>.

1. No disclosure is required solely by reason of this Item 1.02 during negotiations or discussions regarding termination of a material definitive agreement unless and until the agreement has been terminated.

2. No disclosure is required solely by reason of this Item 1.02 if the registrant believes in good faith that the material definitive agreement has not been terminated, unless the registrant has received a notice of termination pursuant to the terms of agreement.

3. With respect to asset-backed securities, as defined in Item 1101 of Regulation AB (17 CFR 229.1101), disclosure is required under this Item 1.02 regarding the termination of a definitive agreement that is material to the asset-backed securities transaction (otherwise than by expiration of the agreement on its stated termination date or as a result of all parties completing their obligations under such agreement), even if the registrant is not a party to such agreement (*e.g.*, a servicing agreement with a servicer contemplated by Item 1108(a)(3) of Regulation AB (17 CFR 229.1108(a)(3)).

**Item 1.03 Bankruptcy or Receivership.**

(a) If a receiver, fiscal agent or similar officer has been appointed for a registrant or its parent, in a proceeding under the U.S. Bankruptcy Code or in any other proceeding under state or federal law in which a court or governmental authority has assumed jurisdiction over substantially all of the assets or business of the registrant or its parent, or if such jurisdiction has been assumed by leaving the existing directors and officers in possession but subject to the supervision and orders of a court or governmental authority, disclose the following information:

(1) the name or other identification of the proceeding;

(2) the identity of the court or governmental authority;

(3) the date that jurisdiction was assumed; and

(4) the identity of the receiver, fiscal agent or similar officer and the date of his or her appointment.

(b) If an order confirming a plan of reorganization, arrangement or liquidation has been entered by a court or governmental authority having supervision or jurisdiction over substantially all of the assets or business of the registrant or its parent, disclose the following;

(1) the identity of the court or governmental authority;

(2) the date that the order confirming the plan was entered by the court or governmental authority;

(3) a summary of the material features of the plan and, pursuant to Item 9.01 (Financial Statements and Exhibits), a copy of the plan as confirmed;

(4) the number of shares or other units of the registrant or its parent issued and outstanding, the number reserved for future issuance in respect of claims and interests filed and allowed under the plan, and the aggregate total of such numbers; and

(5) information as to the assets and liabilities of the registrant or its parent as of the date that the order confirming the plan was entered, or a date as close thereto as practicable.

<u>Instructions.</u>

1. The information called for in paragraph (b)(5) of this Item 1.03 may be presented in the form in which it was furnished to the court or governmental authority.

2. With respect to asset-backed securities, disclosure also is required under this Item 1.03 if the depositor (or servicer if the servicer signs the report on Form 10-K (17 CFR 249.310) of the issuing entity) becomes aware of any instances described in paragraph (a) or (b) of this Item with respect to the sponsor, depositor, servicer contemplated by Item 1108(a)(3) of Regulation AB (17 CFR 229.1108(a)(3)), trustee, significant obligor, enhancement or support provider contemplated by Items 1114(b) or 1115 of Regulation AB (17 CFR 229.1114(b) or 229.1115) or other material party contemplated by Item 1101(d)(1) of Regulation AB (17 CFR 1101(d)(1)). Terms used in this Instruction 2 have the same meaning as in Item 1101 of Regulation AB (17 CFR 229.1101).

**Item 1.04 Mine Safety – Reporting of Shutdowns and Patterns of Violations.**

(a) If the registrant or a subsidiary of the registrant has received, with respect to a coal or other mine of which the registrant or a subsidiary of the registrant is an operator
• an imminent danger order issued under section 107(a) of the Federal Mine Safety and Health Act of 1977 (30 U.S.C. 817(a));

• a written notice from the Mine Safety and Health Administration that the coal or other mine has a pattern of violations of mandatory health or safety standards that are of such nature as could have significantly and substantially contributed to the cause and effect of coal or other mine health or safety hazards under section 104(e) of such Act (30 U.S.C. 814(e)); or

• a written notice from the Mine Safety and Health Administration that the coal or other mine has the potential  to have such a pattern, disclose the following information:

(1) The date of receipt by the issuer or a subsidiary of such order or notice.
(2) The category of the order or notice.
(3) The name and location of the mine involved.

*Instructions to Item 1.04.*

1. The term "coal or other mine" means a coal or other mine, as defined in section 3 of the Federal Mine Safety and Health Act of 1977 (30 U.S.C. 802), that is subject to the provisions of such Act (30 U.S.C. 801 et seq).
2. The term "operator" has the meaning given the term in section 3 of the Federal Mine Safety and Health Act of 1977 (30 U.S.C. 802).

**Section 2 - Financial Information**

**Item 2.01 Completion of Acquisition or Disposition of Assets.**

If the registrant or any of its subsidiaries consolidated has completed the acquisition or disposition of a significant amount of assets, otherwise than in the ordinary course of business, or the acquisition or disposition of a significant amount of assets that constitute a real estate operation as defined in § 210.3-14(a)(2) disclose the following information:

(a) the date of completion of the transaction;

(b) a brief description of the assets involved;

(c) the identity of the person(s) from whom the assets were acquired or to whom they were sold and the nature of any material relationship, other than in respect of the transaction, between such person(s) and the registrant or any of its affiliates, or any director or officer of the registrant, or any associate of any such director or officer;

(d) the nature and amount of consideration given or received for the assets and, if any material relationship is disclosed pursuant to paragraph (c) of this Item 2.01, the formula or principle followed in determining the amount of such consideration;

(e) if the transaction being reported is an acquisition and if a material relationship exists between the registrant or any of its affiliates and the source(s) of the funds used in the acquisition, the identity of the source(s) of the funds unless all or any part of the consideration used is a loan made in the ordinary course of business by a bank as defined by Section 3(a)(6) of the Act, in which case the identity of such bank may be omitted provided the registrant:

(1) has made a request for confidentiality pursuant to Section 13(d)(1)(B) of the Act; and

(2) states in the report that the identity of the bank has been so omitted and filed separately with the Commission; and

(f) if the registrant was a shell company, other than a business combination related shell company, as those terms are defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), immediately before the transaction, the information that would be required if the registrant were filing a general form for registration of securities on Form 10 under the Exchange Act reflecting all classes of the registrant's securities subject to the reporting requirements of Section 13 (15 U.S.C. 78m) or Section 15(d) (15 U.S.C. 78o(d)) of such Act upon consummation of the transaction. Notwithstanding General Instruction B.3. to Form 8-K, if any disclosure required by this Item 2.01(f) is previously reported, as that term is defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), the registrant may identify the filing in which that disclosure is included instead of including that disclosure in this report.

Instructions.

1. No information need be given as to:

(i) any transaction between any person and any wholly-owned subsidiary of such person;

(ii) any transaction between two or more wholly-owned subsidiaries of any person; or

(iii) the redemption or other acquisition of securities from the public, or the sale or other disposition of securities to the public, by the issuer of such securities or by a wholly-owned subsidiary of that issuer.

2. The term acquisition includes every purchase, acquisition by lease, exchange, merger, consolidation, succession or other acquisition, except that the term does not include the construction or development of property by or for the registrant or its subsidiaries or the acquisition

of materials for such purpose. The term <u>disposition</u> includes every sale, disposition by lease, exchange, merger, consolidation, mortgage, assignment or hypothecation of assets, whether for the benefit of creditors or otherwise, abandonment, destruction, or other disposition.

3. The information called for by this Item 2.01 is to be given as to each transaction or series of related transactions of the size indicated. The acquisition or disposition of securities is deemed the indirect acquisition or disposition of the assets represented by such securities if it results in the acquisition or disposition of control of such assets.

4. An acquisition or disposition will be deemed to involve a significant amount of assets:

(i) if the registrant's and its other subsidiaries' equity in the net book value of such assets or the amount paid or received for the assets upon such acquisition or disposition exceeded 10 percent of the total assets of the registrant and its consolidated subsidiaries;

(ii) if it involved a business (see 17 CFR 210.11-01(d)) that is significant (see 17 CFR 210.11-01(b)). The acquisition of a business encompasses the acquisition of an interest in a business accounted for by the registrant under the equity method or, in lieu of the equity method, the fair value option; or

(iii) in the case of a business development company, if the amount paid for such assets exceeded 10 percent of the value of the total investments of the registrant and its consolidated subsidiaries.

The aggregate impact of acquired businesses are not required to be reported pursuant to this Item 2.01 unless they are related businesses (see 17 CFR 210.3-05(a)(3)), related real estate operations (see 17 CFR 210.3-14(a)(3)), or related funds (see 17 CFR 210.6-11(a)(3)), and are significant in the aggregate.

5. Attention is directed to the requirements in Item 9.01 (Financial Statements and Exhibits) with respect to the filing of:

(i) financial statements of businesses or funds acquired;

(ii) <u>pro forma</u> financial information; and

(iii) copies of the plans of acquisition or disposition as exhibits to the report.


**Item 2.02 Results of Operations and Financial Condition.**

(a) If a registrant, or any person acting on its behalf, makes any public announcement or release (including any update of an earlier announcement or release) disclosing material non-public information regarding the registrant's results of operations or financial condition for a completed quarterly or annual fiscal period, the registrant shall disclose the date of the announcement or release, briefly identify the announcement or release and include the text of that announcement or release as an exhibit.

(b) A Form 8-K is not required to be furnished to the Commission under this Item 2.02 in the case of disclosure of material non-public information that is disclosed orally, telephonically, by webcast, by broadcast, or by similar means if:

(1) the information is provided as part of a presentation that is complementary to, and initially occurs within 48 hours after, a related, written announcement or release that has been furnished on Form 8-K pursuant to this Item 2.02 prior to the presentation;

(2) the presentation is broadly accessible to the public by dial-in conference call, by webcast, by broadcast or by similar means;

(3) the financial and other statistical information contained in the presentation is provided on the registrant's website, together with any information that would be required under 17 CFR 244.100; and

(4) the presentation was announced by a widely disseminated press release, that included instructions as to when and how to access the presentation and the location on the registrant's website where the information would be available.

<u>Instructions</u>.

1. The requirements of this Item 2.02 are triggered by the disclosure of material non-public information regarding a completed fiscal year or quarter. Release of additional or updated material non-public information regarding a completed fiscal year or quarter would trigger an additional Item 2.02 requirement.

2. The requirements of paragraph (e)(1)(i) of Item 10 of Regulation S-K (17 CFR 229.10(e)(1)(i))  shall apply to disclosures under this Item 2.02.

3. Issuers that make earnings announcements or other disclosures of material non-public information regarding a completed fiscal year or quarter in an interim or annual report to shareholders are permitted to specify which portion of the report contains the information required to be furnished under this Item 2.02.

4. This Item 2.02 does not apply in the case of a disclosure that is made in a quarterly report filed with the Commission on Form 10-Q (17 CFR 249.308a) or an annual report filed with the Commission on Form 10-K (17 CFR 249.310).

**Item 2.03 Creation of a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement of a Registrant.**

(a) If the registrant becomes obligated on a direct financial obligation that is material to the registrant, disclose the following information:

(1) the date on which the registrant becomes obligated on the direct financial obligation and a brief description of the transaction or agreement creating the obligation;

(2) the amount of the obligation, including the terms of its payment and, if applicable, a brief description of the material terms under which it may be accelerated or increased and the nature of any recourse provisions that would enable the registrant to recover from third parties; and

(3) a brief description of the other terms and conditions of the transaction or agreement that are material to the registrant.

(b) If the registrant becomes directly or contingently liable for an obligation that is material to the registrant arising out of an off-balance sheet arrangement, disclose the following information:

(1) the date on which the registrant becomes directly or contingently liable on the obligation and a brief description of the transaction or agreement creating the arrangement and obligation;

(2) a brief description of the nature and amount of the obligation of the registrant under the arrangement, including the material terms whereby it may become a direct obligation, if applicable, or may be accelerated or increased and the nature of any recourse provisions that would enable the registrant to recover from third parties;

(3) the maximum potential amount of future payments (undiscounted) that the registrant may be required to make, if different; and

(4) a brief description of the other terms and conditions of the obligation or arrangement that are material to the registrant.

(c) For purposes of this Item 2.03, direct financial obligation means any of the following:

(1) a long-term debt obligation means a payment obligation under long-term borrowings referenced in FASB ASC paragraph 470-10-50-1 (Debt Topic) as may be modified or supplemented;

(2) a finance lease obligation means a payment obligation under a lease that would be classified as a finance lease pursuant to FASB ASC Topic 842, Leases, as may be modified or supplemented;

(3) an operating lease obligation means a payment obligation under a lease that would be classified as an operating lease pursuant to FASB ASC Topic 840, as may be modified or supplemented; or

(4) a short-term debt obligation that arises other than in the ordinary course of business.

(d) For purposes of this Item 2.03, off-balance sheet arrangement means any transaction, agreement or other contractual arrangement to which an entity unconsolidated with the registrant is a party, under which the registrant has:

(1) Any obligation under a guarantee contract that has any of the characteristics identified in FASB ASC paragraph 460-10-15-4 (Guarantees Topic), as may be modified or supplemented, and that is not excluded from the initial recognition and measurement provisions of FASB ASC paragraphs 460-10-15-7, 460-10-25-1, and 460-10-30-1.

(2) A retained or contingent interest in assets transferred to an unconsolidated entity or similar arrangement that serves as credit, liquidity or market risk support to such entity for such assets;

(3) Any obligation, including a contingent obligation, under a contract that would be accounted for as a derivative instrument, except that it is both indexed to the registrant's own stock and classified in stockholders' equity in the registrant's statement of financial position, and therefore excluded from the scope of FASB ASC Topic 815, Derivatives and Hedging, pursuant to FASB ASC subparagraph

815-10-15-74(a), as may be modified or supplemented; or

(4) Any obligation, including a contingent obligation, arising out of a variable interest (as defined in the FASB ASC Master Glossary), as may be modified or supplemented) in an unconsolidated entity that is held by, and material to, the registrant, where such entity provides financing, liquidity, market risk or credit risk support to, or engages in leasing, hedging or research and development services with, the registrant.

(e) For purposes of this Item 2.03, short-term debt obligation means a payment obligation under a borrowing arrangement that is scheduled to mature within one year, or, for those registrants that use the operating cycle concept of working capital, within a registrant's operating cycle that is longer than one year, as discussed in FASB ASC paragraph 210-10-45-3 (Balance Sheet Topic).

Instructions.

1. A registrant has no obligation to disclose information under this Item 2.03 until the registrant enters into an agreement enforceable against the registrant, whether or not subject to conditions, under which the direct financial obligation will arise or be created or issued. If there is no such agreement, the registrant must provide the disclosure within four business days after the occurrence of the closing or settlement of the transaction or arrangement under which the direct financial obligation arises or is created.

2. A registrant must provide the disclosure required by paragraph (b) of this Item 2.03 whether or not the registrant is also a party to the transaction or agreement creating the contingent obligation arising under the off-balance sheet arrangement. In the event that neither the registrant nor any affiliate of the registrant is also a party to the transaction or agreement creating the contingent obligation arising under the off-balance sheet arrangement in question, the four business day period for reporting the event under this Item 2.03 shall begin on the earlier of (i) the fourth business day after the contingent obligation is created or arises, and (ii) the day on which an executive officer, as defined in 17 CFR 240.3b-7, of the registrant becomes aware of the contingent obligation.

3. In the event that an agreement, transaction or arrangement requiring disclosure under this Item 2.03 comprises a facility, program or similar arrangement that creates or may give rise to direct financial obligations of the registrant in connection with multiple transactions, the registrant shall:

(i) disclose the entering into of the facility, program or similar arrangement if the entering into of the facility is material to the registrant; and

(ii) as direct financial obligations arise or are created under the facility or program, disclose the required information under this Item 2.03 to the extent that the obligations are material to the registrant (including when a series of previously undisclosed individually immaterial obligations become material in the aggregate).

4. For purposes of Item 2.03(b)(3), the maximum amount of future payments shall not be reduced by the effect of any amounts that may possibly be recovered by the registrant under recourse or collateralization provisions in any guarantee agreement, transaction or arrangement.

5. If the obligation required to be disclosed under this Item 2.03 is a security, or a term of a security, that has been or will be sold pursuant to an effective registration statement of the registrant, the registrant is not required to file a Form 8-K pursuant to this Item 2.03, provided that the prospectus relating to that sale contains the information required by this Item 2.03 and is filed within the required time period under Securities Act Rule 424 (§230.424 of this chapter).

**Item 2.04 Triggering Events That Accelerate or Increase a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement.**

(a) If a triggering event causing the increase or acceleration of a direct financial obligation of the registrant occurs and the consequences of the event, taking into account those described in paragraph (a)(4) of this Item 2.04, are material to the registrant, disclose the following information:

(1) the date of the triggering event and a brief description of the agreement or transaction under which the direct financial obligation was created and is increased or accelerated;

(2) a brief description of the triggering event;

(3) the amount of the direct financial obligation, as increased if applicable, and the terms of payment or acceleration that apply; and

(4) any other material obligations of the registrant that may arise, increase, be accelerated or become direct financial obligations as a result of the triggering event or the increase or acceleration of the direct financial obligation.

(b) If a triggering event occurs causing an obligation of the registrant under an off-balance sheet arrangement to increase or be accelerated, or causing a contingent obligation of the registrant under an off-balance sheet arrangement to become a direct financial

obligation of the registrant, and the consequences of the event, taking into account those described in paragraph (b)(4) of this Item 2.04, are material to the registrant, disclose the following information:

(1) the date of the triggering event and a brief description of the off-balance sheet arrangement;

(2) a brief description of the triggering event;

(3) the nature and amount of the obligation, as increased if applicable, and the terms of payment or acceleration that apply; and

(4) any other material obligations of the registrant that may arise, increase, be accelerated or become direct financial obligations as a result of the triggering event or the increase or acceleration of the obligation under the off-balance sheet arrangement or its becoming a direct financial obligation of the registrant.

(c) For purposes of this Item 2.04, the term <u>direct</u> <u>financial</u> <u>obligation</u> has the meaning provided in Item 2.03 of this form, but shall also include an obligation arising out of an off-balance sheet arrangement that is accrued under FASB ASC Section 450-20-25, <u>Contingencies - Loss Contingencies - Recognition.</u>

(d) For purposes of this Item 2.04, the term <u>off-balance</u> <u>sheet</u> <u>arrangement</u> has the meaning provided in Item 2.03 of this form.

(e) For purposes of this Item 2.04, a <u>triggering</u> <u>event</u> is an event, including an event of default, event of acceleration or similar event, as a result of which a direct financial obligation of the registrant or an obligation of the registrant arising under an off-balance sheet arrangement is increased or becomes accelerated or as a result of which a contingent obligation of the registrant arising out of an off-balance sheet arrangement becomes a direct financial obligation of the registrant.

<u>Instructions.</u>

1. Disclosure is required if a triggering event occurs in respect of an obligation of the registrant under an off-balance sheet arrangement and the consequences are material to the registrant, whether or not the registrant is also a party to the transaction or agreement under which the triggering event occurs.

2. No disclosure is required under this Item 2.04 unless and until a triggering event has occurred in accordance with the terms of the relevant agreement, transaction or arrangement, including, if required, the sending to the registrant of notice of the occurrence of a triggering event pursuant to the terms of the agreement, transaction or arrangement and the satisfaction of all conditions to such occurrence, except the passage of time.

3. No disclosure is required solely by reason of this Item 2.04 if the registrant believes in good faith that no triggering event has occurred, unless the registrant has received a notice described in Instruction 2 to this Item 2.04.

4. Where a registrant is subject to an obligation arising out of an off-balance sheet arrangement, whether or not disclosed pursuant to Item 2.03 of this form, if a triggering event occurs as a result of which under that obligation an accrual for a probable loss is required under FASB ASC Section 450-20-25, the obligation arising out of the off-balance sheet arrangement becomes a direct financial obligation as defined in this Item 2.04. In that situation, if the consequences as determined under Item 2.04(b) are material to the registrant, disclosure is required under this Item 2.04.

5. With respect to asset-backed securities, as defined in 17 CFR 229.1101, disclosure also is required under this Item 2.04 if an early amortization, performance trigger or other event, including an event of default, has occurred under the transaction agreements for the asset-backed securities that would materially alter the payment priority or distribution of cash flows regarding the asset-backed securities or the amortization schedule for the asset-backed securities. In providing the disclosure required by this Item, identify the changes to the payment priorities, flow of funds or asset-backed securities as a result. Disclosure is required under this Item whether or not the registrant is a party to the transaction agreement that results in the occurrence identified.

**Item 2.05 Costs Associated with Exit or Disposal Activities.**

If the registrant's board of directors, a committee of the board of directors or the officer or officers of the registrant authorized to take such action if board action is not required, commits the registrant to an exit or disposal plan, or otherwise disposes of a long-lived asset or terminates employees under a plan of termination described in FASB ASC paragraph 420-10-25-4 (Exit or Disposal Cost Obligations Topic), under which material charges will be incurred under generally accepted accounting principles applicable to the registrant, disclose the following information:

(a) the date of the commitment to the course of action and a description of the course of action, including the facts and circumstances leading to the expected action and the expected completion date;

(b) for each major type of cost associated with the course of action (for example, one-time termination benefits, contract termination

costs and other associated costs), an estimate of the total amount or range of amounts expected to be incurred in connection with the action;

(c) an estimate of the total amount or range of amounts expected to be incurred in connection with the action; and

(d) the registrant's estimate of the amount or range of amounts of the charge that will result in future cash expenditures, provided, however, that if the registrant determines that at the time of filing it is unable in good faith to make a determination of an estimate required by paragraphs (b), (c) or (d) of this Item 2.05, no disclosure of such estimate shall be required; provided further, however, that in any such event, the registrant shall file an amended report on Form 8-K under this Item 2.05 within four business days after it makes a determination of such an estimate or range of estimates.

**Item 2.06 Material Impairments.**

If the registrant's board of directors, a committee of the board of directors or the officer or officers of the registrant authorized to take such action if board action is not required, concludes that a material charge for impairment to one or more of its assets, including, without limitation, impairments of securities or goodwill, is required under generally accepted accounting principles applicable to the registrant, disclose the following information:

(a) the date of the conclusion that a material charge is required and a description of the impaired asset or assets and the facts and circumstances leading to the conclusion that the charge for impairment is required;

(b) the registrant's estimate of the amount or range of amounts of the impairment charge; and

(c) the registrant's estimate of the amount or range of amounts of the impairment charge that will result in future cash expenditures, provided, however, that if the registrant determines that at the time of filing it is unable in good faith to make a determination of an estimate required by paragraphs (b) or (c) of this Item 2.06, no disclosure of such estimate shall be required; provided further, however, that in any such event, the registrant shall file an amended report on Form 8-K under this Item 2.06 within four business days after it makes a determination of such an estimate or range of estimates.

Instruction.

No filing is required under this Item 2.06 if the conclusion is made in connection with the preparation, review or audit of financial statements required to be included in the next periodic report due to be filed under the Exchange Act, the periodic report is filed on a timely basis and such conclusion is disclosed in the report.

**Section 3 - Securities and Trading Markets**

**Item 3.01 Notice of Delisting or Failure to Satisfy a Continued Listing Rule or Standard; Transfer of Listing.**

(a) If the registrant has received notice from the national securities exchange or national securities association (or a facility thereof) that maintains the principal listing for any class of the registrant's common equity (as defined in Exchange Act Rule 12b-2 (17 CFR 240.12b-2)) that:

- the registrant or such class of the registrant's securities does not satisfy a rule or standard for continued listing on the exchange or association;
- the exchange has submitted an application under Exchange Act Rule 12d2-2 (17 CFR 240.12d2-2) to the Commission to delist such class of the registrant's securities; or
- the association has taken all necessary steps under its rules to delist the security from its automated inter-dealer quotation system,

the registrant must disclose:

(i) the date that the registrant received the notice;

(ii) the a rule or standard for continued listing on the national securities exchange or national securities association that the registrant fails, or has failed to, satisfy; and

(iii) any action or response that, at the time of filing, the registrant has determined to take in response to the notice.

(b) If the registrant has notified the national securities exchange or national securities association (or a facility thereof) that maintains the principal listing for any class of the registrant's common equity (as defined in Exchange Act Rule 12b-2 (17 CFR 240.12b-2) that

the registrant is aware of any material noncompliance with a rule or standard for continued listing on the exchange or association, the registrant must disclose:

(i) the date that the registrant provided such notice to the exchange or association;

(ii) the rule or standard for continued listing on the exchange or association that the registrant fails, or has failed, to satisfy; and

(iii) any action or response that, at the time of filing, the registrant has determined to take regarding its noncompliance.

(c) If the national securities exchange or national securities association (or a facility thereof) that maintains the principal listing for any class of the registrant's common equity (as defined in Exchange Act Rule 12b-2 (17 CFR 240.12b-2)), in lieu of suspending trading in or delisting such class of the registrant's securities, issues a public reprimand letter or similar communication indicating that the registrant has violated a rule or standard for continued listing on the exchange or association, the registrant must state the date, and summarize the contents of the letter or communication.

(d) If the registrant's board of directors, a committee of the board of directors or the officer or officers of the registrant authorized to take such action if board action is not required, has taken definitive action to cause the listing of a class of its common equity to be withdrawn from the national securities exchange, or terminated from the automated inter-dealer quotation system of a registered national securities association, where such exchange or association maintains the principal listing for such class of securities, including by reason of a transfer of the listing or quotation to another securities exchange or quotation system, describe the action taken and state the date of the action.

Instructions.

1. The registrant is not required to disclose any information required by paragraph (a) of this Item 3.01 where the delisting is a result of one of the following:

- the entire class of the security has been called for redemption, maturity or retirement; appropriate notice thereof has been given; if required by the terms of the securities, funds sufficient for the payment of all such securities have been deposited with an agency authorized to make such payments; and such funds have been made available to security holders;
- the entire class of the security has been redeemed or paid at maturity or retirement;
- the instruments representing the entire class of securities have come to evidence, by operation of law or otherwise, other securities in substitution therefor and represent no other right, except, if true, the right to receive an immediate cash payment (the right of dissenters to receive the appraised or fair value of their holdings shall not prevent the application of this provision); or
- all rights pertaining to the entire class of the security have been extinguished; provided, however, that where such an event occurs as the result of an order of a court or other governmental authority, the order shall be final, all applicable appeal periods shall have expired and no appeals shall be pending.

2. A registrant must provide the disclosure required by paragraph (a) or (b) of this Item 3.01, as applicable, regarding any failure to satisfy a rule or standard for continued listing on the national securities exchange or national securities association (or a facility thereof) that maintains the principal listing for any class of the registrant's common equity (as defined in Exchange Act Rule 12b-2 (17 CFR 240.12b-2)) even if the registrant has the benefit of a grace period or similar extension period during which it may cure the deficiency that triggers the disclosure requirement.

3. Notices or other communications subsequent to an initial notice sent to, or by, a registrant under Item 3.01(a), (b) or (c) that continue to indicate that the registrant does not comply with the same rule or standard for continued listing that was the subject of the initial notice are not required to be filed, but may be filed voluntarily.

4. Registrants whose securities are quoted exclusively (i.e., the securities are not otherwise listed on an exchange or association) on automated inter-dealer quotation systems are not subject to this Item 3.01 and such registrants are thus not required to file a Form 8-K pursuant to this Item 3.01 if the securities are no longer quoted on such quotation system. If a security is listed on an exchange or association and is also quoted on an automated inter-dealer quotation system, the registrant is subject to the disclosure obligations of Item 3.01 if any of the events specified in Item 3.01 occur.

**Item 3.02 Unregistered Sales of Equity Securities.**

(a) If the registrant sells equity securities in a transaction that is not registered under the Securities Act, furnish the information set forth in paragraphs (a) and (c) through (e) of Item 701 of Regulation S-K (17 CFR 229.701(a) and (c) through (e). For purposes of determining the required filing date for the Form 8-K under this Item 3.02(a), the registrant has no obligation to disclose information under this Item 3.02 until the registrant enters into an agreement enforceable against the registrant, whether or not subject to conditions, under which the equity securities are to be sold. If there is no such agreement, the registrant must provide the disclosure within four business days after the occurrence of the closing or settlement of the transaction or arrangement under which the equity securities are to be sold.

(b) No report need be filed under this Item 3.02 if the equity securities sold, in the aggregate since its last report filed under this Item 3.02 or its last periodic report, whichever is more recent, constitute less than 1% of the number of shares outstanding of the class of equity securities sold. In the case of a smaller reporting company, no report need be filed if the equity securities sold, in the aggregate since its last report filed under this Item 3.02 or its last periodic report, whichever is more recent, constitute less than 5% of the number of shares outstanding of the class of equity securities sold.

Instructions.

1. For purposes of this Item 3.02, "the number of shares outstanding" refers to the actual number of shares of equity securities of the class outstanding and does not include outstanding securities convertible into or exchangeable for such equity securities.

2. A smaller reporting company is defined under Item 10(f)(1) of Regulation S-K (17 CFR 229.10(f)(1)).

**Item 3.03 Material Modification to Rights of Security Holders.**

(a) If the constituent instruments defining the rights of the holders of any class of registered securities of the registrant have been materially modified, disclose the date of the modification, the title of the class of securities involved and briefly describe the general effect of such modification upon the rights of holders of such securities.

(b) If the rights evidenced by any class of registered securities have been materially limited or qualified by the issuance or modification of any other class of securities by the registrant, briefly disclose the date of the issuance or modification, the general effect of the issuance or modification of such other class of securities upon the rights of the holders of the registered securities.

Instruction.

Working capital restrictions and other limitations upon the payment of dividends must be reported pursuant to this Item 3.03.

**Section 4 - Matters Related to Accountants and Financial Statements**

**Item 4.01 Changes in Registrant's Certifying Accountant.**

(a) If an independent accountant who was previously engaged as the principal accountant to audit the registrant's financial statements, or an independent accountant upon whom the principal accountant expressed reliance in its report regarding a significant subsidiary, resigns (or indicates that it declines to stand for re-appointment after completion of the current audit) or is dismissed, disclose the information required by Item 304(a)(1) of Regulation S-K (17 CFR  229.304(a)(1) of this chapter),  including compliance with Item 304(a)(3) of Regulation S-K (17 CFR  229.304(a)(3) of this chapter) .

(b) If a new independent accountant has been engaged as either the principal accountant to audit the registrant's financial statements or as an independent accountant on whom the principal accountant is expected to express reliance in its report regarding a significant subsidiary, the registrant must disclose the information required by Item 304(a)(2) of Regulation S-K (17 CFR 229.304(a)(2)).

Instruction.

The resignation or dismissal of an independent accountant, or its refusal to stand for re-appointment, is a reportable event separate from the engagement of a new independent accountant. On some occasions, two reports on Form 8-K are required for a single change in accountants, the first on the resignation (or refusal to stand for re-appointment ) or dismissal of the former accountant and the second when the new accountant is engaged. Information required in the second Form 8-K in such situations need not be provided to the extent that it has been reported previously in the first Form 8-K.

**Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**

(a) If the registrant's board of directors, a committee of the board of directors or the officer or officers of the registrant authorized to take such action if board action is not required, concludes that any previously issued financial statements, covering one or more years or interim periods for which the registrant is required to provide financial statements under Regulation S-X (17 CFR 210) should no longer be relied upon because of an error in such financial statements as addressed in FASB ASC Topic 250, Accounting Changes and Error Corrections, as may be modified, supplemented or succeeded, disclose the following information:

14

(1) the date of the conclusion regarding the non-reliance and an identification of the financial statements and years or periods covered that should no longer be relied upon;

(2) a brief description of the facts underlying the conclusion to the extent known to the registrant at the time of filing; and

(3) a statement of whether the audit committee, or the board of directors in the absence of an audit committee, or authorized officer or officers, discussed with the registrant's independent accountant the matters disclosed in the filing pursuant to this Item 4.02(a).

(b) If the registrant is advised by, or receives notice from, its independent accountant that disclosure should be made or action should be taken to prevent future reliance on a previously issued audit report or completed interim review related to previously issued financial statements, disclose the following information:

(1) the date on which the registrant was so advised or notified;

(2) identification of the financial statements that should no longer be relied upon;

(3) a brief description of the information provided by the accountant; and

(4) a statement of whether the audit committee, or the board of directors in the absence of an audit committee, or authorized officer or officers, discussed with the independent accountant the matters disclosed in the filing pursuant to this Item 4.02(b).

(c) If the registrant receives advisement or notice from its independent accountant requiring disclosure under paragraph (b) of this Item 4.02, the registrant must:

(1) provide the independent accountant with a copy of the disclosures it is making in response to this Item 4.02 that the independent accountant shall receive no later than the day that the disclosures are filed with the Commission;

(2) request the independent accountant to furnish to the registrant as promptly as possible a letter addressed to the Commission stating whether the independent accountant agrees with the statements made by the registrant in response to this Item 4.02 and, if not, stating the respects in which it does not agree; and

(3) amend the registrant's previously filed Form 8-K by filing the independent accountant's letter as an exhibit to the filed Form 8-K no later than two business days after the registrant's receipt of the letter.

## Section 5 - Corporate Governance and Management

## Item 5.01 Changes in Control of Registrant.

(a) If, to the knowledge of the registrant's board of directors, a committee of the board of directors or authorized officer or officers of the registrant, a change in control of the registrant has occurred, furnish the following information:

(1) the identity of the person(s) who acquired such control;

(2) the date and a description of the transaction(s) which resulted in the change in control;

(3) the basis of the control, including the percentage of voting securities of the registrant now beneficially owned directly or indirectly by the person(s) who acquired control;

(4) the amount of the consideration used by such person(s);

(5) the source(s) of funds used by the person(s), unless all or any part of the consideration used is a loan made in the ordinary course of business by a bank as defined by Section 3(a)(6) of the Act, in which case the identity of such bank may be omitted provided the person who acquired control:

(i) has made a request for confidentiality pursuant to Section 13(d)(1)(B) of the Act; and

(ii) states in the report that the identity of the bank has been so omitted and filed separately with the Commission.

(6) the identity of the person(s) from whom control was assumed;

(7) any arrangements or understandings among members of both the former and new control groups and their associates with respect to election of directors or other matters; and

(8) if the registrant was a shell company, other than a business combination related shell company, as those terms

are defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), immediately before the change in control, the information that would be required if the registrant were filing a general form for registration of securities on Form 10 under the Exchange Act reflecting all classes of the registrant's securities subject to the reporting requirements of Section 13 (15 U.S.C. 78m) or Section 15(d) (15 U.S.C. 78o(d)) of such Act upon consummation of the change in control, with such information reflecting the registrant and its securities upon consummation of the transaction. Notwithstanding General Instruction B.3. to Form 8-K, if any disclosure required by this Item 5.01(a)(8) is previously reported, as that term is defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), the registrant may identify the filing in which that disclosure is included instead of including that disclosure in this report.

(b) Furnish the information required by Item 403(c) of Regulation S-K (17 CFR 229.403(c)).

**Item 5.02 Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers.**

(a)(1) If a director has resigned or refuses to stand for re-election to the board of directors since the date of the last annual meeting of shareholders because of a disagreement with the registrant, known to an executive officer of the registrant, as defined in 17 CFR 240.3b-7, on any matter relating to the registrant's operations, policies or practices, or if a director has been removed for cause from the board of directors, disclose the following information:

(i) the date of such resignation, refusal to stand for re-election or removal;

(ii) any positions held by the director on any committee of the board of directors at the time of the director's resignation, refusal to stand for re-election or removal; and

(iii) a brief description of the circumstances representing the disagreement that the registrant believes caused, in whole or in part, the director's resignation, refusal to stand for re-election or removal.

(2) If the director has furnished the registrant with any written correspondence concerning the circumstances surrounding his or her resignation, refusal or removal, the registrant shall file a copy of the document as an exhibit to the report on Form 8-K.

(3) The registrant also must:

(i) provide the director with a copy of the disclosures it is making in response to this Item 5.02 no later than the day the registrant file the disclosures with the Commission;

(ii) provide the director with the opportunity to furnish the registrant as promptly as possible with a letter addressed to the registrant stating whether he or she agrees with the statements made by the registrant in response to this Item 5.02 and, if not, stating the respects in which he or she does not agree; and

(iii) file any letter received by the registrant from the director with the Commission as an exhibit by an amendment to the previously filed Form 8-K within two business days after receipt by the registrant.

(b) If the registrant's principal executive officer, president, principal financial officer, principal accounting officer, principal operating officer, or any person performing similar functions, or any named executive officer, retires, resigns or is terminated from that position, or if a director retires, resigns, is removed, or refuses to stand for re-election (except in circumstances described in paragraph (a) of this Item 5.02), disclose the fact that the event has occurred and the date of the event.

(c) If the registrant appoints a new principal executive officer, president, principal financial officer, principal accounting officer, principal operating officer, or person performing similar functions, disclose the following information with respect to the newly appointed officer:

(1) the name and position of the newly appointed officer and the date of the appointment;

(2) the information required by Items 401(b), (d), (e) and Item 404(a) of Regulation S-K (17 CFR 229.401(b), (d), (e) and 229.404(a)); and

(3) a brief description of any material plan, contract or arrangement (whether or not written) to which a covered officer is a party or in which he or she participates that is entered into or material amendment in connection with the triggering event or any grant or award to any such covered person or modification thereto, under any such plan, contract or arrangement in connection with any such event.

Instruction to paragraph (c).

If the registrant intends to make a public announcement of the appointment other than by means of a report on Form 8-K, the registrant may delay filing the Form 8-K containing the disclosures required by this Item 5.02(c) until the day on which the registrant otherwise

makes public announcement of the appointment of such officer.

(d) If the registrant elects a new director, except by a vote of security holders at an annual meeting or special meeting convened for such purpose, disclose the following information:

(1) the name of the newly elected director and the date of election;

(2) a brief description of any arrangement or understanding between the new director and any other persons, naming such persons, pursuant to which such director was selected as a director;

(3) the committees of the board of directors to which the new director has been, or at the time of this disclosure is expected to be, named; and

(4) the information required by Item 404(a) of Regulation S-K  (17 CFR 229.404(a)).

(5) a brief description of any material plan, contract or arrangement (whether or not written) to which the director is a party or in which he or she participates that is entered into or material amendment in connection with the triggering event or any grant or award to any such covered person or modification thereto, under any such plan, contract or arrangement in connection with any such event.

(e) If the registrant enters into, adopts, or otherwise commences a material compensatory plan, contract or arrangement (whether or not written), as to which the registrant's principal executive officer, principal financial officer, or a named executive officer participates or is a party, or such compensatory plan, contract or arrangement is materially amended or modified, or a material grant or award under any such plan, contract or arrangement to any such person is made or materially modified, then the registrant shall provide a brief description of the terms and conditions of the plan, contract or arrangement and the amounts payable to the officer thereunder.

Instructions to paragraph (e).

1. Disclosure under this Item 5.02(e) shall be required whether or not the specified event is in connection with events otherwise triggering disclosure pursuant to this Item 5.02.

2. Grants or awards (or modifications thereto) made pursuant to a plan, contract or arrangement (whether involving cash or equity), that are materially consistent with the previously disclosed terms of such plan, contract or arrangement, need not be disclosed under this Item 5.02(e), provided the registrant has previously disclosed such terms and the grant, award or modification is disclosed when Item 402 of Regulation S-K (17 CFR 229.402) requires such disclosure.

(f)(1) If the salary or bonus of a named executive officer cannot be calculated as of the most recent practicable date and is omitted from the Summary Compensation Table as specified in Instruction 1 to Item 402(c)(2)(iii) and (iv) of Regulation S-K, disclose the appropriate information under this Item 5.02(f) when there is a payment, grant, award, decision or other occurrence as a result of which such amounts become calculable in whole or part. Disclosure under this Item 5.02(f) shall include a new total compensation figure for the named executive officer, using the new salary or bonus information to recalculate the information that was previously provided with respect to the named executive officer in the registrant's Summary Compensation Table for which the salary and bonus information was omitted in reliance on Instruction 1 to Item 402(c)(2)(iii) and (iv) of Regulation S-K (17 CFR 229.402(c)(2)(iii) and (iv)).

(2) As specified in Instruction 6 to Item 402(u) of Regulation S-K (17 CFR 229.402(u)), disclosure under this Item 5.02(f) with respect to the salary or bonus of a principal executive officer shall include pay ratio disclosure pursuant to Item 402(u) of Regulation S-K calculated using the new total compensation figure for the principal executive officer. Pay ratio disclosure is not required under this Item 5.02(f) until the omitted salary or bonus amounts for such principal executive officer become calculable in whole.

Instructions to Item 5.02.

1. The disclosure requirements of this Item 5.02 do not apply to a registrant that is a wholly-owned subsidiary of an issuer with a class of securities registered under Section 12 of the Exchange Act (15 U.S.C. 78l), or that is required to file reports under Section 15(d) of the Exchange Act (15 U.S.C. 78o(d)).

2. To the extent that any information called for in Item 5.02(c)(3) or Item 5.02(d)(3) or Item 5.02(d)(4) is not determined or is unavailable at the time of the required filing, the registrant shall include a statement this effect in the filing and then must file an amendment to its Form 8-K filing under this Item 5.02 containing such information within four business days after the information is determined or becomes available.

3. The registrant need not provide information with respect to plans, contracts, and arrangements to the extent they do not discriminate in scope, terms or operation, in favor of executive officers or directors of the registrant and that are available generally to all salaried employees.

4. For purposes of this Item, the term "named executive officer" shall refer to those executive officers for whom disclosure was required in the registrant's most recent filing with the Commission under the Securities Act (15 U.S.C. 77a et seq.) or Exchange Act (15 U.S.C. 78a et seq.) that required disclosure pursuant to Item 402(c) of Regulation S-K (17 CFR 229.402(c)).

**Item 5.03 Amendments to Articles of Incorporation or Bylaws; Change in Fiscal Year.**

(a) If a registrant with a class of equity securities registered under Section 12 of the Exchange Act (15 U.S.C. 78l) amends its articles of incorporation or bylaws and a proposal for the amendment was not disclosed in a proxy statement or information statement filed by the registrant, disclose the following information:

(1) the effective date of the amendment; and

(2) a description of the provision adopted or changed by amendment and, if applicable, the previous provision.

(b) If the registrant determines to change the fiscal year from that used in its most recent filing with the Commission other than by means of:

(1) a submission to a vote of security holders through the solicitation of proxies or otherwise; or

(2) an amendment to its articles of incorporation or bylaws,

disclose the date of such determination, the date of the new fiscal year end and the form (for example, Form 10-K or Form 10-Q) on which the report covering the transition period will be filed.

Instructions to Item 5.03.

1. Refer to Item 601(b)(3) of Regulation S-K (17 CFR 229.601(b)(3) regarding the filing of exhibits to this Item 5.03.

2. With respect to asset-backed securities, as defined in 17 CFR 229.1101, disclosure is required under this Item 5.03 regarding any amendment to the governing documents of the issuing entity, regardless of whether the class of asset-backed securities is reporting under Section 13 or 15(d) of the Exchange Act.

**Item 5.04 Temporary Suspension of Trading Under Registrant's Employee Benefit Plans.**

(a) No later than the fourth business day after which the registrant receives the notice required by section 101(i)(2)(E) of the Employment Retirement Income Security Act of 1974 (29 U.S.C. 1021(i)(2)(E)), or, if such notice is not received by the registrant, on the same date by which the registrant transmits a timely notice to an affected officer or director within the time period prescribed by Rule 104(b)(2)(i)(B) or 104(b)(2)(ii) of Regulation BTR (17 CFR 245.104(b)(2)(i)(B) or 17 CFR 245.104(b)(2)(ii)), provide the information specified in Rule 104(b) (17 CFR 245.104(b)) and the date the registrant received the notice required by section 101(i)(2)(E) of the Employment Retirement Income Security Act of 1974 (29 U.S.C. 1021(i)(2)(E)), if applicable.

(b) On the same date by which the registrant transmits a timely updated notice to an affected officer or director, as required by the time period under Rule 104(b)(2)(iii) of Regulation BTR (17 CFR 245.104(b)(2)(iii)), provide the information specified in Rule 104(b)(3) (iii) (17 CFR 245.104(b)(2)(iii)).

**Item 5.05 Amendments to the Registrant's Code of Ethics, or Waiver of a Provision of the Code of Ethics.**

(a) Briefly describe the date and nature of any amendment to a provision of the registrant's code of ethics that applies to the registrant's principal executive officer, principal financial officer, principal accounting officer or controller or persons performing similar functions and that relates to any element of the code of ethics definition enumerated in Item 406(b) of Regulations S-K (17 CFR 228.406(b)).

(b) If the registrant has granted a waiver, including an implicit waiver, from a provision of the code of ethics to an officer or person described in paragraph (a) of this Item 5.05, and the waiver relates to one or more of the elements of the code of ethics definition referred to in paragraph (a) of this Item 5.05, briefly describe the nature of the waiver, the name of the person to whom the waiver was granted, and the date of the waiver.

(c) The registrant does not need to provide any information pursuant to this Item 5.05 if it discloses the required information on

its Internet website within four business days following the date of the amendment or waiver and the registrant has disclosed in its most recently filed annual report its Internet address and intention to provide disclosure in this manner. If the registrant elects to disclose the information required by this Item 5.05 through its website, such information must remain available on the website for at least a 12-month period. Following the 12-month period, the registrant must retain the information for a period of not less than five years. Upon request, the registrant must furnish to the Commission or its staff a copy of any or all information retained pursuant to this requirement.

Instructions.

1. The registrant does not need to disclose technical, administrative or other non-substantive amendments to its code of ethics.

2. For purposes of this Item 5.05:

(i) The term waiver means the approval by the registrant of a material departure from a provision of the code of ethics; and

(ii) The term implicit waiver means the registrant's failure to take action within a reasonable period of time regarding a material departure from a provision of the code of ethics that has been made known to an executive officer, as defined in Rule 3b-7 (17 CFR 240.3b-7) of the registrant.

**Section 5.06 -Change in Shell Company Status.**

If a registrant that was a shell company, other than a business combination related shell company, as those terms are defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), has completed a transaction that has the effect of causing it to cease being a shell company, as defined in Rule 12b-2, disclose the material terms of the transaction. Notwithstanding General Instruction B.3. to Form 8-K, if any disclosure required by this Item 5.06 is previously reported, as that term is defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), the registrant may identify the filing in which that disclosure is included instead of including that disclosure in this report.

**Item 5.07 Submission of Matters to a Vote of Security Holders.**

If any matter was submitted to a vote of security holders, through the solicitation of proxies or otherwise, provide the following information:

(a) The date of the meeting and whether it was an annual or special meeting. This information must be provided only if a meeting of security holders was held.

(b) If the meeting involved the election of directors, the name of each director elected at the meeting, as well as a brief description of each other matter voted upon at the meeting; and state the number of votes cast for, against or withheld, as well as the number of abstentions and broker non-votes as to each such matter, including a separate tabulation with respect to each nominee for office. For the vote on the frequency of shareholder advisory votes on executive compensation required by section 14A(a)(2) of the Securities Exchange Act of 1934 (15 U.S.C. 78n-1) and §240.14a-21(b), state the number of votes cast for each of 1 year, 2 years, and 3 years, as well as the number of abstentions.

(c) A description of the terms of any settlement between the registrant and any other participant (as defined in Instruction 3 to Item 4 of Schedule 14A (17 CFR 240.14a-101)) terminating any solicitation subject to Rule 14a-12(c), including the cost or anticipated cost to the registrant.

(d) No later than one hundred fifty calendar days after the end of the annual or other meeting of shareholders at which shareholders voted on the frequency of shareholder votes on the compensation of executives as required by section 14A(a)(2) of the Securities Exchange Act of 1934 (15 U.S.C. 78n-1), but in no event later than sixty calendar days prior to the deadline for submission of shareholder proposals under §240.14a-8, as disclosed in the registrant's most recent proxy statement for an annual or other meeting of shareholders relating to the election of directors at which shareholders voted on the frequency of shareholder votes on the compensation of executives as required by section 14A(a)(2) of the Securities Exchange Act of 1934 (15 U.S.C. 78n-1(a)(2)), by amendment to the most recent Form 8-K filed pursuant to (b) of this Item, disclose the company's decision in light of such vote as to how frequently the company will include a shareholder vote on the compensation of executives in its proxy materials until the next required vote on the frequency of shareholder votes on the compensation of executives.

Instruction 1 to Item 5.07. The four business day period for reporting the event under this Item 5.07, other than with respect to Item 5.07(d), shall begin to run on the day on which the meeting ended. The registrant shall disclose on Form 8-K under this Item 5.07 the preliminary voting results. The registrant shall file an amended report on Form 8-K under this Item 5.07 to disclose the final voting results within four business days after the final voting results are known. However, no preliminary voting results need be disclosed under this Item 5.07 if the registrant has disclosed final voting results on Form 8-K under this Item.

Instruction 2 to Item 5.07. If any matter has been submitted to a vote of security holders otherwise than at a meeting of such security

holders, corresponding information with respect to such submission shall be provided. The solicitation of any authorization or consent (other than a proxy to vote at a stockholders' meeting) with respect to any matter shall be deemed a submission of such matter to a vote of security holders within the meaning of this item.

Instruction 3 to Item 5.07. If the registrant did not solicit proxies and the board of directors as previously reported to the Commission was re-elected in its entirety, a statement to that effect in answer to paragraph (b) will suffice as an answer thereto regarding the election of directors.

Instruction 4 to Item 5.07. If the registrant has furnished to its security holders proxy soliciting material containing the information called for by paragraph (c), the paragraph may be answered by reference to the information contained in such material.

 Instruction 5 to Item 5.07. A registrant may omit the information called for by this Item 5.07 if, on the date of the filing of its report on Form 8-K, the registrant meets the following conditions:

	1. All of the registrant's equity securities are owned, either directly or indirectly, by a single person which is a reporting company under the Exchange Act and which has filed all the material required to be filed pursuant to Section 13, 14 or 15(d) thereof, as applicable; and

	2. During the preceding thirty-six calendar months and any subsequent period of days, there has not been any material default in the payment of principal, interest, a sinking or purchase fund installment, or any other material default not cured within thirty days, with respect to any indebtedness of the registrant or its subsidiaries, and there has not been any material default in the payment of rentals under material long-term leases.

**Item 5.08 Shareholder Director Nominations**

	(a) If the registrant did not hold an annual meeting the previous year, or if the date of this year's annual meeting has been changed by more than 30 calendar days from the date of the previous year's meeting, then the registrant is required to disclose the date by which a nominating shareholder or nominating shareholder group must submit the notice on Schedule 14N (§ 240.14n–101) required pursuant to § 240.14a–11(b)(10), which date shall be a reasonable time before the registrant mails its proxy materials for the meeting. Where a registrant is required to include shareholder director nominees in the registrant's proxy materials pursuant to either an applicable state or foreign law provision, or a provision in the registrant's governing documents, then the registrant is required to disclose the date by which a nominating shareholder or nominating shareholder group must submit the notice on Schedule 14N required pursuant to § 240.14a–18.

	(b) If the registrant is a series company as defined in Rule 18f–2(a) under the Investment Company Act of 1940 (§ 270.18f–2 of this chapter), then the registrant is required to disclose in connection with the election of directors at an annual meeting of shareholders (or, in lieu of such an annual meeting, a special meeting of shareholders) the total number of shares of the registrant outstanding and entitled to be voted (or if the votes are to be cast on a basis other than one vote per share, then the total number of votes entitled to be voted and the basis for allocating such votes) on the election of directors at such meeting of shareholders as of the end of the most recent calendar quarter.

**Section 6 -Asset-Backed Securities**

The Items in this Section 6 apply only to asset-backed securities. Terms used in this Section 6 have the same meaning as in Item 1101 of Regulation AB (17 CFR 229.1101).

**Item 6.01 ABS Informational and Computational Material.**

Report under this Item any ABS informational and computational material filed in, or as an exhibit to, this report.

**Item 6.02 Change of Servicer or Trustee.**

If a servicer contemplated by Item 1108(a)(2) of Regulation AB (17 CFR 229.1108(a)(2)) or a trustee has resigned or has been removed, replaced or substituted, or if a new servicer contemplated by Item 1108(a)(2) of Regulation AB or trustee has been appointed, state the date the event occurred and the circumstances surrounding the change. In addition, provide the disclosure required by Item 1108(d) of Regulation AB (17 CFR 229.1108(c)), as applicable, regarding the servicer or trustee change. If a new servicer contemplated by Item 1108(a)(3) of this Regulation AB or a new trustee has been appointed, provide the information required by Item 1108(b) through (d) of Regulation AB regarding such servicer or Item 1109 of Regulation AB (17 CFR 229.1109) regarding such trustee, as applicable.

*Instruction*.

To the extent that any information called for by this Item regarding such servicer or trustee is not determined or is unavailable at the time of the required filing, the registrant shall include a statement to this effect in the filing and then must file an amendment to its Form 8-K filing under this Item 6.02 containing such information within four business days after the information is determined or becomes available.

**Item 6.03 Change in Credit Enhancement or Other External Support.**

(a) *Loss of existing enhancement or support*. If the depositor (or servicer if the servicer signs the report on Form 10-K (17 CFR 249.310) of the issuing entity) becomes aware that any material enhancement or support specified in Item 1114(a)(1) through (3) of Regulation AB (17 CFR 229.1114(a)(1) through (3)) or Item 1115 of Regulation AB (17 CFR 229.1115) that was previously applicable regarding one or more classes of the asset-backed securities has terminated other than by expiration of the contract on its stated termination date or as a result of all parties completing their obligations under such agreement, then disclose:

(1) the date of the termination of the enhancement;

(2) the identity of the parties to the agreement relating to the enhancement or support;

(3) a brief description of the terms and conditions of the enhancement or support that are material to security holders;

(4) a brief description of the material circumstances surrounding the termination; and

(5) any material early termination penalties paid or to be paid out of the cash flows backing the asset-backed securities.

(b) *Addition of new enhancement or support*. If the depositor (or servicer if the servicer signs the report on Form 10-K (17 CFR 249.310) of the issuing entity) becomes aware that any material enhancement specified in Item 1114(a)(1) through (3) of Regulation AB (17 CFR 229.1114(a)(1) through (3)) or Item 1115 of Regulation AB (17 CFR 229.1115) has been added with respect to one or more classes of the asset-backed securities, then provide the date of addition of the new enhancement or support and the disclosure required by Items 1114 or 1115 of Regulation AB, as applicable, with respect to such new enhancement or support.

(c) *Material change to enhancement or support*. If the depositor (or servicer if the servicer signs the report on Form 10-K (17 CFR 249.310) of the issuing entity) becomes aware that any existing material enhancement or support specified in Item 1114(a)(1) through (3) of Regulation AB or Item 1115 of Regulation AB with respect to one or more classes of the asset-backed securities has been materially amended or modified, disclose:

(1) the date on which the agreement or agreements relating to the enhancement or support was amended or modified;

(2) the identity of the parties to the agreement or agreements relating to the amendment or modification; and

(3) a brief description of the material terms and conditions of the amendment or modification.

*Instructions*.

1. Disclosure is required under this Item whether or not the registrant is a party to any agreement regarding the enhancement or support if the loss, addition or modification of such enhancement or support materially affects, directly or indirectly, the asset-backed securities, the pool assets or the cash flow underlying the asset-backed securities.

2. To the extent that any information called for by this Item regarding the enhancement or support is not determined or is unavailable at the time of the required filing, the registrant shall include a statement to this effect in the filing and then must file an amendment to its Form 8-K filing under this Item 6.03 containing such information within four business days after the information is determined or becomes available.

3. The instructions to Items 1.01 and 1.02 of this Form apply to this Item.

4. Notwithstanding Items 1.01 and 1.02 of this Form, disclosure regarding changes to material enhancement or support is to be reported under this Item 6.03 in lieu of those Items.

**Item 6.04 Failure to Make a Required Distribution.**

If a required distribution to holders of the asset-backed securities is not made as of the required distribution date under the transaction

documents, and such failure is material, identify the failure and state the nature of the failure to make the timely distribution.

**Item 6.05 Securities Act Updating Disclosure.**

Regarding an offering of asset-backed securities registered on Form SF-3 (17 CFR 239.45), if any material pool characteristic of the actual asset pool at the time of issuance of the asset-backed securities differs by 5% or more (other than as a result of the pool assets converting into cash in accordance with their terms) from the description of the asset pool in the prospectus filed for the offering pursuant to Securities Act Rule 424 (17 CFR 230.424), disclose the information required by Items 1111 and 1112 of Regulation AB (17 CFR 229.1111 and 17 CFR 229.1112) regarding the characteristics of the actual asset pool. If applicable, also provide information required by Items 1108 and 1110 of Regulation AB (17 CFR 229.1108 and 17 CFR 229.1110) regarding any new servicers or originators that would be required to be disclosed under those items regarding the pool assets.

*Instruction.*

No report is required under this Item if substantially the same information is provided in a post-effective amendment to the Securities Act registration statement or in a subsequent prospectus filed pursuant to Securities Act Rule 424 (17 CFR 230.424).

**Item 6.06 Static Pool.**

Regarding an offering of asset-backed securities registered on Form SF-1 (17 CFR 239.44) or Form SF-3 (17 CFR 239.45), in lieu of providing the static pool information as required by Item 1105 of Regulation AB (17 CFR 229.1105) in a form of prospectus or prospectus, an issuer may file the required information in this report or as an exhibit to this report. The static pool disclosure must be filed by the time of effectiveness of a registration statement on Form SF-1, by the same date of the filing of a form of prospectus, as required by Rule 424(h) (17 CFR 230.424(h)), and by the same date of the filing of a final prospectus meeting the requirements of section 10(a) of the Securities Act (15 U.S.C. 77j(a)) filed in accordance with Rule 424(b) (17 CFR 230.424(b)).

Instructions.
1. Refer to Item 601(b)(106) of Regulation S-K (17 CFR 229.601(b)(106)) regarding the filing of exhibits to this Item 6.06.
2. Refer to Item 10 of Form SF-1 (17 CFR 239.44) or Item 10 of Form SF-3 (17 CFR 239.45) regarding incorporation by reference.

**Section 7 - Regulation FD**

**Item 7.01 Regulation FD Disclosure.**

Unless filed under Item 8.01, disclose under this item only information that the registrant elects to disclose through Form 8-K pursuant to Regulation FD (17 CFR 243.100 through 243.103).

**Section 8 - Other Events**

**Item 8.01 Other Events.**

The registrant may, at its option, disclose under this Item 8.01 any events, with respect to which information is not otherwise called for by this form, that the registrant deems of importance to security holders. The registrant may, at its option, file a report under this Item 8.01 disclosing the nonpublic information required to be disclosed by Regulation FD (17 CFR 243.100 through 243.103).

**Section 9 - Financial Statements and Exhibits**

**Item 9.01 Financial Statements and Exhibits.**

List below the financial statements, pro forma financial information and exhibits, if any, filed as a part of this report.

    (a) *Financial statements of businesses or funds acquired.*
        (1) For any business acquisition or fund acquisition required to be described in answer to Item 2.01 of this form, file financial statements and any applicable supplemental information, of the business acquired specified in Rules 3-05 or 3-14 of Regulation S-X (17 CFR 210.3-05 and 210.3-14), or Rules 8-04 or 8-06 of Regulation S-X (17 CFR 210.8-04 and 210.8-06) for smaller reporting companies, or of the fund acquired specified in Rule 6-11 of Regulation S-X (17 CFR 210.6-11).
        (2) The financial statements must be prepared pursuant to Regulation S-X except that supporting schedules need not be filed unless required by Rule 6-11 of Regulation S-X (17 CFR 210.6-11).  A manually signed accountant's report should be provided pursuant to Rule 2-02 of Regulation S-X (17 CFR 210.2-02).
        (3) Financial statements required by this item may be filed with the initial report, or by amendment not later than 71 calendar days after the date that the initial report on Form 8-K must be filed.  If the financial statements are not included in the initial

report, the registrant should so indicate in the Form 8-K report and state when the required financial statements will be filed.

The registrant may, at its option, include unaudited financial statements in the initial report on Form 8-K.

(b) *Pro forma financial information.*

(1) For any transaction required to be described in answer to Item 2.01 of this form, file any pro forma financial information that would be required pursuant to Article 11 of Regulation S-X (17 CFR 210) or Rule 8-05 of Regulation S-X (17 CFR 210.8-05) for smaller reporting companies unless it involves the acquisition of a fund subject to Rule 6-11 of Regulation S-X (17 CFR 210.6-11).

(2) The provisions of paragraph (a)(3) of this Item 9.01 must also apply to pro forma financial information relative to the acquired business.

(c) *Shell company transactions.*  The provisions of paragraph (a)(3) and (b)(2) of this Item do not apply to the financial statements or pro forma financial information required to be filed under this Item with regard to any transaction required to be described in answer to Item 2.01 of this Form by a registrant that was a shell company, other than a business combination related shell company, as those terms are defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), immediately before that transaction.  Accordingly, with regard to any transaction required to be described in answer to Item 2.01 of this Form by a registrant that was a shell company, other than a business combination related shell company, immediately before that transaction, the financial statements and pro forma financial information required by this Item must be filed in the initial report.  Notwithstanding General Instruction B.3. to Form 8-K, if any financial statement or any financial information required to be filed in the initial report by this Item 9.01(c) is previously reported, as that term is defined in Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2), the registrant may identify the filing in which that disclosure is included instead of including that disclosure in the initial report.

(d) *Exhibits*. The exhibits shall be deemed to be  filed or furnished, depending on the relevant item requiring such exhibit, in accordance with the provisions of Item 601 of Regulation S-K (17 CFR 229.601)and Instruction B.2 to this form.

<u>Instruction</u>.

During the period after a registrant has reported an acquisition pursuant to Item 2.01 of this form, until the date on which the financial statements specified by this Item 9.01 must be filed, the registrant will be deemed current for purposes of its reporting obligations under Section 13(a) or 15(d) of the Exchange Act (15 U.S.C. 78m or 78o(d)).  With respect to filings under the Securities Act, however, registration statements will not be declared effective and post-effective amendments to registration statements will not be declared effective unless financial statements meeting the requirements of Rule 3-05, Rule 3-14, Rule 6-11, Rule 8-04, and Rule 8-06 of Regulation S-X (17 CFR 210.3-05, 210.3-14, 210.6-11, 210.8-04, and 210.8-06), as applicable, are provided.  In addition, offerings should not be made pursuant to effective registration statements, or pursuant to Rule 506 of Regulation D (17 CFR 230.506) where any purchasers are not accredited investors under Rule 501(a) of that Regulation, until the audited financial statements required by Rule 3-05, Rule 3-14, Rule
6-11, Rule 8-04, and Rule 8-06 of Regulation S-X (17 CFR 210.3-05, 210.3-14, 210.6-11, 210.8-04, and 210.8-06), as applicable, are filed; provided, however, that the following offerings or sales of securities may proceed notwithstanding that financial statements of the acquired business have not been filed:

(a) offerings or sales of securities upon the conversion of outstanding convertible securities or upon the exercise of outstanding warrants or rights;

(b) dividend or interest reinvestment plans;

(c) employee benefit plans;

(d) transactions involving secondary offerings; or

(e) sales of securities pursuant to Rule 144 (17 CFR 230.144).

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

_____
(Registrant)

Date _____

_____
(Signature)*

*Print name and title of the signing officer under his signature.