**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

**DEBTORS' FURTHER MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN, SUBMITTED BY THE DEBTORS, THE BONDHOLDER COMMITTEE, AND L BOND MANAGEMENT, LLC AS CO-PROPONENTS**

---

April ~~19~~20, 2023

| | |
|---|---|
| **JACKSON WALKER LLP**<br>Kristhy M. Peguero (TX Bar No. 24102776)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>Telephone:   (713) 752-4200<br>Email:       kpeguero@jw.com<br>             mcavenaugh@jw.com<br><br>*Co-Counsel for the Debtors and Debtors in Possession*<br><br>**MAYER BROWN LLP**<br>Charles S. Kelley (TX Bar No. 11199580)<br>700 Louisiana Street, Suite 3400<br>Houston, TX 77002-2730<br>Telephone:   (713) 238-3000<br>Email:       ckelley@mayerbrown.com<br><br>Thomas S. Kiriakos (admitted *pro hac vice*)<br>Louis S. Chiappetta (admitted *pro hac vice*)<br>Jamie R. Netznik (admitted *pro hac vice*) | Lisa Holl Chang<br>Joshua R. Gross (admitted *pro hac vice*)<br>Jade Edwards<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone:   (312) 782-0600<br>Email:       tkiriakos@mayerbrown.com<br>             lchiappetta@mayerbrown.com<br>             jnetznik@mayerbrown.com<br>             lhollchang@mayerbrown.com<br>             jgross@mayerbrown.com<br>             jmedwards@mayerbrown.com<br><br>Adam C. Paul (admitted *pro hac vice*)<br>Lucy F. Kweskin (admitted *pro hac vice*)<br>Ashley Anglade<br>1221 Avenue of the Americas<br>New York, NY 10020-1001<br>Telephone:   (212) 506-2500<br>Email:       apaul@mayerbrown.com<br>             lkweskin@mayerbrown.com<br>             aanglade@mayerbrown.com<br><br>*Counsel for the Debtors and Debtors in Possession* |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201.  Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

751957965

# TABLE OF CONTENTS

Page

**ARTICLE I. DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME, AND GOVERNING LAW** ............................................................................................................. 1
    A.    *Defined Terms.* ............................................................................................... 1
    B.    *Rules of Interpretation.* ............................................................................... 22
    C.    *Computation of Time.* ............................................................................... ~~23~~22
    D.    *Governing Law.* ........................................................................................ ~~23~~22
    E.    *Reference to Monetary Figures.* ................................................................ 23
    F.    *Controlling Document.* .............................................................................. 23
    G.    *Proponents' Consent Right.* ...................................................................... 23

**ARTICLE II. ADMINISTRATIVE CLAIMS, ACCRUED PROFESSIONAL FEE COMPENSATION CLAIMS, DIP CLAIMS, PRIORITY TAX CLAIMS, ~~AND~~ INDENTURE DIMINUTION CLAIMS, AND SUBSTANTIAL CONTRIBUTION CLAIMS** ............................... 24
    A.    *Administrative Claims.* .............................................................................. 24
    B.    *Accrued Professional Compensation Claims.* ........................................... 25
    C.    *Chapford DIP Facility Claims.* ................................................................. 27
    D.    *Vida DIP Claims.* ...................................................................................... 27
    E.    *DLP Secured Claims.* ................................................................................ 27
    F.    *Indenture Diminution Claims.* ................................................................... ~~28~~27
    G.    *Priority Tax Claims.* ................................................................................. ~~28~~27
    H.    *Allowed AHC Substantial Contribution Claim.* .......................................... 28
    ~~H~~I.    *Substantial Contribution Compensation and Expenses.* ............................ 28

**ARTICLE III. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** ............ 28
    A.    *Summary of Classification.* ....................................................................... 28
    B.    *Treatment of Claims and Interests.* ........................................................... 29
    C.    *Special Provision Governing Unimpaired Claims.* ................................... 33
    D.    *Elimination of Vacant Classes.* ................................................................ 33
    E.    *Voting Classes; Presumed Acceptance by Non-Voting Classes.* ............... ~~34~~33
    F.    *Subordinated Claims.* ............................................................................... 34
    G.    *Presumed Acceptance of Plan.* ................................................................. 34
    H.    *Presumed Rejection of Plan.* .................................................................... 34
    I.    *Acceptance by Impaired Classes of Claims.* ............................................. 34
    J.    *Acceptance by Impaired Classes of Interests.* .......................................... 34
    K.    *Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.* ........... ~~35~~34
    L.    *Controversies Regarding Impairment.* ..................................................... 35

**ARTICLE IV. MEANS FOR IMPLEMENTATION OF THE PLAN** ............................................. 35
    A.    *Wind Down Trust.* ..................................................................................... 35
    B.    *U.S. Federal Income Tax Treatment and Reporting.* ............................... 38
    C.    *General Settlement of Claims and Interests.* ............................................ 40
    D.    *Wind Down Transactions.* ........................................................................ 40
    E.    *Litigation Trust.* ....................................................................................... 41
    F.    *Sources of Plan Consideration.* ................................................................ 44
    G.    *Redemption of New WDT Interests.* .......................................................... 46
    H.    *Priority of Cash Distributions to Holders of New WDT Interests.* ............ 47
    I.    *LBM Settlement.* ....................................................................................... 48
    J.    *Exemption from Registration Requirements.* ........................................... 49
    K.    *Section 1146(a) Exemption.* ..................................................................... 50
    L.    *Cancellation of Securities and Agreements.* ............................................. 51
    M.    *Corporate Action.* .................................................................................... 51

|   |   |   |
|---|---|---|
| N. | *Dissolution and Board of Directors.* | 52 |
| O. | *Effectuating Documents; Further Transactions.* | 53 |
| P. | *Vesting of Assets.* | 53 |
| Q. | *Preservation of Causes of Action.* | 53 |
| R. | *Continuing Effectiveness of Final Orders.* | 54 |
| S. | *D&O Liability Insurance Policies.* | 55 |
| T. | *Payment of Certain Fees.* | 55 |
| U. | *Beneficient SPAC Transaction Consents.* | 56 |
| V. | *Termination of Any Continuing Business Relationship With Beneficient.* | 56 |
| W. | *~~Resolution of~~ Compensation ~~Motion~~ for Messrs. Stein and Horton.* | 57 |
| ~~X.~~ | *~~AHC Resolution.~~* | ~~57~~ |

**ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** — 57
| A. | *Assumption and Rejection of Executory Contracts and Unexpired Leases.* | 57 |
| B. | *Claims Based on Rejection of Executory Contracts or Unexpired Leases.* | 58 |
| C. | *Cure of Defaults for Assumed Executory Contracts and Unexpired Leases.* | 58 |
| D. | *Insurance Policies.* | 59 |
| E. | *Modifications, Amendments, Supplements, Restatements, or Other Agreements.* | ~~60~~59 |
| F. | *Reservation of Rights.* | 60 |
| G. | *Non-occurrence of the Effective Date.* | 60 |

**ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS** — 60
| A. | *Timing and Calculation of Amounts to Be Distributed.* | 60 |
| B. | *Distributing Parties.* | ~~61~~60 |
| C. | *Delivery of Distributions Related to the Litigation Trust.* | 61 |
| D. | *Delivery of Distributions and Undeliverable or Unclaimed Distributions.* | 62 |
| E. | *Single Satisfaction of Claims and Interests.* | 64 |
| F. | *No Postpetition Interest On Claims.* | 64 |
| G. | *Compliance with Tax Requirements/Allocations.* | 64 |
| H. | *Setoffs.* | ~~65~~64 |
| I. | *Allocation of Plan Distributions between Principal and Interest.* | 65 |
| J. | *Claims Paid or Payable by Third Parties.* | 65 |

**ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS** — 66
| A. | *Allowance of Claims.* | 66 |
| B. | *Claims Administration Responsibilities.* | 66 |
| C. | *Estimation of Claims.* | 67 |
| D. | *Adjustment to Claims or Interests without Objection.* | 67 |
| E. | *Disallowance of Claims and Interests.* | ~~68~~67 |
| F. | *Disputed Claims Reserve.* | 68 |
| G. | *Amendments to Claims.* | 69 |
| H. | *No Distributions Pending Allowance.* | 69 |
| I. | *Distributions After Allowance.* | 69 |

**ARTICLE VIII. SETTLEMENT, RELEASE, INJUNCTION, AND RELATED PROVISIONS** — 69
| A. | *Settlement, Compromise, and Release of Claims and Interests.* | 69 |
| B. | *Release of Liens.* | 70 |
| C. | *Releases by the Debtors.* | 70 |
| D. | *[RESERVED.]* | 72 |
| E. | *Exculpation.* | 72 |
| F. | *Protections Against Discriminatory Treatment after the Effective Date.* | 73 |
| G. | *Injunction.* | 73 |
| H. | *Recoupment.* | 74 |
| I. | *Subordination Rights.* | 74 |

    J.    *Ipso Facto and Similar Provisions Ineffective.* .................................................................... 74  
    K.    *Reimbursement or Contribution.* .................................................................................. ~~75~~74  

**ARTICLE IX. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE** ............... **75**  
    A.    *Conditions Precedent to the Effective Date.* ................................................................ 75  
    B.    *Effect of Non-Occurrence of Conditions Precedent to Consummation.* ...................... 77  
    C.    *Waiver of Conditions Precedent.* ................................................................................ 77  

**ARTICLE X. MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN** ............................ **77**  
    A.    *Modification and Amendments.* ................................................................................... 77  
    B.    *Effect of Confirmation on Modifications.* .................................................................... 77  
    C.    *Revocation or Withdrawal of the Plan.* ....................................................................... 78  

**ARTICLE XI. RETENTION OF JURISDICTION** ......................................................................... **78**  
**ARTICLE XII. MISCELLANEOUS PROVISIONS** ....................................................................... **80**  
    A.    *Immediate Binding Effect.* ........................................................................................... 80  
    B.    *Additional Documents.* ............................................................................................... 81  
    C.    *Payment of Statutory Fees.* .......................................................................................... 81  
    D.    *Dissolution of the Bondholder Committee.* ................................................................. 81  
    E.    *Reservation of Rights.* ................................................................................................. 81  
    F.    *Successors and Assigns.* .............................................................................................. 82  
    G.    *Service of Documents.* ................................................................................................ 82  
    H.    *Enforcement of Confirmation Order.* .......................................................................... 83  
    I.    *Term of Injunctions or Stays.* ...................................................................................... 83  
    J.    *Entire Agreement.* ....................................................................................................... 83  
    K.    *Votes Solicited in Good Faith.* .................................................................................... 83  
    L.    *Exhibits.* ...................................................................................................................... 84  
    M.    *Nonseverability of Plan Provisions.* ........................................................................... 84  
    N.    *Closing of Chapter 11 Cases.* ..................................................................................... 84  
    O.    *Creditor Default.* ........................................................................................................ 84  
    P.    *Waiver or Estoppel.* .................................................................................................... 84

Trustee, to add and modify certain provisions of the A&R Indenture necessary to provide for the issuance of the Liquidity Bonds.

4. "A&R Indenture" means that certain Amended and Restated Indenture, dated as of October 23, 2017, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, among Debtors GWGH and GWG Life and the Indenture Trustee, providing for the issuance of the Public L Bonds, the Seller Trust L Bonds, and the Liquidity Bonds.

5. "Accrued Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses for services rendered by a Professional through and including the Confirmation Date, to the extent such fees and expenses have not been paid pursuant to the Interim Compensation Order or any other order of the Bankruptcy Court and regardless of whether a fee application has been Filed for such fees and expenses; *provided* that, to the extent the Bankruptcy Court denies or reduces by a Final Order any amount of a Professional's requested fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Accrued Professional Compensation Claim and the Professional Fee Escrow Amount with respect to such Claim. ~~For the avoidance of doubt, Accrued Professional Compensation Claims shall not include the AHC Fees, which AHC Fees solely shall be payable in accordance with Article IV.X hereof.~~

6. "Ad Hoc Broker/Dealer Committee" means an ad hoc committee of registered broker/dealers and registered investment advisors, which committee is represented by Proskauer Rose LLP.

7. "Administrative Claim" means a Claim for costs and expenses of the administration of the Estates pursuant to sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses of preserving the Estates and operating the business of the Debtors incurred after the applicable Petition Date and through the Effective Date; (b) Accrued Professional Compensation Claims; (c) the Independent Director Fee Claims; (d) fees and charges assessed against the Estates pursuant to chapter 123 of the Judicial Code, including the fees of the U.S. Trustee payable pursuant to section 1930(a) of the Judicial Code; ~~and~~ (e) the Indenture Diminution Claims; and (f) the Allowed AHC Substantial Contribution Claim.

8. "Administrative Claims Payment Date" means, with respect to an Administrative Claim, the earlier of: (a) the Effective Date; (b) if the Administrative Claim is not Allowed as of the Effective Date, as soon as reasonably practicable after the date on which an order Allowing such Administrative Claim becomes a Final Order; and (c) if the Allowed Administrative Claim is based on liabilities incurred by the Debtors in the ordinary course of their business after the applicable Petition Date, pursuant to the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claims, without any further action by the Holders of such Allowed Administrative Claims and without any further notice to or action, order, or approval of the Bankruptcy Court.

9. "Affiliate" has the meaning set forth in section 101(2) of the Bankruptcy Code.

~~10.~~ ~~"AHC Fees" means the Ad Hoc Broker/Dealer Committee's reasonable and documented attorneys' fees and expenses as of the Effective Date up to an amount no greater than $1,000,000, payable pursuant to Article IV.X hereof.~~

**10.** ~~11.~~ "Allowed" means with reference to any Claim or Interest, as applicable: (a) any Claim (i) for which a Proof of Claim or Proof of Interest has been timely Filed on or before the applicable Claims Bar Date (or for which a Proof of Claim or Proof of Interest is not required to be Filed pursuant to the Bankruptcy Code or a Final Order), or (ii) that is identified in the Schedules as of the Effective Date as not disputed, not contingent, and not unliquidated, and for which no Proof of Claim or Proof of Interest has been timely Filed; *provided*, that, in each case, any such Claim shall be considered Allowed only if and to the extent that no objection or other challenge to the allowance thereof has been timely Filed prior to the Claim Objection Bar Date or such objection or challenge has been timely Filed and the Claim thereafter has been Allowed by a Final Order; or (b) any Claim expressly deemed allowed by the Plan (except as addressed in Article IV.I hereof) or allowed by a Final Order of the Bankruptcy Court (including pursuant to any stipulation or settlement agreement approved by the Bankruptcy Court). Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered Allowed Claims unless otherwise subsequently Allowed. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no contrary or superseding Proof of Claim is or has been timely Filed, or that is not or has not been Allowed by a Final Order, is not considered Allowed and shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, no Claim of any Entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such Entity pays in full the amount that it owes the applicable Debtor or Wind Down Debtor, as applicable. For the avoidance of doubt, a Proof of Claim Filed after the applicable Claims Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order Allowing such late-Filed Claim. "Allow" and "Allowing" shall have correlative meanings.

**11.** "Allowed AHC Substantial Contribution Claim" means the Administrative Claim of the Ad Hoc Broker/Dealer Committee, which shall be Allowed upon entry of the Confirmation Order, for the actual and reasonable fees and expenses of the Ad Hoc Broker/Dealer Committee which shall be payable on the Effective Date as set forth in Article II.H hereof.

12. "Allowed Bondholder Claims" means: (a) with respect to Direct-Held Bonds (as defined in the Bondholder Claim Procedures Order), (i) to the extent a timely Bondholder POC Form has been Filed pursuant to the Bondholder Claim Procedures Order, Bondholder Claims shall be Allowed in the amount set forth in any such Bondholder POC Form, provided, that, in each case, any such Bondholder Claim shall be considered Allowed only if and to the extent that no objection or other challenge to the allowance thereof has been timely Filed prior to the Claim Objection Bar Date or such an objection or other challenge has been Filed and the Bondholder Claim thereafter has been Allowed by a Final Order, or (ii) to the extent that no Bondholder POC Form has been timely Filed, Bondholder Claims shall be Allowed in the amounts set forth in the Holder Notices pursuant to the Bondholder Claim Procedures Order; (b) with respect to Indirect-Held Bonds (as defined in the Bondholder Claim Procedures Order), Bondholder Claims

Agreement) on the one hand, and the Confirmation Order on the other hand, the Confirmation Order shall govern.

G.     *Proponents' Consent Right.*

The Debtors submit this Plan with the Debtors and the Creditor Proponents co-proposing this Plan within the meaning of section 1129 of the Bankruptcy Code.  Per the Mediation Agreement, the Debtors and the Creditor Proponents have the right, acting separately (the "Proponents' Consent Right") to review and consent to the form and substance of the: (1) the Disclosure Statement accompanying this Plan; (2) this Plan; and (3) the Plan Supplement, including trust agreements and other applicable documents.  Per the Mediation Agreement, the scope of the Proponents' Consent Right is: (a) to ensure that such documents are consistent with, and can effectuate the settlement memorialized in the Mediation Agreement; and (b) to address issues not explicitly covered by the Mediation Agreement but are customary or required for a plan of reorganization.

Following the Filing of this Plan, submitted by the Debtors, the Bondholder Committee, and LBM as co-proponents, dated as of March 27, 2023, in the event the Debtors and the Creditor Proponents cannot agree to the form and substance of any document in connection with this Plan (and such document is subject to the Proponents' Consent Rights or other consent rights hereunder) or any decision which requires the consent of the Creditor Proponents, by the applicable deadline for Filing such document hereunder, any such dispute shall be submitted to the mediator, Judge David Jones.  To the extent of any remaining disputes following such mediation, then, pending final resolution thereof, any of the Debtors and the Creditor Proponents may File its own version of any such disputed document by the applicable deadline therefor.  In such event:  (x) the Filing of the competing versions of any such disputed document shall be deemed to have satisfied any such Filing deadline hereunder; (y) the Debtors and the Creditor Proponents shall continue as co-proponents of this Plan for all purposes; and (z) the final form of any such disputed document will be subsequently resolved through either mediation with Judge Jones or by order of the Bankruptcy Court.

For the avoidance of doubt, this Article I.G applies to and supersedes (in the event of conflict) every provision of this Plan that refers to any consent right of the Creditor Proponents (except with respect to the consent right described in Article X.C hereof).   Further, in the event of any dispute, and for the avoidance of doubt, the Debtors and the Creditor Proponents agree to support this Plan (including any amended plan) and any document comprising the Plan Supplement, provided that the form and substance of such document is resolved, if necessary, pursuant to the dispute resolution mechanic set forth above.

## ARTICLE II.
## ADMINISTRATIVE CLAIMS, ACCRUED PROFESSIONAL FEE COMPENSATION CLAIMS, DIP CLAIMS, PRIORITY TAX CLAIMS, ~~AND~~ INDENTURE DIMINUTION CLAIMS, AND SUBSTANTIAL CONTRIBUTION CLAIMS

A.     *Administrative Claims.*

Except as otherwise agreed to by the Holder of an Allowed Administrative Claim and the Debtors or Wind Down Debtors or as provided herein, on the Administrative Claims Payment Date (or within a reasonable period of time after such Claims become Allowed Claims), each Holder of an Allowed Administrative Claim shall receive payment in full in Cash in full and final satisfaction, settlement, discharge, and release of such Allowed Administrative Claim in accordance with the following: (1) if an Administrative Claim is Allowed on or prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as reasonably practicable thereafter); (2) if such Administrative Claim is not Allowed as of the Effective Date, no later than 30 days after the date on which an order Allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter; (3) if such Allowed Administrative Claim is based on liabilities incurred by the Debtors in the ordinary course of their business after the applicable Petition Date in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claim without any further action by the Holder of such Allowed Administrative Claim; (4) at such time and upon such terms as may be agreed upon by such Holder and the Debtors or the Wind Down Debtors, as applicable; or (5) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

**EXCEPT AS OTHERWISE PROVIDED BY THIS PLAN, THE CONFIRMATION ORDER, OR A FINAL ORDER PREVIOUSLY ENTERED BY THE BANKRUPTCY COURT (INCLUDING THE FINAL VIDA ORDER), UNLESS PREVIOUSLY FILED, REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS MUST BE FILED AND SERVED ON THE DEBTORS (OR THE WIND DOWN DEBTORS, AS APPLICABLE) NO LATER THAN THE CLAIMS BAR DATE APPLICABLE TO ADMINISTRATIVE CLAIMS PURSUANT TO THE PROCEDURES SPECIFIED IN THE CONFIRMATION ORDER AND THE NOTICE OF THE EFFECTIVE DATE;** *PROVIDED*, **THAT THE FOREGOING SHALL NOT APPLY TO ACCRUED PROFESSIONAL COMPENSATION CLAIMS, INDEPENDENT DIRECTOR FEE CLAIMS, THE INDENTURE DIMINUTION CLAIMS, THE ALLOWED AHC SUBSTANTIAL CONTRIBUTION CLAIM, OR CLAIMS ARISING UNDER SECTION 503(b)(1)(D) OF THE BANKRUPTCY CODE.**

**HOLDERS OF ADMINISTRATIVE CLAIMS THAT ARE REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE CLAIMS BY THE CLAIMS BAR DATE APPLICABLE TO ADMINISTRATIVE CLAIMS THAT DO NOT FILE AND SERVE SUCH A REQUEST BY THE CLAIMS BAR DATE APPLICABLE TO ADMINISTRATIVE CLAIMS SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIMS AGAINST THE DEBTORS, THE WIND DOWN DEBTORS, THE DEBTORS' ESTATES, OR THEIR RESPECTIVE PROPERTY, AND SUCH ADMINISTRATIVE CLAIMS SHALL BE DEEMED DISCHARGED AS OF THE EFFECTIVE DATE. ALL SUCH CLAIMS SHALL BE SUBJECT TO THE PERMANENT INJUNCTION SET FORTH IN ARTICLE VIII.G HEREIN.**

C.  *Chapford DIP Facility Claims.*

On or prior to the Effective Date, and to the extent each such Chapford DIP Facility Claims have not previously been satisfied in full in connection with the consummation of the Vida DIP Financing Facility or otherwise, each Holder of an Allowed Chapford DIP Facility Claim shall receive payment in full in Cash; *provided*, *however*, for the avoidance of doubt, the Chapford DIP Facility Claims shall not include the purported Alternate Stalking Horse Fee, as defined and referenced in the Chapford Final DIP Order (including any professional fees and expenses relating in any manner to the assertion of the purported Alternate Stalking Horse Fee).

D.  *Vida DIP Claims.*

No later than the Effective Date, the Vida DIP Claims will be deemed satisfied in connection with the Debtors' exercise of the exit financing option and upon the closing under the Vida Exit Financing Facility Documents.

E.  *DLP Secured Claims.*

All Allowed DLP Secured Claims will be satisfied by payment in full in Cash on or prior to the Effective Date from proceeds of the Vida DIP Financing Facility; *provided*, that, notwithstanding the foregoing, to the extent that all Allowed DLP Secured Claims are not paid in full in cash before the Effective Date, they shall be treated as Other Secured Claims.  Any Disputed portion of the DLP Secured Claims shall be treated in accordance with Article VII hereof.

F.  *Indenture Diminution Claims.*

Any Allowed Indenture Diminution Claims will be satisfied by one or more payments in Cash after the Effective Date from proceeds realized by the Litigation Trust, pursuant to and in accordance with Article VI.C hereof.

G.  *Priority Tax Claims.*

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, and release of and in exchange for each Allowed Priority Tax Claim, each Holder of such Allowed Priority Tax Claim shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code.

H.  *Allowed AHC Substantial Contribution Claim.*

In full and final resolution of any claims that the Ad Hoc Broker/Dealer Committee could assert for making a substantial contribution to these Chapter 11 Cases, the Debtors agree to pay the actual and reasonable fees and expenses of the Ad Hoc Broker/Dealer Committee not to exceed $1,000,000.

I.   ~~H.~~ *Substantial Contribution Compensation and Expenses.*

Any Entity that requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to Bankruptcy Code sections 503(b)(3), (4), and (5) (except with respect to the Allowed AHC Substantial Contribution Claim) must File an application and serve such application on counsel to the Debtors or the Wind Down Debtors, as applicable, and the Bondholder Committee and as otherwise required by the Bankruptcy Court, the Bankruptcy Code, and the Bankruptcy Rules, on or before the Claims Bar Date applicable to Administrative Claims.

# ARTICLE III.
# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

In accordance with section 1123(a)(1) of the Bankruptcy Code, the Chapford DIP Facility Claims, the Vida DIP Claims, Administrative Claims, Accrued Professional Fee Compensation Claims, and Priority Tax Claims have not been classified and, thus, are excluded from the Classes of Claims and Interests set forth in Article III of this Plan.

A.   *Summary of Classification.*

A Claim or Interest is classified in a particular Class pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest qualifies within the description of such other Classes.  Except as provided below, the Plan shall apply as a separate Plan for each of the Debtors.  A Claim or Interest is also classified in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and has not been paid, released, disallowed, or otherwise satisfied before the Effective Date.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| Class 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| Class 3 | Bond Claims | Impaired | Entitled to Vote |
| Class 4(a) | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4(b) | GUC Convenience Claims | Unimpaired | Deemed to Accept |
| Class 5 | DLP Entity General Unsecured Claims | Unimpaired | Deemed to Accept |
| Class 6 | Intercompany Claims | Impaired | Deemed to Reject |
| Class 7 | Intercompany Interests | Impaired | Deemed to Reject |
| Class 8 | Series 1 Preferred Interests | Impaired | Entitled to Vote |
| Class 9 | Series 2 Preferred Interests | Impaired | Entitled to Vote |
| Class 10 | Existing Common Interests | Impaired | Entitled to Vote |

B.   *Treatment of Claims and Interests.*

29

For the avoidance of doubt, the Litigation Trustee, on behalf of the Litigation Trust, shall step into the shoes of the Debtors as it relates to either communications that occurred prior to, or documents prepared before, April 20, 2022 with respect to Debtors' right to assert attorney-client privilege or any other privilege or immunity Debtor possesses, if any, and the Litigation Trustee shall be entitled to preserve, assert, access, or waive such privilege or immunity of the Debtors as it relates to such documents or communications. On the Effective Date, the Litigation Trustee shall have the power, right and responsibility to access or take possession of all books, files and records of the Debtors or Wind Down Debtors, as applicable, for purposes of carrying out the purpose of the Litigation Trust. At any time after the Effective Date, upon reasonable request of the Litigation Trustee, the Wind Down Trustee shall provide the Litigation Trustee with any of the Debtors' or the Wind Down Debtors' books, records, and files in the Wind Down Trust's or Wind Down Trustee's possession, custody, or control, and the Wind Down Trustee may, in good faith, provide such privileged information of the Debtors as is in the Wind Down Trustee's possession that relates to the evaluation and prosecution of the Retained Causes of Action; *provided*, that, notwithstanding the foregoing, the privilege of the Independent Directors, the DLP Independent Directors, and David F. Chavenson in his capacity as a former member of the Special Committee, in each case, is hereby recognized and shall remain in full force and effect and shall not be waived, nor shall any such privileged documents be turned over to any person or Entity without the consent of all Independent Directors or all DLP Independent Directors, as applicable. For the avoidance of doubt, neither the Independent Directors nor the DLP Independent Directors may waive Mr. Chavenson's personal privilege. The Wind Down Trustee shall use commercially reasonable efforts to assist the Litigation Trustee by providing additional information based on the books, files, and records in the Wind Down Trust's possession, provided that any such request for assistance is reasonable. Following the Effective Date, the Litigation Trust and the Litigation Trustee shall be deemed a party in interest with standing to appear in the Chapter 11 Cases and object to any pleadings Filed thereafter; *provided*, *however*, such standing and right to object does not alter the respective rights or responsibilities of the Litigation Trustee or the Wind Down Trustee under the Plan, the Wind Down Trust Agreement, or the Litigation Trust Agreement, alter any governing approval standard under applicable law, or otherwise limit the ability of any party with standing to respond to pleadings Filed, or objections raised, by the Litigation Trustee.

2. **Litigation Trustee.**

The Litigation Trustee shall be an independent, third-party fiduciary selected by the Bondholder Committee and identified in the Plan Supplement, and shall be compensated at market rates; *provided*, that, for the avoidance of doubt, the Litigation Trustee shall have no affiliation with any Bondholder Committee member and must not own any Public L Bonds, New WDT Interests, or other Interests in or Securities issued by any of the Debtors. The Litigation Trustee shall have the sole authority to make decisions and take action with respect to the Initial Litigation Trust Assets, the Retained Causes of Action, and the Litigation Trust Reconciliation Claims, and shall have a duty to maximize the value of the assets of the Litigation Trust in accordance with the Litigation Trust Agreement. The Litigation Trustee shall confer with the Wind Down Trustee with respect to the commencement of any litigation in respect of such assets, provided that the ultimate decision with respect to whether to commence any litigation shall be in the sole discretion of the Litigation Trustee. For the avoidance of doubt, in exercising such sole discretion, the Litigation Trustee shall ~~be entitled to~~ consider and may take such

44

David F. Chavenson in his capacity as a former member of the Special Committee, shall not have any of their respective privileged and confidential documents, communications or information transferred (or deemed transferred) to the Wind Down Debtors, the Wind Down Trustee, the Wind Down Trust, the Litigation Trust, the Litigation Trustee, any liquidation trust that may be formed or its trustee or board, or any related party of any of the foregoing Entities, or any other person or Entity, without the prior written consent of the Independent Directors or the DLP Independent Directors, as applicable.  For the avoidance of doubt, neither the Independent Directors nor the DLP Independent Directors may waive Mr. Chavenson's personal privilege.

As of the Effective Date, the Wind Down Trustee shall act as the Wind Down Debtors' sole officer, director, and manager, as applicable, with respect to the Wind Down Debtors' affairs, other than with respect to the Litigation Trust or Portfolio Co., as set forth herein.  On the Effective Date, any remaining officers, managers, or managing members of any Debtor shall be dismissed without further action required on the part of any such Debtor or any other party.

O.      *Effectuating Documents; Further Transactions.*

On and after the Effective Date, the Wind Down Trust and the Wind Down Trustee are authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan and the New WDT Interests issued pursuant to this Plan, without the need for any approvals, authorizations, or consents, except for those expressly set forth in and required pursuant to this Plan.  On and after the Effective Date, except as otherwise provided herein, the Wind Down Trust and the Litigation Trust, as applicable, may engage in activities as set forth herein and may use, acquire, or dispose of property and pursue, compromise, or settle any Claims, Interests, or Retained Causes of Action without supervision or approval by the Bankruptcy Court (except as otherwise provided herein) and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

P.      *Vesting of Assets.*

Except as otherwise provided herein, or in any agreement, instrument, or other document incorporated in this Plan, on the Effective Date, all property in each Debtor's Estate, all claims, rights, defenses, and Retained Causes of Action, and any property acquired by the Wind Down Trust, Litigation Trust, or Wind Down Debtors under or in connection with this Plan shall vest in the Wind Down Trust, Litigation Trust, or each of the Wind Down Debtors, as applicable, free and clear of all Liens, Claims, charges, or other encumbrances (except for those Liens, Claims, charges, or other encumbrances arising from or related to the Vida Exit Financing Facility), for subsequent or deemed transfer by each such party, pursuant to the provisions of this Plan.

Q.      *Preservation of Causes of Action.*

In accordance with section 1123(b) of the Bankruptcy Code, the Litigation Trust shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the applicable Petition Date, including without limitation any Causes of Action specifically enumerated in the schedule of Retained Causes of Action

56

~~X. *Payment of AHC Fees.*~~

~~On the Effective Date, the Debtors shall pay the AHC Fees; *provided*, that, notwithstanding the foregoing, any such AHC Fees only shall be payable in the event that (a) Class 3 votes to accept this Plan, (b) the Ad Hoc Broker/Dealer Committee supports Confirmation of this Plan and encourages all of their clients to vote to accept this Plan, and does not otherwise object to this Plan, and (c) Consummation of this Plan occurs.~~

## ARTICLE V.
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.  *Assumption and Rejection of Executory Contracts and Unexpired Leases.*

On the Effective Date, except as otherwise provided herein, all Executory Contracts or Unexpired Leases will be deemed rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than: (1) those that are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (2) those that have been previously assumed, assumed and assigned, or rejected by a Final Order; (3) those that are the subject of a motion to assume, assume and assign, or reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; (4) those that are subject to a motion to assume, assume and assign, or reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such assumption, assumption and assignment, or rejection is after the Effective Date; or (5) those Executory Contracts and Unexpired Leases that expired pursuant to the terms thereof before the applicable Petition Date.

Entry of the Confirmation Order shall constitute a Final Order approving the assumptions, assumptions and assignments, or rejections of such Executory Contracts or Unexpired Leases as provided under this Plan or the Schedule of Assumed Executory Contracts and Unexpired Leases, pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Unless otherwise indicated, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to this Plan are effective as of the Effective Date. Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order of the Bankruptcy Court on or after the Effective Date.

To the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned (as applicable) pursuant to this Plan or any prior order of the Bankruptcy Court (including, without limitation, any "change of control" provision) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, or is modified, breached or terminated, or deemed modified, breached or terminated by (a) the commencement of these Chapter 11 Cases or the insolvency or financial condition of any Debtor at any time before the closing of its respective Chapter 11 Case, (b) any Debtor's or Wind Down Debtor's assumption or assumption and assignment (as applicable) of such Executory Contract or Unexpired Lease, or (c) the Confirmation or Consummation of this Plan, then such provision shall be deemed modified such that the transactions contemplated by this Plan shall not entitle the non-Debtor party thereto to modify or terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights or remedies with respect thereto, and any required consent under any such

Houston, Texas
April ~~19~~20, 2023

Respectfully Submitted,

*/s/  Jeffrey S. Stein*
Jeffrey S. Stein as Chief Restructuring Officer,
President, Chief Executive Officer and
Independent Director of GWG Holdings, Inc.

*/s/ Kade Baird*
Kade Baird, as designated representative of Bank
of Utah, as Indenture Trustee and solely in its
capacity as Chair of the Official Committee of
Bondholders of GWG Holdings, Inc., *et al.*

*/s/ Richard S. Schmidt*
Richard S. Schmidt, as Restructuring Manager of
L Bond Management, LLC

**KATTEN MUCHIN ROSENMAN LLP**

Steven J. Reisman (*pro hac vice*)
Cindi M. Giglio (*pro hac vice*)
Marc B. Roitman (*pro hac vice*)
Jerry L. Hall (*pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Email: sreisman@katten.com
        cgiglio@katten.com
        marc.roitman@katten.com
        jerry.hall@katten.com

-and-

Daniel Barnowski (*pro hac vice*)
2900 K Street NW, Suite 200
Washington, DC 20007
Telephone: (202) 625-3500
Email: dan.barnowski@katten.com

*Counsel to Jeffrey S. Stein and Anthony R. Horton, in their capacity as members of the*
*Investigations Committee and Special Committee of the Board of Directors of GWG Holdings, Inc.*