United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 21, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 1423** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION PROCEDURES; (III) APPROVING THE FORM OF BALLOTS AND NOTICES; (IV) APPROVING CERTAIN DATES AND DEADLINES IN CONNECTION WITH THE SOLICITATION AND CONFIRMATION OF THE PLAN; AND (V) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN**

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed their *Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Procedures; (III) Approving the Forms of Ballots and Notices; (IV) Approving the Confirmation Timeline; and (V) Granting Related Relief* (the "Motion"),[2] seeking, among other things, approval of the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. **1676**] (as may be amended, supplemented, or modified, the "Disclosure Statement") and approval of procedures for the solicitation of, among other things, votes to accept or reject the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. **1678**] (as may be amended, supplemented, or modified, the "Plan"). The Court has considered the Motion and finds that it has jurisdiction over this matter

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2]   Unless otherwise indicated, capitalized terms used but not defined herein shall the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

venue of the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Court further finds that the Debtors provided appropriate notice of the Motion and the

opportunity for a hearing on the Motion under the circumstances. Upon considering the Motion

and statements presented at a hearing before the Court, if any (the "Hearing"), the Court has

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein and, after due deliberation and sufficient cause appearing

therefor, IT IS ORDERED THAT:

**A.      Approval of the Disclosure Statement**

1.      The Disclosure Statement attached to this order (this "Order") as **Exhibit 1** is

approved as containing adequate information in accordance with section 1125 of the Bankruptcy

Code.

**B.      Approval of the Confirmation Timeline**

2.      The Debtors' request for a Confirmation Hearing on Confirmation of the Plan, and

the following Confirmation Timeline, are hereby approved:

| Event | Date | Description |
|---|---|---|
| Voting Record Date | February 24, 2023 | Date for determining: (i) which Holders of Claims and Interests in the Voting Classes are entitled to vote to accept or reject the Plan; and (ii) whether Claims or Interests have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the Holder of such Claims or Interests (the "Voting Record Date"). |

| Event | Date | Description |
|---|---|---|
| Solicitation Deadline | April 28, 2023 | Deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims and Interests entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Notice Deadline | April 28, 2023 | Deadline for the Debtors to publish the Confirmation Hearing Notice in a format modified for publication (the "Publication Notice Deadline"). |
| Claim Solicitation Objection Deadline | May 24, 2023 | Date by which objections to Proofs of Claim must be filed for the objected-to portion of such Proofs of Claim to be excluded from solicitation and ballot tabulation (the "Claim Solicitation Objection Deadline") |
| Plan Supplement Filing Deadline | May 24, 2023 | Deadline for the Debtors to file the Plan Supplement (the "Plan Supplement Filing Deadline"). |
| Assumption Notice Service Deadline | May 30, 2023 | Deadline for the Debtors to serve the Assumption Notices upon the applicable counterparties to the executory contracts and unexpired leases that will be assumed pursuant to the Plan (the "Assumption Notice Service Deadline") |
| Voting Deadline | May 31, 2023, at 4:00 p.m., prevailing Central Time | Deadline for Donlin, Recano & Company, Inc. (the "Solicitation Agent") to *actually receive* properly executed and completed Ballots from all Holders of Claims and Interests entitled to vote or their Nominees (defined below) (if applicable) (the "Voting Deadline"). |

| Event | Date | Description |
|---|---|---|
| Confirmation Objection Deadline | May 31, 2023, at 11:59 p.m., prevailing Central Time | Deadline for parties in interest to file objections to Confirmation of the Plan (the "Confirmation Objection Deadline"). |
| Deadline to file Voting Report | June 12, 2023 | Deadline for the Debtors to file the report tabulating the voting on the Plan (the "Voting Report Deadline"). |
| Confirmation Hearing | June 15, 2023, at 1:30 p.m., prevailing Central Time | Date of the Confirmation Hearing at which the Court will consider Confirmation of the Plan. |

## C.    Approval of the Procedures for Filing Objections to Confirmation of the Plan

3.    Objections to Confirmation of the Plan must (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name, address, phone number, and e-mail address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed with the Court on or before the Confirmation Objection Deadline. Objections that fail to comply with this Order will not be considered by the Court.

## D.    Approval of the Solicitation Procedures

4.    The Solicitation Procedures, substantially in the form attached to this Order as **Exhibit 3**, are approved.

5.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests, (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Plan and the Disclosure Statement, the Ballot, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.  The Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies.

6.     The Solicitation Agent is also authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtors' case website maintained by the Solicitation Agent ("E-Ballot") or through electronic mail, in each case subject to the Solicitation Procedures. Parties entitled to vote through E-Ballot may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing E-Ballot and parties entitled to vote through electronic mail may submit their Ballot to GWGVote@donlinrecano.com. The encrypted data and audit trail created by such electronic submissions will become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots submitted via the customized online balloting portal or electronic mail shall be deemed to contain an original signature.  Ballots submitted by facsimile or other unauthorized means of transmission shall not be counted.

7.     To the extent that any a bank, broker, securities intermediary, registered investment advisor, or other nominee, or an agent of any of the foregoing (each, a "Nominee") receives a Solicitation Package on behalf of a Holder, such Nominee shall undertake commercially

reasonable efforts to ensure timely receipt of the full Solicitation Package, including the Bondholder Summary, by the Holder.  No Nominee shall vote on the Plan on behalf of any Holder unless such Nominee is expressly authorized in writing by the Holder under applicable law to vote on a chapter 11 plan on such Holder's behalf.  The Nominee shall provide evidence of such written authorization if requested by the Debtors.

8.      For the avoidance of doubt, (i) the Debtors and the Solicitation Agent shall not distribute or cause to be distributed Solicitation Packages (or any Ballots or E-Ballots) to the Indenture Trustee for transmission to Holders of Bondholder Claims, and (ii) the Indenture Trustee shall not be responsible for the distribution of Solicitation Packages (or any portion thereof) or the distribution, completion, tabulation, or return of any Ballots or E-Ballots with respect to any Holders of Bondholder Claims.

**E.      Approval of the Contents and Distribution of the Solicitation Packages**

9.      The Solicitation Packages shall include the following materials (which, for the avoidance of doubt, shall not include printed copies of, or other physical or digital media containing, the Plan and the Disclosure Statement), the forms of each of which are hereby approved:

> a.  the Solicitation Procedures (which will include links to the Order, Plan, and Disclosure Statement);
>
> b.  the applicable Ballot(s);
>
> c.  the Confirmation Hearing Notice;
>
> d.  with respect to holders of Bonds, a plain-English summary of the treatment of Bondholder Claims substantially in the form filed as Docket No. 1677 (the "<u>Bondholder Summary</u>"); and
>
> e.  any additional materials that the Court has ordered to be made available.

10.     The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Bankruptcy Local Rules.  The procedures for distributing the Solicitation Packages as set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

11.     The Debtors shall distribute or cause to be distributed Solicitation Packages to all entities who, as of the Voting Record Date, are entitled to vote to accept or reject the Plan as soon as practicable after entry of this Order, but in no event later than the Solicitation Deadline set forth above. The Debtors will also provide complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee and all other parties on the Master Service List not otherwise receiving Solicitation Packages for informational purposes only.  Additionally, no later than the Solicitation Deadline, the Debtors shall distribute or cause to be distributed to Beneficial Holders of Bonds whose Bonds are held through a Nominee and who filed a Proof of Claim with respect to such Bonds a notice substantially in the form attached hereto as **Exhibit 7**, the form of which is hereby approved. Additionally, the members of the Ad Hoc Committee of Broker/Dealers are authorized to distribute to their clients who hold investments in the Debtors a letter encouraging such clients to vote to accept the Plan, substantially in the form attached hereto as **Exhibit 8** (the "AHC Letter"), the form of which is hereby approved.  The Debtors also may elect to include the AHC Letter in Solicitation Packages (or otherwise distribute the AHC Letter) in their sole discretion.

12.     The Debtors are authorized, but not directed, to distribute the Confirmation Hearing Notice as a separate mailing from the remaining documents included in the Solicitation Package.

If the Debtors mail the Confirmation Hearing Notice separately, the Debtors are not required to include an additional copy of the Confirmation Hearing Notice in the Solicitation Package.

13.     The Debtors shall not be required to mail Solicitation Packages or other solicitation materials to Holders of Claims and Interests that have already been paid in full during the Chapter 11 Cases either through a critical vendor or cure payment (or as per the agreements of the parties) or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

14.     Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials received in electronic format (to be provided at the Debtors' expense as soon as practical following such request).

**F.      Approval of the Confirmation Hearing Notice**

15.     The Confirmation Hearing Notice, substantially in the form attached to this Order as **Exhibit 6**, is approved and shall be served by the Debtors on all known Holders of Claims and Interests as of the Voting Record Date and any other party entitled to notice under Bankruptcy Rule 2002 and applicable Bankruptcy Local Rules (regardless of whether such parties are entitled to vote on the Plan) by no later than the Solicitation Deadline. The Debtors shall also publish the Confirmation Hearing Notice or a notice substantially similar thereto (excluding the release, exculpation, and injunction provisions quoted therein) by the Solicitation Deadline in the national edition of *USA Today*.

16.     The Confirmation Hearing Notice constitutes adequate and sufficient notice of the Plan, the Disclosure Statement, the Confirmation Hearing, the Confirmation Objection Deadline, and the release, injunction, and exculpation provisions contained in the Plan.

**G.      Approval of the Form of Non-Voting Status Notices**

17. The Non-Voting Status Notices, substantially in the forms attached to this Order as **Exhibits 4A** and **4B** are approved. Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to (a) Holders of Claims or Interests in Non-Voting Classes and (b) Holders of Claims and Interests that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claims or Interests. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall serve an applicable Non-Voting Status Notice in lieu of Solicitation Packages to those Holders of Claims and Interests in the Non-Voting Classes, who are not entitled to vote on the Plan. The Debtors shall serve a Non-Voting Status Notice upon on any Holder of Claims or Interests with respect to which the Debtors file an objection on or before the Claim Solicitation Objection Deadline.

**H.     Approval of the Form of Assumption Notice**

18. The Assumption Notice, substantially in the form attached to this Order as **Exhibit 5**, is approved. The Debtors shall serve, by no later than the Assumption Notice Service Deadline, the Assumption Notice upon the applicable counterparties to the executory contracts and unexpired leases that will be assumed pursuant to the Plan. The deadline for any counterparty to object to the assumption or proposed cure amounts set forth in the Assumption Notice shall be **30 calendar days following the date of service thereof at 11:59 p.m. (prevailing Central Time)** (the "Cure Objection Deadline"). If no objection to the cure amount or the proposed assumption and assignment of any executory contract or unexpired lease is filed by the Cure Objection Deadline, then such party will be deemed to have stipulated that the applicable cure amount as determined by the Debtors is correct, and such party will be forever barred, estopped, and enjoined from asserting any additional cure amount under the executory contract or unexpired lease proposed to be assumed or from objecting to the proposed assumption and assignment thereof;

*provided*, that the foregoing shall not relieve any such counterparty of its obligation to file a Proof of Claim to the extent that its executory contract or unexpired lease is rejected pursuant to the Plan.

**I.    Service of Solicitation Materials and Undeliverable Notices and Solicitation Materials**

19.    For purposes of serving the Solicitation Packages and Non-Voting Status Notices, the Debtors may rely on the address information for the creditors receiving such notices as compiled, updated, and maintained by the Solicitation Agent or the Debtors, as applicable, as of the Voting Record Date, without any requirement to conduct additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballots) or Non-Voting Status Notices.

20.    The Debtors may, but shall not be required to, (a) redistribute the Confirmation Hearing Notice, Solicitation Packages, and/or any other notices approved by this Order to any entity to the extent any such notices or materials sent to such entity's listed address are returned as undeliverable; or (b) send the Confirmation Hearing Notice, Solicitation Package, and/or any other notices approved by this Order to any address that the Debtors have sent a notice in the last two (2) months, which notice was returned as undeliverable. The failure to distribute materials and notices to such entities in accordance with the foregoing shall not constitute inadequate notice of the Confirmation Hearing Notice, the Solicitation Package, the Plan, the Disclosure Statement, or any deadlines approved by this Order, or a violation of the Bankruptcy Code or Bankruptcy Rules. The Solicitation Agent shall maintain a record of (i) all Confirmation Hearing Notices and Solicitation Packages that are returned as undeliverable and (ii) all addresses to which the Solicitation Agent did not send a Confirmation Hearing Notice or Solicitation Package in accordance with the foregoing on account of previously undeliverable notices.  The Solicitation Agent shall provide a summary of such records to counsel to the Bondholder Committee one week after the Solicitation Deadline and updates to such summary each week thereafter.

**K.      Miscellaneous**

21.      In the event of any conflict between the provisions of this Order and the terms of the Solicitation Procedures attached hereto and approved hereby, the terms of the Solicitation Procedures shall govern.

22.      The Debtors' rights to modify or withdraw the Plan and the Disclosure Statement in accordance with their terms, subject to the consent rights set forth in the Mediation Agreement, or with the approval of the Court, as applicable, are reserved.

23.      The Debtors are authorized to make non-substantive and non-material changes to the Plan, Disclosure Statement, Confirmation Hearing Notice, Solicitation Procedures, Ballots, Non-Voting Status Notices, the Assumption Notice, and related documents without further order of the Court.

24.      Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

25.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

27.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective upon its entry.

28.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  April 21, 2023

                                                        Marvin Isgur
                                            United States Bankruptcy Judge

## <u>Exhibit 1</u>

## Disclosure Statement

**Exhibit 2**

**Chapter 11 Plan**

## **Exhibit 3**

## **Solicitation Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| GWG Holdings, Inc., *et al.*,[1] | Case No. 22-90032 (MI) |
| Debtors. | (Jointly Administered) |

## SOLICITATION PROCEDURES

On [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"); as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan (these "Solicitation Procedures") and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

### A.    The Voting Record Date

The Court has established February 24, 2023 as the record date for determining which other Holders of Classes of Claims and Interests are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline

The Court has established **May 31, 2023, at 4:00 p.m. (prevailing Central Time)**, as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be properly executed, completed,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

and delivered in accordance with the instructions provided on or with the Ballot so that they are *actually received*, in any case, no later than the Voting Deadline by the Solicitation Agent. Ballots should be sent to: (i) if by first class mail, to GWG HOLDINGS, INC., ET AL. Balloting Center, c/o Donlin Recano Company, Attn: Voting Department, P.O. Box 199043 Blythebourne Station, Brooklyn, NY 11219; (ii) if by hand delivery or overnight mail, to GWG HOLDINGS, INC., ET AL. Balloting Center, c/o Donlin Recano Company, Attn: Voting Department, 6201 15th Ave, Brooklyn, NY 11219; (iii) if electronically (solely when permissible pursuant to these Solicitation Procedures), via the Solicitation Agent's online portal by visiting www.DonlinRecano.com/clients/gwg/vote, or (iv) if via email (solely when permissible pursuant to these Solicitation Procedures), sent in a universally viewable file format such as .PDF to GWGVote@donlinrecano.com.

C.      Form, Content, and Manner of Notices

      **1.**      ***The Solicitation Package***

The Solicitation Package shall contain the following:

          (a)      these Solicitation Procedures;

          (b)      the Ballot;

          (c)      the Confirmation Hearing Notice;

          (d)      with respect to holders of Bonds, a plain-English summary of the treatment of Bondholder Claims substantially in the form filed as Docket No. [___] (the "Bondholder Summary"); and

          (e)      any additional documents that the Court has ordered to be made available.

      2.      *Distribution of the Solicitation Packages*

The Solicitation Package will contain URLs for accessing electronic copies of the Plan, Disclosure Statement, and the Disclosure Statement Order. All other contents of the Solicitation Package, including the Ballot, these Solicitation Procedures, the Bondholder Summary and the Confirmation Hearing Notice, will be provided in paper format.

No later than the Solicitation Deadline, the Debtors shall mail, or cause to be mailed, the Solicitation Package to (a) all Holders of Claims in the Voting Classes who are entitled to vote, as described in Section D below, directly or through their respective Nominees, and (b) any Holder who (i) has asserted an Administrative Claim, Priority Tax Claim, or Priority Non-Tax Claim that is subject to an objection filed on or before the Voting Record Date by the Debtors that seeks to classify such Claim as a General Unsecured Claim in the Voting Class (a "Reclassification Objection"), and (ii) would otherwise be entitled to vote in accordance with Section D below. In addition, the Debtors shall serve, or cause to be served, by electronic mail the Confirmation Hearing Notice containing all of the materials in the Solicitation Package (excluding the Ballot) in electronic format on the U.S. Trustee and all other parties on the Master Service List entitled to receive notice.

For purposes of serving the Solicitation Packages and the Non-Voting Status Notices, the Debtors may rely on the address information for the Voting Classes, Non-Voting Classes, and unclassified Claims as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent may, but are not required to, conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots) or Non-Voting Status Notices.

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim or Interest entitled to vote on the Plan receives no more than one Solicitation Package (and, therefore, one Ballot) and is only entitled to submit one Ballot for each specific Class of such Claim(s) as against any Debtor.

3.      Non-Voting Status Notices for Unimpaired Classes and Parties Otherwise Not Entitled to Vote.

Certain Holders of Claims that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Non-Voting Status Notice to Holders of Unclassified Claims and Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form attached as Exhibit 4A to the Disclosure Statement Order. Certain Holders of Claims or Interests who are not entitled to vote because their Claims or Interests are disputed will receive the *Notice of Non-Voting Status to Holders of Disputed Claims or Interests*, substantially in the form attached as Exhibit 4B to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

4.      Notices in Respect of Assumed Executory Contracts and Unexpired Leases

Counterparties to Executory Contracts and Unexpired Leases that receive an Assumption Notice may file an objection to the Debtors' proposed assumption and/or cure amount, if applicable.  Such objections must be filed with the Court (contemporaneously with a proof of service) and served upon the applicable notice parties (as set forth in the Assumption Notice) within 30 calendar days after service thereof.  For the avoidance of doubt, counterparties receiving an Assumption Notice will be deemed unimpaired and therefore will not be entitled to vote to accept or reject the Plan.

D.      Voting and General Tabulation Procedures

1.      Holders of Claims Entitled to Vote

Only the following Holders of Claims and Interests in the Voting Classes, including any Claim that is subject to a pending Reclassification Objection,[3] shall be entitled to vote with regard to such Claims or Interests:

---

[3]   In addition to complying with the other requirements herein, votes submitted on account of a Claim subject to a timely filed Reclassification Objection shall be counted only if the Court enters an order concerning the objection on or before the Confirmation Hearing.

(a)      With respect to Class 3 Bond Claims (other than Claims held by the Indenture Trustee), Solicitation Packages, including Ballots, will be distributed solely based upon (i) in the case of direct Holders of such Claims, the individualized notices provided pursuant to the Bondholder Claim Procedures Order, subject to the receipt by the Debtors or the Solicitation Agent of updated contact information from any such Holders since the time that such individualized notices were sent; *provided* that LBM shall be deemed to have voted to accept the Plan with respect to the LBM L Bond Claims; and (ii) in the case of Beneficial Holders of such Claims and their Nominees, SPRs obtained as of the Voting Record Date.

(b)      With respect to Class 8, 9, and 10 Interests, Solicitation Packages, including Ballots, will be distributed solely based upon (i) in the case of direct Holders of such Interests, the Debtors' registers of equity security interests as of the Voting Record Date, and (ii) in the case of Beneficial Holders of such Interests and their Nominees, SPRs obtained as of the Voting Record Date.

(c)      Other Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been disallowed, disqualified, withdrawn, or superseded prior to such Voting Record Date, and (ii) subject to further Order, is not the subject of a pending objection; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection except as set forth herein;

(d)      Holders of Claims that are listed in the Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be disallowed for voting purposes;

(e)      Holders of Claims that arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, or (ii) in an order entered by the Court, in each case regardless of whether a Proof of Claim has been filed; and

(f)      the assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (e) above; *provided* that (other than with respect to a Beneficial Holder of any such Claim or Interest) such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.      *Establishing Claim Amounts for Voting Purposes*

**Class 3 (Bond Claims)**: The voting amounts for Class 3 (Bond Claims) will be (i) with respect to direct-held Class 3 Bond Claims, the greater of (a) the principal amount identified on the Notice to Direct-Held Bondholders Regarding Bondholder Claims Bar Date with respect to each Holder thereof sent pursuant to the Bondholder Claim Procedures Order; and (b) if a Holder of a Class 3 Bond Claim has filed a Proof of Claim regarding the amount of its respective Class 3 Bond Claim, the principal amount identified on such Proof of Claim, only to the extent that such Proof of Claim is not the subject of a pending objection as of the Claim Solicitation Objection Deadline or has not otherwise been disallowed; and (ii) with respect to indirect-held Bond Claims, the principal amounts of Bonds set forth on Schedule 1 to the Notice to Indirect-Held Bondholders Regarding Bondholder Claims Bar Date sent pursuant to the Bondholder Claim Procedures Order that, as to each Nominee, is based upon SPRs as of the Voting Record Date for each such Nominee.

**Class 4(a) (General Unsecured Claims)**: The amount of Class 4(a) (General Unsecured Claims) for voting purposes only will be established based on the amount of the applicable positions held by such Class 4(a) Claim Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register; *provided* that, subject to further Order, the amount of any such Claim subject to a timely-filed pending objection shall be reduced to $0 solely for voting purposes and shall not be entitled to vote such Claim. If a Proof of Claim is amended, the last filed claim shall be subject to these rules and will supersede any earlier filed claim, and any earlier filed claim will be disallowed for voting purposes.  For the avoidance of doubt, any Claim for damages arising from the purchase of Bonds is treated as a Class 4(a) General Unsecured Claim under the Plan and any Holder of any such Claim who timely filed a Proof of Claim with respect thereto shall be entitled to vote such Claim unless such Claim is withdrawn or disallowed prior to the Voting Deadline or, subject to further Order, is subject to a pending objection as of the Claim Solicitation Objection Deadline.

**Class 8, 9, and 10 Interests**: The voting amounts for Class 8, 9, and 10 Interests will be (i) with respect to such Interests where registered in the name of the Holder thereof directly with the Debtors, the number of shares of such Interests reflected in the Debtors' registers of equity security interests as of the Voting Record Date; (ii) with respect to such Interests held by a Nominee, the number of shares of such Interests reflected in the Debtors' registers of equity security interest as of the Voting Record Date that, as to each Nominee, is based upon SPRs obtained with a record date of the Voting Record Date for each such Nominee; and (iii) to the extent a Holder of Class 8, 9, or 10 Interests has asserted in a timely filed Proof of Claim or proof of interest a Claim for damages arising from the purchase of such Interests, such Holder shall be entitled to vote such Claim as a single share of Class 10 Interests unless such Claim is withdrawn or disallowed prior to the Voting Deadline or is subject to a pending objection as of the Claim Solicitation Objection Deadline.

**Filed and Scheduled Claims**: The Claim and Interest amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Interest. Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes with respect to Class 4(a) General Unsecured Claims, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

(a)     the Claim amount Allowed by order of the Court;

(b)     the Claim amount (i) settled or agreed upon by the Debtors, as reflected in a document filed with the Court, or (ii) set forth in an order of the Court;

(c)     the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law) and not disallowed prior to the Voting Deadline, except for any amounts asserted on account of any interest accrued after the Initial Petition Date;

(d)     if a Claim, for which a Proof of Claim has been timely filed, is in a wholly unliquidated amount, and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(e)     if a Claim, for which a Proof of Claim was timely filed, is filed as unliquidated in part, such Claim is temporarily allowed in the amount that is liquidated for voting purposes only, and not for purposes of allowance or distribution;

(f)     the Claim amount listed in the Schedules (unless such Claim has been superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid;

(g)     Proofs of Claim filed for $0.00 are not entitled to vote;

(h)     notwithstanding anything herein, any creditor who has filed or purchased multiple Claims or Interests within the same Voting Class shall, to the extent practicable, be provided with only one Solicitation Package and one Ballot for voting a single Claim or interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims or Interests;

(i)     if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later-filed amending Proof of Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier-filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

(j)     in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

**3.      *Voting and Ballot Tabulation Procedures***

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right, in consultation with the Bondholder Committee, to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

(a)     except as otherwise provided herein, unless the Ballot being furnished is timely submitted to the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Ballot will not count;

(b)     the Debtors will file a voting report (the "Voting Report") with the Court by no later than June 12, 2023. The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile, or damaged (in each case, an "Irregular Ballot"). The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

(c)     the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder. Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot;

(d)     no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent, such Ballot will not be counted; *provided, however,* that if the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors receive any Ballot, such Entity shall make a good faith effort to forward such Ballot to the Solicitation Agent prior to the Voting Deadline;

(e)     if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

(f)     Holders must vote all of their Claims, regardless of whether such Claims are asserted against one or multiple Debtors, either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor will aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

(g)    Omitted;

(h)    all Ballots submitted on account of Class 3 Bond Claims shall be deemed to be Ballots with respect to both GWGH and GWG Life, LLC;

(i)    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Interests must indicate such capacity when signing; *provided, however,* that no Person shall mark a vote to accept or reject the Plan or complete Item 2 of any Ballot unless expressly authorized in writing by a Holder of Claims or Interests to vote on a chapter 11 plan on such Holder's behalf;

(j)    the Debtors may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

(k)    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots to any party other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; *provided, however,* notwithstanding the foregoing, the Debtors shall inform the Bondholder Committee professionals of any defects or irregularities with respect to delivered Ballots as soon as reasonably practicable upon receipt of Class 3 (Bond Claims) Ballots and the Bondholder Committee is permitted to inform such voter of the defect and the process for correcting their Ballot; *provided, further,* that the Debtors may provide claimants with a reasonable opportunity to cure such defects up until the Voting Deadline;

(l)    unless waived or as ordered by the Court and in accordance with the foregoing, any defects or irregularities in connection with deliveries of Ballots must be cured by the Holder of Claims prior to the Voting Deadline or such Ballots will not be counted;

(m)    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

(n)     subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

(o)     if a Claim has been estimated or a Claim or Interest has otherwise been Allowed only for voting purposes by order of the Court, such Claim or Interest shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(p)     if an objection to a Claim or Interest is filed on or before the Claim Solicitation Objection Deadline, subject to further Order, such Claim or Interest shall be treated in accordance with the procedures set forth herein, and the objected-to portion of any such Claim or Interest shall not be included in the tabulation of votes to accept or reject the Plan;

(q)     the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a Claim listed on the Debtors' schedules as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the online balloting portal will be deemed to contain an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

(r)     after the Voting Deadline, no Ballot may be withdrawn or modified, without Court approval;

(s)     Omitted;

(t)     where any portion of a single Claim or Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Interest will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within a Voting

Class received from a single creditor or interest-holder, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted; and

(u)    for purposes of determining satisfaction of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor or interest-holder in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor or interest-holder held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## 4.    *Master Ballot Solicitation, Voting and Tabulation Procedures*

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Beneficial Holders of Claims and Interests in Classes 3, 8, 9, and 10 who hold and will vote their position through a Nominee:

(i)    the Solicitation Agent shall distribute or cause to be distributed to the Nominees (i) the appropriate number of Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain copies of Ballots for each beneficial holder (a "Beneficial Holder Ballot") and (ii) a master ballot (the "Master Ballot");

(ii)    each Nominee shall immediately, and in any event within three Business Days after its receipt of the Solicitation Packages to the extent reasonably practicable, commence the solicitation of votes from its Beneficial Holder clients through one of the following two methods:

(A)    distribute to each beneficial holder the Solicitation Packages along with a Beneficial Holder Ballot, voting information form ("VIF"), and/or other customary communication used to collect voting information from its Beneficial Holder clients along with instructions to the Beneficial Holder to return its vote to the Nominee in a timely fashion; *provided, however,* that Nominees shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot prior to distribution of the Solicitation Packages to Beneficial Holders unless expressly authorized in writing by such Beneficial Holder to vote on a chapter 11 plan on such Beneficial Holder's behalf; *provided, further,* that any Nominee that elects to distribute a VIF and/or other customary communication used to collect voting information shall meet all

applicable standards to receive informed consent from its Beneficial Holders; *provided, further,* that Nominees shall clearly communicate in such materials to Beneficial Holders the timing requirements for their Beneficial Holder Ballots to be included on the Master Ballot prior to the Voting Deadline; or

(B)      distribute to each Beneficial Holder the Solicitation Package along with a "pre-validated" Ballot (a "<u>Pre-Validated Beneficial Holder Ballot</u>") signed by the Nominee and including the Beneficial Holder's account number, the amount of Claims held by the Nominee for such Beneficial Holder, and a medallion guarantee stamp certifying the Beneficial Holder's position in their asserted Claims as of the Voting Record Date with instructions to the Beneficial Holder to return its Pre-Validated Beneficial Holder Ballot to the Solicitation Agent in a timely fashion; *provided, however,* that such Nominee providing "pre-validated" Ballots shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot unless such Nominee is expressly authorized in writing by the Beneficial Holder to vote on a chapter 11 plan on such Beneficial Holder's behalf;

(iii)      each Nominee shall compile and validate the votes and other relevant information of all such Beneficial Holders on the Master Ballot and transmit the Master Ballot to the Solicitation Agent on or before the Voting Deadline;

(iv)      Nominees that submit Master Ballots must keep the original Beneficial Holder Ballots, VIFs, or other communication used by the Beneficial Holder to transmit its vote for a period of one year after the Effective Date of the Plan;

(v)      Nominees that pre-validate Beneficial Holder Ballots must keep a list of Beneficial Holders for whom they pre-validated a Ballot, along with copies of the Pre-Validated Beneficial Holder Ballots for a period of one year after the Effective Date of the Plan;

(vi)      the Solicitation Agent will not count votes of Beneficial Holders unless and until they are included on a valid and timely Master Ballot or a valid and timely Pre-Validated Beneficial Holder Ballot;

(vii)      if a Beneficial Holder holds Claims through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot, and each such Beneficial Holder must vote consistently and execute a separate Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot for each Claim that it holds through any Nominee and must return each such

Beneficial Holder Ballot to the appropriate Nominee or each such Pre-Validated Beneficial Holder Ballot to the Solicitation Agent;

(viii)   votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in the applicable Voting Class, as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date;

(ix)   if conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, the Solicitation Agent will use reasonable efforts to reconcile discrepancies with the Nominees; *provided, however,* that the Debtors shall provide prompt notice of any such discrepancies to the Bondholder Committee. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in the applicable Voting Class;

(x)   a single Nominee may complete and deliver to the Solicitation Agent multiple non-duplicative Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted by a single Nominee are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Nominee or more than one Pre-Validated Beneficial Holder Ballot to the Solicitation Agent, (i) the latest received Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot received before the submission deadline imposed by the Nominee or the Voting Deadline, respectively, shall be deemed to supersede any prior Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot, as applicable, submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly;

(xi)   the Debtors are authorized, but not directed, upon written request, to reimburse Nominees for reasonable and documented customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any Nominee or other person for soliciting votes from its Beneficial Holder clients with respect to the Plan.

E.   Amendments to the Plan and Solicitation Procedures

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, (including, for the avoidance of doubt, the Plan Supplement), Disclosure Statement, Ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Plan, Disclosure Statement, and any other materials, in the Solicitation Package before their distribution.

<u>**Exhibit 3A**</u>

**Form of Ballot**
**Class 3 Direct-Held Bond Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CLASS 3: BOND CLAIMS (DIRECT-HELD)**
**FOR VOTING TO ACCEPT OR REJECT THE DEBTORS'**
**SECOND AMENDED JOINT CHAPTER 11 PLAN**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**

**YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

> DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O.
> BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING
> 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING
> GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT
> HTTPS://ECF.TXSB.USCOURTS.GOV/.

**Solicitation Overview**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2] The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

Your rights are described in the Plan, the Disclosure Statement, and the related materials. If you would like paper copies of the Plan, Disclosure Statement, and other Solicitation Materials, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at no charge from Donlin Recano & Company, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (ii) calling 1 (888) 508-2507 (U.S. toll-free) or (iii) emailing gwginfo@donlinrecano.com; or (b) for a fee via PACER at https://ecf.txsb.uscourts.gov/.

You are receiving this ballot (the "Ballot") because records indicate that, as of February 24, 2023 (the "Voting Record Date"), you are the direct Holder of an Allowed Class 3 Bond Claim, or an assignee or transferee thereof. Accordingly, you have a right to vote to accept or reject the Plan. As set forth in the Disclosure Statement, the Debtors, the Bondholder Committee, LBM, and the Ad Hoc Committee of Broker/Dealers recommend that you vote to **ACCEPT** the Plan.

**If the Plan is confirmed by the Court, it will be binding on you regardless of whether or not you vote or whether you vote to accept or reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent no later than the Voting Deadline.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The above information is a simplified summary of certain aspects of the Plan for informational purposes only and should not be relied upon. ***You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.***

## Submitting Your Ballot

You should review the Plan and the Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. **THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**PLEASE SUBMIT YOUR BALLOT BY *ONLY ONE* OF THE FOLLOWING METHODS:**

**Via Electronic Mail. Complete, sign, and date this Ballot and email a scanned copy of the ballot in a universally viewable file format such as .PDF to GWGVote@donlinrecano.com.**

### *OR*

**Via Paper Ballot. Complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided or:**

**By First Class Mail to:**

**GWG HOLDINGS, INC., ET AL. Balloting Center**
**c/o Donlin Recano Company**
**Attn: Voting Department**
**P.O. Box 199043 Blythebourne Station**
**Brooklyn, NY 11219**

**By Hand Delivery or Overnight Mail to:**

**GWG HOLDINGS, INC., ET AL. Balloting Center**
**c/o Donlin Recano Company**
**Attn: Voting Department**
**6201 15th Ave**
**Brooklyn, NY 11219**

### *OR*

**Via eBallot Portal:**

**Ballots may be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at www.DonlinRecano.com/clients/gwg/vote (the "eBallot Portal") by no later than the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.**

3

In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim. Please complete and submit an electronic Ballot for each eBallot ID# you receive.

**UNIQUE E-BALLOT IDENTIFICATION** _____

Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each eBallot ID# you receive, as applicable.

Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

**Item 1**. Amount of Claim.[3]

**The undersigned hereby certifies that as of the Voting Record Date, the books and records of the Debtors reflect that the undersigned was the Holder of Direct-Held Bondholder Claims in the following principal amount (insert amount in box below):**

$$\boxed{\qquad \$\underline{\hspace{3cm}} \qquad}$$

**The above amount may not be the same as the amount you included in a filed Proof of Claim, and the above amount excludes accrued interest solely for voting tabulation purposes. The submission of this Ballot with respect to the above amount is without prejudice to the resolution of the allowance of your Claim, which will ultimately include principal on the Bonds plus accrued unpaid interest through April 20, 2022.**

**Item 2**. Vote on Plan.

The direct Holder of the Bond Claims set forth in Item 1 votes to (please check only one):

| |
|---|
| ☐ **ACCEPT** (vote FOR) the Plan |
| ☐ **REJECT** (vote AGAINST) the Plan |

**Item 3**. Important information regarding the release, exculpation, and injunction provisions in the Plan.[4]

Article VIII.C of the Plan contains the following release (the "**Release**"):

**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE**

---

[3] For voting purposes only, subject to tabulation rules.

[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE**

6

**ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES. FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE**

**AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO**

8

**HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.  THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN**

**SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION**

**DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

**Item 4. Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the direct Holder of the Bond Claims being voted; or (ii) the Entity is an authorized signatory, with full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above, for an Entity that is a direct Holder of the Bond Claims being voted;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Entity has cast the same vote with respect to all of its direct-held Bond Claims; and

(d)     no other Ballots with respect to the amount of the Bond Claims in Item 1 have been cast or, if any other Ballots have been cast with respect to such Bond Claims, then any such earlier Ballots are hereby revoked.

Name of Holder:_____

<div style="border: 1px solid black">

(Print or Type)

Signature:_____

Name of Signatory:_____
(If other than Holder)

Title (and capacity, if other than Holder):_____

Address: _____

_____

_____

Telephone Number:_____

Email:_____

Date Completed: _____

</div>

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE MAY 31, 2023 AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in total dollar amount and more than one-half in number of Claims that actually vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4. <u>**Use of Ballot**</u>. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the box provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5. Your completed Ballot *must* be returned to the *Solicitation Agent* so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline. *Do not* send Ballots to the Debtors, Indenture Trustee, Bondholder Committee, any advisors to the foregoing, the Court. **The Voting Deadline is May 31, 2023 at 4:00 p.m. (prevailing Central Time).**

6. If a Ballot is received by the Solicitation Agent after the Voting Deadline and if the Voting Deadline is not extended, it may not be counted. Additionally, the following Ballots will not be counted:

    (a) any Ballot that partially rejects and partially accepts the Plan;

    (b) Ballots delivered to any party other than the Solicitation Agent;

    (c) Ballots sent by facsimile or other unapproved means;

    (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    (e) any Ballot cast by an Entity that does not hold a Claim or Interest entitled to vote pursuant to the Plan or Solicitation Procedures;

    (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan or Solicitation Procedures;

    (g) any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the E-Ballot Portal or via email will be deemed signed); and/or

(h)     any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.     The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each direct Holder of a Class 3 Bond Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **_actually receives_** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8.     If multiple Ballots are received from the same Holder of a Class 3 Bond Claim with respect to the same Class 3 Bond Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9.     You must vote all of your Class 3 Bond Claims, regardless if such Claims are asserted against one or multiple Debtors, either to accept or reject the Plan and may _not_ split your vote.

10.    This Ballot does _not_ constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    **Please be sure to sign and date your Ballot**. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, you must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.  You may not mark a vote to accept or reject the Plan or complete Item 2 of the Ballot unless expressly authorized in writing by the Holder to vote on a chapter 11 plan on such Holder's behalf.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

**OR CONTACT THE OFFICIAL COMMITTEE OF BONDHOLDERS:**

**BY EMAIL: GWGBondholders@akingump.com**

**WEBSITE: https://www.donlinrecano.com/gwgbondholders**

2

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON MAY 31, 2023 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**<u>Exhibit 3B</u>**

**Class 3 Bond Claims (Indirect-Held) Master Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## MASTER BALLOT FOR ACCEPTING OR REJECTING
## THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

### Class 3: Bond Claims (Indirect-Held)

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**
>
> **FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("<u>VOTING DEADLINE</u>"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**
>
> **<u>ACCESS TO SOLICITATION MATERIALS</u>:**
>
> **THE PLAN, DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER COMMITTEE LETTER MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**
>
> **YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING                                                    WEBSITE                                    AT**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201.  Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

**HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.**

## Solicitation Overview

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order").  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[3] of a Claim in Class 3 (the "Voting Class") as of February 24, 2023 (the "Voting Record Date").

**This Master Ballot is to be used by you as a bank, broker, securities intermediary, registered investment advisor, or other nominee, or an agent of any of the foregoing (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 3 Bond Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 3 Bond Claims to accept or reject the Plan. To use this Master Ballot, you must meet all applicable standards to receive informed consent from the Beneficial Holders for whom you are Nominee.  The CUSIP numbers (the "CUSIP") for Class 3 Bond Claims entitled to vote and of which you are the Nominee are set forth herein.**

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, the Bondholder Summary and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3]   "Beneficial Holder" is a beneficial owner of Class 3 Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository, as of the Voting Record Date.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting information form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐      is the record holder of the Claims listed in Item 2 below, and is a broker, bank, or other Nominee for the beneficial owners of the aggregate principal amount of such bonds; or

☐      is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other Nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐      has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other Nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2. Claims in the Voting Class Vote on Plan**

The undersigned transmits the following votes and releases of Beneficial Holders of Claims against the Debtors in the Voting Class as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes as set forth below.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted. If the Beneficial Holder has checked the box on Item 2 of the Beneficial Holder Ballot pertaining to the releases by holders of Claims, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column of the table below.

4

| Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class | Principal Amount Held as of the Voting Record Date | Item 2 Indicate the vote cast on each Beneficial Holder Ballot by placing an "X" in the appropriate column below. | |
|---|---|---|---|
| | | Accept the Plan | Reject the Plan |
| CUSIP No. [_] | | | |
| 1. | $ | | |
| 2. | $ | | |
| 3. | $ | | |
| 4. | $ | | |
| 5. | $ | | |
| 6. | $ | | |
| TOTALS | $ | | |

**Item 3. Certification as to Transcription of Information from Item 3 of the Ballots as to Claims in Voting Classes Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Ballot received from a Beneficial Holder. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | | | Indicate whether Beneficial Holder in each row voted to Accept or Reject the Plan |
|---|---|---|---|---|---|
| | Account Number of Other Claims Voted | DTC Participant Name and Number | Principal Amount of Other Claims Voted | CUSIP(s) of Other Claims Voted | |
| Class 3 – Bond Claims | | | | | |
| 1. | | | $ | | |
| 2. | | | $ | | |
| 3. | | | $ | | |
| 4. | | | $ | | |
| 5. | | | $ | | |

| 6.  |  |  | $ |  |  |
|-----|--|--|---|--|--|
| 7.  |  |  | $ |  |  |
| 7.  |  |  | $ |  |  |
| 9.  |  |  | $ |  |  |
| 10. |  |  | $ |  |  |

## Item 4. Certifications.

Upon execution of this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Plan, the Ballots, the Bondholder Summary, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in Item 2 above or delivered such materials via other customary communications used to solicit or collect votes; and

2.  either (a) it has received appropriate, completed voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; (b) it is the registered Beneficial Holder of the securities being voted, or (c) it has been expressly authorized in writing by each such Beneficial Holder to vote on the Plan; and

3.  it has properly disclosed: (a) the number of unique Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in Item 2, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan as cast by such Beneficial Holder; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

4.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if requested.

Name of Nominee:_____
                                             (Print or type)

DTC Participant Number:_____

Name of Proxy Holder or Agent
for Nominee (if applicable):_____
                                             (Print or type)

Signature:_____

Name of Signatory:_____

Title:_____

Address:_____

_____

_____

Date Completed:_____

Email Address:_____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.**

**PLEASE COMPLETE AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW, OR BY EMAIL (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

---

**Via Paper Ballot. Complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided or:**

By First Class Mail to:

GWG HOLDINGS, INC., ET AL. Balloting Center
c/o Donlin Recano Company
Attn: Voting Department
P.O. Box 199043 Blythebourne Station
Brooklyn, NY 11219

By Hand Delivery or Overnight Mail to:

GWG HOLDINGS, INC., ET AL. Balloting Center
c/o Donlin Recano Company
Attn: Voting Department
6201 15th Ave
Brooklyn, NY 11219

---

**OR**

---

**By electronic mail:**

Submit your Master Ballot via electronic mail to GWGVote@donlinrecano.com with "GWG Holdings, Inc. Class 3 Master Ballot" in the subject line.

**IMPORTANT NOTE: For any ballot cast via electronic mail, a format of the attachment must be found in the common workplace and industry standard format (i.e., industry-standard pdf file) and the received date and time in the solicitation agent's inbox will be used as a timestamp for receipt.**

Nominees that cast a Master Ballot via electronic mail should NOT also submit a paper Master Ballot.

---

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT TOLL FREE AT (888)**

508-2507; OR EMAILING GWGINFO@DONLINRECANO.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.

MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO GWGVOTE@DONLINRECANO.COM WITH A REFERENCE TO "GWG HOLDINGS, INC. CLASS 3 MASTER BALLOT" IN THE SUBJECT LINE).

THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.

## **VOTING INSTRUCTIONS**

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 3 Bond Claims with respect to the Plan referred to in the Disclosure Statement. Links to the Plan and the Disclosure Statement are included in the Solicitation Packages. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon holders of Claims and Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one Class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  You should *immediately* distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and Solicitation Package to all Beneficial Holders of Class 3 Bond Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting information form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Nominee that elects such a procedure shall meet all applicable standards to receive informed consent and such materials shall clearly communicate the timing requirements for Beneficial Holder Ballots to be included on the Master Ballot prior to the Voting Deadline. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 4:00 P.M., prevailing Central Time, on May 31, 2023, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

    If you are transmitting the votes of any beneficial owners of Claims in Voting Classes, you may either:

    (a)  "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 3 Claim for voting within three (3) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant name and DTC participant number; indicating the account number of the Beneficial Holder and the *principal amount* of the Class 3 Bond Claim held by the Nominee for such Beneficial Holder, applying a medallion guarantee stamp to the ballot to certify the principal amount of the Class 3 Bond Claim owned by the Beneficial Holder as of the Voting Record Date and then forwarding the Ballot together with

the Solicitation Package to the Beneficial Holder; *provided, however*, that Nominees shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot prior to distribution of the Solicitation Packages to Beneficial Holders unless expressly authorized in writing by such Beneficial Holder to vote on a chapter 11 plan on such Beneficial Holder's behalf. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

(b)     Within three (3) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 3 Bond Claim for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee; *provided, however*, that Nominees shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot prior to distribution of the Solicitation Packages to Beneficial Holders unless such Nominee is expressly authorized in writing by the Beneficial Holder to vote on a chapter 11 plan on such Beneficial Holder's behalf. In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.     With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.     The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is May 31, 2023, at 4:00 P.M., prevailing Central Time**.

6.     If a Ballot is received after the Voting Deadline, it will not be counted except as permitted by applicable law or court order. In all cases, Nominees should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.      If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.      If a holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.      If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

12.     Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Court, you must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Claims in the Voting Class and you wish to vote such Claims in the Voting Class, you may return a Master Ballot for such Claims in the Voting Class and you must vote your entire Claim in the Voting Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class may be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim

will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

<u>The following additional rules shall apply to Master Ballots</u>:

16.   Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings;

17.   Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Claims in the Voting Class held by such Nominee;

18.   To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.   To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Classes; and

20.   For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the Claim amount.

The Plan includes the following release, exculpation, and injunction provisions:[4]

Article VIII.C of the Plan provides for the following release:

**<u>PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY</u>**

---

[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Master Ballot.

**SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE**

14

**FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES. FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN**

**THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

The Plan contains certain definitions related to the foregoing release:

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR**

**AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.  THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT**

**DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH**

**ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

<div align="center">

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

</div>

## Schedule 1
## Bond CUSIPs

| | | | | | |
|---|---|---|---|---|---|
| 36192AAR0 | 36250CEU4 | 36250CJZ8 | 36251N4P1 | 36251NER6 | 36251NHQ5 |
| 36192AAS8 | 36250CEV2 | 36250CKA1 | 36251N4Q9 | 36251NEU9 | 36251NHR3 |
| 36250CDA9 | 36250CEW0 | 36250CKB9 | 36251N4R7 | 36251NEV7 | 36251NHU6 |
| 36250CDB7 | 36250CEX8 | 36250CKC7 | 36251NB73 | 36251NEY1 | 36251NHV4 |
| 36250CDC5 | 36250CEY6 | 36250CKD5 | 36251NB81 | 36251NEZ8 | 36251NHY8 |
| 36250CDD3 | 36250CEZ3 | 36251N2C2 | 36251NB99 | 36251NF38 | 36251NHZ5 |
| 36250CDE1 | 36250CFA7 | 36251N2D0 | 36251NC31 | 36251NF46 | 36251NJC4 |
| 36250CDF8 | 36250CFB5 | 36251N2F5 | 36251NC49 | 36251NF53 | 36251NJD2 |
| 36250CDG6 | 36250CFC3 | 36251N2G3 | 36251NC56 | 36251NF79 | 36251NME6 |
| 36250CDH4 | 36250CFD1 | 36251N2H1 | 36251NC72 | 36251NF87 | 36251NMF3 |
| 36250CDJ0 | 36250CFE9 | 36251N2K4 | 36251NC80 | 36251NF95 | 36251NMG1 |
| 36250CDK7 | 36250CFF6 | 36251N2L2 | 36251NC98 | 36251NFC8 | 36251NMH9 |
| 36250CDL5 | 36250CFG4 | 36251N2M0 | 36251NCZ0 | 36251NFD6 | 36251NMJ5 |
| 36250CDM3 | 36250CFH2 | 36251N2P3 | 36251ND30 | 36251NFG9 | 36251NMK2 |
| 36250CDN1 | 36250CFJ8 | 36251N2Q1 | 36251ND48 | 36251NFH7 | 36251NML0 |
| 36250CDP6 | 36250CFK5 | 36251N2R9 | 36251ND55 | 36251NFL8 | 36251NMM8 |
| 36250CDQ4 | 36250CFL3 | 36251N2T5 | 36251ND71 | 36251NFM6 | 36251NMN6 |
| 36250CDR2 | 36250CFM1 | 36251N2U2 | 36251ND89 | 36251NFQ7 | 36251NMP1 |
| 36250CDS0 | 36250CFN9 | 36251N2V0 | 36251ND97 | 36251NFR5 | 36251NMQ9 |
| 36250CDT8 | 36250CFP4 | 36251N2X6 | 36251NDC0 | 36251NFU8 | 36251NMR7 |
| 36250CDU5 | 36250CFQ2 | 36251N2Y4 | 36251NDD8 | 36251NFV6 | 36251NMS5 |
| 36250CDV3 | 36250CFR0 | 36251N2Z1 | 36251NDG1 | 36251NFY0 | 36251NMT3 |
| 36250CDW1 | 36250CFS8 | 36251N3B3 | 36251NDH9 | 36251NFZ7 | 36251NMU0 |
| 36250CDX9 | 36250CFT6 | 36251N3C1 | 36251NDL0 | 36251NG37 | 36251NMV8 |
| 36250CDY7 | 36250CFU3 | 36251N3D9 | 36251NDM8 | 36251NG45 | 36251NMW6 |
| 36250CDZ4 | 36250CFV1 | 36251N3F4 | 36251NDQ9 | 36251NG52 | 36251NMX4 |
| 36250CEA8 | 36250CFW9 | 36251N3G2 | 36251NDR7 | 36251NGC7 | 36251NMY2 |
| 36250CEB6 | 36250CFX7 | 36251N3H0 | 36251NDU0 | 36251NGD5 | 36251NMZ9 |
| 36250CEC4 | 36250CFY5 | 36251N3K3 | 36251NDV8 | 36251NGG8 | 36251NN21 |
| 36250CED2 | 36250CFZ2 | 36251N3L1 | 36251NDY2 | 36251NGH6 | 36251NN39 |
| 36250CEE0 | 36250CGA6 | 36251N3M9 | 36251NDZ9 | 36251NGL7 | 36251NN47 |
| 36250CEF7 | 36250CGB4 | 36251N4A4 | 36251NE39 | 36251NGM5 | 36251NN54 |
| 36250CEG5 | 36250CGC2 | 36251N4B2 | 36251NE47 | 36251NGQ6 | 36251NN62 |
| 36250CEH3 | 36250CGD0 | 36251N4C0 | 36251NE54 | 36251NGR4 | 36251NN70 |
| 36250CEJ9 | 36250CGE8 | 36251N4D8 | 36251NE70 | 36251NGU7 | 36251NN88 |
| 36250CEK6 | 36250CGF5 | 36251N4E6 | 36251NE88 | 36251NGV5 | 36251NN96 |
| 36250CEL4 | 36250CGG3 | 36251N4F3 | 36251NE96 | 36251NGY9 | 36251NNA3 |
| 36250CEM2 | 36250CGH1 | 36251N4G1 | 36251NEC9 | 36251NGZ6 | 36251NNB1 |
| 36250CEN0 | 36250CJS4 | 36251N4H9 | 36251NED7 | 36251NHC6 | 36251NNC9 |
| 36250CEP5 | 36250CJT2 | 36251N4J5 | 36251NEG0 | 36251NHD4 | 36251NND7 |
| 36250CEQ3 | 36250CJV7 | 36251N4K2 | 36251NEH8 | 36251NHG7 | |
| 36250CER1 | 36250CJW5 | 36251N4L0 | 36251NEL9 | 36251NHH5 | |
| 36250CES9 | 36250CJX3 | 36251N4M8 | 36251NEM7 | 36251NHL6 | |
| 36250CET7 | 36250CJY1 | 36251N4N6 | 36251NEQ8 | 36251NHM4 | |

## Exhibit 3C

**Class 3 Bond Claims - Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN**

**Class 3: Bond Claims (Indirect-Held)**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**

**YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING WEBSITE AT**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

> HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.

**Solicitation Overview**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

Your rights are described in the Plan, the Disclosure Statement, and the related materials. If you would like paper copies of the Plan, Disclosure Statement and other Solicitation Materials, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at no charge from Donlin Recano & Company, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (ii) calling 1 (888) 508-2507 (U.S. toll-free) or (iii) emailing gwginfo@donlinrecano.com; or (b) for a fee via PACER at https://ecf.txsb.uscourts.gov/.

You are receiving this ballot (the "Ballot") because records indicate that, as of February 24, 2023 (the "Voting Record Date"), you are the Beneficial  Holder of an Allowed Class 3 Bond Claim, or an assignee or transferee thereof. Accordingly, you have a right to vote to accept or reject the Plan. As set forth in the Disclosure Statement, the Debtors, the Bondholder Committee, LBM, and the Ad Hoc Committee of Broker/Dealers recommend that you vote to **ACCEPT** the Plan.

**If the Plan is confirmed by the Court, it will be binding on you regardless of whether or not you vote or whether you vote to accept or reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot pursuant to the instructions provided by your Nominee so that it is received by the Solicitation Agent no later than the Voting Deadline.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The above information is a simplified summary of certain aspects of the Plan for informational purposes only and should not be relied upon. ***You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.***

**Releases**

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.**

**Item 1. Voting - Complete This Section.**

| **ITEM 1: PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in the Voting Class as set forth below (your "Claims"). You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. | | |
| --- | --- | --- | --- |
| | Please note that you are voting all of your Claims in the Voting Class either to accept or reject the Plan. You may not split your vote in the Voting Class. If you do not indicate that you either accept or reject the Plan in the Voting Class by checking the applicable box below, your vote in the Voting Class will not be counted. If you indicate that you both accept and reject the Plan for the Voting Class your vote in the Voting Class will not be counted.<br><br>The Beneficial Holder of the Claim(s) in the Voting Classes set forth below votes to: | | |
| Voting Class | Description | Amount | Vote to accept or reject the Plan: |
| Class 3 | Bond Claims CUSIP: [_____] | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br><br>☐ REJECT (VOTE AGAINST) THE PLAN |

**The above amount may not be the same as the amount you included in a filed Proof of Claim, and the above amount excludes accrued interest solely for voting tabulation purposes. The submission of this Ballot with respect to the above amount is without prejudice to the resolution of the allowance of your Claim, which will ultimately include principal on the Bonds plus accrued unpaid interest through April 20, 2022.**

**Item 2. Important information regarding the release, exculpation, and injunction provisions in the Plan.[3]**

Article VIII.C of the Plan contains the following release (the "**Release**"):

**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS,**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES.  FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE**

**TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS**

**AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.  THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY**

**SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED**

9

**TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

**Item 3. Certification of Claims in the Voting Class Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in the Voting Class identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table. **To be clear, if any Beneficial Holder holds Claims in a Voting**

Class through one or more Nominees, such Beneficial Holder must identify all Claims in the Voting Class held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.

ONLY COMPLETE ITEM 3 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF THE SAME VOTING CLASS

| Account Number of Other Claims Voted in the Voting Class | Name of Owner[4] | Principal Amount of Other Claims Voted in the Voting Class | CUSIP of Other Claims Voted in the Voting Class | DTC Participant of Claims Voted in the Voting Class |
|---|---|---|---|---|
| Class 3 – Bond Claims | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Item 4. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.     as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder with full power and authority to vote to accept or reject the Plan) of the Claims in the Voting Class set forth in Item 1;

b.     the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, the Bondholder Summary, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.     the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in the Voting Class;

d.     the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline

---

[4] Insert your name if the Claims in the respective Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.

shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

e.  the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of the Claims in the Voting Class set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its the Claims in the Voting Class set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

f.  the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5. Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____

(*Print or type*)

DTC Participant Number:_____

Signature:_____

Name of Signatory:_____

(*if other than Beneficial Holder*)

Title (and capacity, if other than Beneficial Holder):_____

Address:_____

_____

_____

Date Completed:_____

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME,
ON MAY 31, 2023.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION
AGENT (DONLIN RECANO & COMPANY, INC.), PLEASE COMPLETE AND DATE
THE BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED SO
THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE
VOTING DEADLINE.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE,
PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE
ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE
INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT
TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT
COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY
RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING
DEADLINE.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS BALLOT OR THE PLAN
SOLICITATION OR YOU NEED ADDITIONAL VOTING MATERIALS, PLEASE
CONTACT THE SOLICITATION AGENT TOLL FREE AT (888) 508-2507 OR VIA
EMAIL AT GWGINFO@DONLINRECANO.COM.   IF YOU HAVE QUESTIONS
ABOUT THE VOTING PROCEDURES, PLEASE CONTACT YOUR NOMINEE. ANY
BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN**

**COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 3 Bond Claims with respect to the Plan referred to in the Disclosure Statement. Links to the Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon holders of Claims and Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received, so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices.

    **The Solicitation Agent will not accept Beneficial Holder Ballots by facsimile or other electronic means (other than by email at GWGVote@donlinrecano.com for pre-validated Beneficial Holder Ballots and Master Ballots only).** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot or Master Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is May 31, 2023, at 4:00 P.M., prevailing Central Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted except as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing. You may not mark a vote to accept or reject the Plan or complete Item 2 of the Ballot unless expressly authorized in writing by the Beneficial Holder to vote on a chapter 11 plan on such Beneficial Holder's behalf.

12. You must vote your entire Claim in the Voting Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan as to the Voting Class will not be counted as a vote to accept or reject the Plan as to that Class.

13. Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15. If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

16.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor or interest-holder in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor or interest-holder held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

**OR CONTACT THE OFFICIAL COMMITTEE OF BONDHOLDERS:**

**BY EMAIL: GWGBondholders@akingump.com**

**WEBSITE: https://www.donlinrecano.com/gwgbondholders**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT (IF "PRE-VALIDATED" BY YOUR NOMINEE) ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON MAY 31, 2023 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**IF YOU ARE RETURNING YOUR BALLOT TO THE NOMINEE THAT PROVIDED YOU WITH THIS BALLOT, YOUR COMPLETED BALLOT MUST BE SENT TO YOUR NOMINEE, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO THE SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING DEADLINE.**

**Exhibit 3D**

**Form of Ballot**
**Class 8, 9, and 10 Interests (Direct-Held)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CLASS [●]: [●] INTERESTS BALLOT
## FOR VOTING TO ACCEPT OR REJECT THE DEBTORS'
## SECOND AMENDED JOINT CHAPTER 11 PLAN

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("<u>VOTING DEADLINE</u>"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**<u>ACCESS TO SOLICITATION MATERIALS</u>:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**

**YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

> **DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.**

## Solicitation Overview

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

Your rights are described in the Plan, the Disclosure Statement, and the related materials. If you would like paper copies of the Plan, Disclosure Statement, and other Solicitation Materials, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at no charge from Donlin Recano & Company, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (ii) calling 1 (888) 508-2507 (U.S. toll-free) or (iii) emailing gwginfo@donlinrecano.com; or (b) for a fee via PACER at https://ecf.txsb.uscourts.gov/.

You are receiving this ballot (the "Ballot") because records indicate that you are the direct Holder of a Class [●] [●] as of the Voting Record Date (as defined in the Disclosure Statement Order), or an assignee or transferee thereof. Accordingly, you have a right to vote to accept or reject the Plan. As set forth in the Disclosure Statement, the Debtors, the Bondholder Committee, LBM, and the Ad Hoc Committee of Broker/Dealers recommend that you vote to **ACCEPT** the Plan.

**If the Plan is confirmed by the Court, it will be binding on you regardless of whether or not you vote or whether you vote to accept or reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent no later than the Voting Deadline.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.**

<u>**Submitting Your Ballot**</u>

You should review the Plan and the Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. **THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**PLEASE SUBMIT YOUR BALLOT BY *ONLY ONE* OF THE FOLLOWING METHODS:**

<u>**Via Electronic Mail**</u>**.  Complete, sign, and date this Ballot and email a scanned copy of the ballot in a universally viewable file format such as .PDF to GWGVote@donlinrecano.com.**

<p align="center"><u>***OR***</u></p>

<u>**Via Paper Ballot**</u>**. Complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided or:**

<p align="center">**By First Class Mail to:**</p>

<p align="center">**GWG HOLDINGS, INC., ET AL. Balloting Center**<br>**c/o Donlin Recano Company**<br>**Attn: Voting Department**<br>**P.O. Box 199043 Blythebourne Station**<br>**Brooklyn, NY 11219**</p>

<p align="center">**By Hand Delivery or Overnight Mail to:**</p>

<p align="center">**GWG HOLDINGS, INC., ET AL. Balloting Center**<br>**c/o Donlin Recano Company**<br>**Attn: Voting Department**<br>**6201 15th Ave**<br>**Brooklyn, NY 11219**</p>

<p align="center"><u>***OR***</u></p>

<u>**Via eBallot Portal:**</u>

**Ballots may be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at www.DonlinRecano.com/clients/gwg/vote (the "eBallot Portal") by no later than the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.**

In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your Interest. Please complete and submit an electronic Ballot for each eBallot ID# you receive.

UNIQUE E-BALLOT IDENTIFICATION _____

Each eBallot ID# is to be used solely for voting only those Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each eBallot ID# you receive, as applicable.

Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

<u>Item 1</u>. Amount of Interest.[3]

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of [●] shares of Class [●] [●] (insert amount in box below):

<div style="border:1px solid black; text-align:center;">

_____

</div>

<u>Any admission of Interest for purposes of voting on the Plan is not</u> an admission of liability on the part of the Debtors or any other party for payment purposes. Additionally, <u>The above amount may not be the same as the amount you included in a filed Proof of Interest, and the above amount excludes accrued interest solely for voting tabulation purposes.</u>

<u>Item 2</u>. Vote on Plan.

The Holder of Class [●] [●] set forth in Item 1 votes to (please check only one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

<u>Item 3</u>. Important information regarding the release, exculpation, and injunction provisions in the Plan.[4]

Article VIII.C of the Plan contains the following release (the "**Release**"):

**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED**

---

[3] For voting purposes only, subject to tabulation rules.

[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE**

**RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES. FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD**

**AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR**

**OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE. THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT**

**DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON**

**ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

## Item 4. Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the Holder of the Interests being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Interests being voted;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(d)     the Entity has cast the same vote with respect to all of its Interests in the above-referenced Class; and

(e)     no other Ballots with respect to the amount of the Interests identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Interests, then any such earlier Ballots are hereby revoked.

Name of Holder:_____
(Print or Type)

Signature:_____

Name of Signatory:_____
(If other than Holder)

Title:_____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:  _____

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE MAY 31, 2023 AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in total dollar amount and more than one-half in number of Claims that actually vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4. **Use of Ballot**. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5. Your completed Ballot *must* be returned to the *Solicitation Agent* so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline. *Do not* send Ballots to the Debtors, Indenture Trustee, Bondholder Committee, any advisors to the foregoing, the Court. **The Voting Deadline is May 31, 2023 at 4:00 p.m. (prevailing Central Time).**

6. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may not be counted. Additionally, the following Ballots will not be counted:

   (a) any Ballot that partially rejects and partially accepts the Plan;

   (b) Ballots delivered to any party other than the Solicitation Agent;

   (c) Ballots sent by facsimile or other unapproved means;

   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;

   (e) any Ballot cast by an Entity that does not hold an Interest entitled to vote pursuant to the Plan or Solicitation Procedures;

   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan or Solicitation Procedures;

   (g) any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the E-Ballot Portal or via email will be deemed signed); and/or

(h)     any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of an Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent *actually receives* the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8.      If multiple Ballots are received from the same Holder of an Interest with respect to the same Interest prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9.      You must vote all of your Interests in the above-referenced class, regardless if such Interests are asserted against one or multiple Debtors, either to accept or reject the Plan and may *not* split your vote.

10.     This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Interest or (b) an assertion or admission of an Interest.

**11.     Please be sure to sign and date your Ballot**. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and,  if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

### PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON MAY 31, 2023 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**<u>Exhibit 3E</u>**

**Form of Master Ballot
Class 8, 9, and 10 Interests**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MASTER BALLOT FOR ACCEPTING OR REJECTING
## THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

CLASS [●]: [●]

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**

**YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING WEBSITE AT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

> **HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.**

**Solicitation Overview**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[3] of an Interest in Class [●] (the "Voting Class") as of February 24, 2023 (the "Voting Record Date").

**This Master Ballot is to be used by you as a bank, broker, securities intermediary, registered investment advisor, or other nominee, or an agent of any of the foregoing (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Interests to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Interests to accept or reject the Plan. To use this Master Ballot, you must meet all applicable standards to receive informed consent from the Beneficial Holders for whom you are Nominee.  The CUSIP numbers for Interests entitled to vote and of which you are the Nominee are set forth on herein.**

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, the Bondholder Summary, and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3]    "Beneficial Holder" is a beneficial owner of Interests whose Interests have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting information form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

<div align="center">

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.**

</div>

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐      is the record holder of the Interests listed in Item 2 below, and is a broker, bank, or other Nominee for the beneficial owners of the aggregate principal amount of such Interests; or

☐      is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other Nominee that is the registered holder of the aggregate principal amount of the Interests listed in Item 2 below; or

☐      has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other Nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Interests listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Interests described in Item 2.

**Item 2. Interests in the Voting Class Vote on Plan and Item 3. Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of Interests in the Debtors in the Voting Class as set forth below and certifies that the following Beneficial Holders of the Classes of Interests, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all of their Interests in the Voting Class either to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not

indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted.

| CUSIP [●][4] | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class** | **Number of Shares Held as of the Voting Record Date** | **Item 2**<br><br>**Indicate the Beneficial placing appropriate vote cast on the Holder Ballot by an "X" in the column below.** |
| | | **Accept the Plan** · **or** · **Reject the Plan** |
| CLASS [●]: [●] | | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| **TOTALS** | | |

**Item 3. Certification as to Transcription of Information from Item 3 of the Ballots as to Interests in Voting Classes Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Ballot received from a Beneficial Holder. Please use additional sheets of paper if necessary.

| **Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots** | **TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS:** | | | | **Indicate whether Beneficial Holder in each row voted to Accept or Reject the Plan** |
|---|---|---|---|---|---|
| | **Account Number of Other Interests Voted** | **DTC Participant Name and Number** | **Number of Shares of Other Interests Voted** | **CUSIP of Other Interests Voted** | |
| CLASS [●]: [●] | | | | | |
| 1. | | | | | |
| 2. | | | | | |

---

[4] See Schedule 1 hereto for a complete list of affected CUSIPs.

| 3. | | | | | |
|---|---|---|---|---|---|
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 7. | | | | | |
| 9. | | | | | |
| 10. | | | | | |

**Item 4. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1. it has received a copy (or means to access a copy electronically) of the Disclosure Statement, the Plan, the Ballots, the Bondholder Summary, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Interests in the Voting Class listed in Item 2 above or delivered such materials via other customary communications used to solicit or collect votes; and

2. either (a) it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; (b) it is the registered Beneficial Holder of the securities being voted; or (c) it has been expressly authorized under applicable law by each such Beneficial Holder to vote on the Plan; and

3. it has properly disclosed: (a) the number of unique Beneficial Holders who completed Ballots; (b) the respective amounts of the Interests in the Voting Class as set forth in Item 2, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Interests voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

4. it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if requested.

Name of Nominee:_____
(Print or type)

DTC Participant Number:_____

Name of Proxy Holder or Agent
for Nominee (if applicable):_____

5

(Print or type)

Signature:_____

Name of Signatory:_____

Title:_____

Address:_____

      _____

      _____

Date Completed:_____

Email Address:_____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.**

**PLEASE COMPLETE AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW, OR BY EMAIL (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

---

**Via Paper Ballot. Complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided or:**

By First Class Mail to:

GWG HOLDINGS, INC., ET AL. Balloting Center
c/o Donlin Recano Company
Attn: Voting Department
P.O. Box 199043 Blythebourne Station
Brooklyn, NY 11219

By Hand Delivery or Overnight Mail to:

GWG HOLDINGS, INC., ET AL. Balloting Center
c/o Donlin Recano Company
Attn: Voting Department
6201 15th Ave
Brooklyn, NY 11219

---

**OR**

---

**By electronic mail:**

Submit your Master Ballot via electronic mail to GWGVote@donlinrecano.com with "GWG Holdings, Inc. Class [●] Master Ballot" in the subject line.

**IMPORTANT NOTE: For any ballot cast via electronic mail, a format of the attachment must be found in the common workplace and industry standard format (i.e., industry-standard pdf file) and the received date and time in the solicitation agent's inbox will be used as a timestamp for receipt.**

Nominees that cast a Master Ballot via electronic mail should NOT also submit a paper Master Ballot.

---

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT TOLL FREE AT (888)**

508-2507; OR EMAILING GWGINFO@DONLINRECANO.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.

MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO GWGVOTE@DONLINRECANO.COM WITH A REFERENCE TO "GWG HOLDINGS, INC. CLASS [●] MASTER BALLOT" IN THE SUBJECT LINE).

THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.

# VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Interests with respect to the Plan referred to in the Disclosure Statement. Links to the Plan and the Disclosure Statement are included in the Solicitation Package. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon holders of Claims and Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one Class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and Solicitation Package to all Beneficial Holders of Interests and take any action required to enable each such Beneficial Holder to timely vote the Interests that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting information form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Nominee that elects such a procedure shall meet all applicable standards to receive informed consent. Any Ballot returned to you by a Beneficial Holder of an Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 4:00 P.M., prevailing Central Time, on May 31, 2023, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any beneficial owners of Claims in Voting Classes, you may either:

(a) "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Interest for voting within three (3) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant name and DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of the Interest held by the Nominee for such Beneficial Holder, applying a medallion guarantee stamp to the ballot to certify the principal amount of the Interest owned by the Beneficial Holder as of the Voting Record Date and then forwarding the Ballot together with the Solicitation Package to the Beneficial Holder; *provided, however*, that Nominees shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot prior to

9

distribution of the Solicitation Packages to Beneficial Holders unless such Nominee is expressly authorized in writing by the Beneficial Holder under applicable law to vote on such Beneficial Holder's behalf. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

(b)     Within three (3) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Interest for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee; *provided, however*, that Nominees shall not mark a vote to accept or reject the Plan or complete Item 2 of the Beneficial Holder Ballot prior to distribution of the Solicitation Packages to Beneficial Holders unless such Nominee is expressly authorized in writing by the Beneficial Holder under applicable law to vote on such Beneficial Holder's behalf. In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.      With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.      The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is May 31, 2023, at 4:00 P.M., prevailing Central Time**.

6.      If a Ballot is received after the Voting Deadline, it will not be counted except as permitted by applicable law or court order. In all cases, Nominees should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.      If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the

vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.    If a holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.    If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.   The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Interest; or (b) an assertion or admission with respect to any Interest.

12.   Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and,  if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.   If you are both the Nominee and the Beneficial Holder of any of the Interests in the Voting Class and you wish to vote such Interests in the Voting Class, you may return a Master Ballot for such Interests in the Voting Class and you must vote your entire Interests in the Voting Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.   The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Interests; (b) any Ballot or Master Ballot cast by a Party that does not hold an Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor or interest-holder in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims or Interests in a

particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor or interest-holder held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

<u>The following additional rules shall apply to Master Ballots</u>:

16.   Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Interests in the Voting Class as of the Voting Record Date, as evidenced by the record and depository listings;

17.   Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Interests in the Voting Class held by such Nominee;

18.   To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.   To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Classes; and

20.   For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the Claim amount.

**Important information regarding the release, exculpation, and injunction provisions in the Plan.[28]**

Article VIII.C of the Plan contains the following release (the "**Release**"):

**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES**

---

[28] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE**

13

**ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES. FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND**

**INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES**

**HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.  THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS,**

**THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF,**

17

**SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

<div align="center">

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

</div>

**Schedule 1**
**CUSIP List (Interests)**

| **Class** | **CUSIP(s)** |
|---|---|
| Class 8 – Series 1 Preferred Interests | 36192A208, 36192A307, 36192A406, 36192A505. 36192A604, 36192A703, 36192A802, 36192A885, 36192A877, 36192A869, 36192A851, 36192A844, 36192A836, 36192A828. 36192A810 |
| Class 9 – Series 2 Preferred Interests | 36192A794, 36192A786, 36192A778, 36192A760, 36192A752, 36192A745, 36192A737, 36192A729, 36192A711, 36192A695, 36192A687, 36192A679, 36192A661, 36192A653, 36192A646, 36192A638, 36192A620, 36192A612, 36192A596, 36192A588, 36192A570, 36192A562, 36192A554. 36192A547 |
| Class 10 – Common Stock in GWGH | 36192A109 |

**Exhibit 3F**

**Form of Beneficial Holder Ballot
Class 8, 9, and 10 Interests**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

### Class [●]: [●]

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("<u>VOTING DEADLINE</u>"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**<u>ACCESS TO SOLICITATION MATERIALS</u>:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.**

**YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING WEBSITE AT**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

> HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.

**Solicitation Overview**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

Your rights are described in the Plan, the Disclosure Statement, and the related materials. If you would like paper copies of the Plan, Disclosure Statement and other Solicitation Materials, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at no charge from Donlin Recano & Company, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (ii) calling 1 (888) 508-2507 (U.S. toll-free) or (iii) emailing gwginfo@donlinrecano.com; or (b) for a fee via PACER at https://ecf.txsb.uscourts.gov/.

You are receiving this ballot (the "Ballot") because records indicate that, as of February 24, 2023 (the "Voting Record Date"), you are the Beneficial Holder of a Class [●] [●], or an assignee or transferee thereof. Accordingly, you have a right to vote to accept or reject the Plan. As set forth in the Disclosure Statement, the Debtors, the Bondholder Committee, LBM, and the Ad Hoc Committee of Broker/Dealers recommend that you vote to **ACCEPT** the Plan.

**If the Plan is confirmed by the Court, it will be binding on you regardless of whether or not you vote or whether you vote to accept or reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot pursuant to the instructions provided by your Nominee so that it is received by the Solicitation Agent no later than the Voting Deadline.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Interests under the Plan.*

### THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.

**Item 1. Voting - Complete This Section.**

| **ITEM 1: NUMBER OF SHARES OF INTERESTS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Interests in the Voting Class as set forth below (your "Interests"). You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. Please note that you are voting all of your Interests in the Voting Class either to accept or reject the Plan. You may not split your vote in the Voting Class. If you do not indicate that you either accept or reject the Plan in the Voting Class by checking the applicable box below, your vote in the Voting Class will not be counted. If you indicate that you both accept and reject the Plan for the Voting Class by checking both boxes below, your vote in the Voting Class will not be counted Please note that your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.. |
| :--- | :--- |
| | The Beneficial Holder of the Interest(s) in the Voting Classes set forth below votes to (*please check* <u>one and only one box per applicable Voting Interest</u>): |

| Voting Class | Description | Number of Shares | Vote to Accept or Reject Plan |
| :---: | :---: | :---: | :--- |
| Class [●] | [●] CUSIP [_____] | _____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2. Important information regarding the release, exculpation, and injunction provisions in the Plan.[3]**

Article VIII.C of the Plan contains the following release (the "**<u>Release</u>**"):

<u>**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED**</u>

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE**

**RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES.  FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD**

**AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR**

OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE. THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; *PROVIDED* THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.

"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT

**DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; *PROVIDED*, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; *PROVIDED, FURTHER,* THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON**

**ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

**Item 3. Certification of Interests in the Voting Class Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Interests identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Interests in the Voting Class identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Interests identified in the following table. **To be clear, if any Beneficial Holder holds Interests in a Voting Class through one or more Nominees, such Beneficial Holder must identify all Interests in the Voting Class held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 3 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF THE SAME VOTING CLASS

| Account Number of Other Interests Voted in the Voting Class | Name of Owner[4] | Number of Shares of Other Interests Voted in the Voting Class | CUSIP of Other Interests Voted in the Voting Class | DTC Participant of Interests Voted in the Voting Class |
|---|---|---|---|---|
| Class [●]: [●] | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## Item 4. Certifications.

Upon execution of this Ballot, the undersigned certifies that:

a.  as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder with full power and authority to accept or reject the Plan) of the Interests in the Voting Class set forth in Item 1;

b.  the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Interests in the Voting Class;

d.  the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Interest and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

e.  the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of the Interests in the Voting Class set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its the Interests in the Voting Classes set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount

---

[4]  Insert your name if the Claims in the respective Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.

shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

f.    the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5. Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
(*Print or type*)

DTC Participant Number:_____

Signature:_____

Name of Signatory:_____
(*if other than Beneficial Holder*)

Title:_____

Address:_____

_____

_____

Date Completed:_____

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON MAY 31, 2023.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION AGENT  (DONLIN RECANO & COMPANY, INC.), PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS BALLOT OR THE PLAN SOLICITATION OR YOU NEED ADDITIONAL VOTING MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT TOLL FREE AT (888) 508-2507 OR VIA EMAIL AT GWGINFO@DONLINRECANO.COM.   IF YOU HAVE QUESTIONS ABOUT THE VOTING PROCEDURES, PLEASE CONTACT YOUR NOMINEE. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN**

**COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [●] [●] with respect to the Plan referred to in the Disclosure Statement. Links to the Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Interest under the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon holders of Claims and Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received, so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices.

    **The Solicitation Agent will not accept Beneficial Holder Ballots by facsimile or other electronic means (other than by email at GWGVote@donlinrecano.com for pre-validated Beneficial Holder Ballots and Master Ballots only).** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot or Master Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is May 31, 2023, at 4:00 P.M., prevailing Central Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted except as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.     The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Interests set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Interests and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.     If a holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.     If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Interests, such Ballots will not be counted.

9.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.    The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Interests; or (b) an assertion or admission with respect to any Interests.

11.    Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.    You must vote your entire Interests in the Voting Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan as to the Voting Class will not be counted as a vote to accept or reject the Plan as to that Class.

13.    Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.    If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

16. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor or interest-holder in a particular Class will be aggregated and treated as if such creditor held one Claim or Interest in such Class, and all votes related to such Claim or Interest will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims or Interests in a particular Class, these Claims or Interests will not be aggregated and will not be treated as if such creditor or interest-holder held one Claim or Interest in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON MAY 31, 2023 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**Exhibit 3G**

**Form of Ballot**
**Class 4 General Unsecured Claims**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CLASS 4 GENERAL UNSECURED CLAIMS
## BALLOT FOR ELECTING GUC CONVENIENCE CLASS
## TREATMENT OR FOR VOTING TO ACCEPT OR REJECT
## THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY MAY 31, 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME) THE ("VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.

ACCESS TO SOLICITATION MATERIALS:

THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND THE BONDHOLDER SUMMARY MAY BE ACCESSED FREE OF CHARGE AT HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX BY CLICKING ON THE "SOLICITATION MATERIALS" LINK ON THE WEBSITE'S LEFT HAND NAVIGATION PANEL.

YOU CAN ALSO OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTORS' RESTRUCTURING                                    WEBSITE                                    AT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

HTTPS://WWW.DONLINRECANO.COM/CLIENTS/GWG/INDEX; (II) WRITING TO DONLIN, RECANO & COMPANY, INC., RE: GWG HOLDINGS, INC., ET AL., P.O. BOX 199043, BLYTHEBOURNE STATION, BROOKLYN, NY 11219; (III) CALLING 1 (888) 508-2507 (U.S. TOLL FREE); OR (IV) EMAILING GWGINFO@DONLINRECANO.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.

**Solicitation Overview**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the Plan as set forth in the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Disclosure Statement") and the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2023 [Docket No. [●]] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

Your rights are described in the Plan, the Disclosure Statement, and the related materials. If you would like paper copies of the Plan, Disclosure Statement, and other Solicitation Materials, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at no charge from Donlin Recano & Company, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (ii) calling 1 (888) 508-2507 (U.S. toll-free) or (iii) emailing gwginfo@donlinrecano.com; or (b) for a fee via PACER at https://ecf.txsb.uscourts.gov/.

You are receiving this ballot (the "Ballot") because records indicate that you are the direct Holder of a Class 4 General Unsecured Claims as of the Voting Record Date (as defined in the Disclosure Statement Order), or an assignee or transferee thereof. Accordingly, you have a right to vote to accept or reject the Plan. As set forth in the Disclosure Statement, the Debtors, the Bondholder Committee, LBM, and the Ad Hoc Committee of Broker/Dealers recommend that you vote to **ACCEPT** the Plan.

**If the Plan is confirmed by the Court, it will be binding on you regardless of whether or not you vote or whether you vote to accept or reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent no later than the Voting Deadline.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.**

<u>**Submitting Your Ballot**</u>

You should review the Plan and the Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. **THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**PLEASE SUBMIT YOUR BALLOT BY *ONLY ONE* OF THE FOLLOWING METHODS:**

<u>**Via Electronic Mail**</u>**.  Complete, sign, and date this Ballot and email a scanned copy of the ballot in a universally viewable file format such as .PDF to GWGVote@donlinrecano.com.**

*<u>OR</u>*

<u>**Via Paper Ballot**</u>**. Complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided or:**

**By First Class Mail to:**

**GWG HOLDINGS, INC., ET AL. Balloting Center**
**c/o Donlin Recano Company**
**Attn: Voting Department**
**P.O. Box 199043 Blythebourne Station**
**Brooklyn, NY 11219**

**By Hand Delivery or Overnight Mail to:**

**GWG HOLDINGS, INC., ET AL. Balloting Center**
**c/o Donlin Recano Company**
**Attn: Voting Department**
**6201 15th Ave**
**Brooklyn, NY 11219**

*<u>OR</u>*

<u>**Via eBallot Portal:**</u>

**Ballots may be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at www.DonlinRecano.com/clients/gwg/vote (the "eBallot Portal") by no later than the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.**

3

In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim. Please complete and submit an electronic Ballot for each eBallot ID# you receive.

UNIQUE E-BALLOT IDENTIFICATION  _____

Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each eBallot ID# you receive, as applicable.

Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

<u>Item 1</u>. GUC Convenience Claim Election

Pursuant and subject to the provisions of the Plan, Holders of Class 4(a) General Unsecured Claims holding Allowed Claims in excess of $2,750 of may elect to **have such Claim reduced to $2,750 and treated as an Allowed GUC Convenience Claim** for purposes of the Plan.

**If you choose to make such election, your Claim, <u>as so reduced</u>, will be <u>unimpaired</u> and you will receive (i) payment in full in Cash of the due and unpaid portion of your Allowed GUC Convenience Claim on the later of (x) the Effective Date of the Plan (or as soon as reasonably practicable thereafter), or (y) as soon as practicable after the date such Claim becomes due and payable, or (ii) such other treatment rendering your Allowed GUC Convenience Claim Unimpaired.**

**THE HOLDER OF AN ALLOWED GENERAL UNSECURED CLAIM THAT TIMELY ELECTS TO REDUCE THE AMOUNT OF ITS ALLOWED CLAIM SHALL BE DEEMED TO BE THE HOLDER OF AN ALLOWED GUC CONVENIENCE CLAIM FOR CLASSIFICATION, VOTING, AND ALL OTHER PURPOSES UNDER THE PLAN.**

**IF YOU ELECT TO HAVE YOUR CLASS 4(A) GENERAL UNSECURED CLAIM TREATED AS A CLASS 4(B) GUC CONVENIENCE CLAIM, YOUR CLAIM, AS SO REDUCED, WILL BE UNIMPAIRED UNDER THE PLAN AND, ACCORDINGLY, YOU WILL <u>NO LONGER HAVE THE RIGHT TO VOTE TO ACCEPT OR REJECT THE PLAN</u>.**

TO THE EXTENT YOU CHOOSE TO HAVE YOUR CLASS 4(A) GENERAL UNSECURED CLAIM TREATED AS A CLASS 4(B) GUC CONVENIENCE CLAIM, YOU MUST **<u>AFFIRMATIVELY ELECT</u>** TO DO SO BY **<u>CHECKING THE BOX</u>** IN THIS <u>ITEM 1</u>.

**<u>The Undersigned Holder of the Class 4(a) General Unsecured Claim elects to</u>:**

| **<u>Amount</u>** | **<u>GUC Convenience Class Election</u>** |
| --- | --- |

4

| | |
|---|---|
| $_____ | ☐  **REDUCE** its Class 4(a) General Unsecured Claim to $2,750 and **RECEIVE** treatment provided to Class 4(b) GUC Convenience Claim on account of such Class 4(a) General Unsecured Claim, as so reduced. |

**PLEASE NOTE THAT ELECTING CLASS 4(B) CONVENIENCE CLASS TREATMENT DOES NOT CONSTITUTE ALLOWANCE OF YOUR CLAIM.   THE DEBTORS RESERVE THE RIGHT TO TREAT YOUR CLAIM AS A DISPUTED CLAIM UNDER THE PLAN NOTWITHSTANDING ANY GUC CONVENIENCE CLASS ELECTION WITH RESPECT TO SUCH CLAIM.**

**Item 2**. Amount of Claim.[3]

**ONLY COMPLETE ITEMS 2 AND 3  IF YOU DID NOT ELECT TO HAVE YOUR CLASS 4(A) GENERAL UNSECURED CLAIM TREATED AS A CLASS 4(B) GUC CONVENIENCE CLAIM IN ITEM 1 ABOVE.**

**IF YOU ELECT TO HAVE YOUR CLASS 4(A) GENERAL UNSECURED CLAIM TREATED AS A CLASS 4(B) GUC CONVENIENCE CLAIM IN ITEM 1 ABOVE, SKIP ITEMS 2 AND 3 AND PROCEED TO ITEM 4.**

**IF YOU COMPLETE ITEMS 2 AND 3 AND YOU ELECT TO HAVE YOUR CLASS 4(A) GENERAL UNSECURED CLAIM TREATED AS A CLASS 4(B) GUC CONVENIENCE CLAIM IN ITEM 1 ABOVE, THE VOTE IN ITEM 3 WILL BE DISREGARDED.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 4(a) General Unsecured Claim in the following aggregate unpaid amount (insert amount in box below):



**Any admission of Claims for purposes of voting on the Plan is not** an admission of liability on the part of the Debtors or any other party for payment purposes. Additionally, **The above amount may not be the same as the amount you included in a filed Proof of Claim, and the above amount may exclude accrued interest solely for voting tabulation purposes.**

---

[3] For voting purposes only, subject to tabulation rules.

**Item 3**. Vote on Plan.

The Holder of Class 4(a) General Unsecured set forth in Item 2 votes to (please check only one):

☐ **ACCEPT** (vote FOR) the Plan      ☐ **REJECT** (vote AGAINST) the Plan

**Item 4**. **Important information regarding the release, exculpation, and injunction provisions in the Plan.[4]**

Article VIII.C of the Plan contains the following release (the "**Release**"):

**PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED**

---

[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES. FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED**

**ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

8

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE. THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR**

**RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT; _PROVIDED_ THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER; _PROVIDED_, THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM; _PROVIDED, FURTHER_, THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE**

**CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN.  EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

**Item 5**. **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the Holder of the Claims being voted; or (ii) the Entity is an authorized signatory, with full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above, for an Entity that is a Holder of the Claims being voted;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(d)     the Entity has cast the same vote with respect to all of its Claims in the above-referenced Class; and

(e)     no other Ballots with respect to the amount of the Claims identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claims or Interests, then any such earlier Ballots are hereby revoked.

Name of Holder:_____
(Print or Type)

Signature:_____

Name of Signatory:_____
(If other than Holder)

Title:_____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed: _____

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE MAY 31, 2023 AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in total dollar amount and more than one-half in number of Claims that actually vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4. **Use of Ballot**. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5. Your completed Ballot *must* be returned to the *Solicitation Agent* so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline. *Do not* send Ballots to the Debtors, Indenture Trustee, Bondholder Committee, any advisors to the foregoing, the Court. **The Voting Deadline is May 31, 2023 at 4:00 p.m. (prevailing Central Time).**

6. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may not be counted. Additionally, the following Ballots will not be counted:

   (a) any Ballot that partially rejects and partially accepts the Plan;

   (b) Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any agent, indenture trustee, or the Debtors' financial or legal advisors;

   (c) Ballots sent by facsimile or other unapproved means;

   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   (e) any Ballot cast by an Entity that does not hold a Claim entitled to vote pursuant to the Plan or Solicitation Procedures;

   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan or Solicitation Procedures;

   (g) any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the E-Ballot Portal or via email will be deemed signed); and/or

(h)      any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim or Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8.      If multiple Ballots are received from the same Holder of a Claim or Interest with respect to the same Claim or Interest prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9.      You must vote all of your Claims or Interests in the above-referenced class, regardless if such Claims or Interests are asserted against one or multiple Debtors, either to accept or reject the Plan and may *not* split your vote.

10.      This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or Proof of Interest or (b) an assertion or admission of a Claim or Interest.

11.      **<u>Please be sure to sign and date your Ballot</u>**. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

<u>**PLEASE SUBMIT YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:**

**U.S. TOLL FREE: (888) 508-2507**

**OR EMAIL GWGINFO@DONLINRECANO.COM**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON MAY 31, 2023 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**<u>Exhibit 4A</u>**

**Unimpaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF UNCLASSIFIED CLAIMS
AND UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

 **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

 **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is (a) Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) unclassified, you are ***not*** entitled to vote on the Plan.

 **PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **June 15, 2023 at 1:30 p.m. (prevailing Central Time)**, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas, 77002. Please be advised that the Confirmation Hearing may be continued from time to time by the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan is **May 31, 2023 at 11:59 p.m. (prevailing Central Time)** (the "Confirmation Objection Deadline"). Objections to any relief sought at the Confirmation Hearing must (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name, address, phone number, and e-mail address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties so to be actually received on or before the Confirmation Objection Deadline. Objections that fail to comply with this Order will not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement Order, the Plan, the Disclosure Statement, the Solicitation Procedures, the Plan Supplement, or related documents, such materials are available free of charge by: (a) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (b) writing to Donlin, Recano & Company, Inc., Re: GWG Holdings, Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (c) calling 1 (888) 508-2507 (U.S. toll free); or (d) emailing gwginfo@donlinrecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at https://ecf.txsb.uscourts.gov/.

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

Houston, Texas
April _____, 2023

Respectfully Submitted,

_____

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Email:           kpeguero@jw.com
                    mcavenaugh@jw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:     (713) 238-3000
Email:           ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:     (312) 701-0600
Email:           tkiriakos@mayerbrown.com
                    lchiappetta@mayerbrown.com

-and-

Adam C. Paul (admitted *pro hac vice*)
Lucy F. Kweskin (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:     (212) 506-2500
Email:           apaul@mayerbrown.com
                    lkweskin@mayerbrown.com

*Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit 4B</u>**

**Disputed Claims Non-Voting Status Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS
## TO HOLDERS OF DISPUTED CLAIMS OR INTERESTS

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place prior to the Voting Deadline** (each, a "Resolution Event"):

1.    an order of the Court is entered allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.    an order of the Court is entered temporarily allowing such Claim or Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

3.      a stipulation or other agreement is executed between you and the Debtors temporarily allowing the Holder of such Claim or Interest to vote its Claim or Interest in an agreed upon amount; or

4.      the pending objection to such Claim or Interest, if any, is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **June 15, 2023 at 1:30 p.m. (prevailing Central Time)**, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas, 77002. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT t**he deadline for filing objections to confirmation of the Plan is **May 31, 2023 at 11:59 p.m. (prevailing Central Time)** (the "Confirmation Objection Deadline"). Objections to any relief sought at the Confirmation Hearing must (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name, address, phone number, and e-mail address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties so to be actually received on or before the Confirmation Objection Deadline. Objections that fail to comply with this Order will not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement Order, the Plan, the Disclosure Statement, the Solicitation Procedures, the Plan Supplement, or related documents, such materials are available free of charge by: (a) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (b) writing to Donlin, Recano & Company, Inc., Re: GWG Holdings, Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (c) calling 1 (888) 508-2507 (U.S. toll free); or (d) emailing gwginfo@donlinrecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at https://ecf.txsb.uscourts.gov/.

> **ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

Houston, Texas
April _____, 2023

Respectfully Submitted,

_____

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Email:           kpeguero@jw.com
                     mcavenaugh@jw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:     (713) 238-3000
Email:           ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:     (312) 701-0600
Email:           tkiriakos@mayerbrown.com
                     lchiappetta@mayerbrown.com

-and-

Adam C. Paul (admitted *pro hac vice*)
Lucy F. Kweskin (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:     (212) 506-2500
Email:           apaul@mayerbrown.com
                     lkweskin@mayerbrown.com

*Counsel for the Debtors and Debtors in Possession*

**Exhibit 5**

**Assumption Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (II) CURE AMOUNTS, IF ANY, AND (III) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Assumption Schedule") with the Court as part of the Plan Supplement on [●], as contemplated under the Plan, a copy of which is attached hereto as **Schedule A**. The Assumption Schedule lists Executory Contracts and Unexpired Leases that the Debtors are proposing to assume and assign to the Reorganized Debtors under the Plan, and cure amounts related thereto. The Debtors' determination to assume the agreements identified on the Assumption Schedule is subject to revision.[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3] Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **June 15, 2023 at 1:30 p.m. (prevailing Central Time)**, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas, 77002. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT IS LISTED ON THE ASSUMPTION SCHEDULE. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE, THE ASSUMPTION SCHEDULE, AND THE RELATED PROVISIONS OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the Assumption Schedule. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified on the Assumption Schedule will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute, however, payment of the cure amount

---

assumption, that any Entity created or reorganized pursuant to the Plan has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to: (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until and including 45 days after the Effective Date; and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the assumption or Cure Amounts relating to Executory Contracts and Unexpired Leases is **30 calendar days after the date hereof at 11:59 p.m. (prevailing Central Time)** (the "Assumption Objection Deadline"). Any such objection must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name, address, phone number, and e-mail address of the objecting party and details concerning the Executory Contract or Unexpired Lease at issue; (d) state, with particularity, the legal and factual basis for the objection; and (e) be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties so to be actually received on or before the Assumption Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at a later date as fixed by the Court.

> **PLEASE TAKE FURTHER NOTICE THAT ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT FAILS TO OBJECT TIMELY TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OR CURE AMOUNT WILL BE DEEMED TO HAVE ASSENTED TO SUCH ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE THE DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement Order, the Plan, the Disclosure Statement, the Solicitation Procedures, the Plan Supplement, or related documents, such materials are available free of charge by: (a) accessing the Debtors' restructuring website at https://www.donlinrecano.com/Clients/gwg/Index; (b) writing to Donlin, Recano & Company, Inc., Re: GWG Holdings, Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (c) calling 1 (888) 508-2507 (U.S. toll free); or (d)

emailing gwginfo@donlinrecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at https://ecf.txsb.uscourts.gov/.

Houston, Texas
_____, 2023

Respectfully Submitted,

_____

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Email:        kpeguero@jw.com
              mcavenaugh@jw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:   (713) 238-3000
Email:        ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:   (312) 701-0600
Email:        tkiriakos@mayerbrown.com
              lchiappetta@mayerbrown.com

-and-

Adam C. Paul (admitted *pro hac vice*)
Lucy F. Kweskin (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:   (212) 506-2500
Email:        apaul@mayerbrown.com
              lkweskin@mayerbrown.com

*Counsel for the Debtors and Debtors in Possession*

## Schedule A

**Schedule of Assumed Executory Contracts and Unexpired Leases**

**<u>Exhibit 6</u>**

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **June 15, 2023 at 1:30 p.m. (prevailing Central Time)**, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas, 77002. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

(832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The Voting Record Date is February 24, 2023, which is the date for determining which Holders of Claims or Interests in the Voting Classes are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **May 31, 2023 at 4:00 p.m. (prevailing Central Time)** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan you must: (a) follow the instructions on the Ballot carefully; (b) complete all of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions on the Ballot so that it is actually received by the Debtors' solicitation agent, Donlin Recano & Company, Inc. (the "Solicitation Agent"), on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

**Confirmation Objection Deadline**. The deadline for filing objections to confirmation of the Plan is **May 31, 2023 at 11:59 p.m. (prevailing Central Time)** (the "Confirmation Objection Deadline"). Objections to the relief sought at the Confirmation Hearing must (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name, address, phone number, and e-mail address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties so to be actually received on or before the Confirmation Objection Deadline. Objections that fail to comply with this Order will not be considered by the Court.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**Important information regarding the release, exculpation, and injunction provisions in the Plan.[3]**

Article VIII.C of the Plan contains the following release (the "**Release**"):

PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY (BUT NO NON-RELEASED PARTY) IS, AND IS DEEMED HEREBY TO BE, FULLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE WIND DOWN DEBTORS, AND THEIR ESTATES, AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTORS OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVES APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH OR FOR THE DEBTORS OR THEIR ESTATES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, CONTINGENT OR NON-CONTINGENT, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, EXCEPT FOR ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE, THAT THE DEBTORS, THE WIND DOWN DEBTORS, OR THEIR ESTATES, INCLUDING ANY SUCCESSORS TO THE DEBTORS OR ANY ESTATES REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE CAPITAL STRUCTURE, MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE BUSINESS OR CONTRACTUAL ARRANGEMENT BETWEEN THE DEBTORS AND ANY RELEASED PARTY, ANY SECURITIES ISSUED BY THE DEBTORS AND THE OWNERSHIP THEREOF, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS,

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

**ANY AVOIDANCE ACTIONS (BUT EXCLUDING AVOIDANCE ACTIONS BROUGHT AS COUNTERCLAIMS OR DEFENSES TO CLAIMS ASSERTED AGAINST THE DEBTORS), INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), THE VIDA DIP FINANCING FACILITY, THE VIDA EXIT FINANCING FACILITY, OR ANY WIND DOWN TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE VIDA EXIT FINANCING FACILITY DOCUMENTS, THE PLAN, OR THE PLAN SUPPLEMENT, BEFORE OR DURING THE CHAPTER 11 CASES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR UPON ANY RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING INCLUDING ALL RELIEF OBTAINED BY THE DEBTORS IN THE CHAPTER 11 CASES.  FOR THE AVOIDANCE OF DOUBT, THE LBM RELEASED PARTIES, TO THE EXTENT THAT LBM HAS NOT WITHDRAWN FROM THE SETTLEMENT DESCRIBED IN ARTICLE IV.I OF THIS PLAN, SHALL CONSTITUTE RELEASED PARTIES WITH RESPECT TO THIS DEBTOR RELEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (1) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY WIND DOWN TRANSACTION, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE VIDA EXIT FINANCING FACILITY DOCUMENTS, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN; (2) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; (3) THE RETAINED CAUSES OF ACTION; (4) ANY CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE; (5) THE DEBTORS' PREPETITION LEGAL COUNSEL SOLELY WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING FROM SUCH COUNSEL'S PREPETITION ADVICE TO THE DEBTORS AND/OR ANY FORMER DIRECTORS OR OFFICERS OF THE DEBTORS OTHER THAN ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES (IT BEING UNDERSTOOD ANY PREPETITION ADVICE**

**TO THE DEBTORS RELATING TO PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ADVICE DIRECTLY RELATING TO THE PREPARATION AND FILING OF THE CHAPTER 11 CASES); OR (6) ANY NON-RELEASED PARTY.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE FOREGOING DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE WIND DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

**"RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR RESPECTIVE CAPACITIES AS SUCH AND SUBJECT TO THE LIMITATIONS SET FORTH IN ARTICLE VIII.C HEREOF: (A) (I) THE DEBTORS AND THE WIND DOWN DEBTORS, (II) VIDA, (III) THE BONDHOLDER COMMITTEE AND EACH OF ITS MEMBERS, (IV) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS, (V) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS, (VI) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS, (VII) THE DLP INDEPENDENT DIRECTORS, (VIII) FTI CONSULTING, INC., (IX) PJT PARTNERS LP, AND (X) ANY OTHER PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, OR THE BONDHOLDER COMMITTEE BY ORDER OF THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES OR ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH CAPACITY; AND (B) SOLELY TO THE EXTENT AND ON THE TERMS AND CONDITIONS SET FORTH IN THIS PLAN, THE LBM RELEASED PARTIES.**

**"NON-RELEASED PARTIES" SHALL MEAN ANY ENTITIES THAT ARE NOT RELEASED PARTIES, WHICH ENTITIES SHALL INCLUDE, WITHOUT LIMITATION, BENEFICIENT, ITS CURRENT AND FORMER DIRECTORS AND OFFICERS (INCLUDING, WITHOUT LIMITATION, BRADLEY K. HEPPNER, THOMAS O. HICKS, BRUCE W. SCHNITZER, DENNIS P. LOCKHART, AND PETER T. CANGANY), HCLP NOMINEES, L.L.C., THE DEBTORS' FORMER DIRECTORS**

**AND OFFICERS (INCLUDING, WITHOUT LIMITATION, MURRAY HOLLAND AND TIMOTHY EVANS) IN THEIR CAPACITY OR CAPACITIES AS SUCH, AND ANY ENTITIES AFFILIATED WITH OR OTHERWISE RELATED TO THE FOREGOING.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, EACH EXCULPATED PARTY SHALL BE DEEMED TO BE RELEASED AND EXCULPATED FROM ANY CLAIM, OBLIGATION, CAUSE OF ACTION, OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS EACH DEBTOR AND EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE EXCULPATED PARTIES HAVE, AND UPON THE CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAW WITH REGARD TO THE RESTRUCTURING OF CLAIMS AND INTERESTS IN THE CHAPTER 11 CASES AND IN CONNECTION WITH THE WIND DOWN TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE WIND DOWN DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) IN CONNECTION WITH THE PLAN, AND THE SOLICITATION OF THE PLAN AND DISTRIBUTIONS PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL BREACH OF FIDUCIARY DUTY, ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.  THE DEBTORS AND THE CREDITOR PROPONENTS AGREE THAT (1) NEITHER THE ACT ITSELF OF FILING OR PROSECUTING A MOTION TO APPROVE A SETTLEMENT OF ANY ESTATE CAUSES OF ACTION WITH BENEFICIENT, ANY OF ITS AFFILIATES OR RELATED PARTIES, AND/OR ANY OTHER NON-RELEASED PARTY NOR THE ACT ITSELF OF FILING OR PROSECUTING ANY OBJECTION TO ANY SUCH SETTLEMENT IN AND OF ITSELF CONSTITUTES AN INTENTIONAL BREACH OF FIDUCIARY DUTY, AND (2) ANY CLAIMS THAT THE DEBTORS OR THE CREDITOR PROPONENTS MAY SEEK TO BRING AGAINST ANY EXCULPATED PARTY SHALL BE LIMITED TO ANY ACTIONS OF SUCH EXCULPATED PARTY**

**SOLELY AFTER THE DATE OF EXECUTION OF THE MEDIATION AGREEMENT;** *PROVIDED* **THAT ANY SUCH CLAIMS MUST BE FILED EXCLUSIVELY IN THE BANKRUPTCY COURT AND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURES, AND SUCH CLAIMS SHALL BE PLED WITH SPECIFICITY WITH RESPECT TO THE WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED WRONGFUL CONDUCT.**

**"EXCULPATED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) JEFFREY S. STEIN, IN HIS CAPACITIES AS AN OFFICER, AN INDEPENDENT DIRECTOR, AND A DIRECTOR OF THE DEBTORS; (B) ANTHONY R. HORTON, IN HIS CAPACITIES AS AN INDEPENDENT DIRECTOR AND DIRECTOR OF THE DEBTORS; (C) MICHAEL A. TUCKER, IN HIS CAPACITY AS AN OFFICER OF THE DEBTORS; (D) THE NON-MANAGEMENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (E) THE DLP INDEPENDENT DIRECTORS, IN THEIR CAPACITY AS SUCH; (F) THE MEMBERS OF THE BONDHOLDER COMMITTEE, IN THEIR CAPACITY AS SUCH; (G) ANY PROFESSIONAL RETAINED BY THE DEBTORS, THE INDEPENDENT DIRECTORS, THE DLP INDEPENDENT DIRECTORS, THE BONDHOLDER COMMITTEE, IN SUCH PROFESSIONALS' CAPACITY AS SUCH; AND (H) ANY PROFESSIONAL RETAINED BY ANY OF THE MEMBERS OF THE BONDHOLDER COMMITTEE, EACH IN SUCH PROFESSIONALS' CAPACITY AS SUCH.**

**"EXCULPATED CLAIM" MEANS ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF: (A) THE CHAPTER 11 CASES; (B) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF ANY DOCUMENT IN CONNECTION WITH THE CHAPTER 11 CASES; (C) ANY CONTRACT, INSTRUMENT, RELEASE, AND/OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE CHAPTER 11 CASES; (D) THE PURSUIT OF CONSUMMATION; AND/OR (E) THE FILING, ADMINISTRATION, AND/OR IMPLEMENTATION OF THE CHAPTER 11 CASES, OR THE DISTRIBUTION OF PROPERTY IN CONNECTION THEREWITH OR THEREUNDER;** *PROVIDED*, **THAT, FOR THE AVOIDANCE OF DOUBT, ANY PREPETITION ADVICE PROVIDED BY ANY LEGAL PROFESSIONALS IN CONNECTION WITH PREPETITION TRANSACTIONS BETWEEN THE DEBTORS AND BENEFICIENT SHALL NOT CONSTITUTE ANY ACT OR OMISSION THAT IS COVERED BY THIS DEFINITION OF EXCULPATED CLAIM;** *PROVIDED, FURTHER*, **THAT, NOTWITHSTANDING THE FOREGOING, EXCULPATED CLAIMS SHALL NOT INCLUDE ANYTHING RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, INTENTIONAL BREACH OF FIDUCIARY DUTY, OR GROSS NEGLIGENCE.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS REQUIRED**

**TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII HEREOF ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY OF THE CLAIMS OR INTERESTS RELEASED HEREUNDER; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED HEREUNDER, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THIS PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THIS PLAN SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. If you would like to obtain a copy of the Disclosure Statement Order, the Plan, the Disclosure Statement, the Bondholder Summary, the Solicitation Procedures, the Plan Supplement, or related documents, such materials are available free of charge by: (a) accessing the Debtors' restructuring website at

https://www.donlinrecano.com/Clients/gwg/Index; (b) writing to Donlin, Recano & Company, Inc., Re: GWG Holdings, Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (c) calling 1 (888) 508-2507 (U.S. toll free); or (d) emailing gwginfo@donlinrecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at https://ecf.txsb.uscourts.gov/.

**The Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) on or before five business days prior to the Voting Deadline, and will serve notice on parties in interest, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Houston, Texas
April ____, 2023

Respectfully Submitted,

_____

**JACKSON WALKER LLP**

Kristhy M. Peguero (TX Bar No. 24102776)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Email:        kpeguero@jw.com
              mcavenaugh@jw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:    (713) 238-3000
Email:        ckelley@mayerbrown.com

-and-

Thomas S. Kiriakos (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:    (312) 701-0600
Email:        tkiriakos@mayerbrown.com
              lchiappetta@mayerbrown.com

-and-

Adam C. Paul (admitted *pro hac vice*)
Lucy F. Kweskin (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:    (212) 506-2500
Email:        apaul@mayerbrown.com
              lkweskin@mayerbrown.com

*Counsel for the Debtors and Debtors in Possession*

**Exhibit 7**
**Beneficial Bondholder Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE TO BENEFICIAL HOLDERS OF
## L BONDS WHO FILED PROOFS OF CLAIM

On [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "Plan").[2]

All Holders of L Bonds are entitled to vote to accept or reject the Plan based on the principal amount of their Bonds. However, certain Holders of Bonds whose bonds are held through a bank, brokerage, or other intermediary (the "Indirect-Held Bonds") are entitled to vote to accept or reject the Plan ***only through*** "Beneficial Holder Ballots" distributed by such bank, brokerage, or other intermediary based on their records as of the February 24, 2023 Voting Record Date.

According to our records you a hold an Indirect-Held Bond. You will be entitled to vote to accept or reject the Plan on account of your Indirect-Held Bonds ***solely through*** "Beneficial Holder Ballots" distributed by your bank, brokerage, or other intermediary, or a third-party retained by them for such purpose. In the event you do not promptly receive such a Ballot, please contact your bank, brokerage, investment advisor, other representative relating to the account in which your Indirect-Held Bonds are held.

Please note that, if you hold L Bonds that are registered with the Debtors in your own name, you will be separately be entitled to vote on a Ballot distributed directly by Donlin, Recano & Company, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) GWG DLP Funding IV, LLC (2598); GWG DLP Funding VI, LLC (6955) and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650, Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable.

If you have any questions concerning any of the foregoing, please contact Donlin, Recano & Company, Inc. by calling 1 (888) 508-2507 (U.S. toll free) or via email at gwginfo@donlinrecano.com.

**<u>Exhibit 8</u>**
**AHC Letter**