**<u>EXHIBIT 1</u>**

4866-6623-4470, v. 3

## LITIGATION TRUST AGREEMENT

This LITIGATION TRUST AGREEMENT is made this [●]th day of [●], 2023 (this "Agreement"), by and among GWG Holdings, Inc.; GWG Life, LLC; GWG Life USA, LLC; GWG DLP Funding IV, LLC; GWG DLP Funding VI, LLC; and GWG DLP Funding Holdings VI, LLC, as debtors and debtors-in-possession (collectively, the "Debtors"), Elizabeth C. Freeman, as trustee for the Wind Down Trust (in such capacity, the "Wind Down Trustee"), and Michael I. Goldberg, as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee").  This Agreement creates and establishes the Litigation Trust (the "Litigation Trust") referenced herein in order to facilitate the implementation of the *Debtors' Further Modified Second Amended Joint Chapter 11 Plan, Submitted by the Debtors, the Bondholder Committee, and L Bond Management, LLC as Co-Proponents*, dated [●], 2023 (as confirmed, and as may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof, the "Plan").[1]  Each Debtor and the Litigation Trustee are sometimes referred to herein individually as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 20, 2022 (the "Petition Date") in the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, on May 9, 2022, the United States Trustee for the Southern District of Texas appointed an official committee of bondholders (as may be reconstituted from time to time, the "Bondholder Committee") in the Chapter 11 Cases;

WHEREAS, on May 2, 2022, L Bond Management LLC entered an appearance in the Chapter 11 Cases as the agent for twenty-four holders of Seller Trust L Bonds, who collectively hold bonds with a face-value of $366.9 million, and is a special purpose entity formed under Delaware law that is charged with maximizing recoveries on these bonds;

WHEREAS, on April 20, 2023, the Debtors filed the *Debtors' Further Modified Second Amended Joint Chapter 11 Plan, Submitted by the Debtors, the Bondholder Committee, and L Bond Management, LLC as Co-Proponents* (Docket No. 1678);

WHEREAS, on [●], 2023, the Bankruptcy Court entered its order confirming the Plan (Docket No. [●]) (the "Confirmation Order");

WHEREAS, this Liquidating Trust is established pursuant to the Plan as a liquidating trust and treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d) and generally in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684; accordingly, for U.S. federal income tax purposes, the Litigation Trust is intended to qualify as a "grantor trust" within the meaning of sections 671 through 679 of the

---

[1] For all purposes of this Agreement, references to the Plan shall mean the version of the Plan approved and confirmed through the Confirmation Order that is entered by the Bankruptcy Court (each, as defined below).

Internal Revenue Code of 1986, as amended (the "Tax Code") with the holders of the New WDT Interests (such holders, "Wind Down Trust Beneficiaries") treated solely for U.S. federal income tax purposes as grantors and owners of the Litigation Trust (other than with respect to any assets allocable to, or retained on account of, disputed claims as a "disputed ownership fund", within the meaning of Treasury Regulation section 1.468B-9);

WHEREAS, other than as described above for U.S. federal income tax purposes, it is intended for purposes of U.S. securities law and all other applicable law that the Litigation Trust be established with the Wind Down Trustee as the sole beneficiary of the Litigation Trust and the Wind Down Trust Beneficiaries as the beneficiaries of the Wind Down Trust and the holders of the New WDT Interests;

WHEREAS, the purpose of the Litigation Trust is to hold and liquidate the Litigation Trust Assets[2] in a manner consistent with the Plan and with the primary objective of maximizing the ultimate recovery by the Wind Down Trust Beneficiaries from distributions from the Wind Down Trust;

WHEREAS, the Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Agreement, the Plan, or the Confirmation Order; and

WHEREAS, the Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Litigation Trust as provided herein, in the Plan and the Confirmation Order, and under applicable non-bankruptcy law.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

**ARTICLE I**
**ESTABLISHMENT OF THE LITIGATION TRUST**

1.1     **Establishment of the Litigation Trust and Appointment of the Litigation Trustee.**

(a)     The Debtors and the Litigation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code and other applicable law, hereby establish a trust which shall be known as the Litigation Trust, on the terms set forth herein.  In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit.

---

[2] For all purposes of this Agreement, capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Confirmation Order.

(b)     The Litigation Trustee is hereby appointed. Subject to the terms of this Agreement, any decision or action by the Litigation Trustee with respect to the Litigation Trust Assets shall be exercised by the Litigation Trustee at its sole discretion and subject to the Litigation Trustee's duties imposed thereon by this Agreement, the Plan, and the Confirmation Order, and such decisions shall be binding and conclusive.

(c)     The sole beneficiary (the "<u>Beneficiary</u>") of the Litigation Trust shall be the Wind Down Trustee, solely in her capacity as trustee for the Wind Down Trust, and all beneficial and reversionary interests in the Litigation Trust Assets shall be held by the Wind Down Trustee. All proceeds distributed to the Beneficiary on account of such interests shall be used and distributed in accordance with the Wind Down Trust.

(d)     The Litigation Trustee shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the Tax Code.

1.2     **Transfer of Initial Assets Into the Litigation Trust.**  Pursuant to the Plan and the Confirmation Order, upon the Effective Date, the Initial Litigation Trust Assets (as defined in the Plan, and together together with assets and Causes of Action subsequently acquired, received, transferred or assigned to or possessed by the Litigation Trust, including all proceeds of the Initial Litigation Trust Assets, the "<u>Litigation Trust Assets</u>") shall be deemed transferred to the Litigation Trust by the Debtors and title to such Litigation Trust Assets shall vest in  the Litigation Trust free and clear of all liens, claims, interests, and encumbrances.  The act of transferring the Initial Litigation Trust Assets, as authorized by the Plan, shall not be construed to destroy or limit any such assets or rights or be construed as a waiver of any right, and such rights may be asserted by the Litigation Trust as if the asset or right was still held by the applicable Debtor.  Any Causes of Action that have been commenced by the Investigations Committee, and are not released pursuant to the Plan, shall be included in the Retained Causes of Action and transferred to the Litigation Trust on the Effective Date.  Notwithstanding anything to the contrary herein, the Litigation Trustee may abandon any Retained Causes of Action that the Litigation Trustee believes, in good faith, have no value to the Litigation Trust.

1.3     **Initial Litigation Trust Funding.**  The Litigation Trust shall be funded with the Initial Litigation Trust Funding Amount, together with the other Initial Litigation Trust Assets, on the Effective Date of the Plan and as a condition to the Effective Date of the Plan.

1.4     **Title to the Litigation Trust Assets.**  The Litigation Trustee shall hold title to the Litigation Trust Assets for the benefit of the Beneficiary, subject to the terms of the Plan and this Agreement.  The Liquidating Trust Assets will be treated for tax purposes as being transferred by the Debtors to the beneficiaries of the Wind Down Trust (as set forth in the Plan and the Wind Down Trust Agreement), and then by such beneficiaries to the Wind Down Trust in exchange for New WDT Interests, and then by the Beneficiary to the Litigation Trust.

1.5     **Nature and Purpose of the Litigation Trust.**

(a)     **Purpose.**  The Litigation Trust is established as a trust, subject to the terms and conditions contained herein and in the Plan, for the purpose of  holding and liquidating the Litigation Trust Assets in a manner consistent with the Plan and with the primary objective of

maximizing the ultimate recovery by the Wind Down Trust Beneficiaries from distributions from the Wind Down Trust.  The Trust shall not engage in any trade or business.

(b)    **Relationship to and Incorporation of the Plan.**  The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Agreement incorporates the provisions thereof by reference.  To that end and subject to the provisions of the Plan and the Confirmation Order, the Litigation Trustee shall have full power and authority to take any action consistent with the provisions of the Plan and the Confirmation Order, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court as may be required in furtherance of this Agreement.  In the event of any conflict or inconsistency between the Plan and this Agreement, this Agreement (in the form executed on or before the Effective Date) shall govern.  With respect to any conflict or inconsistency between the Plan and this Agreement on the one hand, and the Confirmation Order on the other hand, the Confirmation Order shall govern.

1.6    **Privileges and Access to Debtors' Books and Records.**

(a)    The Litigation Trustee, on behalf of the Litigation Trust, shall step into the shoes of: (i) the Debtors as it relates to either communications that occurred prior to, or documents prepared before, April 20, 2022 with respect to Debtors' right to assert attorney-client privilege or any other privilege or immunity Debtor possesses, if any, and the Litigation Trustee shall be entitled to preserve, assert, access, or waive such privilege or immunity of the Debtors as it relates to such documents or communications, and (ii) the Bondholder Committee (together with the Debtors, the "Privilege Transfer Parties") with regard to attorney-client privilege or any other privilege or immunity in respect of all communications documents created by or in the possession of the Bondholder Committee related to the analysis or prosecution of any Retained Causes of Action, and the Litigation Trustee shall be entitled to preserve, assert, access, or waive such privilege or immunity of the Bondholder Committee as it relates to such communications and documents (subsections (i) and (ii) collectively, the "Privileges" and such communications and documents the "Transferred Privileged Information").  The Transferred Privileged Information is hereby transferred and assigned to, and vested in, the Litigation Trustee.  The Transferred Privileged Information shall include documents and information of all manner, whether oral, written, or digital, and whether or not previously disclosed or discussed.

(b)    The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Litigation Trustee, for the sole benefit of the Litigation Trust.  The Litigation Trust and the Litigation Trustee (on behalf of the Litigation Trust) shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)    The Privilege Transfer Parties agree to take all necessary or appropriate actions to effectuate the transfer of such Privileges, and to provide to the Litigation Trustee without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody, or control.  The Litigation Trustee is further expressly authorized to formally or informally request or subpoena documents, testimony, or other information that would constitute Transferred

Privileged Information from any persons, including former directors or officers of any of the Debtors, attorneys, professionals, consultants, and experts, and no such person may object to the production to the Litigation Trustee of such Transferred Privileged Information on the basis of a Privilege.  Until and unless the Litigation Trust makes a determination to expressly waive any Privilege, Transferred Privileged Information shall be produced solely to the Litigation Trustee.

(d)     Pursuant to, *inter alia*, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Litigation Trust or any of its respective employees, professionals, or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Litigation Trustee, on the other hand, or any of their respective employees, professionals, or representatives.

(e)     If a Privilege Transfer Party, the Litigation Trustee, any of their respective employees, professionals, or representatives, or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.  In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Litigation Trustee of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

(f)     On the Effective Date, the Litigation Trustee shall have the power, right and responsibility to access or take possession of all books, files and records of the Debtors or Wind Down Debtors, as applicable, for purposes of carrying out the purpose of the Litigation Trust.  At any time after the Effective Date, upon reasonable request of the Litigation Trustee, the Wind Down Trustee shall provide the Litigation Trustee with any of the Debtors' or the Wind Down Debtors' books, records, and files in the Wind Down Trust's or Wind Down Trustee's possession, custody or control, including such Transferred Privileged Information of the Debtors as is in the Wind Down Trustee's possession, custody or control that relate to the evaluation and prosecution of the Retained Causes of Action, and the Wind Down Trustee shall, in good faith, provide such Privileged information of the Debtors as is in the Wind Down Trustee's possession, custody or control that relates to the evaluation and prosecution of the Retained Causes of Action; *provided*, that notwithstanding the foregoing, the privilege of the Independent Directors in their capacity as such, the DLP Independent Directors in their capacity as such, and David F. Chavenson in his personal capacity as a former member of the Special Committee, in each case, is hereby recognized and shall remain in full force and effect and shall not be waived, nor shall any such privileged documents be turned over to the Litigation Trust without the consent of all Independent Directors or all DLP Independent Directors, as applicable.  The Wind Down Trustee shall make reasonable efforts to respond to such requests within five (5) business days following any such request by the Litigation Trustee, or as soon thereafter as reasonably practicable.

## ARTICLE II
## TRUST RELATIONSHIP

2.1     **Trust Relationship.**  The relationship of the Beneficiary, as sole beneficiary, to the Litigation Trust and the Litigation Trustee shall be solely that of a beneficiary of a trust and shall

not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan, Confirmation Order or applicable non-bankruptcy law. The Wind Down Trustee and the Litigation Trustee shall communicate on a regular basis to coordinate efforts to maximize the ultimate recovery by the Wind Down Trust Beneficiaries from distributions from the Wind Down Trust, including anticipated transactions involving Wind Down Trust assets and initiation of litigation/settlements involving Litigation Trust assets. Nothing herein is intended to create a consent or other right with respect to decisions made by the Wind Down Trustee or the Litigation Trustee with respect to their respective trusts.

## ARTICLE III
## RIGHTS, POWERS, AND DUTIES OF LITIGATION TRUSTEE

3.1    **Role of the Litigation Trustee.**  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order, this Agreement, and applicable non-bankruptcy law, the Litigation Trustee shall have the sole authority to make decisions and take action with respect to the Litigation Trust Assets.

3.2    **Authority to Prosecute and Settle Litigation Claims.**

(a)    Subject to express provisions of this Agreement, the Plan, and the Confirmation Order, the Litigation Trustee shall have absolute discretion to pursue, not pursue, settle, compromise or abandon the Retained Causes of Action or any other Causes of Action subsequently acquired, received, transferred or assigned to the Litigation Trust consistent with the objectives and duties set forth in this Agreement. The Litigation Trustee shall have no liability except for any damages caused by fraud, willful misconduct, self-dealing or gross negligence.

(b)    To the extent that any action has been taken to prosecute, adjudicate or otherwise resolve any of the Retained Causes of Action and any other Causes of Action assigned to the Litigation Trust prior to the Effective Date, the Litigation Trustee or Litigation Trust shall be substituted for the Debtors in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the GWG Litigation Trust v. [Defendant]" or "GWG Litigation Trust v. [Defendant]." Without limiting the foregoing, the Litigation Trustee may take any and all actions necessary or prudent to intervene as plaintiff, movant, or additional party, as appropriate, with respect to any applicable Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust, provided, however, that the Litigation Trustee shall have absolute discretion to pursue, not pursue, settle, or abandon such previously commenced litigation. For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(c)    Any determinations by the Litigation Trustee with regard to the amount or timing of settlement or other disposition of any Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust and all other parties

6

in interest upon the entry of an order of a court of competent jurisdiction (including a Final Order issued by the Bankruptcy Court) approving such settlement or other disposition, to the extent any such order is required to be obtained to enforce any such determinations.

(d)     The Litigation Trustee shall have the sole authority to, on or before the Claims Objection Bar Date, file, withdraw, compromise, settle or litigate to judgment objections to Litigation Trust Reconciliation Claims, including any such Claims that are Disputed Claims or Interests.  For the avoidance of doubt, except as otherwise provided herein, from and after the Effective Date, the Litigation Trustee, as applicable, shall have and retain any and all rights and defenses such Debtor had immediately prior to the Effective Date with respect to any Disputed Claim or Interest.

3.3     **Liquidation of Litigation Trust Assets.**  The Litigation Trustee shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, and timely transfer such Cash to the Beneficiary.  The Litigation Trustee shall be entitled to take into consideration the risks, timing, anticipated duration, and costs of potential actions in making determinations as to the methodologies to be employed to liquidate the Litigation Trust Assets.  Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment, or dismissal of any or all of the Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination).  The Litigation Trustee may incur any reasonable and necessary expenses in connection with the liquidation of the Litigation Trust Assets.

3.4     **Distributions.**  At such time as the Litigation Trustee determines the Litigation Trust has (i) resolved, settled, compromised, or otherwise liquidated the Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust from time to time in accordance with the terms of the Plan and this Agreement, and (ii) paid all expenses related to the Litigation Trust's rights and duties in accordance with this Agreement (including in connection with the winding up and dissolution of the Litigation Trust), the Litigation Trustee shall transfer the Litigation Trust Assets to the Beneficiary.  Notwithstanding the foregoing, and for the avoidance of doubt, the Litigation Trustee shall make interim transfers of Cash (or other consideration) realized by the Litigation Trust to the Beneficiary in such amounts as determined in the reasonable discretion of the Litigation Trustee taking into consideration, among other things, accrued and reasonably anticipated expenses relating to the Litigation Trust's rights and duties in accordance with this Agreement.

3.5     **Retention of Counsel and Other Professionals.**  The Litigation Trustee, on behalf of the Litigation Trust, may employ and pay in the ordinary course of business, any professional, including legal counsel, for services rendered or expenses incurred on and after the Effective Date, in accordance with the terms of any agreement entered into between the Litigation Trust and such professional in the discretion of the Litigation Trustee that are necessary or appropriate to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Plan, the Confirmation Order, and this Agreement.

3.6    **Fees and Expenses of the Litigation Trust.**  From and after the Effective Date, reasonable fees and out-of-pocket expenses of the Litigation Trustee and its employed professionals related to the performance of the Litigation Trustee's duties under this Agreement shall be paid in the ordinary course of business from the Initial Litigation Trust Funding Amount, and after such amount is exhausted, from proceeds received in connection with monetizing the Retained Causes of Action, in accordance with the Plan, the Confirmation Order, and this Agreement.

3.7    **Agreements.**    Pursuant to the Plan, the Confirmation Order, and the other provisions of this Agreement, the Litigation Trustee may enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order, or this Agreement and perform all of the Litigation Trust's obligations thereunder.

3.8    **Powers of the Litigation Trustee.**  The Litigation Trustee is hereby empowered to, subject to the limitations set forth in this Agreement, the Plan, or Confirmation Order, take any and all actions to effectuate the purpose and objectives of the Litigation Trust.  Without limiting the generality of the previous sentence, the Litigation Trustee shall have the power to:

(a)    conduct investigations of Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust, including pursuant to Bankruptcy Rule 2004;

(b)    perform all actions and execute all agreements, instruments, and other documents necessary to effectuate the purposes of the Litigation Trust;

(c)    open, establish, maintain and administer bank accounts on behalf of or in the name of the Litigation Trust, which shall be segregated to the extent appropriate in accordance with the Plan and this Agreement;

(d)    hold legal title to any and all Litigation Trust Assets;

(e)    manage, liquidate, supervise, prosecute, and protect, as applicable, the Initial Litigation Trust Assets and any other Litigation Trust Assets;

(f)    file, withdraw, settle, or litigate to judgment objections to Litigation Trust Reconciliation Claims, including any such Claims that are Disputed Claims or Interests;

(g)    settle Claims that are Litigation Trust Assets, including the Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust;

(h)    pursue, prosecute, abandon, or otherwise resolve the Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust;

(i)    commence any or all proceedings with respect to the Retained Causes of Action and any Causes of Action assigned or otherwise transferred to the Litigation Trust that may be or could have been commenced, and take all actions that may be or could have been taken, by any officer, director, shareholder or other party acting in the name of the Debtors or their Estates

with like effect as if duly authorized, exercised and taken by unanimous action of such officers, directors and shareholders or other party;

(j) engage in, intervene in, join, compromise, adjust, release, mediate, arbitrate, sue on or defend, counterclaim, setoff, recoup, pursue, prosecute, abandon, or otherwise address and settle any actions, suits, proceedings, disputes, claims, controversies, demands, causes of action, or other litigation in favor of or against the Litigation Trust, enter into agreements relating to the foregoing, whether or not any suit is commenced or claim accrued or asserted and, in advance of any controversy, enter into agreements regarding arbitration, adjudication or settlement thereof, all in the name of the Litigation Trust if necessary or appropriate, and institute or continue actions that were or could have been commenced by any of the Debtors prior to the Effective Date that is a Litigation Trust Asset, and prosecute or defend all related litigation or appeals, and, when appropriate, settle such actions and claims;

(k) enforce, waive, assign or release rights, privileges or immunities of any kind (subject to the provisions of this Agreement, the Confirmation Order, or the Plan);

(l) seek any relief from, or resolution of any disputes by, the Bankruptcy Court or other court of competent jurisdiction;

(m) enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order, or this Agreement and perform all duties and obligations thereunder;

(n) obtain reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee under this Agreement (in the form of an errors and omissions policy or otherwise), if the Litigation Trustee determines that such insurance coverage is appropriate;

(o) retain, compensate and employ professionals to advise and/or represent the Litigation Trust, whether such professionals are to be compensated on an hourly, fixed fee, contingency fee, or other basis;

(p) pay all valid and lawful expenses, debts, charges, taxes and liabilities of the Litigation Trust;

(q) receive, manage, invest, supervise, protect, and liquidate the Litigation Trust Assets (including, for the avoidance of doubt, holding stocks or securities for a limited time or holding Cash in his/her/its law firm's trust account), withdraw and make distributions from and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee and/or the Litigation Trust as long as such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and are merely incidental to its liquidation and dissolution;

(r) prepare, or have prepared, and file, if necessary, with the appropriate governmental entity any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local, or foreign tax or information returns required to be filed by the Litigation Trust) and pay taxes

properly payable by the Litigation Trust, if any, and cause all taxes payable by the Litigation Trust, if any, to be paid exclusively out of the Litigation Trust Assets;

(s)    request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(t)    make tax elections by and on behalf of the Litigation Trust, which are deemed by the Litigation Trustee, either independently or with the advice of professionals employed by the Litigation Trust, to be in the best interest of maximizing the liquidation value of the Litigation Trust Assets, in light of the Litigation Trustee's duty to maximize the value of the Litigation Trust Assets;

(u)    take such other actions as the Litigation Trustee deems necessary to fulfill his duties under this Agreement and to further the primary objective of the Litigation Trust; and

(v)    dissolve the Litigation Trust in accordance with the terms of this Agreement.

3.9    **Management of the Litigation Trust Assets.** Except as otherwise provided in the Plan, the Confirmation Order, or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may in its sole discretion control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof, and over the management and conduct of the Litigation Trust, in each case, as necessary or desirable to enable the Litigation Trustee to fulfill the intents and purposes of this Agreement. No Entity dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management, or disposition of the Litigation Trust Assets.  For the avoidance of doubt, subject to the terms of this Agreement, all decisions or actions contemplated or authorized by this Agreement are to be decided by the Litigation Trustee in its sole discretion.

3.10    **Limitations on Power and Authority of the Litigation Trustee.**  Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee shall not have the authority to do any of the following on behalf of the Litigation Trust:

(a)    take any action in contravention of the Plan, the Confirmation Order or this Agreement;

(b)    take any action that would make it impossible to carry on the activities of the Litigation Trust;

(c)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(d)    cause or permit the Litigation Trust to engage in any trade or business;

(e)      receive transfers of any listed stocks or securities, any readily-marketable assets or any operating assets of a going business, except as is absolutely necessary to carry out the purposes of the Litigation Trust; *provided, however*, that the Litigation Trust may receive readily-marketable securities as consideration for the settlement or compromise of any Retained Causes of Action so long as the Litigation Trustee causes such readily marketable securities to be reduced to Cash as soon as reasonably practicable; *provided, further*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes;

(f)      receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets; *provided, however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof, or take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(g)      take any action that would frustrate the primary objective of the Litigation Trust; or

(h)      engage in any transaction in which the Litigation Trustee has a pecuniary interest.

3.11   **Books and Records.**  The Litigation Trustee shall maintain books and records relating to the Litigation Trust Assets, the proceeds realized from such assets, and the payment of, costs and expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable him/her/it to make full and proper accounting in respect thereof and in accordance with applicable law.  Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax and other reporting requirements of the Litigation Trust, including with respect to Section 3.12 of this Agreement. Unless explicitly noted, nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.

3.12   **Reports.**

(a)      **Financial and Status Reports.**  The fiscal year of the Litigation Trust shall be the calendar year.  Following the Effective Date, and unless otherwise ordered by the Bankruptcy Court upon motion by the Litigation Trustee, and during the existence of the Litigation Trust, the Litigation Trust shall File with the Bankruptcy Court and post to the website to be established and maintained by the Litigation Trust, which may be the same website established and maintained by or on behalf of the Wind Down Trust, within 90 days after the end of each calendar year during the term of the Litigation Trust, and within 45 days after the end of each

calendar quarter during the term of the Litigation Trust (other than the fourth quarter), a quarterly report regarding the administration of property subject to its ownership and control pursuant to the Plan, receipts, distributions made by it, an update regarding the status of the Retained Causes of Action being prosecuted by the Litigation Trust, and a summary of all major activities during the period.

(b)   The first report shall be due following the first full quarter after the establishment of the Litigation Trust.  The Litigation Trustee may post any such report on a website maintained by or on behalf of the Litigation Trust and/or electronically File it with the Bankruptcy Court in lieu of actual notice.

## ARTICLE IV
## THE LITIGATION TRUSTEE GENERALLY

4.1   **Independent Litigation Trustee.**  The Litigation Trustee shall be an independent, third-party fiduciary, and shall be a professional natural person or financial institution with experience administering other litigation trusts.  For the avoidance of doubt, the Litigation Trustee (including any successor thereto) shall have no affiliation with any Bondholder Committee member and must not own (or have owned as of the Confirmation Date) any Public L Bonds, New WDT Interests, or other Interests in or Securities issued by any of the Debtors.  As of the date of this Agreement, the Litigation Trustee shall be Michael I. Goldberg.

4.2   **Term of Service.**  The Litigation Trustee shall serve until the earlier to occur of (a) the termination of the Litigation Trust in accordance with this Agreement and the Plan or (b) the Litigation Trustee's death, resignation or removal.

4.3   **Litigation Trustee's Compensation and Reimbursement.**

(a)   **Compensation.**  The Litigation Trustee shall receive compensation from the Litigation Trust pursuant to the attached Schedule A ("Litigation Trustee Compensation").

(b)   **Expenses.**  The Litigation Trustee shall use the Initial Litigation Trust Funding Amount to fund all reasonable and documented expenses related to the Litigation Trustee's duties under the Plan and this Agreement including but not limited to the payment of expenses related to accountants, contingency counsel, the retention of experts or any investigation or litigation initiated by the Litigation Trustee.  Thereafter, the Litigation Trust and the Litigation Trustee may use proceeds from monetizing the Retained Causes of Action to fund the reasonable and customary out-of-pocket expenses incurred by the Litigation Trust and Litigation Trustee. Beginning on the Effective Date, the Litigation Trustee shall have the power to employ employees or other independent contractors to assist in carrying out its duties under the Plan, including this Agreement, and may compensate and reimburse the expenses of these employees or other independent contractors based upon the nature of the work performed by such parties without further order of the Bankruptcy Court, subject to any limitations and procedures established by this Agreement.   The Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable and documented out-of-pocket expenses, including reasonable travel expenses necessary for discharge of the Litigation Trustee's duties, incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the

Confirmation Order or the Plan (collectively, the "Litigation Trustee Expenses" and, together with the Litigation Trustee Compensation, the "Litigation Trustee Fees").

        (c)    **Payment.**  The Litigation Trustee Fees shall be paid to the Litigation Trustee without necessity for review or approval by the Bankruptcy Court or any other Entity. Payment of the Litigation Trustee Fees shall be payable out of the Litigation Trust Assets as set forth herein.  The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute regarding the Litigation Trustee Fees.

    4.4    **Resignation.**  The Litigation Trustee may resign as such by executing and delivering an instrument in writing to the Wind Down Trustee; *provided, however*, that the Litigation Trustee shall continue to serve as Litigation Trustee after his/her/its resignation until the earlier of (a) the time when appointment of a successor Litigation Trustee shall become effective in accordance with section 4.6 and (b) forty-five (45) days after his/her/its resignation.

    4.5    **Removal.**  The Bankruptcy Court, on its own initiative or upon application of the Beneficiary, may for Cause (as defined herein), and after notice and a hearing, remove the Litigation Trustee.  Notwithstanding the removal of the Litigation Trustee pursuant to this Section 4.5, the rights of the removed Litigation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such removed Litigation Trustee following the effectiveness of such resignation, subject to any Bankruptcy Court order removing the Litigation Trustee.  "Cause" shall mean (i) the Litigation Trustee's willful failure to perform his/her/its material duties hereunder, which is not remedied within 30 days of notice; (ii) the Litigation Trustee's commission of an act of fraud, theft or embezzlement during the performance of his/her/its duties hereunder; (iii) the Litigation Trustee's conviction of a felony; or (iv) the Litigation Trustee's gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of his/her/its duties hereunder.

    4.6    **Appointment of Successor Litigation Trustee.**

        (a)    In the event of the death or disability (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the Wind Down Trustee, subject to Bankruptcy Court approval, or the Bankruptcy Court shall designate a successor Litigation Trustee satisfying the requirements set forth in Section 4.1 hereof.  Prior to its resignation, the Litigation Trustee may recommend a successor.  Such appointment of a successor shall specify the date on which such appointment shall be effective.  Every successor Litigation Trustee appointed hereunder shall execute, acknowledge and deliver to the Wind Down Trustee an instrument accepting the appointment under this Agreement and agreeing to be bound as Litigation Trustee hereto, and thereupon the successor Litigation Trustee, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee; *provided, however*, that a predecessor Litigation Trustee shall, nevertheless, when reasonably requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee and otherwise assist and cooperate, without cost

or expense to the predecessor Litigation Trustee, in effectuating the assumption by the successor Litigation Trustee of his/her/its obligations and functions hereunder.

4.7 **Effect of Resignation or Removal.** The death, disability, dissolution, bankruptcy, resignation, incompetency, incapacity, or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments, and other writings as may be ordered by the Bankruptcy Court or reasonably requested by the successor Litigation Trustee or the Wind Down Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement; (b) deliver to the Bankruptcy Court (if required) and/or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee, but may retain a copy at his/her/its election; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

4.8 **Confidentiality.** The Litigation Trustee, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and for a period of two (2) years following the later of the termination of this Agreement or such Litigation Trustee's removal or resignation hereunder, and all employees, professionals and representatives engaged, retained or employed by the Litigation Trust or the Litigation Trustee, for a period of two (2) years following the termination of this Agreement, shall hold strictly confidential and not use for personal gain or for the gain of any Entity for whom such Litigation Trustee or any of such employees, professionals or representatives may be employed any non-public information of or pertaining to any of the Litigation Trust Assets or of which the Litigation Trustee un his, her or its capacity as Litigation Trustee, or any of such employees, professionals, or representatives in their respective capacities a such, has become aware, until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any of the Litigation Trust's employees, professionals, or representatives in violation of this Agreement; (b) the Litigation Trust is required by law to disclose such information (in which case the Litigation Trust shall provide the relevant Entity reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Entity. However, nothing in this paragraph shall limit the Litigation Trustee's ability to exercise the authority and perform the obligations provided in the Plan, the Confirmation Order, and this Agreement, including, but not limited to, the prosecution, pursuit, compromise, or settlement of any and all Retained Causes of Action and all other Causes of Action assigned or otherwise transferred to the Litigation Trust.

## ARTICLE V
## LIABILITY AND INDEMNIFICATION

5.1 **Parties Dealing With the Litigation Trustee.** In the absence of actual knowledge to the contrary, any Entity dealing with the Litigation Trust or the Litigation Trustee shall be entitled to rely on the authority of the Litigation Trustee or any of the Litigation Trustee's agents to act in connection with the Litigation Trust and the Litigation Trust Assets. No Entity that may

14

deal with the Litigation Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Litigation Trustee or any agent of the Litigation Trustee.

 5.2 **Exculpation and Indemnification of the Litigation Trustee.**

 (a) Neither the Litigation Trustee, nor any affiliate, employee, professional, successors, assigns, agent, or representative of the Litigation Trustee (each, an "Exculpated Party" and collectively, the "Exculpated Parties") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "Losses"), whether or not in connection with litigation in which any Exculpated Party is a party, or administering or enforcing this Agreement (including these exculpation provisions), as and when imposed on the Litigation Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Litigation Trustee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this Agreement, the Plan, or the Confirmation Order, or as may arise by reason of any action, omission or error of an Exculpated Party; *provided, however*, that the foregoing limitation shall not apply to any Losses suffered or incurred by the Beneficiary that are determined by a Final Order of the Bankruptcy Court to have been caused by the fraud, willful misconduct, gross negligence, self-dealing or the intentional disregard of the primary objective of the Litigation Trust by such Exculpated Party. Every act taken or omitted, power exercised or obligation assumed by the Litigation Trust or any other Exculpated Party pursuant to the provisions of this Agreement, the Plan, or the Confirmation Order shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Litigation Trust or any Exculpated Party acting for and on behalf of the Litigation Trust and not otherwise; *provided, however*, that none of the foregoing Entities are deemed to be responsible for any other such Entities' actions or inactions. Except as provided in the first proviso of the first sentence of this Section 5.2(b), every Entity contracting or otherwise dealing with or having any relationship with the Litigation Trust or any Exculpated Party shall have recourse only to the Litigation Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships, and the Litigation Trust and the Exculpated Parties shall not be individually liable therefor. In no event shall the Litigation Trustee or any other Exculpated Party be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Litigation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

 (b) The Litigation Trust shall indemnify the Litigation Trustee and any professionals, employees, or independent consultants engaged by or on behalf of the Litigation Trustee or the Litigation Trust for, and shall hold each of them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred other than directly as a result of fraud, gross negligence, or willful misconduct on the part of such indemnified person(s) in any of their capacity as such (which fraud, gross negligence, or willful misconduct, if any, must be determined by a Final Order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Litigation Trustee and each of such other indemnified person(s) in connection with the acceptance, administration, exercise, and performance of its duties under the

Plan, the Confirmation Order, or this Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, gross negligence, or willful misconduct. In addition, the Litigation Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Litigation Trustee and each of such other indemnified person(s), in each of their respective capacities as such, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to its actions or omissions, or consequences of such actions or omissions, with respect to the Litigation Trust or the implementation or administration of the Plan if the Litigation Trustee or such other indemnified person(s) acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Litigation Trust. To the extent the Litigation Trust indemnifies and holds the Litigation Trustee or such other indemnified person(s) harmless as provided above, the reasonable legal fees and related costs incurred by counsel to the Litigation Trustee or such other indemnified person(s) in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Litigation Trustee Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section 5.2(a) shall be paid by the Litigation Trust. The Litigation Trustee shall not be personally liable for the payment of any Litigation Trust expense or claim or other liability of the Litigation Trust, and no Entity shall look to the Litigation Trustee personally for the payment of any such expense or liability. This provision shall survive the termination of this Agreement and the death, dissolution, liquidation, resignation, replacement, or removal of the Litigation Trustee.

(c)     The Litigation Trustee shall be authorized, but not required, to obtain any reasonably necessary insurance coverage, at the Litigation Trust's sole expense, for the Litigation Trust, the Litigation Trustee, and their respective agents, including coverage with respect to the liabilities, duties, and obligations of the Litigation Trustee, which insurance coverage may, at the sole option of the Litigation Trustee, be extended for a reasonable period after the termination of this Agreement.

5.3     **Limitation of Liability.**  The Litigation Trustee, including any professionals, employees, or independent consultants engaged by or on behalf of the Litigation Trustee or the Litigation Trust will not be liable for punitive, exemplary, consequential, special, or other damages for a breach of this Agreement under any circumstances in connection with the Litigation Trust, whether such claims are brought in contract or tort, except for damages arising from specific actions or omissions resulting from fraud, willful misconduct, gross negligence, self-dealing or the intentional disregard of the primary objective of the Litigation Trust. The Litigation Trustee shall enjoy all of the rights, powers, immunities, and privileges and burdened with the obligations applicable to a chapter 7 trustee or any other analogous trustee (including a federal equity receiver) with respect to the Retained Causes of Action and other Causes of Action that are or become Litigation Trust Assets. The Litigation Trustee may, in connection with the performance of the Litigation Trustee's functions, in the Litigation Trustee's sole and absolute discretion, consult with its, his or her attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are in writing. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and any determination not to do so shall not, in and of itself, result in the imposition of liability on the Litigation Trustee. Any Entity dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the

Litigation Trustee to such person in carrying out the terms of this Agreement, and the Litigation Trustee shall have no personal obligation to satisfy such liability.

5.4 **No Liability for Good Faith Error of Judgment.** The Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a Final Order that the Litigation Trustee was grossly negligent in ascertaining the pertinent facts.

5.5 **Survival.** The provisions of this Article V shall survive the termination of this Agreement and the death, resignation, removal, liquidation, dissolution, or replacement of the Litigation Trustee.

## ARTICLE VI
## TAX MATTERS[3]

6.1 **Tax Treatment; No Successor in Interest.** The Litigation Trust is intended to be treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d). For U.S. federal income tax purposes, the transfer of assets by the Debtors to the Litigation Trust will be treated as the transfer of assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, as applicable, subject to any liabilities of the Debtors or the Litigation Trust payable from the proceeds of such assets, followed by the transfer of such assets (subject to such liabilities) by such holders to the Litigation Trust in exchange for the beneficial interests in the Litigation Trust. For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee, and the Wind Down Trustee) shall treat the transfer of the Initial Litigation Trust Assets by the Debtors to the Litigation Trust in the manner set forth above as a transfer of such assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, followed by a transfer by such holders to the Litigation Trust.

6.2 **Liquidation Purpose of the Litigation Trust.** The Litigation Trust shall be established for the primary purpose of liquidating and distributing the assets transferred to it, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust. Accordingly, the Litigation Trustee shall, in an expeditious but orderly manner and in conformity with the Plan, liquidate and convert to Cash the Initial Litigation Trust Assets, make timely distributions to the Wind Down Trust. The Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

6.3 **Cash Investments.** The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof or any income earned by the Litigation Trust, shall be limited to the right and power that a liquidating trust, within the meaning of section 301.7701-4(d) of the Treasury Regulations, is permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service ("IRS") guidelines, including Revenue Procedure 94-45, whether set forth in IRS rulings or other IRS pronouncements, and to the investment

---

[3] [**NTD**]: Subject to ongoing MB tax/1940 Act specialist review.

guidelines of section 345 of the Bankruptcy Code.  The Litigation Trustee may retain any Litigation Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and the Litigation Trustee may expend the Litigation Trust Assets:  (i) as reasonably necessary to meet contingent liabilities and realize or maintain the value of the Litigation Trust Assets during liquidation; (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with liquidating the Litigation Trust Assets); and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Agreement.

6.4      **Litigation Trust as Grantor Trust.**  The Litigation Trust is intended to qualify as a "grantor trust" under the Tax Code with the Wind Down Trust Beneficiaries treated as grantors and owners solely for U.S. federal income tax purposes.  For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee and the Wind Down Trustee) shall treat the transfer of the Initial Litigation Trust Assets to the Litigation Trust, as set forth in this Agreement, as a transfer of such assets by the Wind Down Trust to the Litigation Trust.  Thus, the Wind Down Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for U.S. federal income tax purposes.

6.5      **Tax Reporting and Tax Payments.**

(a)      The Litigation Trustee shall file tax returns for the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Litigation Trustee also shall annually send or otherwise provide to the Wind Down Trust a separate statement regarding the receipts and expenditures of the Litigation Trust as relevant for U.S. federal income tax purposes for the purpose of providing such tax reporting information to Wind Down Trust Beneficiaries and will instruct the Wind Down Trust to forward the appropriate information to the Wind Down Trust Beneficiaries with instructions to utilize such information in preparing their U.S. federal income tax returns.

(b)      As soon as practicable after the Effective Date, the Litigation Trustee shall make a good faith determination of the fair market value of the Initial Litigation Trust Assets as of the Effective Date.  This valuation shall be made available to the parties from time to time as relevant and shall be used consistently by all parties for all U.S. federal income tax purposes.  The Bankruptcy Court shall resolve any dispute regarding the valuation of the Litigation Trust Assets.

(c)      The Litigation Trust shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

(d)      The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, such Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

6.6      **Withholding of Taxes.**

18

(a)     The Litigation Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the Tax Code or any provision of any state, local or non-U.S. tax law with respect to any payment or distribution by the Litigation Trust to the Wind Down Trust.  Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution. All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to the Wind Down Trust on behalf of the Wind Down Trust Beneficiaries for all purposes of this Agreement.

(b)     The Litigation Trustee shall be authorized to collect such tax information from the Wind Down Trust and the Wind Down Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers of the Wind Down Trust Beneficiaries) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement.  As a condition to receive distributions under the Plan, the Wind Down Trust and Wind Down Trust Beneficiaries, as applicable, may be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of its holdings, to the extent the Litigation Trustee deems appropriate, including an IRS Form W-9 or, if the such holder is not a United States person for federal income tax purposes, certification of foreign status on an applicable IRS Form W-8 unless such Entity is exempt under the Tax Code and provides the Litigation Trustee with the appropriate documentation, satisfactory to the Litigation Trustee, establishing such exemption. The Litigation Trustee may refuse to make a distribution to the Wind Down Trust on behalf of any Wind Down Trust Beneficiary if such Wind Down Trust Beneficiary fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that, upon the delivery of such information by such Wind Down Trust Beneficiary within 150 days of the initial request by the Litigation Trustee, the Litigation Trustee shall make such distribution to which such Wind Down Trust Beneficiary is entitled to the Wind Down Trust, without interest.  If such request is made by the Litigation Trustee or such other Entity designated by the Litigation Trustee and the beneficiary fails to comply before the date that is 150 days after the request is made, the amount of such distribution shall irrevocably revert to the Litigation Trust or Wind Down Trust, as applicable, and any Claim in respect of such Distribution shall be discharged and forever barred from assertion against any Debtor and its respective property.  If the Litigation Trustee fails to withhold in respect of amounts received or distributable with respect to any such beneficiary and the Litigation Trustee is later held liable for the amount of such withholding, such beneficiary shall reimburse the Litigation Trustee for such liability.

(c)     The identification requirements in this Section 6.6 may, in certain cases, extend to Wind Down Trust Beneficiaries who held their Public L Bonds, Seller Trust L Bonds, Series 1 Preferred Interests, Series 2 Preferred Interests or Existing Common Stock of GWGH in street name.

6.7     **Tax Returns and Books and Records Upon Dissolution.**  Upon the dissolution of the Litigation Trust, the Litigation Trustee shall transfer all tax returns and filings and other books and records of the Litigation Trust related to taxes to the Wind Down Trust.

19

6.8     **Exemption from Certain Transfer Taxes.**  To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any post-Confirmation sale by any Debtor, or any transfer from any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to:  (i) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtors; or (ii) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles, or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code, or similar filing or recording fee, or other similar tax or governmental assessment, in each case to the extent permitted by applicable bankruptcy law, and the appropriate federal, state, provincial, or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE VII
## INITIAL TERM AND DISSOLUTION

7.1     **Term of the Litigation Trust.**  The initial term ("Initial Term") of the Litigation Trust shall be the lesser of: (1) three years; (2) the date that all Retained Causes of Action have been fully resolved, as reasonably determined by the Litigation Trustee in its sole determination; and (3) the date all holders of New Series A1 WDT Interests and New Series A2 WDT Interests receive the full amount to which they are entitled to pursuant to the Plan, *provided*, *however*, that, subject to applicable law, the Litigation Trustee may extend the term of the Litigation Trust by filing a motion with the Bankruptcy Court prior to the expiration of the initial term and obtaining court approval of such extension, with a maximum extension of two (2) years per request (subject, in each instance, to reasonable consideration being given to implications of tax law and other applicable law of a proposed extension of the term of the Litigation Trust).  The Wind Down Trustee and the Litigation Trustee will cooperate and confer to ensure that the Wind Down Trust does not terminate prior to the Litigation Trust.

7.2     **Dissolution.**  Following the expiration of the Initial Term, as it may be extended pursuant to section 7.1 above, the Litigation Trust shall terminate and be dissolved as follows:

(a)     If termination occurs as a result of conditions (1) or (2) set forth in section 7.1, termination and dissolution of the Litigation Trust shall be effective upon the date on which all of the following events (each, a "Termination Condition," and, collectively, the "Termination Conditions") have occurred: (i) the Litigation Trust Assets, including Retained Causes of Action transferred and assigned to the Litigation Trust, are fully resolved, abandoned or liquidated in accordance with the Plan and this Agreement; (ii) all Cash has been completely distributed in accordance with the Plan, the Confirmation Order, and this Agreement; (iii) all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities; and (iv) entry of a Final order of the Bankruptcy Court terminating the Litigation Trust or Final Decree.

Except as provided in paragraph (b) below, it is the express intent that the Litigation Trust shall survive until each of the Termination Conditions have either occurred or be determined to be impracticable or impossible.  To the extent that the Litigation Trust shall be deemed terminated as a result of the occurrence of conditions (1) or (2) of section 7.1 pursuant to applicable law at any time prior to the occurrence of each Termination Condition, the Litigation Trustee shall not be discharged, but shall have such "wind-up" powers, both express and implied, as are necessary to achieve all outstanding Termination Conditions, including, but, not limited to the authority to: (i) continue prosecuting any Causes of Action belonging to the Litigation Trust; and (ii) distribute the Cash proceeds of the Litigation Trust Assets to the Beneficiary.  For the avoidance of doubt, in no event shall the New WDT Interest Holders be entitled to receive in-kind distributions of the Litigation Trust Assets.

(b)     If termination occurs as a result of condition (3) set forth in section 7.1, the Litigation Trust shall terminate and dissolve immediately without the need for any further action by any party or the Court.

7.3     **Discharge of Trustee.**  At such time as termination and dissolution of the Litigation Trust shall become effective, the duties, responsibilities and powers of the Litigation Trustee shall terminate, and the Litigation Trustee shall be discharged.  For the avoidance of doubt, no later than the termination of the Litigation Trust, the Litigation Trustee shall transfer all of the Litigation Trust's remaining assets, including any Retained Causes of Action and net proceeds realized therefrom, to the Wind Down Trust.

## ARTICLE VIII
## AMENDMENT AND WAIVER

8.1     The Litigation Trustee or the Beneficiary, upon notice and the opportunity to object, may seek Bankruptcy Court approval of any amendment, supplement, or waiver with respect to any provision of this Agreement.

8.2     No failure by the Litigation Trust or the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver of such right, power or privilege of the Litigation Trustee or the Litigation Trust, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

9.1     **Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of Texas (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

9.2     **Jurisdiction.**  Subject to the proviso below, the Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the

Litigation Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Causes of Action constituting Litigation Trust Assets and pursue any recoveries in respect of any such Causes of Action.  Each Party to this Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.  Until the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court; *provided*, *however*, that in the event that the Bankruptcy Court does not have jurisdiction pursuant to the foregoing provision, including after the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought in either a state or federal court of competent jurisdiction in the State of New York (without prejudice to the right of any Party to seek to reopen the Chapter 11 Cases to hear matters with respect to this Agreement).  Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

       9.3    **Severability.**  In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.  With regard to any such severable provision, the Wind Down Trustee and the Litigation Trustee shall negotiate, in good faith, to supplement this Agreement within thirty (30) days of such provisions being severed, with replacement provisions that achieve or accomplish, as closely as possible without invalidating the purpose or intent of such provisions so severed, subject to approval by the Bankruptcy Court.

       9.4    **Notices.**  Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail.  The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party; (b) the date of personal delivery (or refusal upon presentation for delivery); (c) the date of the transmission confirmation; or (d) three Business Days after service by first-class mail, to the receiving party's below address(es):

       *(i)*       ***if to the Litigation Trustee, to:***

       Michael I. Goldberg
       Akerman LLP
       201 East Las Olas Boulevard
       Suite 1800
       Fort Lauderdale, FL 33301
       Phone: (954) 468-2444

Email: michael.goldberg@akerman.com

*(ii)*       *if to the Wind Down Trustee, to:*

Elizabeth C. Freeman
P.O. Box 61209
700 Smith St.
Houston, TX 77208-1209
Phone: (832) 779-3580
Email: liz@lizfreemanlaw.com

9.5     **Headings.**  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

9.6     **Entire Agreement.**  This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

9.7     **Cumulative Rights and Remedies.**  The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity, subject to any limitations provided under the Plan and the Confirmation Order.

9.8     **Meanings of Other Terms.**  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neutral, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations, and other entities.  All references herein to Articles, Sections, and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules or other law, statute, or regulation, refer to the corresponding Articles, Sections, and other subdivisions of this Agreement and the words "herein," "hereof," "herewith," and words of similar import refer to this Agreement as a whole and not to any particular Article, Section, or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

9.9     **Successors in Interest.**  This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Parties (including, but not limited to, the Debtors), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof.  For the avoidance of doubt, in the event that any Entity becomes a successor in interest to a Party, the claims, privileges, books, and records and directors, officers, employees, agents, and professionals of such Entity, to the extent not otherwise subject to the provisions and requirements of this Agreement prior to such Entity becoming a successor in interest to the applicable Party, shall not become subject to the provisions and requirements of this Agreement solely because such Entity becomes a successor in interest to the applicable Party.

9.10     **Limitations.**  Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to

23

give any person other than the parties hereto any rights or remedies under or by reason of this Agreement and notwithstanding anything in this Agreement, the Parties hereby acknowledge and agree that nothing herein is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies, or treatment (including any releases, exculpation, indemnification, or otherwise as may be contained herein) of any Released Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

9.11 **Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

9.12 **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument. A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

9.13 **Authority.** Each Party hereby represents and warrants to the other Parties that: (i) such Party has full corporate power and authority to enter into this Agreement, to carry out its obligations hereunder, and to consummate the transactions contemplated hereby; (ii) the execution and delivery by such Party of this Agreement, the performance by such Party of its obligations hereunder have been duly authorized by all requisite corporate action on the part of such Party; (iii) this Agreement has been duly executed and delivered by such Party, and (assuming due authorization, execution, and delivery by the other Parties hereto) this Agreement constitutes a legal, valid, and binding obligation of such Party enforceable against such Party in accordance with its terms.

*[Remainder of the page intentionally left blank. Signature pages follow.]*

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives, or agents, effective as of the date first above written.

MICHAEL I. GOLDBERG, AS TRUSTEE OF THE GWG LITIGATION TRUST

By: _____
Name:
Title:

GWG HOLDINGS, INC., ON BEHALF OF THE DEBTORS

By: _____
Name:
Title:

<u>Schedule A</u>
Litigation Trustee Compensation

The Liquidation Trustee will receive compensation in the amount of $[40,000] per month.