IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| GWG Holdings, Inc., *et al.*,[1] | § § | Case No. 22-90032 (MI) |
| Debtors. | § § § § | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BENEFICIENT COMPANY HOLDINGS, L.P. AND THE BENEFICIENT COMPANY GROUP, L.P. TO THE FURTHER MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN, SUBMITTED BY THE DEBTORS, THE BONDHOLDER COMMITTEE, AND L BOND MANAGEMENT, LLC AS CO-PROPONENTS**

Beneficient Company Holdings, L.P. ("BCH") and The Beneficient Company Group, L.P. ("BCG," and together with BCH and their affiliates, "Beneficient") hereby file this limited objection and reservation of rights (the "Limited Objection") to the *Further Modified Second Amended Joint Chapter 11 Plan, Submitted by the Debtors, the Bondholder Committee, and L Bond Management, LLC as Co-Proponents* [Dkt. No. 1678] (as amended or supplemented, the "Plan").[2]

1. As of the filing of the Limited Objection, Beneficient understands that the Debtors, the Bondholder Committee and L Bond Management, LLC are still in negotiations regarding the final form of various Plan Supplement documents (including, in particular, the Litigation Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538) (collectively, the "Initial Debtors"); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955) (collectively, the "Subsequent Debtors," and together with the Initial Debtors, the "Debtors"). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Plan.

Agreement[3] and the Wind Down Trust Agreement, the "Plan Support Documents").[4]  Notably, setting aside the competing versions of such documents on the docket, the version filed by the Debtors include various notes to draft and acknowledges that key details have not yet been determined, such as clarity with respect to the competing fiduciary obligations of the trustees of such trusts, their proposed compensation, and the amount of the "Wind Down Amount" and "Wind Down Budget," which the Plan Supplement states are "subject to ongoing discussions between the Creditor Proponents and the Debtors."  *See, e.g.*, *Notice of Filing Plan Supplement* [Dkt. No. 1815] at Exh. A, FN 3, 4.

2.     Until such critical details are finalized, the Debtors have not provided adequate information necessary to determine whether to vote in favor of the Plan, nor meaningful notice and an opportunity to object on an informed basis.  Moreover, based on the unfinalized material terms of the documents currently on file, the Debtors have not met their burden of proof to show that they meet the requirements of confirmation,[5] including, but not limited to, whether the Plan is feasible and in the best interests of creditors such as Beneficient.[6]

3.     Accordingly, out of an abundance of caution, Beneficient files the Limited Objection and reserves all rights to amend or supplement the Limited Objection, or change its vote, once the finalized terms of the Plan Support Documents are filed.

---

[3] "Litigation Trust Agreement" as used herein refers to the document filed as Exhibit B to the *Notice of Filing Plan Supplement* [Dkt. No. 1815].
[4] *See, e.g.*, *Stipulation and Agreed Order Regarding Further Mediation* [Dkt. No. 1881].
[5] Section 1129 of the Bankruptcy Code contains the requirements for confirming a plan. The plan proponent "has the burden of proving that all elements of [section 1129] are satisfied . . . by a preponderance of evidence." *In re Cypresswood Land Partners, Inc.*, 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009); *see also In re Briscoe Enters., Ltd.*, 994 F.2d 1160, 1165 (5th Cir. 1993) ("[P]reponderance of the evidence is the debtor's appropriate standard of proof both under [section] 1129(a) and in a cramdown."). Section 1129(a)(7) requires the Debtors to show that each holder of a claim in an impaired class that does not accept a plan will "receive or retain under the plan on account of such claim or interest property of a value . . . that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title. . . ." 11 U.S.C. § 1129(a)(7)(A).
[6] As noted in the Disclosure Statement, the Disclosure Statement also contains numerous statements and allegations with which Beneficient disagrees, and Beneficient reiterates herein that it does not admit to any allegations or statements made in the Disclosure Statement.

4. Additionally, the Plan purports to preserve the Debtors' rights to the D&O Liability Insurance Policies, and provides continued access to such policies to the Debtors' former and current "members, managers, directors, and/or officers. . . ." Plan at Art. IV(S). However, *inter alia*, Beneficient's members, managers, directors and officers are also insured under the D&O Liability Insurance Policies, and Beneficient is an "Additional Parent Company." *See, e.g.*, *Motion for (i) Entry of an Order Modifying the Automatic Stay and authorizing Use of Estate Property, to the Extent Applicable, to Allow Payment, Reimbursement and/or Advancement of Defense Costs Under Insurance Policies and (ii) Granting Related Relief* [Dkt. No. 639] at ¶¶ 1-2. Accordingly, Beneficient requests the inclusion of the following paragraph in the Confirmation Order to make clear that its rights to and interests in the D&O Liability Insurance Policies—and those of its affiliates and both Beneficient's and its affiliates' respective officers, directors, board members, employees, managers and professionals—are reserved and otherwise not affected by the terms of the Plan:

> For the avoidance of doubt, nothing in the Plan, the Plan Supplement or this Confirmation Order will prejudice the rights or interests of Beneficient, its affiliates, or Beneficient's (or its affiliates') officers, directors, board members, employees, managers and professionals, as applicable, to or in the D&O Liability Insurance Policies.

*[remainder of the page intentionally left blank]*

#222267082_v3

| | |
|---|---|
| **DATED:**  June 7, 2023<br>            Dallas, Texas | Respectfully submitted,<br><br>**HOLLAND & KNIGHT LLP**<br><br>By: */s/ Steven J. Levitt*<br>David M. Bennett<br>State Bar No. 02139600<br>Email: david.bennett@hklaw.com<br>Steven J. Levitt<br>State Bar No. 24092690<br>Email: Steven.Levitt@hklaw.com<br>1722 Routh St., Suite 1500<br>Dallas, TX 75201<br>Telephone:  (214) 969-1700<br>Facsimile:  (214) 969-1751<br><br>-and-<br><br>Anthony F. Pirraglia<br>State Bar No. 24103017<br>Email: anthony.pirraglia@hklaw.com<br>811 Main Street, Suite 2500<br>Houston, TX 77002<br>Telephone:  (713) 654-8111<br>Facsimile:  (713) 654-1871<br><br>**COUNSEL FOR BENEFICIENT COMPANY HOLDINGS, L.P. AND THE BENEFICIENT COMPANY GROUP, L.P.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on June 7, 2023, a true and correct copy of the foregoing document was served via email through the Court's Electronic Case Filing System to all registered ECF users appearing in these cases.

                                    */s/ Steven J. Levitt*
                                    Steven J. Levitt