IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GWG Holdings, Inc. *et al.*,[1] | § § | Case No. 22-90032 (MI) |
| Debtors. | § § § § | **RE: Docket No. 1678** (Jointly Administered) |

STATEMENT OF THE AD HOC COMMITTEE OF
BROKER/DEALERS IN SUPPORT OF CONFIRMATION OF THE
DEBTORS' FURTHER MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN

American Trust Investment Services, Inc., Arete Wealth Management, LLC, Ausdal Financial Partners, Inc., Centaurus Financial, Inc., Emerson Equity LLC, Greenberg Financial Group, Independent Financial Partners, Krilogy, Meridian Wealth Management, LLC, Moloney Securities Inc., and Newbridge Securities Corporation (collectively, the "Ad Hoc Committee"), each a securities broker/dealer and/or a registered investment advisor in connection with the sale and distribution of the bonds and equity interests of GWG Holdings, Inc. ("GWG") and its affiliated debtors and debtors-in-possession (together with GWG, the "Debtors") and a creditor in these chapter 11 cases, hereby submit this statement (the "Statement") in support of confirmation of the *Debtors' Further Modified Second Amended Joint Chapter 11 Plan, Submitted by the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

*Debtors, the Bondholder Committee, and L-Bond Management, LLC as Co-Proponents* [Docket No. 1678] (the "Plan")[2] and respectfully state as follows:

## STATEMENT

1. The Ad Hoc Committee supports confirmation of the Plan, as the Ad Hoc Committee believes the Plan constitutes the best opportunity for creditors, especially L Bondholders, to receive the highest possible recovery on their claims.

2. After encouragement from (and at the actual request of) the Debtors, the broker/dealers identified above formed the Ad Hoc Committee and involved themselves in these chapter 11 cases. Since its inception in the Fall of 2022, the Ad Hoc Committee has acted in furtherance of a singular goal – ensuring that all parties who hold economic interests in GWG receive the highest degree of recovery possible and with the benefit of complete information and transparency. To that end, the Ad Hoc Committee (i) attended mediation sessions with GWG and other parties in interest, (ii) proposed value-maximizing terms for a chapter 11 plan, including the partial subordination of L Bond claims held by L Bond Management, LLC ("L Bond Management") to the claims of other L Bondholders, (iii) negotiated the resolution of the Debtors' chapter 11 cases with the Debtors and other parties in interest outside of the context of mediation, (iv) facilitated the solicitation of acceptances and rejections of the Plan through its web of broker/dealers, (v) advocated for the preparation of a video presentation by Mr. Jeffrey Stein (which ultimately was produced and posted online) designed to inform parties in interest of not only the status of the chapter 11 cases, but also, the intricacies and merits of the Plan, and (vi) joined the Debtors in advocating against proposed courses of action that would have proved deleterious to creditor recovery. All of these actions were taken for the benefit of all parties in

---

[2] Capitalized terms used but not defined in this Statement shall have the meaning ascribed to them in the Plan.

interest, not a specific parochial group. In fact, such actions were instrumental in having over 11,000 L Bondholders vote on the Plan, with over ninety-nine percent (99%) of such votes accepting the Plan.

3. Specifically, the Ad Hoc Committee attended two multi-day mediation sessions in person. Even outside formal mediation sessions, the Ad Hoc Committee continued to promote a consensual resolution to these chapter 11 cases through countless calls, emails, and video conferences. The Ad Hoc Committee and its individual members also met numerous times with the Debtors and their representatives, and reviewed and provided input on multiple versions of proposed disclosure statements and chapter 11 plans. In addition, the Ad Hoc Committee attended depositions and reviewed numerous pages of discovery produced in the chapter 11 cases. As the Court is aware, the Ad Hoc Committee also filed objections to the adequacy of previous iterations of the Disclosure Statement to ensure all creditors and parties in interest received the necessary information to decide whether to support the Plan. *See* [Docket Nos. 1585, 1660].

4. The Ad Hoc Committee believes these efforts collectively assisted in securing the settlements and agreements embodied by the Plan. The Ad Hoc Committee is especially pleased its proposal to subordinate certain portions of L Bond Management's claims to those held by general L Bondholders was accepted by all relevant parties. Indeed, this settlement, and the plethora of other settlements and concessions within the Plan, create a value-maximizing path forward for the Debtors' creditors and all parties in interest.

5. Moreover, the Ad Hoc Committee's members worked tirelessly to ensure their clients, **and all L Bondholders**, possessed all necessary materials to make an informed decision on whether to vote in favor of or against the Plan. During the Plan solicitation period, the Ad Hoc Committee and the Debtors maintained an open line of communication to allow for the resolution

of voting-related inquiries, as well as to flag potential solicitation issues such as incorrect mailing addresses or incomplete Plan solicitation packages. The Ad Hoc Committee is pleased these efforts assisted in the robust voter turnout and overwhelming L Bondholder support for the Plan referenced above.

6. The Ad Hoc Committee believes confirmation of the Plan will provide for an efficient resolution of these chapter 11 cases, as well as the highest degree of creditor recovery possible under these circumstances. Accordingly, the Ad Hoc Committee reiterates its support for the Plan, and requests the Court confirm the Plan.

Dated: June 14, 2023
New York, New York

**PROSKAUER ROSE LLP**

By: */s/ Brian S. Rosen*
Brian S. Rosen (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: brosen@proskauer.com

**COUNSEL TO THE AD HOC COMMITTEE OF BROKER/DEALERS**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was served on June 14, 2023, via CM/ECF on the parties that have consented to such service:

                                                           /s/     Brian S. Rosen
                                                                   Brian S. Rosen