## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| **GWG HOLDINGS, INC.,** *et al.,* | § | **22-90032 (MI)** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTORS**[1] | § | **Jointly Administered** |

**EMERGENCY MOTION OF THE UNITED STATES TRUSTEE
TO (I) POSTPONE HEARING ON JACKSON WALKER'S
FINAL FEE APPLICATION AS CO-COUNSEL TO THE DEBTORS
AND (II) ENLARGE TIME TO OBJECT TO FINAL FEE APPLICATION**

---

**EMERGENCY RELIEF HAS BEEN REQUESTED.  RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. ON OCTOBER 27, 2023.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), respectfully moves this Court for an order postponing the hearing to be held on October 27, 2023, in connection with *Jackson Walker LLP's Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from April 20, 2022 Through June 20, 2023* ("Final Fee Application") [Dkt. No. 2158] and enlarging the objection deadline pursuant to Bankruptcy Rule 9006(b)(1), and represents as follows:

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and the Chapter 11 Cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

## I.     Preliminary Statement

1.     On October 13, 2023—a month after the September 11 objection deadline to Jackson Walker's final fee application in this case—the Fifth Circuit Court of Appeals issued a public complaint against Judge David R. Jones, finding "there is probable cause to believe that Judge Jones has engaged in misconduct." *In re Bankruptcy Judge David R. Jones,* No. 05-24-90002 (5th Cir. Oct. 13, 2023) ("Complaint"). Judge Jones was the mediator in this case, in which Jackson Walker served as debtor's counsel and Ms. Freeman worked as a contract attorney after she resigned her Jackson Walker partnership.  Jackson Walker has regularly appeared before Judge Jones since Ms. Freeman joined the firm as a partner sometime in 2017, including cases on which Ms. Freeman worked and billed fees. *Id.* at 2. Ms. Freeman left Jackson Walker in December 2022 and opened her own practice, The Law Office of Liz Freeman, PLLC.  *Id.* at 1-2.

2.     According to the Complaint, "Judge Jones is in an intimate relationship with Elizabeth Freeman. It appears that they have cohabited (living in the same house or home) since approximately 2017." *Id.* Judge Jones approved substantial legal fees payable to Jackson Walker that in some cases included fees attributable to Ms. Freeman. *Id.* at 2. The Complaint states that there is a "reasonable probability" that Ms. Freeman substantially benefitted or had an interest in the substantial fees Judge Jones approved.  *Id.*

3.     The allegations in the Complaint raise issues about the propriety of the mediation before Judge Jones in this case and thus about the propriety of the fees requested by or awarded to Jackson Walker in this case and fees requested or awarded for Ms. Freeman's work after departing Jackson Walker and establishing her own practice.

4.     As a result of the Complaint and the rapidly developing events resulting in Judge Jones's resignation from the bench, the U.S. Trustee has begun reviewing, among other issues, fees requested by Jackson Walker and The Law Office of Liz Freeman. This requires more time

to consider the circumstances of the mediation and its impact on the fees requested. The Court should continue the October 27 hearing on Jackson Walker's Final Fee Application and set a new deadline for objections to it.

## II.     Emergency Consideration

5.      The U.S. Trustee respectfully requests emergency consideration of this Motion in accordance with BLR 9013-1(i). An emergency exists because the Final Fee Application is scheduled for hearing on October 27, 2023, at 9:30 a.m. and the U.S. Trustee needs additional time to evaluate the Final Fee Application given the Fifth Circuit's Complaint against Judge Jones that also raises questions about Jackson Walker's and Ms. Freeman's fees sought here. Therefore, the U.S. Trustee respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.  Relief is needed no later than October 27, 2023, at 9:30 a.m. to avoid the consequences of the emergency.

## III.    Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

6.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district under 28 U.S.C. § 1408.

7.      The Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

8.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7.  The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.  11 U.S.C. § 307.

9.      The U.S. Trustee has a statutory duty to review applications filed for compensation and reimbursement under section 330 of the Bankruptcy Code and filing comments or objections to such applications.  28 U.S.C. § 586(a)(3)(A).

### IV.      Factual Background

**A.      Fifth Circuit Complaint**

10.      On October 13, 2023, the Fifth Circuit Court of Appeals filed a formal misconduct complaint against United States Bankruptcy Judge David R. Jones for failing to disclose an intimate relationship with Elizabeth Freeman, a partner at Jackson Walker LLP from 2017 until December 2022. *See* Complaint, ¶ 3 Ms. Freeman lived in the same house as Judge Jones since approximately 2017. *Id.* Although Jackson Walker attorneys appeared before his court in many cases since 2017, Judge Jones failed to disclose the conflict or recuse himself. *Id.* at ¶ 4.

11.      On October 15, 2023, Judge Jones issued a letter of resignation effective November 15, 2023.

**B.      Retention Application**

12.      On May 19, 2022, Jackson Walker filed its *Application to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession* (the "Retention Application"). *See* Dkt. No. 267. Despite recent admissions by a spokesperson for Jackson Walker that it learned of their relationship in March 2021[2], the Declaration of Kristhy M. Peguero in support of the Retention Application did not disclose the relationship between Ms. Freeman and Judge Jones. *Id.* at 267-2.

---

[2] Adam Zuvanich, Houston Bankruptcy Judge David Jones Resigns After Misconduct Complaint Regarding His Relationship with an Attorney (Oct. 16, 2023, 4:53 PM, https://www.houstonpublicmedia.org/articles/court/2023/10/16/466861/houston-bankruptcy-judge-david-jones-resigns-after-misconduct-complaint-regarding-his-relationship-with-an-attorney/.

13.     On June 15, 2022, the Court entered the *Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession.  See* Dkt. No. 410.

14.     On October 6, 2022, Jackson Walker partner Kristhy M. Peguero filed the Supplemental Declaration in support of the Retention Application. *See* Dkt. No. 828.   The Schedule of Searched Parties included the notation "N/A" in Schedule 1(n) regarding the Bankruptcy Judges for the Southern District of Texas. *Id.* at p. 20. The Supplemental Declaration did not disclose the relationship between Ms. Freeman and Judge Jones.  *Id.* at p. 25. The Supplemental Declaration was filed approximately two months prior to the appointment of Judge Jones as the Judicial Mediator in these cases.  *Infra*, ¶ 14.

## C.     Appointment of Judge Jones as Judicial Mediator

15.     On November 30, 2022, the Debtors and the Special Committee requested the appointment of Judge Jones as the mediator. *See* Dkt. No. 1128.  Although Ms. Freeman was a partner at Jackson Walker at the time and later a shareholder and partner in The Law Office of Liz Freeman, there was no disclosure to this Court of the relationship between Ms. Freeman and Judge Jones. After approval of the request, Ms. Freeman participated in the mediation as an attorney for the Debtors without any disclosure to the other mediation parties or their counsel.  The mediated settlement resulted in the plan that was confirmed by this Court. The plan provides for the creation of two trusts, the Wind Down Trust and the Litigation Trust.  Ms. Freeman is the trustee of the Wind Down Trust.

## D.     Final Fee Application

16.     On August 21, 2023, Jackson Walker filed its Final Fee Application, seeking an award of $1,311,282.28, consisting of attorneys' fees of $1,078,074.50 and expenses of $233,207.78. *See* Dkt. No. 2158.

17.     The Final Fee Application includes $23,415.00 for time billed by Ms. Freeman as a partner at Jackson Walker and $205,157.81 for contract attorneys' fees billed by The Law Office of Liz Freeman. Time records reviewed by the U.S. Trustee indicate that Ms. Freeman participated in the mediation where Judge Jones was the mediator.

18.     In accordance with BLR 1075-1 and the *Procedures for Complex Cases in the Southern District of Texas,* ¶ 16, Jackson Walker filed the Final Fee Application on "negative notice," requiring any objections to be filed by September 11, 2023.

### V.     Basis for Relief

**A.     Setting a New Objection Deadline and Witness/Exhibit List Deadline for the Final Fee Application is Reasonable and Appropriate**

19.     Bankruptcy Rule 9006(b)(1) authorizes courts to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that:

> . . .when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Postponing the hearing on the Final Fee Application is necessary and appropriate given the facts and circumstances of these chapter 11 cases.

**B.     Cause Exists to Enlarge the Response Deadline and Witness/Exhibit List Deadline**

20.     Cause exists to enlarge the deadline to file an objection and witness/exhibit lists in connection with the Final Fee Application pursuant to Fed. R. Bankr. P. 9006(b)(1) given newly discovered information about the undisclosed relationship between Judge Jones and Ms. Freeman. In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993), the Supreme Court stated that "[h]ence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly

contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 388. In deciding whether to accept late filings, courts consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

21.      The objection deadline to the Final Fee Application was September 11, 2023. The undisclosed connection between Judge Jones and Ms. Freeman was first confirmed by the Wall Street Journal on October 7, 2023, which was nearly one month after the objection deadline. Thus, "intervening circumstances" and developments beyond the U.S. Trustee's control establish cause and warrant continuing the hearing and enlarging the objection deadline. There will no prejudice to the Debtors by extending deadlines related to Jackson Walker's Final Fee Application. Accordingly, the U.S. Trustee respectfully requests that the Court postpone the hearing on the Final Fee Application and enlarge the objection deadline to December 29, 2023, subject to additional extensions as the facts and circumstances may warrant.

WHEREFORE, the U.S. Trustee respectfully requests that the Court (i) grant this Motion and (ii) such other relief as the Court deems appropriate and just.

Dated: October 25, 2023                Respectfully Submitted,

                                       KEVIN M. EPSTEIN
                                       UNITED STATES TRUSTEE
                                       REGION 7, SOUTHERN and WESTERN
                                            DISTRICTS OF TEXAS

                                       By:    /s/ Hector Duran
                                              Hector Duran
                                              Trial Attorney
                                              Texas Bar No. 00783996
                                              E-mail:  Hector.Duran.Jr@usdoj.gov
                                              Office: 713-718-4664
                                              Cell: 202-527-4538

                                              /s/ Ha Nguyen
                                              Ha Nguyen, Trial Attorney
                                              California Bar #305411
                                              E-mail: Ha.Nguyen@usdoj.gov
                                              Office: 713-718-4655
                                              Cell: 202-590-7962

                                              United States Department of Justice
                                              Office of the United States Trustee
                                              515 Rusk, Suite 3516
                                              Houston, TX 77002
                                              Fax: (713) 718-4670

## CERTIFICATION

The undersigned hereby certifies that, to the best of my knowledge, information and belief, the factual statements in the foregoing pleading are accurate.

                                       /s/ Hector Duran
                                       Hector Duran

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission or BNC noticing to all Pacer System participants in these bankruptcy cases, on the 25th day of October 2023.

                                       /s/ Hector Duran
                                       Hector Duran