**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc., *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DECLARATION OF ROBERT B. LACHENAUER IN SUPPORT OF THE
THIRD AND FINAL FEE APPLICATION OF MINTZ & GOLD LLP,
AS COUNSEL TO THE DEBTORS AT THE SOLE DIRECTION OF ALBERT
FIORAVANTI, INDEPENDENT DIRECTOR OF THE BOARD OF DIRECTORS OF
GWG DLP FUNDING VI, LLC, GWG DLP FUNDING HOLDINGS, LLC, THE
CHAIRMAN OF THE CONFLICTS COMMITTEE OF THE BOARD OF DIRECTORS
OF GWG DLP FUNDING VI, LLC, AN INDEPENDENT DIRECTOR OF THE BOARD
OF DIRECTORS OF GWG DLP FUNDING IV, LLC, AND A MEMBER OF THE
CONFLICTS COMMITTEE
OF THE BOARD OF DIRECTORS FOR GWG DLP FUNDING IV, LLC,
FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES
<u>FOR THE PERIOD FROM NOVEMBER 1, 2022 THROUGH JUNE 20, 2023</u>**

I, Robert B. Lachenauer, hereby declare the following under penalty of perjury:

1.   I am over eighteen (18) years old, and I am a partner in the law firm of Mintz & Gold

LLP ("M&G") with offices at 600 Third Avenue, 25th Floor, New York New York 10016.

2.   I am the lead attorney from M&G working on the above-captioned Chapter 11 Cases.

I am a member in good standing of the Bar of the State of New York and have been admitted pro

hac vice in these Chapter 11 Cases. There are no disciplinary actions pending against me.

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); and GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (none); and GWG Funding Holdings VI, LLC (none).  The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201.  Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

3.   I submit this Declaration (the "Declaration") in support of the *Third and Final Application, as Counsel to the Debtors at the direction of Albert Fioravanti (the "Independent Director"), Independent Director of the Board of Directors of GWG DLP Funding VI, LLC, Chairman of the Conflicts Committee of the Board of Directors of GWG DLP Funding VI, LLC, Independent Director of the Board of Directors of GWG DLP Funding IV, LLC, Independent Director of the Board of Directors of GWG DLP Funding Holdings VI, LLC, and Member of the Conflicts Committee of the Board of Directors of GWG DLP Funding IV, LLC for the Period from November 1, 2022 through June 20, 2023*. (the "M&G Fee Application").[2]

4.   I have first-hand knowledge of the facts set forth in this Declaration and if I were called upon to testify, I could and would testify competently to the facts set forth herein.

5.   On January 24, 2023, M&G was retained by this Court as Counsel to the Debtors at the Direction of the Independent Director *nunc pro tunc* to November 1, 2022 [Dkt. No. 1383]. As set forth in more detail in the Debtor's application to retain M&G at the direction of the Independent Director, M&G is highly qualified and skilled in relation to the services it proved in these cases. The amounts charged by M&G are far less than what was charged by other firms in these cases with comparably skilled professionals for comparably complex work. M&G's rates are generally less than standard rates charged by similarly skilled professionals in every case in which I have been a part. Accordingly, I believe the compensation sought in the M&G Fee Application is more than reasonable based on customary compensation charged by comparably skilled professionals in other cases under the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the M&G Fee Application.

6.   I have personally supervised all work done by M&G on behalf of the Independent Director and performed much of the work for which payment is sought in the M&G Fee Application.

7.   At the direction of the Independent Director, M&G attorneys and paraprofessionals provided services that were reasonable, necessary, and appropriate during the Fee Period. M&G diligently and efficiently performed tasks requested by the Independent Director during these Chapter 11 Cases to the benefit of the Debtors' estates and key stakeholders. All efforts were made by M&G to avoid duplication with other professionals wherever possible and utilize appropriate junior staff to minimize cost. Annexed as Exhibit A to the M&G Fee Application are the Monthly Fee Statements filed in these cases in accordance with *Corrected Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 378].  There were no objections to these statements filed on the docket of these cases and no objections verbally communicated to M&G during these cases.

8.   These were highly complex cases with numerous constituencies, each with their own agenda. I believe that M&G diligently and cost-effectively represented the Debtors at the direction of the Independent Director by:

    a.   advising the Conflicts Committee with respect to proposals made for the Debtors to obtain post-petition DIP financing and negotiated the use of cash collateral and DIP protections to be granted under an order approving the Vida DIP Facility;

    b.   conducting a thorough investigation into certain prepetition transactions, between DLP VI and National Founders LP, which involved extensive discussions with the professionals for the Debtors and National Founders LP, and reviewed and analyzed numerous legal issues and over 40,000 pages of documents produced in connection therewith;

    c.   advising the Conflicts Committee on the plan mediation that took place among the Debtors, the Bondholder Committee, and others. The Conflicts Committee was asked not to attend the mediation and neither attended nor monitored the mediation;

    d.  advising the Conflicts Committee on various legal and factual issues with respect to the Plan and Disclosure Statement filed by the Debtors and assisting it with determining how best to discharge its fiduciary duties; and

    e.  attending all board meetings of the DLP Entities and advising the Conflicts Committee on each major substantive development in the case, including the motion of the Bondholder's Committee for standing to bring certain claims on behalf of the estate;

9.  M&G acted at the direction of the Independent Director to address a multitude of critical issues in support his delegated authority.  M&G never exceeded its mandate, the mandate of the Conflicts Committee or that of the Independent Director. I believe that these services helped to maximize the value of the Debtors' estates. At the time performed, I believe that the services provided by M&G were necessary, beneficial, and furthered the goal of the completion of these cases.

10. I believe the time spent by M&G in connection with this case was reasonable. Each discreet task was appropriately staffed by one or more of only three (3) attorneys who each had a specific role to play in these cases. Most of the time spent by M&G attorneys on these cases was spent on advising the Conflicts Committee on issues surrounding the Plan and Disclosure Statement and the day-to-day functioning of the Board and the case. I believe an allotment of time in this way to have been reasonable and appropriate under the circumstances.

11. The rates charged by M&G in this matter are the same as would be charged for any matter handled by M&G. M&G's rates were approved by the Court in connection with its retention. In most instances, M&G's rates are less than half of the rates charged by other firms in this case, and I believe M&G's rates to be reasonable.

12. Moreover, the fees sought in the M&G Fee Application are less than .5% of the overall fees charged to the Debtor in these cases. Nevertheless, M&G has agreed to a voluntary

reduction of its fees to help create a consensual resolution to any outstanding objection to the M&G Fee Application.

13.  I believe that the payment of compensation and reimbursement of expenses sought in the M&G Fee Application may be approved under Section 330 of the Bankruptcy Code and should be approved on a final basis based on the reasons set forth above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 26, 2023
      New York, New York

*/s/ Robert B. Lachenauer, Esq.*
Robert B. Lachenauer, Esq.
MINTZ & GOLD LLP

## **Certificate of Service**

I certify that on October 26, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Kristhy M. Peguero*
Kristhy M. Peguero