**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>GWG Holdings, Inc., *et al.*[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-90032 (MI) (Jointly Administered) |

## GWG LITIGATION TRUSTEE'S MOTION FOR LEAVE TO FILE UNDER SEAL

> This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.

Michael I. Goldberg, as Litigation Trustee (the "**Litigation Trustee**") of the GWG Litigation Trust (the "**Litigation Trust**") in the above-captioned chapter 11 case (the "**Case**"), respectfully requests that the Court enter an order authorizing him to file under seal the unredacted versions of his *Opposition to the Motion of Brad K. Heppner, Pursuant to Fed. R. Civ. P. 26 and 45, Fed. R. Bankr. P. 7026 and 9016, L.R. Bankr. P. 2004-1 and 9013-1, Either (A) to Quash Rule 2004 Examination and Subpoena Duces Tecum, or (B) Alternatively for a Protective Order (ECF No. 2393)* (the "**Opposition**"), and accompanying Exhibits 1-12, 14-19, and 22.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

## RELIEF REQUESTED

1.      To the extent the Court determines it is warranted (if at all), the Litigation Trustee seeks entry of an order substantially in the form attached hereto as Exhibit A authorizing him to file the unredacted version of his Opposition and several exhibits under seal in accordance with potentially applicable certain protective orders (ECF Nos. 632, 753, and 856) and one potentially applicable provision of the Litigation Trust Agreement (ECF No. 1910).

2.      To be clear, the Litigation Trustee does not believe that any aspect of the Opposition or any of the exhibits should be hidden from the public. The Litigation Trustee's only goal in filing this motion is to avoid possibly violating any of the Court's prior protective orders and any obligation potentially imposed by one, unclear provision within the Litigation Trust Agreement.

## JURISDICTION

3.      This Court has jurisdiction over this Motion under 18 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4.      The statutory and other bases for the relief requested in the Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), as contemplated by Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

5.      On April 20, 2022, the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code, instituting this Case in the Southern District of Texas Bankruptcy Court (the "**Court**"). The U.S. Trustee appointed an official committee of bondholders (the "**Bondholder Committee**") in May 2022 (ECF No. 418).

6.      The Bondholder Committee entered into a stipulated protective order with the Debtors (ECF No. 632), which was later amended (ECF No. 753); and the investigations

2

committee of the Debtors' board of directors (the "**Investigations Committee**"), the Debtors, certain former directors, and counsel to those former directors also entered into a protective order (ECF No. 856) (collectively, the "**Prior Protective Orders**"). The Bondholder Committee and Investigations Committee collected hundreds of thousands of documents during their investigations.

7.      On June 20, 2023, the Litigation Trust was established when the Court confirmed the *Debtors' Further Modified Second Amended Joint Chapter 11 Plan* (ECF No. 1952), pursuant to which the Bondholder Committee was dissolved. The Litigation Trustee was empowered to, among other things, "conduct investigations of Retained Causes of Action and any other Causes of Action assigned or otherwise transferred to the Litigation Trust, including pursuant to Bankruptcy Rule 2004" and "commence any or all proceedings with respect to the Retained Causes of Action and any Causes of Action assigned or otherwise transferred to the Litigation Trust." (Litigation Trust Agreement, ECF No. 1910 at 9.) The Litigation Trust Agreement also provides that "the Litigation Trust shall have the power, right and responsibility to access or to take possession of all books, files and records of the Debtors or Wind Down Debtors, as applicable, for purposes of carrying out the purpose of the Litigation Trust." *Id.* § 1.6(f).

8.      The Litigation Trust Agreement also states that the Litigation Trustee "shall hold strictly confidential . . . any non-public information of or pertaining to any of the Litigation Trust Assets or of which the Litigation Trustee . . . has become aware, until (a) such information is made public . . . ; (b) disclosure is required by law (in which case the Litigation Trust shall provide the relevant Entity reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Entity." *Id.* § 4.8. The following sentence in the Litigation Trust Agreement, however, states that "nothing in this

3

paragraph shall limit the Litigation Trustee's ability to exercise the authority and perform the obligations provided in the Plan, the Confirmation Order, and this Agreement, including, but not limited to, the prosecution, pursuit, compromise, or settlement of any and all Retained Causes of Action and all other Causes of Action assigned or otherwise transferred to the Litigation Trust." *Id.*

9.      The Litigation Trustee obtained documents previously produced to the Bondholder Committee and Investigations Committee. Many of these documents were produced subject to the Prior Protective Orders and marked as "Confidential" or "Professional Eyes Only." The Prior Protective Orders generally require that documents designated "Confidential" or "Professional Eyes Only" not be disclosed publicly absent agreement by the producing party or an order of the court resolving a dispute over the designation. *See* ECF No. 753 ¶ 6 (challenge to designations) and ¶ 8 (procedures for use of designated documents at a hearing in open court). In addition, many of the documents obtained by the Litigation Trustee from the Bondholder Committee and/or Investigations Committee contain what could potentially be deemed "non-public information" of the Debtors and entities other than the Debtors.

10.      On February 9, 2024, the Litigation Trustee filed an *Emergency Motion for a Confidentiality and Protective Order* (ECF No. 2370). On February 12, 2024, the Court denied the Litigation Trustee's motion for entry of a protective order and entered a Case Management Order (ECF No. 2373) setting forth a procedure for parties to seek confidentiality protection for documents produced in this Case as of the date of the Order. The Case Management Order requires parties seeking to withhold discovery on the basis of confidentiality to timely move the Court for a protective order.

11.     The Litigation Trust has sought discovery from many third parties pursuant to Bankruptcy Rule 2004. Although no party has sought protection pursuant to the Case Management Order, some parties, including HCLP Nominees, LLC ("**HCLP**"), have labelled their productions as "Confidential" without going through the procedures in the Case Management Order. In addition, many documents the Litigation Trustee has collected contain what could potentially qualify as "non-public information" concerning third parties "of which the Litigation Trustee . . . has become aware." (*See* ECF No. 1910 § 4.8.) Depending on how broadly section 4.8 of the Litigation Trust Agreement should be interpreted—which is not entirely clear to the Litigation Trustee, who was not involved in the drafting or negotiation of the agreement's language—the use of that "non-public information" may be restricted per the terms of section 4.8.

12.     On February 23, 2024, the Litigation Trustee filed his *Notice of Rule 2004 Examination and Subpoena Duces Tecum to Brad K. Heppner*. (ECF No. 2388.)

13.     On March 1, 2024, Heppner filed his *Motion of Brad K. Heppner, Pursuant to Fed. R. Civ. P. 26 and 45, Fed. R. Bankr. P. 7026 and 9016, L.R. Bankr. P. 2004-1 and 9013-1, Either (A) to Quash Rule 2004 Examination and Subpoena Duces Tecum, or (B) Alternatively for a Protective Order* (ECF No. 2393) ("**Heppner's Motion**").

14.     On the date hereof, the Litigation Trustee files his Opposition to Heppner's Motion. Because the Opposition and certain of its exhibits may contain information that should be treated as confidential under the Court's Prior Protective Orders and the Litigation Trust Agreement, depending on how those orders and the Litigation Trust Agreement are interpreted, the Litigation Trustee has concurrently filed this motion to seal out of an abundance of caution, pursuant to Local Rule 9037-1.

**BASIS FOR RELIEF**

15.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information, providing in relevant part that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Likewise, Rule 9018 of the Bankruptcy Rules provides that the court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

**THE RELIEF REQUESTED SHOULD BE GRANTED TO THE EXTENT NECESSARY**

16.     The Litigation Trustee would prefer that the entirety of his Opposition and all exhibits thereto be filed publicly. However, the Litigation Trustee seeks to file the Opposition and exhibits under seal to the extent the Court determines it is warranted for either of the following two reasons.

17.     *First,* some information could potentially warrant protection from disclosure under the Prior Protective Orders. Certain of the exhibits were originally produced to the Bondholder Committee and Investigations Committee under the Prior Protective Orders and marked "Confidential" or "Professional Eyes Only." Out of an abundance of caution, the Litigation Trustee deemed that the most prudent course of action—for purposes of its Opposition—is to follow the terms of the Prior Protective Orders with respect to documents that were originally produced to the Bondholder Committee and Investigations Committee and marked "Confidential" or "Professional Eyes Only" by the producing party.

6

18.     The Opposition and certain accompanying exhibits contain information that Beneficient Company Group, L.P ("**BEN**") produced to the Bondholder Committee and/or the Investigations Committee and that was designated as "Confidential" and "Professional Eyes Only" by BEN under the Prior Protective Orders. The Litigation Trust is seeking BEN's consent to use these documents (or redacted versions of these documents) publicly. Given the limited amount of time BEN has had to review the Litigation Trust's request, however, BEN has not yet had the opportunity to provide a response. Accordingly, the Litigation Trust has filed those materials under seal as may be required by the Prior Protective Orders, to the extent they apply to the Litigation Trust. The exhibits filed under seal on this basis are the following:

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| Ex. 2 | BEN accounting memo re: related party considerations (GWG-SEC-6SUB-00264322) [PROFESSIONAL EYES ONLY] |
| Ex. 4 | BEN accounting documentation and exhibits (GWG-SEC-00310217) [PROFESSIONAL EYES ONLY] |
| Ex. 5 | May 17, 2019 BEN Audit Committee meeting agenda and materials (GWG-SEC-00001925) [CONFIDENTIAL] |
| Ex. 6 | Second Lien Credit Agreement between BEN and BHI (BEN_0009592) [PROFESSIONAL EYES ONLY] |
| Ex. 10 | Nov. 4, 2019 email between BEN and HCLP's manager (GWG-SEC-00183218) [PROFESSIONAL EYES ONLY] |
| Ex. 12 | Feb. 21, 2019 letter from Martens on behalf of HCLP to BEN's counsel (GWG-SEC-00048390) [PROFESSIONAL EYES ONLY] |
| Ex. 18 | June 14, 2019 BEN email chain (BEN_0080540) [PROFESSIONAL EYES ONLY] |
| Ex. 19 | BCH and BCG ownership charts (BEN_0027119) [PROFESSIONAL EYES ONLY] |
| Ex. 22 | Feb. 21, 2019 email attaching proposed letter from Martens to be sent on to BEN's counsel (GWG-SEC-00306384) [PROFESSIONAL EYES ONLY] |

19.     *Second*, some of the information in the Opposition and accompanying exhibits may be protected from disclosure under the Litigation Trust Agreement, depending on how broadly it is interpreted. Section 4.8 of the Litigation Trust Agreement, by its terms, purports to prohibit the Litigation Trustee from disclosing any "non-public information" of which he "has become aware" unless he obtains a waiver of confidentiality from the applicable Entity, or unless disclosure is required by law. This language in section 4.8—which predates the Litigation Trustee's appointment—is far from clear, particularly considering the limiting language in section 4.8's final sentence and, more recently, the Court's Case Management Order.  For purposes of the Opposition and out of an abundance of caution, the Litigation Trustee deemed it prudent to file under seal any documents containing non-public information about third parties, notwithstanding that the better interpretation of section 4.8, which is ambiguous, may be that the Litigation Trust may freely use such information in pursuit of its mandate under the Plan, the Confirmation Order, and the Litigation Trust Agreement, such as seeking Rule 2004 discovery and filing lawsuits, filing adversary proceedings, instituting arbitration proceedings, or similarly initiating litigation and pursuing Retained Causes of Action.

20.     The Opposition and certain accompanying exhibits contain non-public information about BEN and HCLP collected prior to the formation of the Litigation Trust or entry of the Case Management Order. The Litigation Trust has sought a confidentiality waiver from BEN, but due to the short notice, BEN has not had an opportunity to review and respond. The Litigation Trust intends to meet and confer further with BEN, and to meet and confer with HCLP next week, to see if confidentiality waivers may be obtained.  As consents have not yet been provided, however, the Litigation Trust has filed documents collected prior to the formation of the Litigation Trust

containing BEN's and HCLP's non-public information under seal. The exhibits filed under seal on

this basis are all of those listed in the chart above (¶ 18), as well as the following:

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| Ex. 3 | Dec. 26, 2019 BEN email to GWG Special Committee and attachments (GWG-SEC-6SUB-00448197) |
| Ex. 7 | HCLP Nominees LLC Agreement dated April 1, 2019 (GWG00236995) |
| Ex. 8 | HCLP Nominees LLC Agreement dated July 21, 2017 (GWG00237043) |
| Ex. 9 | Unanimous written consent of member of HCLP (GWG00237069) |
| Ex. 14 | June 14, 2021 email attaching excerpt of GWG's and BEN's responses to the SEC's April 30, 2021 questions (GWG00042625) |
| Ex. 16 | BEN bank statement ended July 31, 2020 (TEXASCAPITAL00000062), obtained by the Litigation Trust from Texas Capital Bank |
| Ex. 22 | Feb. 21, 2019 email from Heppner attaching proposed letter on behalf of HCLP Nominees (GWG-SEC-00306384) |

21.     Finally, the Opposition and certain accompanying exhibits contain non-public

information about BEN and HCLP collected after the formation of the Litigation Trust and after

entry of the Case Management Order. The Litigation Trust has sought a confidentiality waiver

from BEN, but due to the short notice, BEN has not had an opportunity to review and respond.

The Litigation Trust intends to meet and confer further with BEN, and to also meet and confer

with HCLP, regarding confidentiality waiver.  Out of an abundance of caution, in light of the

ambiguity of section 4.8 of the Litigation Trust Agreement, and the uncertain intervening effect of

the Case Management Order with respect to the Litigation Trust Agreement, however, the

Litigation Trust has filed documents containing what could potentially be deemed non-public

information relating to BEN and HCLP under seal. The exhibits filed under seal on this basis are

the following:

| EXHIBIT NO. | DESCRIPTION |
| --- | --- |
| Ex. 1 | HCLP bank statements (SB1543001-F1), obtained by the Litigation Trust from JPMorgan Chase |
| Ex. 11 | Unanimous written consent of member of CMH (GWG_HCLP_00000353), obtained by the Litigation Trust from HCLP Nominees |
| Ex. 15 | July 10, 2020 BEN email attaching HCLP tax distribution calculation (TE_PST000060440), obtained by the Litigation Trust from GWG's former counsel |
| Ex. 16 | BEN bank statement ended July 31, 2020 (TEXASCAPITAL00000062), obtained by the Litigation Trust from Texas Capital Bank |
| Ex. 17 | Dec. 20, 2019 BEN email re: Ankura non reliance letter (TE_PST000022673), obtained by the Litigation Trust from GWG's former counsel |

22.    The Litigation Trust will continue to meet and confer with BEN and HCLP over the use of the foregoing documents, and thus has not yet made a final determination regarding whether further motion practice will be necessary to challenge any designations (and/or to seek to unseal any documents previously filed under seal).  Accordingly, the Litigation Trust reserves all rights, including, but not limited to, rights to challenge confidentiality obligations, to unseal previously sealed documents, and/or to seek appropriate relief regarding the interpretation of the Litigation Trust Agreement

23.    The Litigation Trustee will file a redacted version of the Opposition and copies of the non-confidential exhibits to the Opposition on the public docket of this Case.  The Litigation Trustee is, contemporaneously with this motion, filing the unredacted Opposition and sealed exhibits on the Court's electronic docket and will provide unsealed copies of the Opposition and the sealed exhibits to Heppner's counsel pursuant to Local Rule 9037-1(f).

24.     To the extent the Court finds that disclosing the information contained in the above-referenced exhibits would be in violation of the Litigation Trust's obligations under the Prior Protective Orders or the Litigation Trust Agreement, and only to such extent, the Litigation Trustee respectfully requests the Court permit the Litigation Trustee to file the exhibits under seal.

## PRAYER

WHEREFORE, for the reasons stated above, the Litigation Trustee respectfully requests that the Court either (1) grant him leave to file the Opposition and certain exhibits under seal and enter an order in substantially the same form as the Proposed Order attached as Exhibit A, granting the relief requested herein, and such other further relief as the Court may deem just and appropriate, or (2) deny the motion and rule that the information sought to be sealed is not entitled to confidential treatment under the Prior Protective Orders, the Litigation Trust Agreement, or the Case Management Order.

**Dated**:  March 22, 2024

**REID COLLINS & TSAI LLP**
By: /s/ *Nathaniel J. Palmer*
William T. Reid, IV
Tex. Bar No. 00788817
S.D. Tex. Bar No. 17074
Nathaniel J. Palmer (admitted *pro hac vice*)
Tex. Bar No. 24065864
Morgan M. Menchaca
Tex. Bar No. 24103877
S.D. Tex. Bar No. 3697565
Dylan Jones (admitted *pro hac vice*)
Tex. Bar No. 24126834
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
(512) 647-6100
wreid@reidcollins.com
npalmer@reidcollins.com
mmenchaca@reidcollins.com
djones@reidcollins.com

Michael J. Yoder (admitted *pro hac vice*)
Tex. Bar No. 24056572
1601 Elm Street, Ste 4200
Dallas, Texas 75201
(214) 420-8912
myoder@reidcollins.com

Tarek F.M. Saad (admitted *pro hac vice*)
Tex. Bar No. 00784892
420 Lexington Avenue, Suite 2731
New York, NY 10170
(212) 344-5203
tsaad@reidcollins.com

*Counsel for the GWG Litigation Trustee*

## CERTIFICATE OF SERVICE

I certify that, on March 22, 2024, a true and correct copy of this document was served through the Court's Electronic Case Filing (ECF) system on all counsel registered to receive electronic notices.

*/s/ Nathaniel J. Palmer*
Nathaniel J. Palmer