United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-90032 |
| GWG HOLDINGS, INC., *et al.*, § | |
| Debtors. § | Jointly Administered |
| § | CHAPTER 11 |

## MEMORANDUM OPINION AND ORDER
## DENYING DISBURSEMENT OF ESCROWED FUNDS

Willkie Farr requests the Court to authorize the disbursement of insurance proceeds held in escrow. On September 7, 2022, the Court entered an order requiring GWG Holdings, Inc. to pay certain insurance proceeds to Willkie to be held as a retainer for security against nonpayment of postpetition fees and expenses incurred by Willkie as counsel to GWG. Willkie seeks to apply the proceeds to pay its prepetition fees associated with the SEC Investigation. The Litigation Trustee objects to the disbursement on grounds that the proceeds are property of GWG's bankruptcy estates. At this stage, it is unclear whether the proceeds are property of the estates. The funds remain in escrow.

### BACKGROUND

On April 20, 2022, GWG Holdings, Inc. and certain affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. ECF No. 1. Prior to the petition date, the Securities Exchange Commission commenced an investigation of GWG in connection with certain accounting and disclosure matters and the issuance of bonds. GWG retained Willkie Farr to represent it in connection with the investigation. The representation continued throughout the chapter 11 cases.

On June 26, 2022, GWG filed a motion seeking entry of an order modifying the automatic stay in order to authorize the disbursement of insurance proceeds procured to cover the defense costs of the GWG

entities and current and former officers and directors of the GWG entities associated with the SEC Investigation and other suits. ECF No. 639 at 7. The motion represented that the insurers had confirmed coverage in favor of GWG and, upon information and belief, other non-debtor insureds. ECF No. 639 at 4.

On September 9, 2022, the Court entered an order permitting the payment or reimbursement of no more than $4,447,805.30 in insurance proceeds covering the prepetition defense costs incurred in connection with the SEC Investigation (the "Insurance Order"). ECF No. 754 at 4. The Insurance Order required the payment of $4,072,629.10 to GWG, "which is the amount equal to all of the prepetition fees and expenses of Willkie Farr and KLDiscovery incurred in connection with the SEC Investigation determined to be reasonable and necessary," to be held in trust for disbursement as outlined in the order. ECF No. 754 at 4–5. Of this amount, $3,863,794.16 was allocated to Willkie and $208,834.94 to KLDiscovery. ECF No. 754 at 4. The Order authorized a bifurcated distribution schedule for the insurance proceeds. ECF No. 754 at 5–6. The Order required GWG to first remit to Willkie the portion of the prepetition attorneys' fees reasonably attributable to Willkie's representation of individual current and former officers and directors of GWG in connection with the SEC Investigation. ECF No. 754 at 5. The Order then required the remaining balance after payment of the initial amount to be paid by GWG to Willkie "to be held by Willkie Farr as a retainer for security against the nonpayment of postpetition fees and expenses incurred by Willkie Farr in its capacity as special counsel to the Debtors" (the "Willkie Retainer"). ECF No. 754 at 6. The parties have stipulated that this remaining balance held by Willkie is $1,594,815.16. ECF No. 855 at 2. The Order also permitted the insurers to "pay the fees and expenses incurred from and after the Petition Date, by Willkie Farr . . . as Defense Expenses in accordance with the provisions of the Policies" and the Court's order approving the employment and retention of Willkie Farr as special counsel to GWG. ECF No. 754 at 6.

The Insurance Order also stated that, absent agreement between the parties, the Court would hold a hearing regarding the use of the Willkie Retainer to satisfy the remaining balance owed to Willkie for its

prepetition expenses. ECF No. 754 at 7. The Order provides that if any portion of the Willkie Retainer is not authorized to be used to satisfy Willkie's remaining prepetition balance or postpetition fees and expenses, the amount would be returned to the applicable insurers. ECF No. 754 at 7. The Order reserved GWG's and the Bondholders Committee's rights under the Policies and applicable law to seek recovery of any payments made by the insurers pursuant to the Order. ECF No. 754 at 9. The Order also provides that it does not make any determination as to whether any of the proceeds of the insurance policies are or are not property of GWG's estates. ECF No. 754 at 9.

GWG's chapter 11 plan was confirmed on June 20, 2023. ECF No. 1952. The order confirming the plan provides that all issues with respect to the Insurance Order remain subject to resolution after the effective date of the plan either through further court order or agreement between the parties. ECF No. 1952 at 39. The plan became effective as of August 1, 2023. ECF No. 2079 at 1.

The Court held a hearing on November 1, 2023, to determine the use of the Willkie Retainer to satisfy the remaining balance of Willkie's prepetition attorneys' fees. ECF No. 2279. The Court requested supplemental briefing on the issue of whether the proceeds of a director and officer insurance policy to be used to reimburse prepetition defense costs are property of the estate. The parties submitted supplemental briefing. ECF Nos. 2312, 2321.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Willkie seeks to use the Willkie Retainer to satisfy the remaining balance of its prepetition attorneys' fees owed by GWG in connection with the SEC Investigation. The parties do not dispute that the

insurance proceeds held in retainer by Willkie are associated with GWG's prepetition debt to Willkie. The parties do dispute whether the proceeds should be considered property of GWG's estates under § 541 of the Bankruptcy Code.

"The commencement of a bankruptcy case creates an estate under 11 U.S.C. § 541. Section 541 provides that the 'estate is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Martinez v. OGA Charters, L.L.C. (In re OGA Charters, L.L.C.)*, 901 F.3d 599, 602 (5th Cir. 2018) (citing 11 U.S.C. § 541(a)–(a)(1)).

Although a debtor's liability insurance ***policies*** are generally property of the estate, "[t]he overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim." *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 55 (5th Cir. 1993). "When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id.* at 55–56.

The Fifth Circuit has established a narrow exception to the general rule. "In the 'limited circumstances,' . . . where a siege of tort claimants threaten the debtor's estate over and above the policy limits, we classify the proceeds as property of the estate." *OGA Charters*, 901 F.3d at 604. "'[T]his interest does not bestow upon the debtor a right to pocket the proceeds,' but '[i]nstead . . . "serve[s] to reduce some claims and permit more extensive distribution of available assets in the liquidation of the estate."'" *L. Off. of Rogelio Solis PLLC v. Curtis*, 83 F.4th 409, 412 (5th Cir. 2023) (quoting *OGA Charters*, 901 F.3d at 604).

The $1,594,815.16 in insurance proceeds is the balance remaining following the Court's authorization of $4,072,629.10 for payment of Willkie's prepetition defense costs associated with the SEC Investigation. This amount was distributed pursuant to D&O and excess insurance policies with alleged aggregate policy limits of $155

million.  ECF No. 2321 at 5.  The Litigation Trustee claims that GWG currently faces over $1 billion in claims filed by bondholders and that those claims are subject to coverage under the insurance policies.  ECF No. 2321 at 4–5.

GWG facing $1 billion in claims subject to coverage by the insurance policies would justify extending *OGA Charters* to the present case.  Claims of this substantial level of magnitude would dwarf the $155 million policy limits and fall within the limited circumstance where GWG's estates have an interest in the distribution of insurance proceeds in a manner equitable to all creditors with potential covered claims against the estate.  Because the $1,594,815.16 Willkie Retainer was paid from the proceeds of the insurance policies, those funds are potentially property of GWG's estates.[1]

It is unclear at this stage of the case whether the amount of covered claims will exceed policy limits.  The Litigation Trustee's representation that the claims exceed $1 billion is insufficient.  The Litigation Trustee states that he has been actively investigating potential claims and expects to commence litigation in the coming months, "including claims compensable from the proceeds of the Policies."  ECF No. 2321 at 6.  Until the amount of those claims and their potential coverage by the appliable insurance policies is established, the Court cannot determine whether the Willkie Retainer is property of GWG's estates.  The Court reserves the decision for a future date.

---

[1] The Court acknowledges that the Willkie Retainer was granted postpetition as security against nonpayment of Willkie's postpetition attorneys' fees incurred as special counsel to GWG.  This opinion relates solely to the application of the funds to the pre-petition debt.

## CONCLUSION

The Willkie Retainer remains in escrow until further order from the Court.

SIGNED 07/15/2024

_____
Marvin Isgur
United States Bankruptcy Judge